# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br><br>      Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., PAYPAL, INC., and SOCIETY FOR WORLDWIDE INTERBANK FINANCIAL TELECOMMUNICATION SCRL D/B/A SWIFT,<br><br>      Defendants. | CASE NO.  2:10-CV-258-JTW<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT AMAZON.COM, INC.'S ANSWER AND COUNTERCLAIMS**

Defendant Amazon.com, Inc. ("Amazon") answers the Complaint for Patent Infringement ("Complaint") filed in this action by Plaintiff Rmail Limited ("Plaintiff") as follows:

1.      In response to paragraph 1, Amazon admits that this action purports to state a claim under U.S. patent law and that such a claim, if proper, would arise within the Court's subject matter jurisdiction.  Amazon denies all further allegations in paragraph 1 of the Complaint.

2.      In response to paragraph 2, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies such allegations.

3.      In response to paragraph 3, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies such allegations.

4. In response to paragraph 4, Amazon admits that it is a Delaware corporation with a principal place of business in Seattle, Washington, that its website, www.amazon.com, can be accessed over the Internet, and that it is an on-line retailer. Amazon denies that it has infringed United States Patent No. 6,182,219 (the "'219 patent"). Amazon denies all further allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5, Amazon does not contest that it is subject to personal jurisdiction in this Court for purposes of this action only. Amazon admits that its website, www.amazon.com, can be accessed over the Internet. Amazon denies that it has infringed United States Patent No. 6,182,219 (the "'219 patent"). Amazon denies all further allegations in paragraph 5 of the Complaint.

6. In response to paragraph 6, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies such allegations.

7. In response to paragraph 7, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies such allegations.

8. In response to paragraph 8, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies such allegations.

9. In response to paragraph 9, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies such allegations.

10. In response to paragraph 10, Amazon does not contest that the venue provisions of 28 U.S.C. §§ 1391(c) and (part of) 1400(b) apply for purposes of this action only, but denies that this is a convenient forum.  As to the further allegations of paragraph 10, Amazon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies such allegations.

11. In response to paragraph 11, Amazon denies the allegations contained in paragraph 11 of the Complaint.

12 In response to paragraph 12, Amazon denies the allegations contained in paragraph 12 of the Complaint.

13. In response to paragraph 13, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies such allegations.

14. In response to paragraph 14, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies such allegations.

15. In response to paragraph 15, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies such allegations.

16. In response to paragraph 16, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Amazon asserts the following defenses without assuming any burden that it would not otherwise have.  Amazon reserves the right to amend its Answer with additional defenses as further information is obtained.

### First Defense:  Non-Infringement of the Asserted Patent

1. Amazon has not infringed, literally or by the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '219 patent, and is not liable for infringement thereof.

2. For each asserted patent claim, the accused Amazon functionality and service has substantial uses that do not infringe.

### Second Defense:  Invalidity of the Asserted Patent

3. On information and belief, the claims of the '219 patent are invalid for failing to comply with the provisions of Title 35 U.S.C., including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 135 *et seq.* and for double-patenting.

4. At least claims 30-70 of the '219 patent encompass subject matter that is not eligible for patenting under Section 101 of the Patent Act.

5. At least some claims of the '219 patent encompass subject matter that was prior art to those claims, or otherwise violate one or more conditions for patentability of Section 102 and Section 103 of the Patent Act.

6. The invalidating prior art includes, but is not limited to, Ginter, et al., U.S. Patent No. 5,910,987; Payne, et al., U.S. Patent No. 5,715,314; Gifford, U.S. Patent No. 5,724,424; Bahreman & Tygar, *Certified Electronic Mail* (Feb. 1994).

7. For at least some of the claims of the '219 patent, the patent lacks the disclosure required by the first paragraph of Section 112 of the Patent Act and the claims violate the requirements of the second paragraph of Section 112 of the Patent Act.

### Third Defense:  Failure to State a Claim

8. Plaintiff has failed to state a claim for infringement under 35 U.S.C. § 271.

### Fourth Defense:  Use/Manufacture By/For United States Government

9. To the extent that any accused method, system, apparatus, and/or product has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

### Fifth Defense:  Dedication to the Public

10. Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the asserted patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Sixth Defense: Laches, Waiver, Estoppel

11. Plaintiff's claims may be barred, in whole or in part, by estoppel, laches, waiver, and/or other equitable doctrines.

### Seventh Defense:  Lack of Standing

12. Plaintiff has failed to show that it has proper standing or sufficient ownership of the '219 patent to seek equitable or other remedies in connection with the '219 patent.

### Eighth Defense:  Failure to Mitigate Damages

13. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### Ninth Defense:  Failure To Provide Notice

14. On information and belief, Plaintiff has failed to meet the requirements of 35 U.S.C. §§ 271(b) and (c), and 287.

### Tenth Defense:  Reverse Doctrine Of Equivalents

15. The accused method, system, apparatus, and/or product operate in ways substantially different in principle from the way the purported invention described in the '219 patent operates, and Plaintiff cannot sustain its burden of proving otherwise.

### Eleventh Defense:  Prosecution History Estoppel

16. Plaintiff is estopped from making any assertion inconsistent with or negating any argument, representation, or position taken in the course of prosecuting the application that issued as the '219 patent.

### Twelfth Defense:  Statute of Limitations

17. Pursuant to 35 U.S.C. § 286, Plaintiff is not entitled to recovery for any infringement occurring prior to July 21, 2004.

### Thirteenth Defense:  Failure to Join Necessary and/or Indispensable Parties

18. On information and belief, RPost Holdings, Inc. and RPost International Limited are necessary and/or indispensable parties.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Amazon.com, Inc. ("Amazon"), for its counterclaims against Rmail Limited ("Plaintiff") alleges as follows:

### PARTIES

1. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

2. According to paragraph 2 of the Complaint, Plaintiff Rmail is a Bermuda Corporation.

## JURISDICTION

3. This is an action for a declaration of non-infringement and invalidity of U.S. Patent No. 6,182,219 (the "'219 patent").

4. Plaintiff alleges it has standing to sue.

5. However, RPost Holdings, Inc. claims to be an exclusive licensee of the '219 patent.

6. RPost International Limited also claims to be an exclusive licensee of the '219 patent.

7. If Plaintiff has standing to sue, then this Court has jurisdiction over these counterclaims pursuant to 35 U.S.C. §§ 1331, 1338, and 2201.

8. Venue for these counterclaims is proper within this District because the counterclaims arise from facts and circumstances alleged in the Complaint filed by Plaintiff in this District.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT OF THE '219 PATENT

9. Amazon incorporates and realleges the allegations of paragraphs 1-8 of these counterclaims.

10. Plaintiff alleges that it is the owner of the '219 patent.

11. Plaintiff has brought suit against Amazon for alleged infringement of the '219 patent.

12. Amazon has not infringed, literally or by the doctrine of equivalents, has not induced infringement of, and has not contributed to infringement of any valid claim of the '219 patent asserted by Plaintiff, and is not liable for infringement thereof.

13. Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Amazon under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

14. To resolve the legal and factual questions raised by Plaintiff, and to afford Amazon relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Amazon is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that Amazon does not infringe and has not infringed any valid claim of the '219 patent.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE '219 PATENT

15. Amazon incorporates and realleges the allegations of paragraphs 1-4 of these counterclaims.

16. The claims of the '219 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 135(b), and for double-patenting.

17. At least claims 30-70 of the '219 patent encompass subject matter that is not eligible for patenting under Section 101 of the Patent Act.

18. At least some claims of the '219 patent encompass subject matter that was prior art to those claims, or otherwise violate one or more conditions for patentability of Section 102 and Section 103 of the Patent Act.

19. The invalidating prior art includes, but is not limited to, Ginter, et al., U.S. Patent No. 5,910,987; Payne, et al., U.S. Patent No. 5,715,314; Gifford, U.S. Patent No. 5,724,424; Bahreman & Tygar, *Certified Electronic Mail* (Feb. 1994).

20. U.S. Patent No. 5,910,987 is prior art to the '219 patent.

21. U.S. Patent No. 5,715,314 is prior art to the '219 patent.

22. U.S. Patent No. 5,724,424 is prior art to the '219 patent.

23. Bahreman & Tygar, *Certified Electronic Mail* (Feb. 1994), is prior art to the '219 patent.

24. For at least some of the claims of the '219 patent, the patent lacks the disclosure required by the first paragraph of Section 112 of the Patent Act and the claims violate the requirements of the second paragraph of Section 112 of the Patent Act.

25. Plaintiff's actions and allegations have created an actual case and controversy between Plaintiff and Amazon under 28 U.S.C. §§ 2201 and 2202, and that controversy is ripe for adjudication by this Court.

26. To resolve the legal and factual questions raised by Plaintiff, and to afford Amazon relief from the uncertainty and controversy precipitated by Plaintiff's accusations against it, Amazon is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the claims of the '219 patent are invalid.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Amazon hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Amazon prays for the following relief:

    A.    A judgment for Amazon and against Plaintiff, dismissing with prejudice Plaintiff's Complaint and all claims asserted therein against Amazon;

    B.    A judgment declaring that the claims of the '219 patent has not been infringed by Amazon, and that the claims of the '219 patent are invalid;

    C.    A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Amazon of its costs and reasonable attorney's fees, together with interest, including prejudgment interest, thereon; and

    D.    Such other and further relief as may be deemed just and appropriate.

Respectfully submitted,

Dated:  October 21, 2010    By:    */s/James E. Geringer*
James E. Geringer (OR Bar No. 951783)
james.geringer@klarquist.com
Salumeh R. Loesch (OR Bar No. 090074)
salumeh.loesch@klarquist.com
John D. Vandenberg (OR Bar No. 893755)
john.vandenberg@klarquist.com
Kristin L. Cleveland (OR Bar No. 001318)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Jennifer Parker Ainsworth (TX Bar No. 00784720)
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone:  (903) 509-5000
Facsimile:  (903) 509-5092

*Attorneys for Defendants*
*Amazon.com, Inc. and PayPal, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 21, 2010 a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*s/ James E. Geringer*
James E. Geringer