IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RMAIL LIMITED, <br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., ET AL., <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:10-cv-258-TJW |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Amazon.com, Inc.'s ("Amazon") and PayPal, Inc.'s ("Paypal") motion to transfer. (Dkt. No. 25.) The Court, having considered the venue motion and the arguments of counsel, DENIES the motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is not "clearly more convenient" than the venue chosen by Plaintiff Rmail Limited ("Rmail"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338;

*In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314. The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

The parties do not dispute that the Central District of California is a judicial district in which this case could have been filed. Therefore, the threshold question is satisfied in this case. With respect to the convenience factors, however, as will be discussed below, the Court holds that this is a case where the convenience factors are essentially neutral. Therefore, the Court DENIES

Defendants' motion to transfer because merely showing the convenience factor analysis is neutral is not sufficient for Defendants to meet their burden to show that the transferee venue is clearly more convenient.

As an initial matter, the Court finds that, aside from the issue of judicial economy, Defendants have effectively conceded that all other factors, on balance, are essentially neutral—and this Court agrees. The first sentence of Defendants' brief states: "Even at this early stage, a single factor stands out as the compelling reason to transfer this case to the Central District of California ("C.D. Cal.")—judicial economy." (Dkt. No. 25, at 1.) Defendants admit that the private interest factors are either neutral or slightly weigh in favor of transfer. (*Id.* at 7.) Also, Defendants argue the public interest factors weigh in favor of transfer, but this is almost entirely because of the previous and current patent infringement lawsuits in the Central District of California that involve the patents-in-suit—which is essentially judicial economy. When looking at the circumstances in this case, this Court agrees that if not considering judicial economy, all other factors, on balance, are neutral. To briefly illustrate, no party has its principal place of business in this District or the transferee district, and no party is incorporated in the state of California or Texas. Further, there are some facts (excluding the related California cases) that tie this case more closely to the Central District of California, such as the fact that Defendants' principal places of business are closer to the Central District of California or the fact that some potential witnesses and documents are located in the Central District of California. On the other hand, both Defendants also have facilities with operations in Texas and Plaintiff Rmail has identified potentially relevant witnesses in Texas and at least one in the Eastern District of Texas.

Therefore, this motion to transfer, as Defendants recognize, effectively turns on whether judicial economy weighs in favor of transfer.

This Court holds, however, that judicial economy is also neutral in this case. Defendants' main argument is that the Central District of California has significant familiarity with the patents and issues in this case due to it having former and ongoing cases involving one or more of the patents-in-suit. Defendants' most recent notice stated that there have been five cases in the Central District of California involving one or more of the patents-in-suit. (Dkt. No. 41.) Furthermore, Defendants specifically point to the first Central District of California suit which commenced in 2003 and was presided over by Judge Selna. *See Propat Int'l Corp. v. RPost Inc.*, Case No. 8:03-cv-01011-JVS-VBK (C.D. Cal.) (Selna, J.). Defendants state that Judge Selna decided several issues on the merits in that case and also issued a claim construction ruling. However, Defendants largely ignore several facts that significantly weaken Defendants' arguments.

First, in the 2003 case where Judge Selna issued several substantive orders and a claim construction order, Judge Selna eventually determined, in 2005, that the plaintiff never had standing to bring the suit and vacated all the substantive orders in that case, including the claim construction order. As a result, though Judge Selna may have gained some familiarity with the case, that occurred over six years ago and any collateral estoppel effect the orders in that case may have had are mooted by Judge Selna having vacated all those orders. Additionally, with respect to the six year time lapse, the Federal Circuit has stated that a "previous claim construction in a case that settled more than five years before the timing of this lawsuit [is] too tenuous a reason to support denial of transfer." *In re Verizon Business Network Services, Inc.*, 635 F.3d 559, 562

(Fed. Cir. 2011). Therefore, under *In re Verizon*, in the context of judicial economy, Judge Selna's prior case with a vacated claim construction order is too tenuous a reason to support a grant of a transfer. Second, although there are several currently pending lawsuits in the Central District of California involving the patents-in-suit, there are also at least five pending cases in the Eastern District of Texas that involve one or more of the patents-in-suit. Hence, for these two reasons, judicial economy is also neutral in this case.

This Court recognizes the significant burden on a movant in a motion to transfer venue. Indeed, as this Court stated in *Texas Data Co., L.L.C. v. Target Brands, Inc.*, "[t]he Fifth Circuit in *Volkswagen II* recognized this 'significant burden' and issued a writ of mandamus to transfer only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer." 771 F. Supp. 2d 630, 648 (E.D. Tex. 2011) (J. Ward). All factors in this case, on balance, are effectively neutral, and this is not nearly enough for Defendants to have met their burden of showing that the Central District of California is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Defendants' motion to transfer venue to the United States District Court of the Central District of California is DENIED.

It is so ORDERED.

SIGNED this 30th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE