IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>PAYPAL, and SOCIETY FOR WORLDWIDE INTERBANK FINANCIAL TELECOMMUNICATION SCRL D/B/A SWIFT,<br><br>Defendants. | CASE NO. 2:10-CV-258-JRG<br>LEAD CASE |
| RMAIL LIMITED, RPOST COMMUNICATIONS LIMITED, and RPOST HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOCUSIGN, INC.,<br><br>Defendant. | CASE NO. 2:11-cv-299-JRG-RSP |
| RMAIL LIMITED, RPOST COMMUNICATIONS LIMITED, and RPOST HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>RIGHT SIGNATURE, LLC, FARMERS GROUP, INC., and FARMERS INSURANCE COMPANY, INC.,<br><br>Defendants. | CASE NO. 2:11-cv-300-JRG-RSP |

1

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED and ECHOSIGN, INC.<br><br>Defendants. | CASE NO. 2:11-cv-325-JRG-RSP |

## ORDER

Before the Court is Plaintiffs RPost Holdings, Inc., RPost Communications Limited, and RMail Limited's (collectively "RPost") Motion for Leave to Supplement Its Disclosure of Asserted Claims and Infringement Contentions Under P.R. 3-1, filed January 4, 2013 (Dkt. No. 245) (the "Motion"). The Court having considered the same finds that the Motion should be **DENIED** for the reasons set forth below.

## I. Factual and Procedural Background

RPost filed suit against Defendants Docusign, Inc., Right Signature, LLC, Farmers Group, Inc., and Farmers Insurance Company, Inc. on June 24, 2011, and against Defendant Adobe Systems Incorporated and Echosign, Inc. on July 19, 2011 (collectively "Defendants"). RPost asserted, *inter alia*, that Defendants infringed U.S. Patent No. 7,707,624 (the "'624 Patent"). On June 1, 2012, RPost served its infringement contentions pursuant to P.R. 3-1. These disclosures asserted claims 1, 2, and 4 of the '624 Patent. On January 4, 2013, RPost filed the present Motion. In the Motion, RPost requests leave to supplement its infringement contentions to assert claim 7 of the '624 Patent. On January 22, 2013, Defendants filed their Opposition to Motion to Supplement Disclosure of Asserted Claims and Infringement

2

Contentions (Dkt. No. 256). RPost filed its reply on February 1, 2013. (*See* Dkt. No. 261.)

At the time RPost filed its motion for leave, claim construction briefing had already begun pursuant to the controlling Docket Control Order (Dkt. No. 140). RPost originally filed its opening claim construction briefs on January 3, 2013. Pursuant to the Court's Order striking RPost's filing (Dkt. No. 249), however, RPost re-filed its claim construction brief on January 10, 2013. In its claim construction brief, RPost presented one term from claim 7 of the '624 Patent for the Court to construe. On January 17, 2013, Defendants filed their Consolidated Responsive Claim Construction Brief (Dkt. No. 253). Defendants did not present for construction any terms from claim 7 of the '624 Patent. Claim construction briefing completed on January 24, 2013, when RPost filed its Reply Claim Construction Brief (Dkt. No. 257). The *Markman* hearing is set for February 14, 2013.

## II.  Legal Standards

A party may amend its infringement contentions after the relevant deadline has passed by showing good cause. P.R. 3-6. The good cause standard included in P.R. 3-6 requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *Alexsam, Inc., v. IDT Corp.,* No. 2:07-cv-420, 2011 U.S. Dist. LEXIS 2913, at *4 (E.D. Tex. Jan. 12, 2011). The Court considers the following factors in determining good cause pursuant to P.R. 3-6: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *See, e.g.*, *S & W Enters., L.L .C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003); *Mediostream, Inc., v. Microsoft Corp.,* No. 208-cv-369, 2010 WL 4118589, at *1 (E.D. Tex. Oct. 18. 2010).

## III. Analysis

The first factor to consider is RPost's explanation for its failure to meet the deadline. RPost contends that it has obtained two important pieces of new information: (1) the sworn testimony of Defendants DocuSign and Right Signature denying that their accused systems satisfy the "mailto" link limitation of asserted claim 1; and (2) Defendants' proposed claim construction of the term "'mailto' link." RPost argues that this "[n]ew information revealed through discovery that was previously unavailable supports a grant of its motion for leave." (Dkt. No. 245 at 6.) Defendants respond that such denial has no bearing on RPost's ability to previously assert claim 7 and that RPost was aware of Defendants' position on infringement once each filed its answer denying infringement of the '624 Patent. Defendants further contend that each of the Defendants' accused products was readily available for the public to use and analyze, and that RPost's proposed supplemental infringement contentions rely entirely on public information. In sum, Defendants argue that there is nothing "new" to explain RPost's failure to meet the deadline. The Court agrees, RPost has not shown that its delay was reasonable. The information that RPost now solely relies upon in its proposed supplemental contentions is information that was publicly available to it prior to the P.R. 3-1 deadline. Accordingly, the Court finds that the first factor strongly favors denying RPost's motion for leave.

The second factor is the importance of asserting claim 7 of the '624 Patent. RPost argues that asserting claim 7 is important because Defendants have not provided sufficient discovery to allow RPost to build its infringement case regarding the presently asserted claim 1. RPost further argues that denying the opportunity to assert claim 7 could preclude RPost from asserting that claim in a separate action if the Defendants are found not to infringe the presently asserted claims or that those claims are found invalid. Defendants contend that they have provided

4

sufficient discovery and that, regardless, whether or not RPost has sufficient discovery to address claim 1 is unrelated to the importance of claim 7.  The Court finds that, while RPost may be precluded from asserting claim 7 in a separate action, the same can be said of any unasserted claim in any patent infringement case.  Although future preclusion is a concern, that alone does not make a particular claim important.  Accordingly, the Court finds this factor favors denial.

The third factor is the potential prejudice to Defendants if leave is granted.  RPost contends that Defendants will not be prejudiced because no major deadlines will be affected and that ample time remains for fact discovery.  The Court finds that the addition of claim 7 of the '624 Patent at this late stage of litigation would cause prejudice to Defendants and burden the Court.  The parties have concluded their claim construction briefing on the '624 Patent.  To permit RPost to supplement its infringement contentions now would require additional claim construction briefing.  While RPost has construed one claim term from claim 7 in its opening brief, Defendants have yet to respond and may propose additional terms to construe.  The Court would then await a reply brief from RPost.  However, there is insufficient time before the scheduled *Markman* hearing for the parties to complete such briefing, and for the Court to review such briefing, in a reasonable manner.  Thus, in addition to supplemental briefing, allowing the supplemental contention would also require either a supplemental *Markman* hearing or a continuance of the hearing.  Because fact discovery in this case is set to close April 1, 2013 and the case is set for trial in August of 2013, allowing the amendment would prejudice Defendants and create added burdens for the Court.  This factor favors denial.

The final factor is the availability of a continuance to cure any potential prejudice.  RPost asserts that a continuance could cure any alleged prejudice.  Because RPost offers no argument in support of such a conclusory statement, however, the Court finds that RPost has not

5

demonstrated (in any meaningful way) that a continuance could cure any prejudice.

On balance, in light of the impending *Markman* hearing and the completed claim construction briefing, RPost's newfound concern that it may not have sufficient information to build its case on the presently asserted claims does not justify granting leave for RPost's untimely disclosure based on information publicly available to it prior to the original deadline. Accordingly, the Court finds that RPost has not demonstrated good cause to grant it leave of Court to supplement its infringement contentions.

## IV. Conclusion

For the reasons stated herein, the Court finds that RPost's Motion for Leave to Supplement Its Disclosure of Asserted Claims and Infringement Contentions Under P.R. 3-1 (Dkt. No. 245) should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 8th day of February, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE