UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>      Defendant. | Civil Action No. 10-CV-258<br>(Lead Case)<br><br>Hon. Rodney Gilstrap |
| RPOST HOLDINGS, INC, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>ADOBE SYSTEMS INCORPORATED, et al.,<br><br>      Defendants. | Civil Case No. 2:11-cv-325-JRG<br>(Member Case)<br><br>Hon. Rodney Gilstrap |
| RMAIL LIMITED, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>DOCUSIGN, INC.,<br><br>      Defendant. | Civil Case No. 2:11-cv-299-JRG<br>(Member Case)<br><br>Hon. Rodney Gilstrap |
| RPOST HOLDINGS, INC., et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>READNOTIFY.COM PTY LTD., et al.,<br><br>      Defendants. | Civil Case No. 2:11-cv-16-JRG<br>(Member Case)<br><br>Hon. Rodney Gilstrap |

MOTION FOR SUMMARY JUDGMENT:
INTERVENING RIGHTS
Civil Action No. 11-cv-299TJW

DOCU-6-1007P23 MSJ Intervening

## DEFENDANTS' CONSOLIDATED MOTION FOR SUMMARY JUDGMENT REGARDING INTERVENING RIGHTS

Pursuant to Fed. R. Civ. P. 56, Local Rule CV-56, and the Court's order granting Defendants permission to file this motion (Dkt. No. 293), Defendants DocuSign, Inc., Adobe Systems Incorporated, EchoSign, Inc., Readnotify.com Pty Ltd., and Christopher Drake (collectively "Defendants") hereby move for summary judgment regarding intervening rights.

### I. INTRODUCTION

Plaintiffs allege that the Defendants infringe US Patent No. 6,182,219. During reexamination of the '219 patent, the patentee substantively amended all claims of the '219 patent. In light of the amendment, the PTO issued a reexamination certificate with the amended claims on June 19, 2012. The patentee's substantive amendments give rise to intervening rights under 35 U.S.C. §§ 252 and 307(b). Such intervening rights preclude any liability arising from allegedly infringing activities that occurred prior to the date of the reexamination certificate, and preclude liability for the continued use or sale of products that existed prior to the reexamination certificate.

### II. STATEMENT OF THE ISSUE

Whether the Defendants are entitled to intervening rights resulting from the substantive amendment of the '219 patent claims during reexamination.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The asserted claims of the '219 patent are independent claims 60 and 71, and various claims dependent on these two independent claims.[1] (Dkt. No. 251, Ex. 11)

2. During reexamination of the '219 patent, the Examiner initially rejected claims 60 and 71 as being anticipated by each of the Levine, Bahreman and Herda prior art references. (Lowe Dec. Ex. A, pp. 5-9, 12, 38-39, 42-44, 54, 62-68)

---

[1] Claims 61-64, 66, 69-70, 72-73, 75-76, 78-79, 81.

3. In response, the patentee attempted to argue that claims 60 and 71 were patentable in light of the prior art references. (Lowe Dec. Ex. B, pp. 3-12, 20-25, 33-38)

4. The Examiner, however, did not accept the patentee's arguments and maintained rejection of claims 60 and 71 as anticipated in light of each of Levine, Bahreman, and Herda. (Lowe Dec. Ex. C, pp. 5-10, 15-16, 22-27)

5. In response, the patentee had a telephone conference with the Examiner in which the patentee suggested amending the independent claims, including claims 60 and 71, "to <u>narrow</u> the claimed indicia of time to be 'an indicia of a time of successful transmission of the certain information to the recipient, the indicia recorded by the dispatcher.'" (Lowe Dec. Ex. D)

6. In accordance with the patentee's interview with the Examiner, the patentee amended claims 60 and 71. Claim 60 originally recited "providing an indicia relating to a time of transmission of the dispatch." The patentee amended claim 60 to add the requirement that the recited indicia be "an indicia of a time of successful transmission" rather than just "an indicia relating to a time of transmission," and to add the requirement that the time indicia be "recorded by an authenticator," as shown below:

> providing an indicia [relating to] *of* a time of *successful* transmission of the dispatch *to the recipient*, said time related indicia being *recorded by an authenticator and*

(Lowe Dec. Ex. E, pp. 3-4)

7. The patentee amended claim 71 to add the same requirements, as shown below.

> means for providing an indicia [relating to] *of* a time of *successful* transmission of the dispatch *to the receiving system*, said time related indicia being *recorded by the authenticator and* provided in a manner resistant to or

(*Id.*, p. 4)

8. The patentee then relied on these amendment to successfully argue that claims 60 and 71, as amended, were not anticipated by any of the cited prior art references. (Lowe Dec. Ex. E, pp. 7-10, 14-20, 25-30, 32-34)

9. Based on the patentee's amendments and arguments to distinguish and overcome the prior art, the Examiner allowed the amended claims. (Lowe Dec. Ex. F, pp. 4-7)

10. An *Ex Parte* Reexamination Certificate confirming the amended claims issued June 19, 2012. (Lowe Dec. Ex. G)

## IV. APPLICABLE LAW ON INTERVENING RIGHTS

Reexamination of a patent allows a patentee to revise the claims of the patent after original issuance. But if the patentee substantively amends the claims in reexamination, there are two results. First, there can be no liability for acts before the issuance of the reexamination certificate, meaning the patentee is not entitled to infringement damages for the period prior to the issuance of the reexamination certificate. 35 U.S.C. § 252 ¶ 1 and § 307(b); *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). Second, there can be no liability for the post-certificate use or sale of accused products that were made, used, or sold before issuance of a reexamination certificate. 35 U.S.C. § 252, ¶ 2 and § 307(b). *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220-–21 (Fed. Cir. 1993). Such intervening rights arise from substantive changes made during reexamination because such changes are "treated as an irrebuttable presumption that the original claims were materially flawed." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Intervening rights apply with equal force to both method and apparatus claims. *See, e.g., Litton Sys. Inc. v. Honeywell Inc.*, 87 F.3d 1559, 1583 (Fed. Cir. 1986); *Bloom*, 129 F.3d at 1251; *Laitram*, 163 F.3d at 1349.

## V.  THE PATENTEE'S SUBSTANTIVE AMENDMENTS DURING REEXAMINATION PRECLUDE PRE-CERTIFICATE DAMAGES

The amendments to the '219 patent during reexamination are substantive changes for several reasons. First, the patentee itself characterized the amendments as "narrow[ing]" in an interview with the Examiner in which the patentee proposed making such amendments to overcome the cited prior art. (Fact No. 5) Second, the amendments narrowed the claim language with the added requirement that the recited indicia be an indicia "of a time," not just "relating to a time," added the requirement that the recited indicia be "of a time of successful transmission," not just "relating to a time of transmission," and added the requirement that the indicia be "recorded by an authenticator." (Fact Nos. 6-7.) Third, the patentee relied on the amendments to successfully overcome the cited Levine, Bahreman, and Herda prior art references, which the patentee was not able to overcome based on argument alone. (Fact Nos. 2-4, 8-10.) The amendments therefore necessarily narrowed the scope of the claims. Fourth, the Examiner concluded that the claims as amended were patentable over the cited prior art references, but refused to reach that conclusion without the amendments, confirming that the amendments narrowed the claims. (Fact Nos. 4, 9.) Fifth, this Court's construction of the pre-amendment and post-amendment time indicia limitations shows that the amendment substantively changed the limitations' scope. The Court's constructions for the original and amended time indicia limitation of claims 60 and 71 are recited below (Dkt. No. 297, pp. 33-35).[2]

| '219 Claim Language | Court's Construction |
|---|---|
| **"an indicia relating to a time of transmission of the dispatch"** <br> ('219 patent, claims 60 and 71 (original claims)) | "data showing a time that is related to the time a dispatch was sent" |

---

[2] The parties agreed that the Court's construction of the original time indicia limitation of claim 30 (Dkt. No. 297, pp. 33-34) would apply to the original time indicia limitations of claim 60 and 71. (Dkt. No. 259, p. 10.)

| '219 Claim Language | Court's Construction |
|---|---|
| "an indicia of a time of successful transmission of the dispatch to the recipient" ('219 patent, claim 60 (amended claim)) | "data that represents the time at which the dispatcher forwarded the dispatch for delivery such that the recipient may later be able to receive the dispatch and where the data is obtained without any cooperation from the recipient" |

The Court's construction of the amended limitation is substantially narrower from its construction of the pre-amendment limitation, confirming that the amendment resulted in a substantive change in the limitations' scope. The claims were also narrowed by the "recorded by an authenticator" limitation added to the claims during reexamination, although the Court did not previously construe that term.

Where "substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate." *Laitram*, 163 F.3d at 1346. As a matter of law, Plaintiffs are not entitled to damages prior to June 19, 2012—the date of the '219 patent reexamination certificate. (Fact No. 10)

## VI. CERTAIN DEFENDANTS ARE ENTITLED TO INTERVENING RIGHTS TO CONTINUE TO USE AND SELL PRE-CERTIFICATE ACCUSED PRODUCTS[3]

While intervening rights preclude the recovery of pre-certificate damages, they also allow defendants to continue to use and sell the accused products that were in existence prior to the reexamination certificate. Defendant DocuSign is accused of infringing the '219 patent by providing electronic signature services in the form of software accessible over the Internet. Defendants ReadNotify and Chris Drake are accused of infringing the '219 patent by providing an email service named "Certified Email" that delivers an "E-mail Posting-Time Digital Certificate" to customers over the internet. (Drake Dec. ¶¶ 5-6) For each of Defendants DocuSign, ReadNotify and Mr. Drake, the accused software was "made" and installed for use by consumers prior to the reexamination certificate, and because it existed before that date the

---

[3] Defendants Adobe Systems Incorporated and EchoSign, Inc. do not join, and take no position on, this section of the motion.

doctrine of absolute intervening rights allows the Defendants to continue to use it and sell it to others thereafter without infringing the '219 patent.

In addition, the absolute right to continue to use and sell the accused product includes the right to maintain it. For accused instrumentalities already made before the reexamination certificate, Section 252 provides an absolute right to continue to use and sell them. *BIC Leisure Prods.*, 1 F.3d at 1221. The goods in existence before the reexamination certificate may be repaired and modified within the bounds of this absolute right, so long as it does not amount to a reconstruction that creates a new article. *See Aro Mfg. Co. v. Convertible Top Co.*, 365 U.S. 336 (1961); *see also Everpure, Inc. v. Cuno, Inc.*, 875 F.2d 300, 302 (Fed. Cir. 1989), *cert. denied*, 493 U.S. 853 (1989). Likewise, revisions to address features unrelated to the patented aspect of the device do not affect the absolute right to continue to use and sell the accused instrumentalities. *Southern Saw Service v. Pittsburgh-Erie Saw Corp.,* 239 F.2d 339, 342 n.7 (5th Cir. 1956) ("The machine was modified slightly after the reissue but such changes which were primarily to increase the speed of the machine were not material and do not warrant a finding that the machine was 'made or purchased' after the reissue.").

### A. DocuSign Is Entitled to Continue to Use and Sell its Pre-Certificate Accused Product

From a time prior to the date of the reexamination certificate, there was no change to the accused DocuSign system until August 3, 2012, and therefore intervening rights extend at least to that point. (Peterson Dec. ¶¶ 2-3) On August 3 a few features were updated, with additional releases on November 2, 2012 and February 1, 2013, but in no case did the updates address the features that are the subject of the asserted patents. Rather, they address peripheral aspects such as auto-population of forms, the visual appearance of the user interface, signing languages, tags available for use with forms, and others. (Id.) Importantly, the Plaintiffs do not argue that the accused instrumentality infringes in a different manner as a result of any of these releases, and at all times has treated every version of the accused instrumentality as if it is completely identical to

the others. Indeed, it is the same as far as the patents are concerned, and therefore DocuSign is entitled to the absolute right under the statute to continue to use and sell the component that is infringing, even if certain modifications or repairs are made to unrelated features.

>    **B.    ReadNotify and Chris Drake are Entitled to Continue to Use and Sell their Pre-Certificate Accused Product**

When Plaintiffs filed this lawsuit against ReadNotify and Mr. Drake, the accused ReadNotify system consisted of the ReadNotify system software loaded and operating on multiple computer servers in two locations; one location containing multiple servers co-located at Silicon Valley Web Hosting in San Jose, California, and one computer server at second location in Europe. (Drake Dec. ¶ 2) As a result of this lawsuit, on July 11, 2011 (almost one year before the issuance of the '219 reexamination certificate), ReadNotify and Mr. Drake halted all operations of the ReadNotify software on all computer servers located in the United States. (Id. at ¶ 3) After July 11, 2011, the remaining ReadNotify computer server in Europe subsequently took up 100% of the ReadNotify system operations, and has continued in that capacity ever since. (Id. at ¶ 4)

The accused "Certified Email" service is provided by ReadNotify to its customers using computer software created by and used by ReadNotify on its computer servers prior to the June 19, 2012 issuance of the reexamination certificate of the '219 patent. (Drake Dec. ¶ 6) Since June 19, 2012, no changes of any kind have been made to the software or hardware that performs the function of the accused "Certified Email" service in the ReadNotify system. The ReadNotify system provides other non-accused services (such as, for example, email language translation), and minor changes have been made to the grammatical wording that appears in the graphical user interface of the system software for those non-accused services. However, none of these grammatical word changes in the graphical user interface have any impact on the function or operation of the accused "Certified Email" service or any other part of the ReadNotify system operation. There have been no changes to the function or operation of the accused ReadNotify

system or the accused "Certified Email" service since before June 19, 2012. (Id. at ¶¶ 7-8) Therefore, ReadNotify is entitled to the absolute right under the statute to continue to use and sell the ReadNotify system accused of infringing the '219 patent.

## VII. CONCLUSION

The '219 patentee substantially changed the claims of the '219 during reexamination in order to avoid invalidity based on the prior art. Plaintiffs therefore are precluded from recovering any damages for alleged infringement taking place before the date of the reexamination certificate, June 19, 2012. In addition, Defendants DocuSign, ReadNotify and Chris Drake are further allowed to continue to use and sell their accused products under the doctrine of absolute intervening rights.

Dated: May 13, 2013

*Attorneys for Defendant DocuSign, Inc.*

*/s/ David A. Lowe*
David A. Lowe (*pro hac vice*)
  Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES <sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Melissa R. Smith (SBN Bar No. 24001351)
  melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

*Attorneys for Adobe Systems Incorporated and Echosign, Inc.*

*/s/ Andrew P. Valentine*
Andrew P. Valentine (*pro hac vice*)
  andrew.valentine@dlapiper.com
Christine K. Corbett (pro hac vice)
  christine.corbett@dlapiper.com
Robert Buergi (*pro hac vice*)
  robert.buergi@dlapiper.com
Erik R. Fuehrer (*pro hac vice*)
  erik.fuehrer@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
T: 650.833.2000
F: 650.833.2001

Claudia Wilson Frost (SBN 21671300)
  claudia.frost@dlapiper.com
DLA PIPER LLP (US)
1000 Louisiana, Suite 2800
Houston, Texas 77002-5005
T: 713.425.8400
F: 713.425.8401

*Attorneys for Defendant Readnotify.com Pty Ltd.*

*/s/ J. Pat Heptig*
J. Pat Heptig (SBN 00793940)
  pheptig@heptiglaw.com
HEPTIG LAW GROUP, LTD.
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
T: 214.451.2154
F: 214.306.5424

*Defendant Chris Drake for Himself, pro se*

*/s/ Christopher Drake*
Mr. Christopher Drake
  abuse@readnotify.com
8 Masthead Quay
Noosaville, QLD 4566
Australia
T (Australia): +61 7 5440 5673

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 13, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ LR 5.

s/ David A Lowe