IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br>　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br>　　　　　　Defendants. | C. A. No. 2:10-cv-258-JRG<br>(Lead Case) |
| RPOST HOLDINGS, INC, *et al.*,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORTED, *et al.*,<br>　　　　　　Defendants. | C.A. No. 2:11-cv-325-JRG<br>(Member Case) |
| RMAIL LIMITED, *et al.*,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>DOCUSIGN, INC.,<br>　　　　　　Defendant. | C.A. No. 2:11-cv-299-JRG<br>(Member Case) |
| RPOST HOLDINGS, INC., *et al.,*<br>　　　　　　Plaintiffs,<br><br>v.<br><br>READNOTIFY.COM PTY LTD., *et al.*,<br>　　　　　　Defendants. | C.A. No. 2:11-cv-16-JRG<br>(Member Case) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>OF INVALIDITY UNDER 35 U.S.C. § 101**

Pursuant to Federal Rule of Civil Procedure 56, Local Rule CV-56, and the Court's order granting Defendants permission to file this motion (Dkt. No. 358), Defendants Adobe Systems Incorporated, Echosign, Inc., DocuSign, Inc., Readnotify.com Pty Ltd., and Christopher Drake (collectively, "Defendants") hereby move for summary judgment of invalidity of claim 18 of U.S. Patent No. 6,571,334 (the "'334 patent") under 35 U.S.C. § 101.

## I. STATEMENT OF ISSUES

This motion presents the issue of whether claim 18 of the '334 patent recites patentable subject matter under 35 U.S.C. § 101.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Of the claims in the '334 patent, Plaintiffs have asserted only claim 18 against the Defendants.

2. Asserted claim 18 of the '334 patent recites, "Authentication data … comprising …." (Ex. 1 ('334 patent) at 20:50-21:12.)

## III. AUTHENTICATION DATA IS NOT PATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101

Section 101 allows four categories of patentable subject matter: 1) processes, 2) machines, 3) manufactures, and 4) compositions of matter. 35 U.S.C. § 101; *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007). "Those four categories define the explicit scope and reach of subject matter patentable under 35 U.S.C. § 101." *In re Nuijten*, 500 F.3d at 1357. "If a claim covers material not found in any of the four statutory categories, that claim falls outside the plainly expressed scope of § 101 even if the subject matter is otherwise new and useful." *Id*. at 1354. Claims that recite mere data, such as data structures or data signals, are not patentable under Section 101. *E.g.*, *In re Nuijten*, 500 F.3d at 1357 (finding a claim reciting, "A signal with embedded supplemental data…" invalid under Section 101 for failing to fall within one of the

1

four categories of patentable subject matter); *In re Warmerdam*, 33 F.3d 1354, 1361-62 (Fed. Cir. 1994) (finding a claim reciting, "A data structure …" invalid under Section 101 for the same reason).

Claim 18 of the '334 patent recites, "Authentication data … comprising …." (Ex. 1 ('334 patent) at 20:50-21:12.) Authentication data does not fall within any of the four statutory categories of Section 101 and is instead mere data, which is not patent eligible. Accordingly, claim 18 is invalid under Section 101.

### A. Authentication Data Is Not A Process.

The Supreme Court and Federal Circuit have consistently interpreted the term "process" to require action. *In re Nuijten*, 500 F.3d at 1355; *see also Gottschalk v. Benson*, 409 U.S. 63, 70 (1972) ("A process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing."); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316 (Fed. Cir. 2005) ("A process is a series of acts."); *In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002) ("[A] process ... consists of a series of acts or steps .... It consists of doing something, and therefore has to be carried out or performed.").

Authentication data is not a process because it is not an act or series of acts. Authentication data instead is mere information, just as the claimed "signal" of *In re Nuijten* was mere information. (Dkt. No. 297 (*Markman* Order) at 17 (construing "authentication data" of claim 18 to mean "information that is associated with the contents of the dispatch by generating a representation of at least the elements a1, a2, and a3, the representation comprising one or more elements").); *In re Nuijten*, 500 F.3d at 1357.

Although RPost may argue that the Court's construction recites an act ("generating a representation …") or that claim 18 recites acts because the claimed authentication data must be,

2

for example, "secured against tampering" and "secured by an authenticator," such recitations imply only that the claim is potentially a "product-by-process claim[] in which the product is defined at least in part in terms of the method or process by which it is made." *In re Nuijten*, 500 F.3d at 1355 (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1315 (Fed. Cir. 2006)). But "[s]uch claims are still directed to the ultimate product, not the underlying process." *In re Nuijten*, 500 F.3d at 1355; *see also SmithKline*, 439 F.3d at 1317 ("Regardless of how broadly or narrowly one construes a product-by-process claim, it is clear that such claims are always to a product, not a process."). "The presence of acts recited in the claim does not transform a claim covering a thing [for example, a signal] into one covering the process by which that thing was made." *In re Nuijten*, 500 F.3d at 1355; *In re Warmerdam*, 33 F.3d at 1361- 62 (rejecting patentability of data even if collected by a particular process; claim preamble required "a data structure generated by the method of any of Claims 1 through 4"). Likewise, the presence of acts recited in claim 18 does not transform the claim from one covering authentication data into one covering the process by which the authentication data is made. Accordingly, claim 18 does not claim a process and authentication data is not a process.

    **B.    Authentication Data Is Not A Machine.**

The Supreme Court has defined the term "machine" as "a concrete thing, consisting of parts, or of certain devices and combination of devices." *Burr v. Duryee*, 68 U.S. 531, 570 (1863); *see also In re Nuijten*, 500 F.3d at 1355. This definition "includes every mechanical device or combination of mechanical powers and devices to perform some function and produce a certain effect or result." *Corning v. Burden*, 56 U.S. 252, 267 (1853); *In re Nuijten*, 500 F.3d at 1355. Although a claim for a machine having a memory with particular data stored in the memory may be patentable under Section 101, a claim for data standing alone is not. *In re*

3

*Warmerdam*, 33 F.3d at 1361-62 (compare claim 5 for a machine with data in a memory, held to satisfy Section 101, to claim 6 for a data structure alone, held to not satisfy Section 101).

Authentication data does not possess the concrete structure implied by these definitions. *See In re Nuijten*, 500 F.3d at 1355 (although "a signal is physical and real, it does not possess concrete structure in the sense implied by these definitions"). Nor does authentication data consist of "parts" or "devices" in any mechanical sense. *See id.* Authentication data therefore is not a machine as that term is used in Section 101.

### C. Authentication Data Is Not A Manufacture.

The Supreme Court has defined the term "manufacture" in its verb form as "the production of articles for use from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations, whether by hand-labor or by machinery." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980) (emphasis added); *see also In re Nuijten*, 500 F.3d at 1356. The term "manufacture" is used in Section 101 in its noun form, and therefore refers to "articles" resulting from the process of manufacture. *In re Nuijten*, 500 F.3d at 1356 (citing *Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1373 (Fed. Cir. 2003)). "Articles of manufacture" are "tangible articles or commodities." *In re Nuijten*, 500 F.3d at 1356.

Authentication data is not a tangible article or commodity and therefore is not a manufacture. *See id.* (finding that electromagnetic transmissions, while man-made and physical with tangible causes and effects, are not manufactures). Although authentication data is man-made in the sense of having been generated by artificial means, "artificiality is insufficient by itself to render something a 'manufacture.'" *Id*. Accordingly, authentication data is not a "manufacture" under Section 101.

**D.    Authentication Data Is Not A Composition Of Matter.**

The Supreme Court has defined "composition of matter" to mean "all compositions of two or more substances and all composite articles, whether they be the results of chemical union, or of mechanical mixture, or whether they be gases, fluids, powders or solids." *Chakrabarty*, 447 U.S. at 308; *In re Nuijten*, 500 F.3d at 1357. Authentication data is not a chemical union, mechanical mixture, gas, fluid, powder, or solid. Authentication data therefore is not a composition of matter under Section 101.

**IV.    CONCLUSION**

In summary, the claimed "authentication data" of claim 18 does not fall within any of the four categories of patentable subject matter under Section 101. For the foregoing reasons, Defendants respectfully request that the Court find that claim 18 of the '334 patent is therefore invalid.

Dated: May 20, 2013                    Respectfully submitted,

*/s/ Claudia Wilson Frost*
Claudia Wilson Frost
State Bar No. 21671300
DLA Piper LLP
1000 Louisiana, Suite 2800
Houston, Texas 77002-5005
Telephone: 713.425.8400
Facsimile: 713.425.8401
claudia.frost@dlapiper.com

Andrew P. Valentine (admitted *pro hac vice*)
Christine K. Corbett (admitted *pro hac vice*)
Robert Buergi (admitted *pro hac vice*)
Erik R. Fuehrer (admitted *pro hac vice*)
DLA Piper LLP
2000 University Ave.
East Palo Alto, CA 94303
Telephone: 650.833.2000
andrew.valentine@dlapiper.com
christine.corbett@dlapiper.com
robert.buergi@dlapiper.com
erik.fuehrer@dlapiper.com

**Attorneys for Defendants Adobe Systems Incorporated and EchoSign, Inc.**

5

/s/ David A. Lowe
David A. Lowe (admitted *pro hac vice*)
Washington State Bar No. 24453
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
Telephone: 206.381.3300
Facsimile: 206.381.3301
Lowe@LoweGrahamJones.com

Melissa Richards Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257
Melissa@gillamsmithlaw.com

**Attorneys for Defendant DocuSign, Inc.**

/s/ J. Pat Heptig
J. Pat Heptig
State Bar No. 00793940
pheptig@heptiglaw.com
HEPTIG LAW GROUP, LTD.
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Telephone: 214.451.2154
Facsimile: 214.306.5424

**Attorneys for Defendant Readnotify.com Pty Ltd.**

/s/ Christopher Drake, pro se
Christopher Drake
8 Masthead Quay
Noosaville, QLD 4566
Australia
Telephone: +61 7 5440 5673
abuse@readnotify.com

2

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 20, 2013 to all counsel of record pursuant to the Court's CM/ECF system.

                */s/ Claudia Wilson Frost*
                *Claudia Wilson Frost*