# EXHIBIT B

| | |
|---|---|
| **From:** | Patrick McGarrigle <PatrickM@mkzlaw.com> |
| **Sent:** | Tuesday, July 30, 2013 8:55 AM |
| **To:** | Valentine, Andrew |
| **Cc:** | Michael Kenney |
| **Subject:** | Barton v. RPost, et al. (Our File No. 8681-006) |
| **Attachments:** | Barton v. RPost - Ruling on Submitted Matter.pdf |
| **Importance:** | High |

Dear Andrew:

The Los Angeles Superior Court has issued a Revised Statement of Decision awarding damages in Mr. Barton's favor against RPost International, Khan and Tomkow.  A copy is attached.  As you also know, Khan and Tomkow filed C13 petitions in mid-April, filings which are the subject of pending adversary complaints for non-dischargeability which were filed in the last week.

We expect that Khan and his counsel are attempting to cut deals with IP defendants, like yours, and notwithstanding to do so as quickly as possible in light of, as well, the other pending fraudulent conveyance action by Mr. Barton against RPost, RMail and RPost Communications.   Without prejudice to any of Mr. Barton's rights and remedies, in our opinion, no settlement of any IP actions – including the action pending against your client – should be negotiated or executed without full disclosure of these circumstances to, among other courts, the United States Bankruptcy Court and the United States Bankruptcy Trustees appointed to the Khan/Tomkow bankruptcies in the Central District in Los Angeles, prior and reasonable written notice to our office and other interested parties of the proposed terms, and other due process measures (including written notice to counsel for various RPost shareholders who have since filed derivative actions including fraudulent conveyance claims).  Certainly, no "indemnity" provision executed by Khan and Tomkow will have an iota of value to protect your client should it nonetheless enter into any purported agreement with the RPost companies and Mr. Khan/Tomkow.   There is also very credible evidence that Khan and Tomkow have no legal standing to act on behalf of one or more of the Rpost companies as a result of their Chapter 13 filings, and separate and distinct from the myriad conflicts of interest.

Moreover, on August 30, 2013, the Los Angeles Superior Court will be hearing our motion to include RMail and RComm as co-judgment debtors on the judgment against RPost, Khan and Tomkow.

Should you wish to discuss further, please contact me.


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**RECEIVED JUN 20 2013**

| | |
|---|---|
| DATE: 06/18/13 | DEPT. B |
| HONORABLE Stuart M. Rice  JUDGE | P. SCHULTZ  DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE  Reporter |

| 8:30 am | YC061581 | Plaintiff Counsel | NO APPEARANCES THIS DAY |
|---|---|---|---|
| | KENNETH BARTON  VS  RPOST INTERNATIONAL LIMITED,  ET AL.   *4/26/11 FILE VOL.1-20  RELATED TO YC051312 & YC065259 | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER - PUNITIVE DAMAGES

Matter having previously been taken under submission, the Court now issues its Ruling on Punitive Damages and Revisions to Statement of Decision. (SEE ATTACHED)

Clerk hereby gives notice.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order and Ruling on Punitive Damages and Revisions to Statement of Decision, upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 6/18/13

Page 1 of 2   DEPT. B

**MINUTES ENTERED  06/18/13  COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/18/13 | | DEPT. B |
| HONORABLE Stuart M. Rice  JUDGE | P. SCHULTZ | DEPUTY CLERK |
| HONORABLE ___ JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE  Deputy Sheriff | NONE | Reporter |

| 8:30 am | YC061581 | Plaintiff Counsel | |
| --- | --- | --- | --- |
| | KENNETH BARTON VS RPOST INTERNATIONAL LIMITED, ET AL.  *4/26/11 FILE VOL.1-20 | Defendant Counsel | NO APPEARANCES THIS DAY |
| | RELATED TO YC051312 & YC065259 | | |

**NATURE OF PROCEEDINGS:**

John A. Clarke, Executive Officer/Clerk

By: _____
           P. Schultz


BEN-ZVI & ASSOCIATES
3231 OCEAN PARK BLVD., SUITE 212
SANTA MONICA, CA  90405


MCGARRIGLE, KENNEY & ZAMPIELLO
9600 TOPANGA CANYON BLVD., SUITE 200
CHATSWORTH, CA  91311

MINUTES ENTERED
06/18/13
COUNTY CLERK

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 8 2013

John A. Clarke, Clerk

By P. Schultz, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KENNETH BARTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RPOST INTERNATIONAL LIMITED; RPOST, INC., Aka AVION MICROSERVICES, INC.; SYMANTEC CORPORATION; ZAFAR KHAN; TERRANCE TOMKOW; HENRI ISENBERG; CAROLE KRECHMAN; JAMES WATLINGTON; CHARLES BREED; ELLSWORTH ROSTON; and DOES 1 through 50, inclusive.,<br><br>　　　　Defendants. | Case No. YC061581<br>[Related to Case No. YC065259]<br><br>[Assigned to Honorable Stuart M. Rice, Department "B"]<br><br>**RULING ON PUNITIVE DAMAGES AND REVISIONS TO STATEMENT OF DECISION** |

# I. PROCEDURAL HISTORY

On August 3, 2012, the court issued its Statement of Decision pursuant to California Rules of Court Rule 3.1590 in Phase 1 of the trial. As the court concluded the plaintiff was entitled to recover punitive damages, the matter was thus calendared for Phase 2 of the trial which took place on November 20, 21, & 26, 2012.

At the conclusion of the punitive damage portion of the trial, it became obvious to the court that the assets and character of RPost International Limited had changed dramatically, and to simply restore Mr. Barton's shares of stock as provided for in its Statement of Decision would not be consistent with the intent of the court's original ruling. For this reason, returning the 6,016,500 shares to Mr. Barton would undoubtedly spark an endless round of post-judgment motions and additional lawsuits, one of which is already pending. In addition, without an evaluation of the common shares of stock owned by Mr. Barton, the court would be deprived of a meaningful compensatory damage calculation, thus complicating the court's determination on the propriety of the appropriate award of punitive damages.

As set forth in page 7 of the court's original Statement of Decision, although respectful of the background and testimony of both experts, the court ultimately rejected plaintiff's expert's (Jaime D'Almeida) opinion that the common shares of stock had a value in excess of $14 million, as well as defendants' expert's (Kevin Henry) opinion that said shares had a value of zero dollars. To assist the court in determining a proper value of the relevant shares, the court invited both counsel to provide names of potential experts for consideration of appointment pursuant to Evidence Code section 730. C. Paul Wazzan, Ph.D. was ultimately chosen by the court from the names provided by both parties.

All communication with Dr. Wazzan involved both counsel and the court. Dr. Wazzan and the parties were advised that the court had determined the most appropriate date for conversion of the stock was June 30, 2009. Dr. Wazzan performed his review and then prepared a comprehensive expert report of twelve pages plus numerous exhibits, dated March 8, 2013. Per the agreement with the parties, an opportunity was provided for both counsel to cross-examine Dr. Wazzan, which took place on April 4, 2013. Dr. Wazzan then prepared a supplemental report re-affirming his opinion which was provided to the court and both counsel on April 12, 2013. As of that date, the matter stood submitted.

On April 15, 2013, the court received a notice of stay of proceedings based on the filing of bankruptcy petitions by both individual defendants. The court subsequently received notice on May 1, 2013, that the stay had been lifted by the bankruptcy court. The court now issues the following ruling.

## II. REVISED RULING ON COMMON SHARES OF STOCK VALUATION

With the assistance of Dr. Wazzan, his reports and testimony, while keeping in mind the testimony of both plaintiff's and defendants' experts, the court is now prepared to ascribe a value to the common shares of RPost International stock as of June 30, 2009. The court adopts Dr. Wazzan's opinion and concludes the common stock has a value of $0.64 per share. Since plaintiff owned 6,016,500 shares, the monetary value equals $3,850,560. The court modifies its original Statement of Decision and determines the plaintiff is entitled to a monetary judgment for the value of his converted shares against Terrance Tomkow, Zafar Khan, and RPost International Inc. in the amount of $3,850,560 less $10,500 for a net award of $3,840,060. (This decision has no impact on the award of $100,000 for emotional distress damages as set forth on page 9 of the original Statement of Decision.) Said defendants are jointly and severally liable for the total award of compensatory damages.

The court is satisfied that Dr. Wazzan properly chose and applied the back solve method for his analysis and made reasonable assumptions in order to determine the value of the RPost common shares of stock. These assumptions include a one year time to liquidity and applying a 50% discount for lack of marketability yielding an enterprise value of $33.8 million and thus the common stock would be worth $0.64 per share. (See paragraphs 18, 25, Exhibits 5A and 5B of Dr. Wazzan's March 8, 2013 report.)

The court also considered the fact that defendant RPost had been involved in various market transactions involving its common shares. These include issuance of common shares to Bluewater for services rendered as well as the complexities of the Symantec investment in RPost. Ultimately, these events are too remote in time to have a bearing on the valuation. (See Paragraph 19 of Dr. Wazzan's March 8, 2013 report.) Further, issuance of common shares to Schwartz Communications in exchange for services are not akin to a third party investment and therefore also has no impact on the assessment.

The court's Original Statement of Decision is modified as set forth above and the defendants no longer have any responsibility to restore to plaintiff 6,016,500 shares of RPost International common stock.

## III. PUNITIVE DAMAGES AWARD AGAINST DEFENDANTS TOMKOW AND KHAN

In determining a proper award of punitive damages, the court is mindful of the factors set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408 and its progeny. To determine the appropriate sum of punitive damages, the degree of reprehensibility of defendant's conduct is the most important factor. (*Id.* at p. 419.) In addition, as stated in *Bullock v. Philip Morris USA, Inc.*, a defendant's financial condition is "an essential consideration" in calculating a punitive damage award "in order to further the state's legitimate interests in punishment and deterrence." (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, at p. 558.)

Mr. Khan's course of conduct in this case rises to a significant degree of reprehensibility. Although his purported net worth is rather modest, he continues to draw a six figure salary and attributes no value to his RPost holdings (Exhibit 406). The court awards plaintiff Barton punitive damages in the amount of $250,000 from defendant Khan. Overall, Mr. Tomkow's net worth is comparable to that of Mr. Khan (Exhibit 383), but it is the court's conclusion that his conduct toward the plaintiff is less onerous. Although complicit in the conversion of plaintiff's shares, he was more focused on the developmental end of the business and deferred to Mr. Khan on financial matters. The court awards punitive damages to plaintiff Barton in the amount of $150,000 from defendant Tomkow.

## IV.  CONCLUSION

Plaintiff is ordered to prepare a judgment consistent with the court's Statement of Decision, Revised Statement of Decision and Ruling on Punitive Damages and submit same directly to Department B for execution and entry forthwith.

To the extent that further transfers of RPost and its related entities assets have occurred, this would properly be dealt with in post-judgment proceedings if plaintiff's collection efforts are thwarted in this case. Based upon the terms of this judgment, the prosecution of a separate lawsuit (YC065259) which challenges the transfer of RPost assets and stock appears to be moot.

DATED: June 18, 2013

_____
Hon. Stuart M. Rice
Judge of the Superior Court

5