# EXHIBIT A

1  own motion moot and throw out your other case.  I think
2  there's a different level of proof in that instance.
3  The burden is the same.  You have a preponderance of
4  evidence burden now.  You have a preponderance of
5  evidence burden in your fraudulent conveyance statute.
6  That's in the event you're unable to collect on your
7  judgment and you feel that's due to a fraudulent
8  conveyance, that's why you're in that position, and then
9  we'll deal with that.  And in this context, and I dare
10 say that if you can't resolve it, I'll be continuing to
11 see both of you frequently.
12         But, you know, also, when I think about the
13 judgment, well, the reason I want to know about RComm
14 and RMail, and the only reason I really took testimony
15 and know as much about it as I do, was to determine the
16 net worth of the two principals against whom a
17 substantial judgment has been entered.
18         They do own stock in all these companies,
19 they do have assets of these three corporations that are
20 potentially available to satisfy this judgment.  And
21 that doesn't change.
22         MR. MCGARRIGLE:  Well, it does --
23         THE COURT:  What does change is that Mr. Barton
24 cannot seek directly the specific assets of RComm and
25 RMail, as we stand right now, to collect.
26         Your concern is that a big asset, of course,
27 is the intellectual property, and that's no longer held
28 by RPost International.  Actually, it was never held by

60

```
 1   RPost International.  We litigated this case, and the
 2   ownership of that intellectual property has always been
 3   taken in the name of another entity despite the,
 4   understood, the thorny and rather circuitous method of
 5   financing that purchase.
 6          So that is my ruling.  I believe I've been
 7   trailing your other case along, hoping it would simply
 8   go away, and I'm not going to ask anybody to agree to do
 9   that right now.  So I should probably set something on
10   the other case.  What do you guys want to do?
11          MR. BEN-ZVI:  Set a status conference.
12          THE COURT:  Set it on status conference.  See
13   what happens over the next 90 days or so and then see
14   where we are.  And if nothing has happened that's
15   positive, I'll set a trial date.  Is that all right with
16   you, Mr. McGarrigle?
17          MR. MCGARRIGLE:  That's fine, Your Honor.
18          THE COURT:  Okay.  So this is -- the other case
19   is YC065259; correct?
20          MR. BEN-ZVI:  YC065259.
21          THE COURT:  That's what I said.
22          MR. MCGARRIGLE:  We're here.  Do we need a status
23   conference?  You're setting trial dates next year.
24   Should we just get on with it?
25          THE COURT:  No.  I think I'd like to needle you a
26   little bit before I set a trial date to find out what
27   you've done, but I'm sure you're going to be doing other
28   things in the meantime in terms of trying attempts to
```

HAHN & BOWERSOCK 800-660-3187 FAX 714-662-1398
151 KALMUS DRIVE, SUITE L1 COSTA MESA, CA 92626