PATRICK C. MCGARRIGLE, ESQ., SBN 149008
MICHAEL J. KENNEY, ESQ., SBN 192775
PHILIP A. ZAMPIELLO, ESQ., SBN 198723
McGARRIGLE, KENNEY & ZAMPIELLO, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
PH: (818) 998-3300 FAX: (818) 998-3344

Attorneys for Judgment Creditor
Kenneth Barton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

RMAIL LIMITED,

Plaintiff,

v.

AMAZON.COM, INC., et al.,

Defendants.

AND RELATED CASES

Civil Action No.: 2:10-CV-258-JRG
(And Related Cases)

**JUDGMENT CREDITOR KENNETH BARTON'S OPPOSITION TO RPOST HOLDINGS INC.'S, RPOST COMMUNICATIONS LIMITED'S AND RMAIL LIMITED'S OPPOSED MOTION TO STRIKE NOTICE OF LIEN**

**Hearing Date Requested**

Judgment Creditor Kenneth Barton ("**Barton**") opposes the Motion of RPost Holdings, Inc., RPost Communications Limited ("**RComm**") and RMail Limited ("**RMail**") (collectively, the "**RPost Parties**") to strike the Judgment Lien (Docket No. 550). For the reasons set forth herein below, Barton requests that the Court (**a**) deny the

Motion, or (**b**) order moving parties to further meet and confer and that the RPost Parties provide an under oath declaration from an officer/director (other than Khan and Tomkow) attesting to the matters referenced in Section II(B) below, and provide the supporting documents requested by Barton to substantiate the RPost Parties' Counsel's assertions by a date certain reasonable to moving parties and their counsel, and (**c**) set an outside hearing date with sufficient lead time for the supplemental meet and confer to proceed and declaration and documents to be provided and for the parties to either supplementally brief the issues or, if appropriate, stipulate to certain relief.

## I. The RPost Parties' Motion Is Not Well Taken.

### A. Factual and Procedural Overview.

Barton obtained a $4M judgment for fraud and intentional breach of fiduciary duty, among other claims, against RPost International Limited ("**RIL**") and its primary protagonists, Zafar Khan ("**Khan**") and Terrance Tomkow ("**Tomkow**"). The malfeasance of Mr. Khan, et al. included, without limitation, falsifying, for the purpose of attempting to steal Mr. Barton's 20% shareholder interest in RIL, various RIL corporate resolutions through forgery (cutting and pasting Mr. Barton's signature onto fabricated and altered "minutes" years after Mr. Barton was no longer with RIL and without Mr. Barton's knowledge or consent). Mr. Khan further admitted in testimony that the Barton "signatures" were placed on the fabricated minutes without Mr. Barton's knowledge or consent. Mr. Khan, et al. were also adjudicated to have destroyed the corporate shareholder registries of RIL which can only fairly be described, in addition to fraud, as an obstruction of the judicial process. The Judgment was entered on August 30, 2013 and the Superior Court, while encouraging the parties to discuss settlement, denied *without prejudice* Barton's pre-judgment request to add RMail and RComm as the real defendants' in interest. Moreover, a fraudulent transfer action is also pending in Los Angeles Superior Court which concerns the fraudulent transfers – engineered by Khan and Tomkow, et al. – of RIL's cash and IP rights (concerning the IP at issue in actions filed in this district, among

others) to RMail and RComm.

Khan and Tomkow filed Chapter 13 proceedings in the California Central District's Bankruptcy Court in April 2013 (apparently just weeks after the claimed RMail-Amazon/PayPal settlements and days after the RIL-Zix settlement). Khan and Tomkow, however, have refused to provide the Trustee and creditors with information concerning the RIL – Zix Corporation settlement and the settlements between RMail (which Khan and Tomkow control) and Amazon and Paypal; yet, while concealing those settlements and terms from the Trustee and creditors, Khan and Tomkow claim their shares in RMail, RIL and RComm are worthless ($0). McGarrigle Decl., Para. 9. Motions to Convert the Khan and Tomkow bankruptcies to Chapter 7 (which would thereby place control over the pending IP actions and Khan and Tomkow's shares in the hands of the United States Trustee) are scheduled for hearing on November 5, 2013. McGarrigle Decl., Ex. A. The Trustee has filed a declaration supporting the conversion motion which catalogues myriad examples of Khan and Tomkow's non-compliance and obstruction. McGarrigle Decl., Ex. B.

**B. Barton's Meet and Confer Efforts Have Been Stymied And Not Met With Meaningful Cooperation/Disclosures By the RPost Parties.**

Barton has attempted to resolve the issues presented by the Motion informally; however, the RPost Parties' decision has been not to supply the requested declaration and supporting evidence to substantiate their assertion that RIL has no interest in the settlements and the IP and IP claims at issue in the Eastern District litigation. Given Khan and Tomkow's submission of fabricated corporate records and duplicitous testimony (and the fraud findings that followed) in the Los Angeles Superior Court, it is hardly unreasonable for Barton to have required that the RPost Parties' prove-up their predictable assertion that RIL has no interest in the IP or IP litigation or the eve-of-bankruptcy settlements with Zix and Amazon/Paypal. Rather than the RPost Parties cooperation, the RPost Parties have stonewalled and have since feigned dismay that substantiation of their

counsel's assertions - via a declaration and supporting documentation – has been requested.

To be certain, Barton has engaged in extensive meet and confer efforts before and since the Motion was filed with the RPost Parties electing not to provide the meet and confer record to this Court. Upon receiving an initial contact from the RPost Parties' counsel, Barton embarked upon a series of communications through counsel to enlist the RPost Parties' cooperation in addressing RIL's interrelationship with the settlements and pending IP litigation. McGarrigle Decl., Exs. C –E . At first, the RPost Parties' counsel declined to provide written, substantive discussions. Then, during a conference call in mid-September 2013, Barton advised the RPost Parties' counsel (in a fairly precise way and in addition to the records requested in an earlier pre-call, September 17th email) of the type of under oath affirmation and documentation necessary to allow Barton to verify that the assertions of the RPost Parties' counsel were substantiated. The Rpost Parties' counsel offered copies of IP "termination" agreements but was advised in advance those records were unreliable, incomplete and insufficient to address the issues at hand. Rather than comply, the RPost Parties ignored Barton's written and verbal requests and produced the self-serving, Khan manufactured IP "termination" agreements anyway, but nothing else. The RPost Parties then hurriedly filed the instant Motion, devoid of the substantive meet and confer documents and failing to address Barton's reasonable requests to verify counsel's assertions. Barton's efforts, pre- and post-Motion, have simply been rebuffed as the RPost Parties have no interest in providing certified and verifiable evidence to demonstrate that RIL does not have the interest in the IP Settlement proceeds, the IP itself and the pending IP cases. Barton's request for cooperation, even as of this date, have been met with the RPost Parties' obstruction or feigned confusion.

Under oath affirmations and delivery of the requested documents are reasonable and necessary given Messrs. Khan and Tomkow's penchant for record manipulation and destruction and piece-mealing the release of responsive documents to suit their own purposes. Barton requests that the Motion be denied or the alternative relief (as indicated

in Section C below) be granted.

**C. The Motion Should Be Denied Or Postponed And The Rpost Parties Ordered To Provide The Requested Declaration And Documents.**

In a good faith effort to resolve the issues underlying the Motion, Plaintiff renewed and clarified is pre- and post-Motion requests for verification and documentation. McGarrigle Decl., Exs. F and G. While the Court should deny the Motion, at the very least, the RPost Parties should be ordered as follows:

A declaration from RPost International Ltd. (RIL) (and preferably from an authorized board member other than Khan or Tomkow) under oath should be provided (along with the requested proof), attesting that:

(a) it had assigned all of its rights and claims arising out of the patents to which it held and/or had held through ownership and/or purported licenses, when it did so and what the consideration therefor was (and that RIL provide true and correct copies of documents evidencing same including board minutes for RIL authorizing the claimed transactions and affirmation in writing that all shareholders of RIL had specific notice of and had approved the above transactions);

(b) Neither RIL (or any of RIL's officers/directors/shareholders) has and had no rights (actual, residual, contingent, liquidated or unliquidated) to any of the proceeds from any of the pending cases before the Court in the Eastern District or payment therefrom at any time;

(c) the terms of the RIL - Zix Corp and Amazon/Paypal settlements have been fully performed, what those economics terms are/were, and there are no further payments due thereunder and that the Court does not have continuing jurisdiction over said parties regarding performance of the settlements;

(d) provides true and correct copies of the RIL-Zix Corp and the Amazon/Paypal settlements (in whatever form(s) taken – settlement agreement, license agreement, royalty agreement, etc.) (and the economic terms clearly

articulated) and the executed and approved RIL and RPost Parties' board minutes authorizing same (and attesting to shareholder disclosure and approval) to verify same; and

(e) Khan and Tomkow had, after full disclosure of all material facts to the RIL and RPost Parties' shareholders, the authority to enter into the transactions and the RIL-Zix and Amazon/Paypal settlements.

The Court should set a schedule for the RPost Parties to comply and produce, for the parties to further meet and confer and for supplemental briefing (if any is necessary) in advance of a hearing on the Motion. The RPost Parties' ample record of "fact and loose" conduct – concealing from this Court the pending litigation in California (directly related to the IP here), concealing Khan and Tomkow's records fabrication and destruction, concealing the dubious and disputed "ownership" of the IP, concealing the Khan and Tomkow bankruptcies and their misleading and false filing with the U.S. Bankruptcy Court – warrants that a tempered and methodical consideration of these issues proceed and without permitting the RPost Parties to continue to manipulate whichever Court they are in front of aided by their obstruction and withholding of material information and documentation.

Barton respectfully requests that the Motion to Strike be denied and/or the alternative relief granted.

Date: October 16, 2013

McGARRIGLE, KENNEY & ZAMPIELLO, APC

By:______________________

Patrick C. McGarrigle, Esq.
Michael J. Kenney, Esq.
Attorneys for Judgment Creditor
Kenneth Barton

**DECLARATION OF PATRICK C. McGARRIGLE**

I, Patrick C. McGarrigle, declare,

1. I am an attorney licensed to practice law in the State of California and am principal in McGarrigle, Kenney & Zampiello, APC, counsel of record for Plaintiff Kenneth Barton. The following is based upon my personal knowledge and, if called upon, I could and would competently testify to the truth thereof.

2. Attached hereto as Exhibit "A" and incorporated fully herein by this reference is a true and correct copy of Mr. Barton's Motion to Convert the Khan Bankruptcy to Chapter 7 (without exhibits), filed on September 13, 2013. The hearing on the Motion to Convert is set for November 5, 2013. In the event that Motion is granted, the U.S. Bankruptcy Trustee will then take control of the corporate assets and liquidate same (Ex. B, Para. 16).

3. Attached hereto as Exhibit "B" and incorporated fully herein by this reference is a true and correct copy of the United States Bankruptcy Trustee's Declaration (and Exhibits) in support of the Barton Motion To Convert.

4. Attached hereto as Exhibit "C" and incorporated fully herein by this reference is a true and correct copy of my email to Lewis Hudnell, Esq. dated September 12, 2013 (in response to his initial request to withdraw the Judgment Lien) and included a copy of my August 19, 2011 letter placing said counsel on notice of the then-recently filed Fraudulent Transfer Action in Los Angeles Superior Court which concerns the very IP at issue in the various Eastern District IP legal actions (and a copy of that UFTA complaint).

5. Attached hereto as Exhibits "D" and "E" and incorporated fully herein by this reference are true and correct copies of my September 17, 2013 emails (1:02 p.m. and 2:19 p.m. PST) to Mr. Hudnell.

///

///

6. During the conference call with Mr. Hudnell following the emails to him earlier in the afternoon), and after hearing Mr. Hudnell's characterization of the settlements involving RIL/Zix and the RPost Parties and Amazon/PayPal and the status of the pending matters and IP ownership, I requested that Mr. Hudnell provide (in addition to the information/documentation listed in the earlier emails) a) a declaration from an officer/director of RIL attesting to the characterizations he was making as fact and b) producing the various records (re-stated again in my email of October 16th). Mr. Hudnell claimed that the IP owned or "licensed" to RIL had allegedly been relinquished back to (insider-controlled) RMail and then over to RComm; I notified Mr. Hudnell that merely producing those purported agreements (which Khan and Tomkow created) was insufficient and incomplete in any case. I advised him, for example, that the assignment of the IP and litigation rights evidence and corporate minutes and shareholder approval thereof should be produced; and that the settlements with Amazon/PayPal and Zix, of claims and IP rights which RIL owned (and/or were usurped by Khan and Tomkow for their own aggrandizement), etc. Barton's requests are not part of any "goose chase"; instead, given the RPost Parties' prinicpals fraud, forgery and duplicity in court filings and testimony, it is entirely reasonable for the RPost Parties to be expected to provide the source documentation to permit Barton to verify the claimed facts and relationships. That RIL – one of the Judgment Debtor's on the $4M+ judgment – "settled" with Zix Corporation in April 2013 but there is no settlement agreement or license agreement is unorthodox at best and is lock-step with Khan/Tomkow's efforts to hide the proceeds of these IP cases, etc.

7. Attached hereto as Exhibits "F" and "G" and incorporated fully herein by this reference are true and correct copies of my October 16, 2013 emails (8:05 a.m. and 2:40 p.m. PST) to Mr. Hudnell (along with his emails from the same date linked therein).

8. The Rpost Parties have, thus far, declined to provide any declaration as requested or the requested documentation.

///

9. Khan and Tomkow filed Chapter 13 proceedings in the California Central District's Bankruptcy Court in April 2013 (apparently just weeks after the claimed RMail-Amazon/PayPal settlements and days after the RIL-Zix settlement). Khan and Tomkow, however, have refused to provide the Trustee and creditors with information concerning the RIL – Zix Corporation settlement and the settlements between RMail (which Khan and Tomkow control) and Amazon and Paypal; yet, while concealing those settlements and terms from the Trustee and creditors, Khan and Tomkow claim their shares in RMail, RIL and RComm are worthless ($0).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October, 2013 at Chatsworth, California.

Patrick C. McGarrigle

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all who have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Patrick C. McGarrigle