# EXHIBIT C

**Patrick McGarrigle**

| | |
|---|---|
| **From:** | Patrick McGarrigle |
| **Sent:** | Thursday, September 12, 2013 8:29 AM |
| **To:** | 'lewis@colvinhudnell.com' |
| **Cc:** | Michael Kenney (MichaelK@mkzlaw.com) |
| **Subject:** | Barton v. RPost, et al. (Our File No. 8681-006) |
| **Attachments:** | 8-19-11 Letter Huff-Hudnell.pdf |

**Importance:**            High

Dear Mr. Hudnell:

Thank you for your email, though your deadline for an immediate telephone call could not reasonably be accommodated.  As indicated below, I would be pleased to speak with you following our receipt of your substantive response and the requested information/documentation and an opportunity to review same.  Moreover, there are related subjects that you are probably already aware of (and/or should be) and we bring them to your attention further below.

*First*, your email is unclear on myriad fronts and requires clarification and documentary support before a further response can be provided.   For example:

1) What "RPost Plaintiffs" object to the notice of lien?  You use the word "RPost" (which underscores our view that the "RPost" companies are one enterprise artificially divided in name only to facilitate the fraudulent conduct of your clients' principals, Messrs. Khan and Tomkow, et al.), but you do not identify which RPost you are referring to.  Please explain and specify.
2) Are you representing (and can and will promptly document to us via disclosures this week) that RPost International Limited is not an interested party in any of the consolidated cases listed on the Notice of Lien (notwithstanding that the dockets indicate otherwise)? Your email refers to "this case," but, as you are aware, the cases are consolidated and include a number of cases.
3) If RPost International Limited is not a plaintiff/counter-claimant or is purportedly no longer a plaintiff/counter-claimant, please explain and state clearly what its current status is in the consolidated cases and when, if at all, its status changed from the original commencement of the actions listed.

*Second*, there is no "CD CAL" (presumably you mean US Federal Court, Central District) court that has issued any ruling that Barton has no right to seek recovery of his judgment sums from RMail or RComm.  Where did you get that understanding from – please explain.  While RMail and RComm have not yet been added as parties to Barton's $4M judgment against Khan, Tomkow and RIL, Barton's rights to cause RMail and RComm to be obligated to so answer for RIL's debts have not been foreclosed at all.  In fact, as you already know (and have known for at least 2 years given our prior correspondence to your firm – a copy of which is attached), as a creditor, Barton has a pending UFTA (Fraudulent Transfer) lawsuit pending against RMail, RComm and RIL in California which, among other things, challenges the dubious circumstances and transactions regarding ownership of the 219/334 patents and overall the "transactions" between RIL and RMail and RComm and the propriety of the wholesale asset transfers by RIL orchestrated by the adjudged corporate frauds, Khan and Tomkow.   Perhaps the UFTA action is yet another proceeding that the RPost parties and their representatives have not disclosed to the Court in the Eastern District consolidated cases.  Did you notify the Eastern District Court of the pendency of the UFTA action and that Khan and Tomkow had already been adjudged to have

committed fraud when you requested, among other things, the Court's dismissal – based on a purported settlement – of the Amazon/PayPal and Zix lawsuits?

***Third,*** as you undoubtedly have been aware, Messrs. Khan and Tomkow filed Chapter 13 petitions in the USBC, Central, but have concealed the IP litigation in Texas and the Amazon/PayPal and Zix settlements (entered into in March and April 2013, respectively) from the Bankruptcy Court and Trustee (and creditors) there.   The USBC is scheduled to hear motions to convert the Khan/Tomkow bankruptcies to Chapter 7 in October 2013.  If granted, as you also know, the Chapter 7 Trustee, and not Khan/Tomkow (putting aside the myriad reasons why they have no authority to act now and/or in the past and/or previously acted in violation of their fiduciary duties and governing bye-laws and with extraordinary conflicts of interest), will have the right and ability to take control of the IP lawsuits (assets) as part of the liquidation of Khan/Tomkow's holdings, etc.  In addition, you should also be aware, based on the adversary actions pending in the Khan/Tomkow bankruptcies, that Khan and Tomkow's authority to act on behalf of the RPost entities is and has been in, at the very least, in doubt if not prohibited (rendering their actions in the cases you are handling *ultra vires*) and there are myriad conflicts of interest stemming back several years that have been uncovered rendering their conduct in the IP litigations to be subject to potential unwinding.

Please provide me with the requested information and documentation above so that we may meaningfully respond to your email below.   Upon receipt and an opportunity to review, I will gladly conduct a meet and confer telephone call with you should you nevertheless be intent upon filing any motion under these circumstances.  We can set up a call for the next business day or two after you supply the requested information/documentation.

All of our client's rights and remedies are reserved.

Best regards,

**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Tuesday, September 10, 2013 12:24 PM
**To:** Patrick McGarrigle
**Cc:** Winston Huff; djagai; Casey Goolsby
**Subject:** Fwd: Activity in Case 2:10-cv-00258-JRG Rmail Limited v. Amazon.Com, Inc., et al Notice (Other)

Dear Counsel,

RPost objects Mr. Barton's Notice because (1) Mr. Barton is not a party to this case and (2) none of the parties subject to the lien are parties to this case. Further, it is our understanding that the CDCAL has already determined that Mr. Barton does not have a right to seek collection from any of the RPost entities in this case. Accordingly, on behalf of the RPost plaintiffs in this case, we request that Mr. Barton immediately withdraw his Notice. Otherwise, under CV-7(h), we request a telephonic meet and confer tomorrow as RPost intends to file a motion to strike Mr. Barton's Notice and seek other appropriate remedies. Please let us know when you are available. Many thanks.

Lewis E. Hudnell, III
d: <u>347.855.4772</u>
f: <u>347.772.3034</u>
m: <u>917.861.3494</u>
e: <u>lewis@colvinhudnell.com</u>



<u>www.colvinhudnell.com</u>

This e-mail message is intended for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and/or attorneys' work product. Any review or distribution by any other person is prohibited. If you are not an intended recipient, please immediately contact the sender and delete all copies.

MᴄGᴀʀʀɪɢʟᴇ, Kᴇɴɴᴇʏ & Zᴀᴍᴘɪᴇʟʟᴏ, APC

9600 TOPANGA CANYON BLVD., SUITE 200
CHATSWORTH, CALIFORNIA 91311
TELEPHONE (818) 998-3300  FAX (818) 998-3344
E-MAIL: thefirm@mkzlaw.com

OUR FILE NUMBER:

8681-008

August 19, 2011

*VIA  E-MAIL AND U.S. MAIL*

Winston O. Huff, Esq.
Navarro Huff, PLLC
302 N. Market Street, Suite 450
Dallas, Texas 75202

Lewis E. Hudnell, III, Esq.
Hudnell Law Group, P.C.
244 Fifth Avenue, Suite 240H
New York, New York 10001

Re:   **Kenneth Barton v. RPost International Limited; RMail Limited; RPost Communications. Ltd., et al.**
LASC Case No.: YC 065259

Dear Counsel:

This Firm is counsel to Ken Barton.

As we understand that you represent RMail Limited ("RMail") in at least three patent infringement lawsuits and possibly several others (in which your firm appears to also represent RMail) and RPost Communications Limited, the putative assignee/ successor-in-interest of RPost International Limited ("RPost")), we are writing to notify you concerning pending litigation relative to said patent(s).  Please be advised that Mr. Barton has initiated a Fraudulent Conveyance lawsuit in the Los Angeles Superior Court, a copy of which is attached hereto, regarding RPost's fraudulent transfer of assets (including, without limitation, patents/patent rights (and claims based thereupon)) to Mr. Khan and Mr. Tomkow's insider - corporation, RMail.  Mr. Khan and Mr. Tomkow, principals of both RMail and RPost, were served with the Summons and Complaint in the Fraudulent Conveyance action more than a week ago.

Please be advised that the patents/patent rights and the proceeds of the actions which you are prosecuting are the subject of the Fraudulent Conveyance lawsuit's claims. We will be proceeding in California to obtain provisional relief regarding the patent/patent rights and the subject lawsuits which you are prosecuting in the Eastern

Winston O. Huff, Esq.
Navarro Huff, PLLC

Lewis E. Hudnell, III, Esq.
Hudnell Law Group, P.C.

August 19, 2011
Page 2

District of Texas, etc. and the proceeds therefrom.  Any distribution of proceeds and/or the assignment of patents/patent rights and claims to other persons and/or entities may well result in that person(s)/entities being added to this pending California litigation.  The non-disclosure of the Fraudulent Conveyance proceeding to any such distributee of proceeds or assignee of the patents/patent rights and/or claims or rights thereunder may well exacerbate RPost, RMail and its responsible parties' liabilities.

Should you wish to discuss this matter, please do not hesitate to contact me.  All of our client's rights and remedies are reserved.

Very truly yours,

Patrick C. McGarrigle, Esq.
MCGARRIGLE, KENNEY & ZAMPIELLO, APC
Enclosures
8681-008\ltr\Huff-Hudnell.001
cc: John Ratcliffe, Esq. – The Ashcroft Law Firm (Via Email – W/encl.)

1 | PATRICK C. McGARRIGLE, ESQ., SBN 149008
2 | MICHAEL J. KENNEY, ESQ., SBN 192775
McGARRIGLE, KENNEY & ZAMPIELLO APC
3 | 9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
4 | PH: (818) 998-3300   FAX: (818) 998-3344

5 | Attorneys for Plaintiff
Kenneth Barton

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 8 2011

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

CASE ASSIGNED FOR
ALL PURPOSES TO
William G Willett

6 | Judge _____

7 | Dept. _____ | _____ Div. _____

**BY FAX**

8 | SUPERIOR COURT OF STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES - SOUTHWEST DISTRICT

10

11 | KENNETH BARTON,                          CASE NO.: **YC065259**

12 |            Plaintiff,

13 |      v.                                  COMPLAINT FOR:

14 |                                          (1)  ACTION TO SET
15 | RPOST INTERNATIONAL                           ASIDE/RECOVER FOR AN
LIMITED; RMAIL LIMITED;                        ACTUALLY FRAUDULENT
16 | RPOST COMMUNICATIONS, LTD.;                   TRANSFER (ACTUAL
and DOES 1 through 50, inclusive,              FRAUDULENT TRANSFER
17 |                                               (Civil Code Section 3439.04(a)(1))
AND RELATED RELIEF
18 |            Defendants.
                                          (2)  ACTION TO SET
19 |                                               ASIDE/RECOVER FOR A
                                               CONSTRUCTIVELY
20 |                                               FRAUDULENT
                                               (CONSTRUCTIVELY
21 |                                               FRAUDULENT TRANSFER)
                                               (Civil Code Section
22 |                                               3439.04(a)(2)(A) and/or (B)
                                               3439.05) AND RELATED
                                               RELIEF
23

24

25 |      Plaintiff Kenneth Barton alleges as follows:

26 |      1.    Plaintiff Kenneth Barton ("Plaintiff" or "Barton") is, and at all times

27 | relevant herein was, an individual over the age of eighteen and is a resident of Los

28 | Angeles County, California.

1
COMPLAINT

2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant RPost International Limited ("RPost") is, and at all times relevant herein was, a Bermuda Corporation conducting business (and with its principal place of business) in Los Angeles, County of Los Angeles, State of California, with its directors and the majority of all officers residents of the State of California.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant RMail Limited ("RMail") is, and at all times relevant herein was, a Bermuda Corporation, conducting business (and with its principal place of business) in Los Angeles, County of Los Angeles, State of California, and with the majority of its officers and directors residents of the State of California, County of Los Angeles.  Plaintiff is informed and believes, and on that basis alleges, that Zafar Khan ("Khan") and Terrance Tomkow ("Tomkow"), in addition to being the two largest common shareholders of RPost and officers and directors of RPost, are also the largest (if not the sole) shareholders of RMail and are both officers and directors of RMail.  RMail is an initial transferee of certain RPost assets as more fully described below.

4.      Plaintiff is informed and believes, and on that basis alleges, that Defendant RPost Communications Ltd. ("RComm") is, and at all times relevant herein was, a Bermuda Corporation, conducting business (and with its principal place of business) in Los Angeles, County of Los Angeles, State of California, and with the majority of its officers and directors both residents of the State of California, County of Los Angeles. Plaintiff is informed and believes, and on that basis alleges, that Zafar Khan and Terrance Tomkow, in addition to being the two largest common shareholders of RPost and are both officers and directors of RPost, as also the largest common shareholders of RComm and are both officers and directors of RComm.  RComm is an initial transferee of certain RPost assets as more fully described below.

5.      Plaintiff is ignorant of the true names and capacities of Defendant RPost sued hereunder as Does 1 through 50, inclusive (the "Doe Defendants"), and, therefore, Plaintiff hereby names each of them by said fictitious names.  Plaintiff will seek leave to

2
**COMPLAINT**

1  amend this complaint to allege the Doe Defendants' true names and capacities when they

2  are ascertained.  Plaintiff is informed and believe, and on that basis alleges, that each

3  Doe Defendant is responsible in some manner for the acts and liabilities alleged herein

4  and that the damages sustained by Plaintiff were and continue to be the direct, proximate

5  and foreseeable cause of the acts and/or omissions of the Doe Defendants, and each of

6  them.

7       6.      At all relevant times herein, Plaintiff was, and is, a creditor of Defendant

8  RPost (as defined by Civil Code Section 3439.01(c)) as Plaintiff had, and continues to

9  have, a claim (as defined by Civil Code Section 3439.01(b)) against Defendant RPost (as

10  defined by Civil Code Section 3439.01(e)).

11

12                         ***FIRST CAUSE OF ACTION***

13      *(Actual Fraudulent Transfer, Against Defendants RPost, RMail and RComm*

14                       *and DOES 1 through 50, Inclusive)*

15      7.      Plaintiff Barton refers to, realleges and incorporates by reference the

16  allegations of Paragraphs 1 through 6 of this Complaint as though fully set forth herein.

17      8.      At all relevant times from approximately 2001 through 2011, RPost was

18  engaged in the business of, among other things, filing for and/or acquiring patents

19  directly related to RPost's registered email products and services.  RPost has heretofore

20  filed and/or acquired at least seven (7) patents in the United States (and additional

21  patents, based on RPost's public pronouncements, worldwide) inherent to its business

22  products and services.  RPost solicited and obtained millions of dollars in investor funds

23  during said time period for the purposes of, among other things, filing for and/or

24  acquiring ownership of patents inherent to and affecting RPost business products and

25  services and future applications.  In approximately July 2009, RPost (1) first disclosed

26  that RPost and its directors had unwound the transactions whereby Barton had acquired

27  6,016,500 common shares in RPost ("Barton's Shares") and had returned Barton's

28  Shares to RPost's Treasury; and (2) knew that Barton had a claim for, among other

3

**COMPLAINT**

1   things, damages for conversion arising from said conduct by RPost and its officers and

2   directors, including, without limitation, Messrs. Khan and Tomkow and other directors

3   of RPost. On or about January 29, 2010, Barton filed his lawsuit regarding said claim

4   entitled *Kenneth Barton v. RPost International Limited, Symantec Corporation, et al.*,

5   LASC Case No. YC061581 ("Barton's Shares Lawsuit"), for damages arising out of

6   the fraud, breaches of fiduciary duty and conversion by the named defendants therein,

7   including RPost.

8          9.      Plaintiff is informed and believes, and on that basis alleges, that RPost,

9   acting without notice to and approval of all shareholders of RPost, transferred RPost's

10   assets including, without limitation, intellectual property acquisition rights and/or

11   corporate opportunities (including, without limitation, USPTO Patent Nos. 6,182,219

12   and 6,571,334) and at least $750,000.00 of RPost's cash to RMail (the "RPost-RMail

13   Asset Transfers"). RPost, through its officers and directors (including, without

14   limitation, Messrs. Khan and Tomkow), caused the $750,000 of RPost cash (at a time

15   when said sums represented approximately 95% of the entirety of RPost's total projected

16   revenue for 2009) to be transferred to RMail (an entity formed by RPost's insiders -

17   Khan and Tomkow) ostensibly to use RPost funds to acquire RPost intellectual property

18   assets for the benefit *of RMail and its insiders (including Khan and Tomkow)* and to pay

19   RMail $200,000 a phantom "license fee" for the privilege of having RMail purportedly

20   "license" back to RPost the very intellectual property assets (1) RPost represented to its

21   shareholders *it* is and was in the business of filing for and/or acquiring (and had

22   previously spent RPost resources defending against a patent infringement suit by Propat

23   regarding one of the above-referenced patents), and (2) acquired using all or some

24   portion of the $750,000 in RPost cash fraudulently transferred to RMail. Khan and

25   Tomkow used their positions at RPost to cause RPost (1) to transfer its $750,000 in cash

26   to Khan and Tomkow's new Bermuda entity, RMail, so that Khan and Tomkow could

27   own and control (through RMail) valuable intellectual property assets (which should

28   have been acquired in RPost's name using RPost's funds and which are precisely the

4

**COMPLAINT**

1  patents RPost (through Khan, Tomkow and others) had long represented to shareholders
2  and prospective investors were the very types of patents RPost had acquired and would
3  be acquiring) so as to purportedly insulate these assets from claims of Plaintiff (and other
4  RPost shareholders and creditors), and (2) to permit RMail, through Khan and Tomkow,
5  to take ownership of the valuable patents/intellectual property assets described above and
6  to exploit those assets and the proceeds therefrom for the aggrandizement of RMail and
7  the insiders, Khan and Tomkow, among others.  RMail is, in fact, exploiting the
8  transferred RPost assets in multiple lawsuits including, without limitation, *RMail Limited*
9  *v. Amazon.com, Inc., PayPal, Inc., et al.,* United States District Court, Eastern District -
10  Texas, Case No. 2:10-CV-258; *RPost International Limited, RPost Holdings, Inc., RMail*
11  *Limited v. Trustifi,* United States District Court, Central District - California, Case No.
12  CV-10-01416-PSG, *RMail Limited, et al. v. Docusign,* United States District Court,
13  Eastern District - Texas, Case No. 2:11-CV-00299, *RPost Holdings, Inc.; RPost*
14  *Communications Ltd., RMail Limited v. Adobe Systems Incorporated; Echosign, et al.,*
15  United States District Court, Eastern District - Texas, Case No.  2:11-CV-00325.  The
16  above patent lawsuits and all other patent lawsuits filed by Defendants are hereinafter
17  referred to as the "RPost-RMail-RComm Patent Lawsuits."
18       10.    Plaintiff is informed and believes, and on that basis alleges, that RPost
19  transferred other RPost assets to RComm (the "RPost-RComm Asset Transfers") in or
20  about February-April 2011.  RPost, acting without notice to and approval of all
21  shareholders of RPost, transferred assets of RPost to RComm (another newly formed
22  Bermuda corporation (also formed at the behest (and under the control) of Messrs. Khan
23  and Tomkow, among others)).
24       11.    RPost, acting by and through Messrs. Khan and Tomkow, among others,
25  undertook and completed the RPost-RMail Asset Transfers with the actual intent to
26  hinder, delay, or defraud Plaintiff.
27  ///
28  ///

5

**COMPLAINT**

12.     RPost, acting by and through Messrs. Khan and Tomkow, undertook and completed the RPost-RComm Asset Transfers with the actual intent to hinder, delay, or defraud Plaintiff.

13.     RMail received the RPost-RMail Asset Transfers from RPost with actual knowledge of the fraudulent intent on RPost's part and with the intent to assist RPost in such fraudulent purposes as alleged hereinabove, given that, among other things, (1) RMail was formed by insiders of RPost (Khan and Tomkow), (2) Khan and Tomkow controlled and managed RPost and its assets and control and manage RMail, knew of the patents and the corporate opportunities for RPost described above, knew that the $750,000 in cash represented approximately 95% of RPost's revenue for 2009, and knew of Barton's claims and RPost's wrongful conduct regarding Barton's Shares as described above and among other duplicitous acts as referenced in the Barton Shares Lawsuit, (3) Khan and Tomkow engineered the formation of RMail and the secret transfer of RPost's assets to RMail, and (4) RPost, by and through Khan and Tomkow, among others, concealed the concept and implementation of the RPost-RMail Asset Transfers from RPost's shareholders and did not provide disclosure of all material facts regarding same to RPost's shareholders and did not seek or obtain their approval to the insider, patently conflicted and conflict of interest-ridden transfers (all of which conduct was known to RMail by virtue of the actual knowledge of Khan and Tomkow), and RMail, therefore, knew that the transfers were not approved by the RPost shareholders and were intended to benefit RMail's insiders to the detriment of RPost and RPost's creditors (such as Plaintiff) and in furtherance of the overall fraudulent purposes of said transfers on the part of RPost and RMail and its insiders.

14.     RComm received the other RPost assets from RPost with actual knowledge of the fraudulent intent on RPost's part and with intent to assist RPost in such fraudulent purposes as alleged hereinabove, given that, among other things, (1) RComm was formed by insiders of RPost (Khan and Tomkow), (2) Khan and Tomkow controlled and managed RPost and its assets and control and manage RComm, knew of RPost's assets,

1   and knew of Barton's claims and RPost's wrongful conduct regarding Barton's Shares as

2   described above and among other duplicitous acts as referenced in the Barton Shares

3   Lawsuit, (3) Khan and Tomkow engineered the formation of RComm and the secret

4   transfer of certain of RPost's assets to RComm, (4) RPost, by and through Khan and

5   Tomkow, among others, concealed the concept and implementation of the RPost-

6   RComm Asset Transfers from many of RPost's shareholders and did not provide

7   disclosure of all material facts regarding same to RPost's shareholders and did not seek

8   or obtain their approval to the insider, patently conflicted and conflict of interest-ridden

9   transfers (all of which conduct was known to RComm by virtue of the actual knowledge

10  of Khan and Tomkow), and RComm, therefore, knew that the transfers were not

11  approved by the RPost shareholders and were intended to benefit RComm's insiders

12  (including Khan and Tomkow) to the detriment of RPost and RPost's creditors (such as

13  Plaintiff) and in furtherance of the overall fraudulent purposes of said transfers on the

14  part of RPost and RComm and its insiders.

15      15.     Further demonstrating the above transfers violate *Civil Code* §

16  3439.04(a)(1), (1) the RPost-RMail Asset Transfers and the RPost-RComm Asset

17  Transfers, respectively, were made to insider-controlled Bermuda corporations, RMail

18  and RComm; (2) RPost, through its near identical management with RMail and RComm,

19  retained possession of control of the assets transferred; (3) the RPost-RMail Asset

20  Transfers and the RPost-RComm Asset Transfers, and each of them, have been

21  concealed from RPost Shareholders; (4) RPost knew of the Barton claim before the

22  RPost-RMail Asset Transfers and the RPost-RComm Asset Transfers, respectively, were

23  made; (5) RPost concealed the asset transfers from RPost's shareholders; (6) RPost

24  failed to receive reasonably equivalent value in the RPost-RMail Asset Transfers and the

25  RPost-RComm Asset Transfers; and (7) if the representations of RPost's purported

26  auditor, Kabani & Company, Inc., were/are truthful and were representations made from

27  and based upon an audit conducted under generally accepted auditing principles,

28  standards and methodologies with appropriate verification of facts and document review

7

**COMPLAINT**

and retention undertaken by the auditor, RPost was allegedly insolvent at the time of, or became insolvent shortly after, the RPost-RMail Asset Transfers and RPost-RComm Asset Transfers were made.

16.   As a direct, proximate, and foreseeable result of the actually fraudulent RPost-RMail Asset Transfers and the RPost-RComm Asset Transfers, and each of them, and the conduct of the Defendants, Plaintiff has suffered general and special damages, including, but not limited to, damages from the loss of said property and/or from its use by said Defendants, in a sum of at least $30,000,000.00, according to proof, which damages the Defendants should be adjudged to pay.

17.   In addition to the afore-referenced damages, the Defendants, and each of them, are obligated to pay pre-judgment interest on the above referenced sums at the legal rate from the date of the wrongful acts of said Defendants through the date of entry of judgment.

18.   The conduct of RPost and RMail, and each of them, by and through and ratified by Khan and Tomkow, as officers - directors of each entity and who were authorized to act and make corporate decisions for RPost and RMail) was and is malicious, oppressive and fraudulent.  Barton requests that punitive and exemplary damages be awarded against each of said Defendants in an amount according to proof.

19.   The conduct of RPost and RComm, and each of them, by and through and ratified by Khan and Tomkow, as officers - directors of each entity and who were authorized to act and make corporate decisions for RPost and RComm) was and is malicious, oppressive and fraudulent.  Barton requests that punitive and exemplary damages be awarded against each of said Defendants in an amount according to proof.

20.   In addition to the relief set forth above, Defendants' conduct justifies, without limitation, the appointment of a receiver to manage and operate RPost, RMail and RComm to safeguard the above-referenced assets and to ensure that all proceeds therefrom (including, without limitation, all proceeds from any royalties, license fees and/or from the RPost-RMail-RComm Patent Lawsuits) are secured (and held in trust)

8681-008/pldg/Complaint-UFTA.001

1  for attachment by Plaintiff upon order of the Court (and payment to Plaintiff upon the

2  order of the Court and/or upon the settlement of Plaintiff's claims in the Barton Shares

3  Lawsuit), the issuance of a pre-judgment attachment, temporary restraining order and/or

4  injunction and the imposition of a constructive trust (including, without limitation, that

5  the Court restrain Defendants from further transferring, pledging, encumbering and or

6  voluntarily or involuntarily permitting any lien upon any and/or all of the transferred

7  assets (and/or voiding any and all such transfers, pledges, encumbrances and liens), that

8  the Court order that all proceeds therefrom and/or from any transactions regarding the

9  above assets and asset transfers and any and all proceeds (via settlement or judgment)

10  obtained in the RPost-RMail-RComm Patent Lawsuits be held in trust, interplead to the

11  Court and/or paid to and held by a receiver pending further order of this Court.

### SECOND CAUSE OF ACTION

*(Constructively Fraudulent Transfer, Against Defendants RPost, RMail and RComm*
*and DOES 1 through 50, Inclusive)*

21.    Plaintiff refers to, realleges and incorporates by reference the allegations of Paragraphs 1 through 10, 13-20 of this Complaint as though fully set forth herein.

22.    RPost did not receive reasonably equivalent value in exchange for the asset transfers as alleged hereinabove.

23.    If the representations of RPost's purported auditor, Kabani & Company, Inc., were/are truthful and were representations made from and based upon an audit conducted under generally accepted auditing principles, standards and methodologies with appropriate verification of facts and document review and retention undertaken by the auditor, RPost was allegedly insolvent at the time the above-referenced asset transfers were made, or became insolvent as a result of the above-referenced transfers, and (ii) the Plaintiff's creditor status existed at the time of the above-referenced transfers.

///

9

**COMPLAINT**

24.     At the time of the above-referenced asset transfers, RMail and RComm, as the transferees and given Khan and Tomkow's positions as officers/directors of RPost, RMail and RComm, knew that RPost was the subject of Barton's claims and had reason to believe, if the representations of RPost's purported auditor, Kabani & Company, Inc., were/are truthful and were representations made from and based upon an audit conducted under generally accepted auditing principles, standards and methodologies with appropriate verification of facts and document review and retention undertaken by the auditor, that RPost was insolvent and/or would become insolvent if the transfers, or any of them, occurred.

25.     Underscoring that the above-referenced asset transfers were not for reasonable equivalent value, the transfers were not approved by RPost shareholders, the transfers were not disclosed to prospective RPost investors and were not disclosed to RPost shareholders for more than one year (and, then, only after the fact and only partially and/or vaguely and without providing, for example, the underlying RPost-RMail transaction documents and/or the evidence of the transactions by which RMail, using RPost's funds, acquired the above-referenced patents), the RMail patent acquisitions were completed using RPost funds (with RPost/RMail's insiders - Khan and Tomkow - and RMail itself not contributing any new money but using RPost cash to finance the patent acquisitions), all acts of unusual secrecy establishing that Debtor did not receive reasonably equivalent value in the transfer.

WHEREFORE, Plaintiff prays for judgment on the Complaint against the Defendants as follows:

ON THE FIRST AND SECOND CAUSE OF ACTION:

1.     Avoidance and/or voiding of the above-referenced asset transfers (and all transactions related thereto and/or hereafter entered into) to the extent necessary to satisfy Plaintiff's claims;

2.     Disregard the above-referenced asset transfers and directly attach or levy execution on the property transferred, all proceeds therefrom and the

10
**COMPLAINT**

1             Rpost-RMail-RComm Patent Lawsuits and all proceeds therefrom;

3.     General damages in the sum of at least $30,000,000.00, plus special damages and other remedies as specified in the Complaint and otherwise available under law;

4.     A declaration that the RPost-RMail Asset Transfers are null and void;

5.     A declaration that the RPost-RComm Asset Transfers are null and void;

6.     An injunction and/or temporary restraining order against further disposition by the Defendants of the assets transferred and their proceeds, as referenced hereinabove and as otherwise requested by Plaintiff in this action;

7.     The appointment of a receiver to take charge of and safeguard the assets transferred and/or their proceeds and the Rpost-RMail-RComm Patent Lawsuits and all proceeds therefrom;

8.     The imposition of a constructive trust over all of the RPost-RMail Asset Transfers and all proceeds therefrom;

9.     The imposition of a constructive trust over all of the RPost-RComm Asset Transfers and all proceeds therefrom;

10.     Exemplary and punitive damages, according to proof, as to the First Cause of Action only;

11.     Costs and attorneys' fees as allowable by law (including, without limitation, the private attorney general statute) and/or contract; and

12.     For such other and further relief as the Court deems just and proper and is available under law.

13.     Plaintiff demands a jury trial on those claims permitted under law.

Dated: July 28, 2011          McGARRIGLE, KENNEY & ZAMPIELLO, APC

By: _____
           Patrick C. McGarrigle, Esq.
           Attorneys for Plaintiff
           Kenneth Barton

11

**COMPLAINT**