# EXHIBIT D

## Patrick McGarrigle

| | |
|---|---|
| **From:** | Patrick McGarrigle |
| **Sent:** | Tuesday, September 17, 2013 1:02 PM |
| **To:** | 'Lewis Hudnell' |
| **Cc:** | Michael Kenney; Winston Huff |
| **Subject:** | RE: Barton v. RPost, et al. (Our File No. 8681-006) |
| **Importance:** | High |

Mr. Hudnell:

Thank you for your note.

1. Are you unequivocally representing that RIL (a) was not a Plaintiff in any of the cases where RPost Communications is now a Plaintiff, and (b) if RIL was a Plaintiff and purportedly assigned its rights to RPost Communications, please provide copies of that evidence and terms of that alleged assignment(s) (beyond any generic notice of assignment/substitution of party, if any, filed in any of the cases).
2. As for Para. No. 2, my question was/is whether RIL has an interest in the subject litigation (any lien rights of any sort or any rights to proceeds therefrom, notwithstanding your statement that RIL is not a named party therein (to the 299, 300 and 325 cases). Please provide an unequivocal answer and the source documentation re: any rights of interest therein or lien retained by RIL.
3. With respect to the Zix action, please provide a copy of that settlement agreement to demonstrate that there is no additional consideration due RIL under that action and no continuing jurisdiction of the Court, etc. over the parties.
4. The State Court in California only denied (and denied "without prejudice" which your note does not reference) adding RMail and RComm to the RIL/Khan/Tomkow judgment via a motion to amend based on, among other things, representations made by those parties' counsel. Those representations are at odds with newly discovered evidence will be addressed with the Superior Court.

Please provide the requested information and documentation. We are not encouraging you to file any motion and find no good cause therefor. If you can provide the requested information/documentation by this time tomorrow, I will promptly review same and advise on Thursday (and assuming there are no issues with that which has been provided) whether the notice will or will not be withdrawn.

I look forward to your cooperation.


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

1

**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Tuesday, September 17, 2013 8:07 AM
**To:** Lewis Hudnell
**Cc:** Patrick McGarrigle; Michael Kenney; Winston Huff; djagai; Casey Goolsby
**Subject:** Re: Barton v. RPost, et al. (Our File No. 8681-006)

Dear Patrick,

We still have not heard back from you regarding our request for a meet and confer. Please let us know your availability for a call today. Otherwise, we will assume that you will not withdraw your notice and we plan to file our motion today indicating that you could not be reached to meet and confer.

Lewis

On Friday, September 13, 2013, Lewis Hudnell wrote:

Dear Patrick,

On the first point,

1. All of the plaintiffs object to the notice of lien. The remaining plaintiffs are RPost Holdings, RPost Communications, and RMail. I use RPost as shorthand to refer to the plaintiffs collectively. I fail to see how that underscores anything.

2. Only three of the consolidated cases are pending: 2:11-cv-299, 2:11-cv-300, 2:11-cv-325. RPost International is not a party to these cases. All of the cases involving RPost International have been dismissed. You can confirm this by looking at the docket.

3. RPost International was only a plaintiff in 2:11-cv-6, 2:11-cv-16, and 2:11-cv-64. All of these cases have been dismissed. Again, you can confirm this by looking at the docket.

On the second point, please see 60:23-61:10 of the August 30, 2013 hearing transcript in YC61581 where Judge Rice states that Mr. Barton has no right to collect from RPost Communications and RMail.

The third point is irrelevant to our request.

If based on these representations you will not withdraw the notice of lien, then we again request your availability to meet and confer in advance of our filing a motion to remove the notice of lien. Many thanks.

Lewis E. Hudnell, III
d: 347.855.4772
f: 347.772.3034
m: 917.861.3494
e: lewis@colvinhudnell.com



www.colvinhudnell.com

This e-mail message is intended for the sole use of the intended
recipient(s) and may contain information that is confidential,
privileged and/or attorneys' work product. Any review or distribution by
any other person is prohibited. If you are not an intended recipient,
please immediately contact the sender and delete all copies.

On Thu, Sep 12, 2013 at 11:29 AM, Patrick McGarrigle <PatrickM@mkzlaw.com> wrote:

Dear Mr. Hudnell:

Thank you for your email, though your deadline for an immediate telephone call could not reasonably be accommodated.  As indicated below, I would be pleased to speak with you following our receipt of your substantive response and the requested information/documentation and an opportunity to review same.  Moreover, there are related subjects that you are probably already aware of (and/or should be) and we bring them to your attention further below.

*First*, your email is unclear on myriad fronts and requires clarification and documentary support before a further response can be provided.   For example:

1)   What "RPost Plaintiffs" object to the notice of lien?  You use the word "RPost" (which underscores our view that the "RPost" companies are one enterprise artificially divided in name only to facilitate the fraudulent conduct of your clients' principals, Messrs. Khan and Tomkow, et al.), but you do not identify which RPost you are referring to.  Please explain and specify.

2)   Are you representing (and can and will promptly document to us via disclosures this week) that RPost International Limited is not an interested party in any of the consolidated cases listed on the Notice of Lien (notwithstanding that the dockets indicate otherwise)? Your email refers to "this case," but, as you are aware, the cases are consolidated and include a number of cases.

3

3) If RPost International Limited is not a plaintiff/counter-claimant or is purportedly no longer a plaintiff/counter-claimant, please explain and state clearly what its current status is in the consolidated cases and when, if at all, its status changed from the original commencement of the actions listed.

**Second**, there is no "CD CAL" (presumably you mean US Federal Court, Central District) court that has issued any ruling that Barton has no right to seek recovery of his judgment sums from RMail or RComm. Where did you get that understanding from – please explain. While RMail and RComm have not yet been added as parties to Barton's $4M judgment against Khan, Tomkow and RIL, Barton's rights to cause RMail and RComm to be obligated t