# EXHIBIT F

**Patrick McGarrigle**

| | |
|---|---|
| **From:** | Patrick McGarrigle |
| **Sent:** | Wednesday, October 16, 2013 8:05 AM |
| **To:** | lewis@colvinhudnell.com |
| **Cc:** | Michael Kenney (MichaelK@mkzlaw.com); Winston Huff (whuff@huffip.com) |
| **Subject:** | RE: Barton v. RPost, et al. (Our File No. 8681-006) |

Dear Lewis:

Thank you for your recent email and partial record production.  We have reviewed what you have provided thus far and have the following further meet and confer response.  We also note that you have filed a motion to strike, notwithstanding that RIL has not complied with our requests made to you during our discussions in September.  We hope that you will reconsider and fully comply with the requests so that a meaningful and fair discussion can be had about the propriety of your request that the judgment lien be withdrawn.

In our discussion several weeks ago, I requested (in addition to what you provided):

A declaration from RPost International Ltd. (RIL) (and preferably from an authorized board member other than Khan or Tomkow) under oath that:

(a)     it had assigned all of its rights and claims arising out of the patents to which it held and/or had held a license and when it did so and the consideration therefor (and that RIL provide true and correct copies of documents evidencing same including board minutes for RIL authorizing the claimed transactions and affirmation in writing that all shareholders of RIL had specific notice of and had approved the above transactions);

(b)     RIL (nor any of RIL's officers/directors/shareholders) has and had no rights (actual, residual, contingent, liquidated or unliquidated) to any of the proceeds from any of the pending cases before the Court in the Eastern District or payment therefrom;

(c)     the terms of the Zix Corp settlement were fully performed and there were no further payments due from Zix to RIL under the settlement and that the Court does not have continuing jurisdiction over said parties regarding performance of the settlement;

(d)     provides true and correct copies of the RIL-Zix Corp settlement (in whatever form(s) it took – license agreement, royalty agreement, etc.)(and the economic terms clearly articulated) and the executed and approved RIL board minutes authorizing same (and attesting to shareholder approval) to verify your client's statements; and

(e)     Khan and Tomkow had, after full disclosure of all material facts to the RIL shareholders, the authority to enter into the transactions and the Zix settlement.

Unfortunately, these necessary documents were not provided, though weeks have been accorded to allow same to be gathered and produced.  I had expressed to you in some detail that Khan and Tomkow's standing to act and their conflicts of interest on countless levels removed any basis for their actions in the cases in the Eastern District, and elsewhere.

As you also know, Mr. Khan, et al. were adjudicated to have committed fraud and intentional breaches of fiduciary duty including, without limitation, falsifying, for the purpose of attempting to steal Mr. Barton's 20% equity in RIL, various RIL corporate resolutions through forgery (cutting and pasting Mr. Barton's signature

1

onto fabricated and altered "minutes" years after Mr. Barton was no longer with RIL and without Mr. Barton's knowledge or consent).  Mr. Khan admitted the Barton "signatures" were placed on the fabricated minutes without Mr. Barton's knowledge or consent.   Mr. Khan, et al. were also adjudicated to have destroyed the corporate shareholder registries of RIL which can only fairly be described, in addition to fraud, as an obstruction of the judicial process.   Hence, sending us only purported license "termination" agreements executed by Khan/Tomkow are insufficient on their face to answer the call of the question.   Under oath affirmations and delivery of the requested documents are reasonable and necessary given Messrs. Khan and Tomkow's penchant for record manipulation and destruction and piece-mealing the release of responsive documents to suit their own purposes.

While you have elected to, notwithstanding your client's decision not to comply with our reasonable requests, file the Motion to Strike, we again invite your client to immediately comply.  We request that you take the Motion to Strike off calendar today.  If RIL provides the requested information under oath and documentation and same is complete and in order, in good faith, we can then discuss the withdrawal, without prejudice, of the judgment lien arising from the $4M California Judgment against RIL.  As you know, RIL has not posted an appeal bond in California and, hence, the pendency of their appeal, as it is, does not stay enforcement of the judgment.

If you are unwilling or without authority to comply with our requests for verified information and documentation and/or are unwilling to withdraw the Motion to Strike (without prejudice), we will provide the Court with this further communication and request a hearing on the matter and the relief set forth herein.

If you wish to discuss this matter further, I am available after 10 a.m. PST to discuss.


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com




**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Wednesday, September 25, 2013 6:37 AM
**To:** Patrick McGarrigle
**Cc:** Michael Kenney; Winston Huff; djagai
**Subject:** Re: Barton v. RPost, et al. (Our File No. 8681-006)

Dear Patrick,

Following up on our discussion,  please let me if you will agree to withdraw the notice of lien.  Thanks.

Lewis

On Wednesday, September 18, 2013, Lewis Hudnell wrote:
Dear Patrick,

As discussed, please see the attached agreement relating to the license of the Feldbau patents.  RIL originally licensed these patents to RPH.  That license was cancelled and superseded by a license from RPC to RPH.  This document is designated Highly-Confidential Outside Attorneys Eyes Only and should be treated as such under Local Patent Rule 2-2.  Please let me know if you need any additional information.  Many thanks.


Lewis E. Hudnell, III
d: 347.855.4772
f: 347.772.3034
m: 917.861.3494
e: lewis@colvinhudnell.com


www.colvinhudnell.com

This e-mail message is intended for the sole use of the intended
recipient(s) and may contain information that is confidential,
privileged and/or attorneys' work product. Any review or distribution by
any other person is prohibited. If you are not an intended recipient,
please immediately contact the sender and delete all copies.




On Tue, Sep 17, 2013 at 5:19 PM, Patrick McGarrigle <PatrickM@mkzlaw.com> wrote:

Mr. Hudnell:


I was hoping that we would have a substantive discussion once you provided the evidence we have requested.  Instead, your note suggests an interest in form over substance, which is unfortunate.


As you know, one of the ways to have a meaningful meet and confer is if information/documentation germane to the issues are first shared so that the subsequent discussion is not a game but productive.   Asserting that you'll only "answer these questions by phone" is tantamount to suggesting that you're not willing to stand by what you put in writing, so that we end up with a dispute over what was allegedly said or not said in a conference call.  Given the fraudulent history of the Khan/Tomkow/RPost parties' in and out of a variety of judicial proceedings, requiring advance support for your representations and clarity regarding your

representations (so that we can consider them promptly) is part and parcel of a meaningful meet and confer occurring.   Your note does not provide any reason for your simply not already providing what we requested so we can get the core questions.


Regrettably, it appears that you are seemingly intent upon checking the telephonic meet and confer box while not providing basic, meaningful information and documentation to allow the meet and confer to be productive.   I will gladly discuss this matter with you and do so without suggesting that your unwillingness to supply the information/documentation in writing is appropriate or a discharge of your meet and confer obligations or is our client waiving any rights in connection therewith.  It may well be that your providing that information/documentation will obviate the need for a motion and/or demonstrate that no basis for requesting the withdrawal of the notice of lien exists; not providing same and then complaining about the lien is counter-intuitive to the filing of a good faith motion, much less conducting a productive meet and confer.


In any case, and without prejudice, you are free to call me at 2:45 p.m. PST today.


**Patrick C. McGarrigle, Esq.**

McGarrigle, Kenney & Zampiello, APC

9600 Topanga Canyon Boulevard, Suite 200

Chatsworth, California 91311

818-998-3300 T