# EXHIBIT G

# Patrick McGarrigle

| | |
|---|---|
| **From:** | Patrick McGarrigle |
| **Sent:** | Wednesday, October 16, 2013 2:40 PM |
| **To:** | 'Lewis Hudnell' |
| **Cc:** | Michael Kenney; Winston Huff (whuff@huffip.com) |
| **Subject:** | RE: FW: Barton v. RPost, et al. (Our File No. 8681-006) |
| **Importance:** | High |

Dear Lewis:

Thank you for your note. Our requests since September have been specific and the RPost Parties' decision not to cooperate is manifest.

There is no "wild goose chase" as you speciously assert. But what is clear is why you declined to engage in any meet and confer in writing from the start, instead insisting on a phone call to discuss. The Rpost Parties simply did not intend to comply with our requests, as your emails today makes clear, and instead hope to delay and stall (even offering up the curious and unsubstantiated assertion that there are no writings memorializing the terms for the disposition of the RIL-Zix lawsuit).

We'll remain open to your clients providing the declaration and the evidence requested to substantiate your assertion that RIL has no interest in the IP, the IP litigation or the settlement proceeds. If the RPost Parties were being straight about any of this, we would have received the declaration and the requested documents and then been able to address your assertion that RIL has no interest in these matters with reasonable evidence from you verifying same.

We invite you, again, to cooperate.


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com



**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Wednesday, October 16, 2013 1:40 PM
**To:** Patrick McGarrigle
**Cc:** Michael Kenney; Winston Huff (whuff@huffip.com)
**Subject:** Re: FW: Barton v. RPost, et al. (Our File No. 8681-006)

Dear Patrick,

1

Again, we have complied with all of your requests. On our call, I went down each item of your September 17th email and provided substantive responses. I also provided you the next day, not days later, the only document you requested during our call. Today is the first time that we are hearing that the document that you requested is not sufficient. If you had indicated that on our call as you claim, then I would not have sent it to you. I sent it because you requested it.

It appears that you are on a fishing expedition because with each successive email you request additional information that you have not previously requested. None of your previous emails before today requested a declaration. Your latest email even requests items that you never before requested and that you did not even request in your email from this morning, such as the Amazon/Paypal settlement agreement. RPost International was not even a party to that case.

RPost is not going to engage is a wild goose chase. If there is a specific document that you want, then name it. Like I said, I will inquire about a declaration. There is no Zix written settlement agreement. There is no Zix written license agreement. Corporate minutes is too vague. We are not responding to discovery requests and Barton's notice does not entitle him to discovery from RPost to prove his right to a lien. Barton should have had a basis for his notice before filing it. And we are certainly going to point out to Judge Gilstrap that it appears that he does not in response to your opposition.

Lewis E. Hudnell, III
d: 347.855.4772
f: 347.772.3034
m: 917.861.3494
e: lewis@colvinhudnell.com



www.colvinhudnell.com

This e-mail message is intended for the sole use of the intended
recipient(s) and may contain information that is confidential,
privileged and/or attorneys' work product. Any review or distribution by
any other person is prohibited. If you are not an intended recipient,
please immediately contact the sender and delete all copies.

On Wed, Oct 16, 2013 at 3:40 PM, Patrick McGarrigle <PatrickM@mkzlaw.com> wrote:

Dear Lewis:

Thank you for your email, but, no, you did not and have not complied with our specific requests for information/documentation to work to resolve these issues.

Respectfully, it is not incumbent upon us to continue to hound you for information/documentation which was specifically requested in a phone call that occurred because you declined to respond to our written requests. I was clear in our call that the purported 'termination' agreements signed by Khan and Tomkow were not going to be sufficient, but you sent them anyway. Asking days later, then, if we needed "additional information" was gratuitous; we had just advised you a day or two earlier that the "termination" agreements were dubious and not controlling and insufficient to substantiate your assertions and that other specific documentation and a declaration was required. Notably, during our mid-September call, I advised you that a declaration (from an officer/director other than Khan/Tomkow) attesting to the facts you purported to hold as true was required because the representation of counsel on such matters was not sufficient, particularly given the history of Khan and Tomkow in regards to document forgery and destruction (and duplicitous testimony) and that the documents concerning the Zix settlement and Amazon/PayPal settlements, etc., corporate minutes, etc. (as outlined again in our email earlier today) were required because of RIL's status as a plaintiff and owner of the claims.

You said you would talk with your clients and asserted that there's no 'settlement agreement' with Zix but there may be a license agreement. Again, by submitting only the 'termination' agreement and ignoring our requests and then filing your motion, you've clearly indicated that your clients will not cooperate. Feigning that the declaration and document requests were not made during our conference call because we have not spent more legal time pressing your clients to comply is hardly meaningful; we asked you for a declaration and supporting documents and your clients declined to provide it. You could certainly propose a protective order as a condition to providing the settlement documents to resolve that issue if your clients had any intent to cooperate and be forthright.

In any case, I wrote to you again today to accord your clients the opportunity to resolve these issues informally before the opposition had to be filed. If your clients are going to provide the source documents regarding the settlements and the corporate minutes and declaration, then our suggestion that the motion to strike be withdrawn and your client prove up its assertion that RIL (who you concede had the IP and whose IP rights were, at worst, held by RMail in trust) has no interest in the IP litigation or settlements, can proceed over the next several weeks. If that can be proven up conclusively, a withdrawal of the lien without prejudice may be possible. However, if your clients continue to decline to cooperate, they are forcing these issues to come before the Court. We will ask the Court to order the turnover of the documentation and production of the under oath declaration.

So, barring confirmation of a change of position by your clients, we will file the Opposition with the Court today.

Best regards,

**Patrick C. McGarrigle, Esq.**

McGarrigle, Kenney & Zampiello, APC

9600 Topanga Canyon Boulevard, Suite 200

Chatsworth, California 91311

818-998-3300 T

818-998-3344 F

thefirm@mkzlaw.com

**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Wednesday, October 16, 2013 12:11 PM
**To:** Patrick McGarrigle
**Cc:** Michael Kenney; Winston Huff (whuff@huffip.com)

**Subject:** Re: Barton v. RPost, et al. (Our File No. 8681-006)

Dear Patrick,

We have complied with all of your requests to date. After our discussion, I sent you two follow up emails, to which you did not respond. Your email today is the first time that you have requested a declaration. Indeed, in my first follow up email to our conversation from nearly a month ago, I specifically asked whether you needed any additional information. I would not have asked if I thought that you were expecting a declaration. If you had responded then, then perhaps we could have avoided filing our motion. But the fact that you didn't and the fact that you are raising this issue two weeks after we filed our motion belies your claim that you were

4

expecting a declaration. Moreover, it is not RPost's job to prove that there is no basis for the lien. It is Barton's job to prove that there is a basis for the lien.

That said, I will check with RPost regarding your request for a declaration. I have already advised you that the Zix mediation did not result in a written settlement. All other documents are subject to the restrictions of the mediation agreement, the EDTX mediation plan, and/or privileged and therefore cannot be shared.

Lewis E. Hudnell, III

d: 347.855.4772
f: 347.772.3034
m: 917.861.3494
e: lewis@colvinhudnell.com



www.colvinhudnell.com

This e-mail message is intended for the sole use of the intended
recipient(s) and may contain information that is confidential,
privileged and/or attorneys' work product. Any review or distribution by
any other person is prohibited. If you are not an intended recipient,
please immediately contact the sender and delete all copies.

On Wed, Oct 16, 2013 at 11:05 AM, Patrick McGarrigle <PatrickM@mkzlaw.com> wrote:

Dear Lewis:

Thank you for your recent email and partial record production. We have reviewed what you have provided thus far and have the following further meet and confer response. We also note that you have filed a motion to strike, notwithstanding that RIL has not complied with our requests made to you during our discussions in September. We hope that you will reconsider and fully comply with the requests so that a meaningful and fair discussion can be had about the propriety of your request that the judgment lien be withdrawn.

In our discussion several weeks ago, I requested (in addition to what you provided):

A declaration from RPost International Ltd. (RIL) (and preferably from an authorized board member other than Khan or Tomkow) under oath that:

(a) it had assigned all of its rights and claims arising out of the patents to which it held and/or had held a license and when it did so and the consideration therefor (and that RIL provide true and correct copies of documents evidencing same including board minutes for RIL authorizing the claimed transactions and affirmation in writing that all shareholders of RIL had specific notice of and had approved the above transactions);

(b) RIL (nor any of RIL's officers/directors/shareholders) has and had no rights (actual, residual, contingent, liquidated or unliquidated) to any of the proceeds from any of the pending cases before the Court in the Eastern District or payment therefrom;

(c) the terms of the Zix Corp settlement were fully performed and there were no further payments due from Zix to RIL under the settlement and that the Court does not have continuing jurisdiction over said parties regarding performance of the settlement;

(d) provides true and correct copies of the RIL-Zix Corp settlement (in whatever form(s) it took – license agreement, royalty agreement, etc.)(and the economic terms clearly articulated) and the executed and approved RIL board minutes authorizing same (and attesting to shareholder approval) to verify your client's statements; and

(e) Khan and Tomkow had, after full disclosure of all material facts to the RIL shareholders, the authority to enter into the transactions and the Zix settlement.

Unfortunately, these necessary documents were not provided, though weeks have been accorded to allow same to be gathered and produced. I had expressed to you in some detail that Khan and Tomkow's standing

6

to act and their conflicts of interest on countless levels removed any basis for their actions in the cases in the Eastern District, and elsewhere.

As you also know, Mr. Khan, et al. were adjudicated to have committed fraud and intentional breaches of fiduciary duty including, without limitation, falsifying, for the purpose of attempting to steal Mr. Barton's 20% equity in RIL, various RIL corporate resolutions through forgery (cutting and pasting Mr. Barton's signature onto fabricated and altered "minutes" years after Mr. Barton was no longer with RIL and without Mr. Barton's knowledge or consent). Mr. Khan admitted the Barton "signatures" were placed on the fabricated minutes without Mr. Barton's knowledge or consent. Mr. Khan, et al. were also adjudicated to have destroyed the corporate shareholder registries of RIL which can only fairly be described, in addition to fraud, as an obstruction of the judicial process. Hence, sending us only purported license "termination" agreements executed by Khan/Tomkow are insufficient on their face to answer the call of the question. Under oath affirmations and delivery of the requested documents are reasonable and necessary given Messrs. Khan and Tomkow's penchant for record manipulation and destruction and piece-mealing the release of responsive documents to suit their own purposes.

While you have elected to, notwithstanding your client's decision not to comply with our reasonable requests, file the Motion to Strike, we again invite your client to immediately comply. We request that you take the Motion to Strike off calendar today. If RIL provides the requested information under oath and documentation and same is complete and in order, in good faith, we can then discuss the withdrawal, without prejudice, of the judgment lien arising from the $4M California Judgment against RIL. As you know, RIL has not posted an appeal bond in California and, hence, the pendency of their appeal, as it is, does not stay enforcement of the judgment.

If you are unwilling or without authority to comply with our requests for verified information and documentation and/or are unwilling to withdraw the Motion to Strike (without prejudice), we will provide the Court with this further communication and request a hearing on the matter and the relief set forth herein.

If you wish to discuss this matter further, I am available after 10 a.m. PST to discuss.

**Patrick C. McGarrigle, Esq.**

McGarrigle, Kenney & Zampiello, APC

9600 Topanga Canyon Boulevard, Suite 200

Chatsworth, California 91311

818-998-3300 T

818-998-3344 F

thefirm@mkzlaw.com

**From:** Lewis Hudnell [mailto:lewis@colvinhudnell.com]
**Sent:** Wednesday, September 25, 2013 6:37 AM

**To:** Patrick McGarrigle
**Cc:** Michael Kenney; Winston Huff; djagai
**Subject:** Re: Barton v. RPost, et al. (Our File No. 8681-006)

Dear Patrick,

Following up on our discussion, please let me if you will agree to withdraw the notice of lien. Thanks.

Lewis

On Wednesday, September 18, 2013, Lewis Hudnell wrote:

Dear Patrick,

As discussed, please see the attached agreement relating to the license of the Feldbau patents. RIL originally licensed these patents to RPH. That license was cancelled and superseded by a license from RPC to RPH. This document is designated Highly-Confidential Outside Attorneys Eyes Only and should be treated as such under Local Patent Rule 2-2. Please let me know if you need any additional information. Many thanks.

Lewis E. Hudnell, III

d: 347.855.4772
f: 347.772.3034
m: 917.861.3494
e: lewis@colvinhudnell.com



www.colvinhudnell.com

This e-mail message is intended for the sole use of the intended recipient(s) and may contain information that is confidential, privileged and/or attorneys' work product. Any review or distribution by any other person is prohibited. If you are not an intended recipient, please immediately contact the sender and delete all copies.

On Tue, Sep 17, 2013 at 5:19 PM, Patrick McGarrigle <PatrickM@mkzlaw.com> wrote:

Mr. Hudnell:

I was hoping that we would have a substantive discussion once you provided the evidence we have requested. Instead, your note suggests an interest in form over substance, which is unfortunate.

9

As you know, one of the ways to have a meaningful meet and confer is if information/documentation germane to the issues are first shared so that the subsequent discussion is not a game but productive. Asserting that you'll only "answer these questions by phone" is tantamount to suggesting that you're not willing to stand by what you put in writing, so that we end up with a dispute over what was allegedly said or not said in a conference call. Given the fraudulent history of the Khan/Tomkow/RPost parties' in and out of a variety of judicial proceedings, requiring advance support for your representations and clarity regarding your representations (so that we can consider them promptly) is part and parcel of a meaningful meet and confer occurring. Your note does not provide any reason for your simply not already providing what we requested so we can get the core questions.

Regrettably, it appears that you are seemingly intent upon checking the telephonic meet and confer box while not providing basic, meaningful information and documentation to allow the meet and confer to be productive. I will gladly discuss this matter with you and do so without suggesting that your unwillingness to supply the information/documentation in writing is appropriate or a discharge of your meet and confer obligations or is our client waiving any rights in connection therewith. It may well be that your providing that information/documentation will obviate the need for a motion and/or demonstrate that no basis for requesting the withdrawal of the notice of lien exists; not providing same and then complaining about the lien is counter-intuitive to the filing of a good faith motion, much less conducting a productive meet and confer.

In any case, and without prejudice, you are free to call me at 2:45 p.m. PST today.

**Patrick C. McGarrigle, Esq.**

McGarrigle, Kenney & Zampiello, APC

9600 Topanga Canyon Boulevard, Suite 200

Chatsworth, California 91311

<u>818-998-3300</u> T