**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED,<br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br>*Defendants.* | Civil Action No. 2:10-CV-258-JRG<br>LEAD CASE |
| RPOST HOLDINGS, INC., et al.,<br>*Plaintiffs,*<br><br>v.<br><br>CONSTANT CONTACT, INC., et al.,<br>*Defendants.* | Civil Action No. 2:12-CV-510-JRG |
| RPOST HOLDINGS, INC., et al.,<br>*Plaintiffs,*<br><br>v.<br><br>INFOGROUP, INC., et al.,<br>*Defendants.* | Civil Action No. 2:12-CV-517-JRG |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

I.  **INTRODCUTION**

Plaintiff RPost Holdings, Inc., RPost Communications Limited, and RMail Limited (collectively, "Plaintiffs") have moved for partial reconsideration of the Court's order staying and administratively closing the above captioned cases. (Dkt. No. 564). Specifically, Plaintiffs seek reconsideration of two issues: (1) Plaintiffs challenge the Court's determination that Plaintiffs' right to enforce U.S. Patent Nos. 6,182,219 ("the '219 Patent") and 6,571,334 ("the '334 patent")

1

(collectively, "the Felbau Patents") is inextricably intertwined with various proceedings in California state court and bankruptcy court (collectively the "California Actions"); and (2), Plaintiffs challenge the Court's determination that any prejudice resulting from the stay is attributable to Plaintiffs' actions. (Dkt. No. 564 at 1).

## II. APPLICABLE LAW

Plaintiffs' motion for reconsideration falls under Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." Under that rule, a district court has the discretion to reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the Court's authority to amend a judgment under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. S*ee Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010); *Lavespere v. Niagara Mach. & Tool Works*, Inc., 910 F.2d 167, 185 (5th Cir. 1990).

Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply under either Rule 54(b) or Rule 59(e). District courts (including this Court) apply the same standards under either rule. *See Triton Tech of Tex., LLC v. Nintendo of Am., Inc.*, No. 2:10-CV-328, 2012 U.S. Dist. LEXIS 78441, 2012 WL 2036411, at *1 (E.D. Tex. June 6, 2012) (Gilstrap, J.) ("It is this Court's practice to consider motions to reconsider interlocutory orders under the standard of Federal Rule of Civil Procedure 59(e)."); *Jacoby v. Trek Bicycle Corp., No*. 2:11-CV-124, 2011 U.S. Dist. LEXIS 82597, 2011 WL 3240445, at *1 (E.D. Tex. July 28, 2011) (Ward, J.) (same); *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04-CV-447, 2008 U.S. Dist.

LEXIS 18186, 2008 WL 686711, at *1 (E.D. Tex. Mar. 10, 2008) (Schell, J.); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 U.S. Dist. LEXIS 54248, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008).

In order to justify reconsideration under the Rule 59(e) standard, the moving party must show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Jacoby*, 2011 U.S. Dist. LEXIS 82597, 2011 WL 3240445, at *1 (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)); *see also Triton Tech*, 2012 U.S. Dist. LEXIS 78441, 2012 WL 2036411, at *1; *Wi-Lan, Inc. v. Acer, Inc.*, Nos. 2:07-CV-437, 2:07-CV-474, 2010 U.S. Dist. LEXIS 138111, 2010 WL 5559546, at *2 (E.D. Tex. Dec. 30, 2010); *Beneficial Innovations, Inc. v. Blockdot*, Inc., Nos. 2:07-CV-263, 2:07-CV-555, 2010 U.S. Dist. LEXIS 54151, 2010 WL 2246291, at *2 (E.D. Tex. June 3, 2010).

### III.  ANALYSIS

Plaintiffs seek reconsideration of the Court's determination that: (1) Plaintiffs' right to enforce the Feldbau Patents is intertwined with the California Actions; and, (2) any prejudice that the stay may impose is attributable to Plaintiffs' own actions. These arguments could have been raised in opposition to the original motion to stay, and in fact were made in response to the motion to stay in the consolidated Constant Contact action (C.A. No. 2:12-cv-510, Dkt. No. 69). This Court has previously noted that "motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have already been advanced by a party." *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749 (E.D. Tex. 2012) (internal citation and quotations omitted); *see also Ctr. One v. Vonage Holdings Corp.*, 2010 U.S. Dist. LEXIS 84258, *7-8 ("Motions for reconsideration serve

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."). Plaintiffs have failed to show a change in controlling law or the need to correct a clear error; neither have they presented any new evidence. Accordingly, the Court finds no basis upon which to justify reconsideration of its order staying the above captioned cases.

Further, the Court remains persuaded that a resolution of the California Actions will simplify the issues to be tried in the above captioned actions, and that a stay will not unduly prejudice or present a clear tactical disadvantage to Plaintiffs. Finally, should the Court lift the stay with respect to only the Feldbau Patents, as Plaintiffs request, the Court would be forced to conduct two trials—a first with respect to the Feldbau Patents, and a second with respect to the remaining patents (assuming Plaintiffs can establish standing). Such a partial lifting of the stay would waste the resources of both the parties and the Court.

IV. **CONCLUSION**

Plaintiffs have failed to show that they are entitled to reconsideration of the Court's previous order staying the above captioned matters. Moreover, selectively lifting the stay with respect to the Felbau Patents would waste party and judicial resources. Accordingly, and for all of the reasons set out herein, Plaintiffs' Motion for Reconsideration (Dkt. No. 564) is hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of April, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE