PATRICK C. MCGARRIGLE, ESQ., SBN 149008
MICHAEL J. KENNEY, ESQ., SBN 192775
PHILIP A. ZAMPIELLO, ESQ., SBN 198723
McGARRIGLE, KENNEY & ZAMPIELLO, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California   91311
PH: (818) 998-3300   FAX: (818) 998-3344

Attorneys for Judgment Creditor
Kenneth Barton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>Defendants.<br><br>_____<br><br>AND RELATED CASES<br>_____ | Civil Action No.: 2:10-CV-258-JRG<br>(And Related Cases)<br><br>**JUDGMENT CREDITOR KENNETH BARTON'S OPPOSITION TO RPOST HOLDINGS, INC., ET AL.'S OPPOSED MOTION TO STRIKE KENNETH BARTON'S OPPOSITION TO MOTION FOR RECONSIDERATION** |

Judgment Creditor Kenneth Barton ("**Barton**") opposes the Motion of Plaintiffs RMail Limited ("**RMail**"), RPost Communications ("**RComm**") and their (purported) licensee, RPost Holdings, Inc. ("**RHI**") (collectively, the "**RPost Parties**") to strike Mr. Barton's Opposition to the RPost Parties' (since denied) Motion for Reconsideration

1

regarding this Court Stay Order and Administrative Closure Order (the "**Closure Order**"). The RPost Parties' Motion to Strike should be denied.

The RPost Parties are right about just two things – Mr. Barton is not a named party to the instant lawsuit and was not a party to the RPost Parties' meritless Reconsideration Motion. However, what the RPost Parties conveniently overlook is their (and their counsel's) responsibilities under F.R.C.P. Rule 11 – that the factual representations they make in their filings "have evidentiary support" (F.R.C.P. Rule 11(b)(3)) – which preclude the submission of false statements to this Court. Hoping to take advantage of Mr. Barton not being a party, however, the RPost Parties thought they could circumvent their Rule 11 obligations by making, with seeming impunity, false statements regarding the nature and scope of Mr. Barton's UFTA claims and remedies and then convince this Court to make findings here based on the RPost Parties' false statements (which findings they can then attempt to utilize in the California state and Federal litigation). When Mr. Barton's counsel (who filed and is prosecuting the UFTA action in California) reviewed the RPost Parties' Reply re: the Reconsideration Motion, it was patently clear that the RPost Parties had violated their Rule 11 obligations and were deliberately misrepresenting Mr. Barton's UFTA claims and remedies to try and convince this Court to reverse its prior rulings. As an Officer of the Court, Mr. Barton's counsel would have been remiss *not to* bring the RPost Parties' deliberate ruse to this Court's attention (Mr. Barton's Opposition cited the Reply's multiple false "factual contentions" and demonstrated where, based on the UFTA Complaint, the RPost Parties' statements were materially false). That the RPost Parties' false "factual contentions" in their Reply papers were filed after the date that an Opposition (to their Reconsideration Motion) would have been due by Mr. Barton (if the Motion had been directed to him) is a red herring and no excuse for violating Rule 11 by knowingly advancing false factual contentions. What the RPost Parties are saying by their Motion is that they do not want anyone exposing their false statements to this Court and want to ensure that any record of their sham factual assertions being exposed is stricken so no other Court or litigant will learn of this duplicitous practice of the RPost Parties. Such is not

2

**OPPOSITION TO RPOST PARTIES' MOTION TO STRIKE BARTON'S OPP TO MTN FOR RECONSIDERATION**
8681-006\EDT\Pldg\Opp- Mtn To Strike Opp to Motion for Reconsideration

1. good cause for an order striking Mr. Barton's filing.

2. In short, the RPost Parties have embarked upon a campaign to both **(a)** misrepresent the nature and extent of Mr. Barton's UFTA claims and remedies at issue (and which concern all of the RPost International Limited assets (including all patents, not just the '219 and '334 patents, and these pending actions)) and **(b)** conceal from other Courts and the myriad litigants the pattern and practice of the RPost Parties (and their principals and representatives) to knowingly make false statements to this (and other) Courts. **<u>The RPost Parties' Motion here perpetuates the very circumstances which led to the Court's initial stay order in August 2013 and, later, the Closure Order.</u>** The RPost Parties have had no difficulty saying one thing to one Court and concealing other material facts from other Courts – the concealment **(a)** from this Court of the intentional fraud findings of the Los Angeles Superior Court against Messrs. Khan and Tomkow (including corporate record forgery and fabrication to steal approximately 19% of the equity of the RPost Parties' enterprise from Mr. Barton), **(b)** from this Court of the Chapter 13 (later converted to Chapter 7) cases filed by Khan and Tomkow in US Bankruptcy Court in Los Angeles, **(c)** from the Bankruptcy Trustees and Bankruptcy Court in Los Angeles of the financial terms of the settlements of the *Amazon, PayPal* and *Zix* cases, and **(d)** from this Court of the shareholder derivative notices and claims and, then, lawsuits filed against Khan/Tomkow and various RPost Parties, among others. The continuing effort by the RPost Parties to play fast and loose with facts and disclosures is only perpetuated by their instant Motion, which should be denied.

3. Mr. Barton's UFTA claims are, as this Court has held, inextricably intertwined to the underlying issues in the instant Eastern District of Texas Litigation involving the RPost Parties. If the RPost Parties are going to make factual contentions to this Court, they are duty bound to make accurate and truthful statements; failing to do so, the RPost Parties come to this Court with unclean hands and without good cause for the order sought by this Motion. Having chosen not to address and rebut the clearly false statements they made to the Court in the Reply papers concerning the Reconsideration Motion, Mr. Barton suggests

3

**OPPOSITION TO RPOST PARTIES' MOTION TO STRIKE BARTON'S OPP TO MTN FOR RECONSIDERATION**
8681-006\EDT\Pldg\Opp- Mtn To Strike Opp to Motion for Reconsideration

1  that they should not be able to do so for the first time on reply here.  Mr. Barton
2  respectfully requests that the instant Motion be denied and the RPost Parties' – at the very
3  least – admonished for the false statements advanced in their Reply papers.
4      Mr. Barton respectfully requests that the Motion to Strike be denied.

Date:  April 28, 2014        McGARRIGLE, KENNEY & ZAMPIELLO, APC

By: /s/ Patrick C. McGarrigle
Patrick C. McGarrigle, Esq.
Michael J. Kenney, Esq.
Attorneys for Judgment Creditor
Kenneth Barton

---

4

**OPPOSITION TO RPOST PARTIES' MOTION TO STRIKE BARTON'S OPP TO MTN FOR RECONSIDERATION**
8681-006\EDT\Pldg\Opp- Mtn To Strike Opp to Motion for Reconsideration

## CERTIFICATE OF SERVICE

I certify that all parties of record who are deemed to have consented to electronic service are being served a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 28th day of April, 2014.

/s/ Patrick C. McGarrigle