IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br> AMAZON.COM, INC., et al., <br><br> DOCUSIGN, INC., <br><br> RIGHT SIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., <br><br> ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., <br><br> Defendants. | Civil Action No. 2:10-CV-258-JRG (Lead Case) <br><br> CONSOLIDATED <br><br> Civil Action No. 2:11-cv-299-JRG <br><br> Civil Action No. 2:11-cv-300-JRG <br><br><br> Civil Action No. 2:11-cv-325-JRG |

**DEFENDANTS' OPPOSED MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF DR. KEVIN ALMEROTH**

Adobe Inc., f/k/a Adobe Systems Inc., and EchoSign, Inc. (collectively "Adobe"), and DocuSign, Inc. ("DocuSign") (together, "Defendants") hereby move to strike portions of Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc.'s ("RPost's or Plaintiffs'") Expert Report of Dr. Kevin Almeroth that offer opinions of infringement on unasserted claims.

## I.   INTRODUCTION

Contrary to this Court's order approving the asserted claims for this case, and without first moving for leave to assert additional claims, RPost served an Expert Report of Dr. Kevin Almeroth that opines on the infringement of nine additional claims that are not asserted in this case (*i.e.*, claims 63, 64, 70, 73, 75, 76, 79, and 81 of the '219 Patent and claim 15 of the '372 Patent). RPost's inclusion of unasserted claims is improper, and it would be untimely and prejudicial for RPost to now move for leave to assert these additional claims at this late stage. As such, Defendants request that the Court strike those portions of RPost's expert report directed at the nine additional, unasserted claims.

At the final pretrial conference before the stay in this matter, this Court ordered that "Plaintiffs will file by noon tomorrow a list of the 12 specific claims that are to survive and be presented in the case…" (Ex. 1 at 17:3-17), and RPost narrowed its asserted claims in response (Dkt. 538 at 2). For the past four months since the stay has been lifted, RPost has not filed a motion to assert additional claims. In the meantime, Defendants filed a Motion for Summary Judgment on the asserted claims. In its opposition brief, RPost took the position that it would reserve the right to assert additional claims, but only in the event of an adverse ruling on summary judgment. It did not move to assert additional claims at that time. Now, without any leave from this Court, RPost's expert, Dr. Kevin Almeroth, included opinions directed to nine of the previously

withdrawn claims in his infringement report (the "Almeroth Report"), filed April 1, 2019. It was only after Defendants and RPost met-and-conferred regarding the instant motion to strike that RPost informed Defendants, via email, that it intended to move to assert these additional claims. (*See* Ex. 2 at 1.) RPost's gamesmanship of stringing Defendants along regarding the unasserted claims and then attempting to back-door them back into this case through the Almeroth Report should not be rewarded. Defendants request that this Court strike those portions of the Almeroth Report opining on unasserted claims.

## II.   FACTUAL BACKGROUND

Prior to trial, a Motion to Limit the Number of Asserted Claims was briefed (Dkts. 524 and 535), but prior to resolution of the motion, the parties reached an agreement that RPost would narrow its asserted claims to 12, and the Court orally ordered such during the pretrial conference. (*See* Ex. 1, Pretrial Hearing Transcript at 17:3-17:

> "Well, I think we can resolve this pretty simply. The Court will accept the parties' agreement to limit the total number of claims in contention to 12. **The Plaintiffs will file by noon tomorrow a list of the 12 specific claims that are to survive and be presented in the case** and serve that on the Defendants so that you'll know almost immediately exactly what they are. … And I'll look for that notice, as well as service on the Def -- the Defendants by noon tomorrow, **and we'll all know what 12 we're going to go forward on.**" (emphasis added))

Following the pretrial conference, RPost filed its "Notice of Reduction of Asserted Claims," reducing its asserted claims to 12. (Dkt. 538 at 2) ("As per the Court's instructions during the Pretrial Conference . . . RPost will assert the following 12 claims"). Nothing in RPost's Notice of Reduction of Asserted Claims purported to reserve some right to later reassert the claims it was electing not to pursue. (*Id.*) In its Initial Pretrial Order, the Court denied the Motion to Limit the Number of Asserted Claims as moot, "pursuant to the Court's reasoning as fully set forth in the record." (Dkt. 546 at 2.) Thereafter, the case was stayed (Dkt. 545), and the stay was not lifted until December 10, 2018 (Dkt. 634).

2

On January 18, 2019, Defendants filed a motion for summary judgment, arguing that all twelve asserted claims were invalid via issue preclusion or Section 101. (Dkt. 652.) This motion did not address the claims which RPost elected not to pursue and which were no longer asserted. (*Id.*) In opposition to that Motion, RPost stated that it would "seek[] to continue to assert those [previously withdrawn] claims (or a subset of them)" "[s]hould the Court grant Defendants' Motion in any respect." (Dkt. 667 at 28.) RPost did not file any motion seeking to assert the previously withdrawn claims, it merely attempted to reserve the right to do so in the event of an adverse ruling.

On April 1, 2019, RPost served the Almeroth Report, which alleges infringement of claims that were withdrawn and not included in RPost's Notice of Reduction of Asserted Claims, namely claims 63, 64, 70, 73, 75, 76, 79, and 81 of the '219 Patent and claim 15 of the '372 Patent. RPost did not notify Defendants that its expert would be opining on the previously withdrawn claims, and it did not move for leave to assert additional claims at that time. As such, Defendants served on April 1, 2019 its invalidity expert report that addressed the twelve asserted claims, but not the additional nine unasserted claims. On April 2, 2019, the parties met-and-conferred regarding the instant motion. Finally, on April 3, 2019, RPost notified Defendants for the first time that it intended to move for leave. (Ex. 2 at 1.)

**III.   ARGUMENT**

RPost's expert opined on unasserted claims before RPost filed any motion seeking to assert the previously withdrawn claims. For this reason, the instant motion to strike should be granted.

Further, RPost's latest intention to add additional claims on April 3, 2019 (after fact discovery has already closed) is untimely. On March 4, 2019, in RPost's Opposition to Defendants' Motion For Summary Judgment for Invalidity Under Issue Preclusion and Section 101, RPost argued that because *Alice* and *GoDaddy* (which invalidated twenty-six (26) of RPost's

3

claims from related patents) had not been decided at the time that RPost narrowed its asserted claims, that those decisions were "intervening events" which somehow "provide a basis for RPost to alter the claims it proceeds to trial on." (Dkt. 667 at 28.) But *Alice* was decided nearly five years ago, *GoDaddy* nearly three, and the stay in this case has been lifted for almost four months. To date, RPost has still not filed a motion to assert new claims. Simply put, RPost has not addressed these "intervening events" in a timely fashion.

Moreover, given the compressed case schedule in this matter, with fact discovery closed on April 1, 2019, rebuttal expert reports due on April 15, and dispositive motions due on April 29, a motion to assert nine additional claims would be prejudicial to Defendants. Defendants will be prejudiced if RPost is permitted to assert additional claims now after Defendants have filed their Motion For Summary Judgment for Invalidity Under Issue Preclusion and Section 101. In its opposition brief to the summary judgment motion, RPost argued that it would reserve the right to assert some additional claims, only in the event of an adverse ruling on summary judgment. (Dkt. 667 at 27-28 "Should the Court grant Defendants' Motion in any respect, RPost seeks to continue to assert those claims (or a subset of them) in this case.") RPost never identified what claims it *may* seek to add. Instead, it waited until Defendants' summary judgment motion was fully briefed, addressing all 12 claims identified in the Notice of Reduction of Asserted Claims.[1] RPost cannot pull the rug out from underneath Defendants by amending their asserted claims now

---

[1] In addition, there is no case or controversy as to the additional, unasserted claims, as this Court lacks jurisdiction over unasserted claims. *See Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) ("There was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims."); *see also Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1283-84 (Fed. Cir. 2012). As such, Defendants could not have challenged the validity of the withdrawn claims in their Motion for Summary Judgment at Dkt. 652, but certainly would have if the Court had jurisdiction over them.

that they are faced with Defendants' Motion for Summary Judgment. *See Spellbound Dev. Grp., Inc. v. Pac. Handy Cutter*, No. SACV 09-00951 DOC, 2011 WL 5554312, at *4-6 (C.D. Cal. Nov. 14, 2011) (holding that patentee could not assert additional claims because it had not acted with diligence in supplementing its interrogatory responses as to which claims were asserted until after the accused infringer had filed its motion for summary judgment of noninfringement). Indeed, the purpose of "the local patent rules in general, is to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach" to litigation. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). Further, because the nine additional claims were no longer asserted, and were no longer part of the case, Defendants' invalidity expert, Paul Clark, did not opine on them in his April 1, 2019 expert report. Defendants will be prejudiced if RPost is allowed to assert nine additional claims because these were not addressed in Defendants' invalidity expert report, served on April 1, 2019.

RPost cannot lie in wait while the Defendants and this Court expend resources addressing the claims RPost elected to pursue. *See Intellectual Ventures II LLC v. Fedex Corp.*, No. 2:16-cv-00980, Dkt. 471 at 7 (E.D. Tex. Apr. 10, 2018) (Gilstrap, J.) ("While Fedex argues that IV's reduction of asserted claims is 'mere speculation,' [] the Court considers IV's statement to be a representation upon which the Court may rely and to which IV will be substantially held.").

## IV.   CONCLUSION

For the foregoing reasons, all portions of the Almeroth Report that are directed to claims outside of RPost's Notice of Reduction of Asserted Claims, Dkt. 538, should be stricken.

5

DATED: April 4, 2019

*Attorneys for Adobe Inc., f/k/a Adobe Systems Incorporated, and EchoSign, Inc.:*

/s/ Michael A. Berta with permission,
by Michael E. Jones
MICHAEL A. BERTA
michael.berta@arnoldporter.com
RYAN J. CASAMIQUELA
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:	+1 415.471.3100
Facsimile:	+1 415.471.340

/s/ Michael E. Jones

MICHAEL E. JONES
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON PC
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597 8311
Facsimile: 903.593 0846

*Attorneys for Defendant DocuSign, Inc.:*

/s/ David A. Lowe with permission,
by Michael E/ Jones
Lowe@LoweGrahamJones.com
Lawrence D. Graham
Graham@LoweGrahamJones.com
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Melissa R. Smith (SBN Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH^LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

Claude M. Stern
 claudestern@quinnemanuel.com
David Eiseman
 davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN^LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on April 4, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

I certify that Defendants conferred in good faith with RPost regarding this motion on April 2, 2019.  RPost opposes this motion.

*/s/ Michael E. Jones*