# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et al, <br><br> DOCUSIGN, INC., <br><br> ADOBE SYSTEMS INCORPORATED, et al., <br><br> Defendants. | Civil Action No. 2:10-CV-258-JRG (Lead Case) <br><br> CONSOLIDATED <br><br> Civil Action No. 2:11-cv-299-JRG <br><br> Civil Action No. 2:11-cv-300-JRG <br><br> Civil Action No. 2:11-cv-325-JRG <br><br>  |

## PLAINTIFFS' MOTION TO STRIKE
## PORTIONS OF THE EXPERT REPORT OF DR. TADAYOSHI KOHNO

Plaintiffs respectfully move for the Court to exclude certain anticipated expert testimony of Dr. Kohno, reflected in the Kohno Report (excerpts attached as Exhibit 1) on three different grounds.  First, the Kohno Report does not apply the Court's claim construction for a number of claim limitations, rendering his resulting noninfringment opinion unreliable and irrelevant.  Second, the Kohno Report opines on prosecution history estoppel, a legal question for the Court, not a factual question for the jury to resolve.  Finally, similar to Mr. Thomas, the Kohno Report relies on usage data that should be excluded.  For these reasons, RPost respectfully requests that the Court grant this motion.

I.     BACKGROUND

This is a patent-infringement case that involves four patents, U.S. Patent Nos. 6,182,219 ("the '219 Patent"); 6,571,334 ("the '334 Patent"); 7,707,624 ("the '624 Patent"); and 7,966,372 ("the '372 Patent").  This case was stayed in 2014, as the case was approaching trial.  At that time, in response to RPost's prior technical expert's report, DocuSign submitted an expert report from its expert Dr. Tadayoshi Kohno.  That report is not the live report before the Court.  After the stay, RPost submitted an expert report from Dr. Kevin Almeroth, and DocuSign submitted a report from Dr. Kohno in response to Dr. Almeroth's report.  That report ("the Kohno Report") is the live expert report before the Court.  RPost now moves to exclude portions of Dr. Kohno's testimony as disclosed in the Kohno Report.

II.     APPLICABLE LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  Under the rule, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" the following four conditions are met:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

The burden is on the party offering the testimony to show that it is admissible. *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 U.S. Dist. LEXIS 127964, at **7-8 (E.D. Tex. Aug. 11, 2017) ("The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable.") (quotation and citation omitted).

### III.    ARGUMENT

#### A.    The Kohno Report Does Not Apply the Court's Claim Construction

The Court addressed over two dozen claim-construction disputes in a comprehensive, 100-page-plus *Markman* Order. Doc. No. 297 (the "*Markman* Order"). The Order further directed parties to "refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury." *Id.* at 109-110.

In a number of places, the Kohno Report does not apply the definitions in the Court's *Markman* Order. In other places, the Kohno Report cites to the Court's discussion, which Dr. Kohno takes out of context to limit the claims as a predicate for his non-infringement opinion. In still other places, the Kohno Report expressly opines on claim construction and puts a narrow gloss on the ordinary meaning of the term. Lastly, the Kohno Report applies constructions that the Court did not adopt at the claim construction phase.

RPost requests that the Court strike these opinions under Rule 702. "Explanations of the Court's reasoning or rejection of one side's position during the claim construction process is exactly the type of prejudicial and confusing testimony precluded by the Rules of Evidence." *Tinnus*, 2017 U.S. Dist. LEXIS 127964, at *11. It is likewise improper for an expert to "explain[] how a person of ordinary skill in the art would interpret the Court's construction of claim terms" because it is "the equivalent of construing the Court's construction." *Id.*, at *13; *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 U.S. Dist. LEXIS 11163, at *8 (W.D. Tex. Jan. 27, 2017) ("The court is the final authority on the meaning of claim terms, and the jury must be instructed by *the court*, not the parties or their experts, on those meanings.") (emphasis in original). The Kohno Report provides the following inadmissible opinions.

### 1. "Contents of the Dispatch" ('219 Patent) and "Content Data" ('219 Patent; '334 Patent)

The Court defined the terms "contents of the dispatch" and "content data" as "the entire content the sender originates for sending to the recipient." *Markman* Order at 23. Rather than apply the Court's construction, however,



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

This type of analysis is not admissible under *Tinnus* and *Yeti*. Moreover, Dr. Kohno and the parties are prohibited from referring to the Court's analysis in the *Markman* Order before the jury, *Markman* Order at 109-110, further rendering Dr. Kohno's predicate claim-construction analysis inadmissible.

### 2. The "Receiving" Limitations ('219 Patent)

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

This analysis is not admissible. First, the Kohno Report provides a new construction. These terms were not construed at the *Markman* hearing, and their plain-and-ordinary meaning applies. Moreover, DocuSign did not seek to construe these terms in 2012. *See* Doc. No. 211-12 (DocuSign Patent Local Rule 4-3 Disclosure). ████████████████████
████████████████████ It is too late to engage in claim construction.



For these reasons, RPost respectfully requests that the Court exclude Dr. Kohno from offering this testimony.

### 3. "Destination of the Dispatch" ('219 Patent)

Claims 60 and 71 of the '219 Patent also recite a "destination of the dispatch" limitation. The Court did not construe this term at the *Markman* stage of the case.

This analysis is not admissible. As with the "receiving" limitations above, this claim-construction issue was not raised during the *Markman* proceedings

Indeed, claims 60 and 71 do not even require transmitting the contents of the dispatch to the recipient. Dependent claims include the limitation of "transmitting the contents of the dispatch to the recipient." *E.g.*, '219 Patent, claim 61. Even then, those claims do not restrict the transmission to the "destination of

the dispatch" recited in the independent claims. The term "destination of the dispatch" does not require further construction,

###   4.      "Mail Transport Protocol" ('372 Patent)

The Court expressly rejected Defendants' attempt to limit the "mail transport protocol" term in the '372 Patent to email protocols and declined to further construe the term. *Markman Order* at 81-87. The Court concluded that Defendants "failed to justify limiting the mail transport protocol to being 'an email transport protocol such as SMTP, ESMTP, POP, POP3 or IMAP.'" *Id.* at 86. The Court found that email protocols were disclosed as exemplary, and "the specification explains that other types of electronic messages could be transmitted." *Id.* (reproducing '372 Patent at 25:27-28, 27:28-34). Similarly, the Court rejected Defendants' attempt to limit the claimed "message" to an email. *Id.* at 78-80. The Court found that the specification "demonstrates that the term 'message' is not limited to being an e-mail" and that the specification "explicitly states that the disclosed system and method are not limited to 'e-mail.'" *Id.* at 79-80 (reproducing '372 Patent at 1:16-21 and 27:27-32).

The Kohno Report does not apply the Court's construction of "mail transport protocol."

███████████████████████████████████████████
███████████████████████████████████████████
████

### 5. "Portion of a Mail Transport Protocol Dialog" ('372 Patent)

The "portion of a mail transport protocol dialog" term presents a similar issue. The Court construed the term "mail transport protocol dialog" as "data including a list of at least one command and at least one response exchanged between devices during the transmission of a message." *Markman* Order at 87. In reaching this construction, the Court concluded that "[t]o the extent Defendants propose that the mail transport protocol dialog can only contain a list of commands and responses, Defendants' proposal is expressly rejected." *Id.* at 86. The Court expressly found that the dialog could include data other than commands and responses. *Id.*

Regarding the "portion" aspect, the Court held that it did not require a separate construction. *Id.* at 87. The Court expressly rejected Defendants' proposal that the "portion" term "must include at least one command and at least one response." *Id.* at 86-87. In light of that finding, the Court concluded that no further construction was necessary. *Id.* at 86.

The Kohno Report does not apply the Court's construction. ██████████
████████████████████████████████████████
████████  ████████  ██████████████████
████████████████████████████████████████
███████████████████████████ The Court's construction is that the claimed "dialog" is "data *including* a list of at least one command and at least one response exchanged between devices during the transmission of a message," *Markman* Order at 87 (emphasis added), and a "portion" of that "dialog" is simply that—a "portion." It does not

███████████████████████████████████████████████████████████████

dictate which portion or how much of the dialog is required must be stored. Because Dr. Kohno does not apply the Court's construction and attempts to re-introduce the types of limitations that the Court previously rejected, RPost respectfully requests that the Court preclude Dr. Kohno from offering testimony relating to this term.

### B. The Kohno Report Opines on Prosecution History Estoppel, Which Is Not Relevant to a Fact Issue Before the Jury

███████████████████████████████████████████████████████████████

████████████████████████████████ That opinion is not relevant to a factual dispute before the jury. The Federal Circuit has stated "on numerous occasions that whether prosecution history estoppel applies, and hence whether the doctrine of equivalents may be available for a particular claim limitation, presents a question of law" for the Court, not questions of fact for a jury. *Festo v. Shoketsu Kinzoku Kogyo Kabushiki*, 344 F. 3d 1359, 1367-68 (Fed. Cir. 2003) (en banc). For that reason, RPost respectfully requests that the Court preclude Dr. Kohno from offering this testimony before the jury.

### C. The Kohno Report Relies on Unreliable Usage Data

███████████████████████████████████████████████████████████████

██████████████████ As explained in RPost's motion to strike the expert testimony of DocuSign's damages expert, Mr. Vincent Thomas, this testimony should be excluded.

## IV. CONCLUSION

For the foregoing reasons, RPost respectfully requests that the Court strike the above-referenced portions of the Kohno Report and preclude Dr. Kohno from offering those opinions at trial.

|  |  |
|---|---|
| Dated: April 29, 2019 | Respectfully submitted, |
|  | /s/ William E. Davis, III<br>William E. Davis, III<br>Texas State Bar No. 24047416<br>bdavis@bdavisfirm.com<br>Christian Hurt<br>Texas State Bar No. 24059987<br>churt@bdavisfirm.com<br>Edward Chin (Of Counsel)<br>Texas State Bar No. 50511688<br>echin@bdavisfirm.com<br>Debra Coleman (Of Counsel)<br>Texas State Bar No. 24059595<br>dcoleman@bdavisfirm.com<br>**THE DAVIS FIRM, PC**<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Telephone: (903) 230-9090<br>Facsimile: (903) 230-9661<br><br>*Counsel for Plaintiffs*<br>*RPost Holdings, Inc., RPost Communications*<br>*Limited, and Rmail Limited* |

## CERTIFICATE OF SERVICE

I certify that the foregoing sealed document and all attachments thereto are being served via email on all counsel of record on this April 29, 2019.

/s/ William E. Davis, III
William E. Davis, III

## CERTIFICATE OF CONFERENCE

I certify that, on April 28, 2019, counsel for Plaintiffs (Bo Davis, Christian Hurt, and Ed Chin) met and conferred telephonically with counsel for Defendant DocuSign, Inc. (Lance Yang and David Eiseman), and that this motion is opposed. The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ William E. Davis, III
William E. Davis, III