# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et al, <br><br> DOCUSIGN, INC., <br><br> ADOBE SYSTEMS INCORPORATED, et al., <br><br> Defendants. | Civil Action No. 2:10-CV-258-JRG (Lead Case) <br><br> CONSOLIDATED <br><br> Civil Action No. 2:11-cv-299-JRG <br><br> Civil Action No. 2:11-cv-300-JRG <br><br> Civil Action No. 2:11-cv-325-JRG |

**PLAINTIFFS' CORRECTED MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF DR. MARKUS JAKOBSSON**

Plaintiffs respectfully move for the Court to exclude certain anticipated expert testimony of Dr. Jakobsson, reflected in the Jakobsson Report (excerpts attached as Exhibit 1) on three different grounds. First, the Jakobsson Report does not apply the Court's claim construction for a number of claim limitations, rendering the resulting noninfringement opinion unreliable and irrelevant. Second, the Jakobsson Report opines on prosecution history estoppel and intervening rights, legal questions for the Court, not factual questions for the jury to resolve. Finally, the Jakobsson Report, ███████████████████████████████████████████████ ███████████████████████████████████████ That analysis is not reliable and will not assist the jury to resolve a fact issue. For these reasons, RPost respectfully requests that the Court grant this motion.

## I.   BACKGROUND

This is a patent-infringement case that involves four patents, U.S. Patent Nos. 6,182,219 ("the '219 Patent"); 6,571,334 ("the '334 Patent"); 7,707,624 ("the '624 Patent"); and 7,966,372 ("the '372 Patent"). This case was stayed in 2014, as the case was approaching trial. At that time, in response to RPost's prior technical expert's infringement report, Adobe had submitted a rebuttal expert report from its expert Dr. Marcus Jakobsson. That report is not the live report before the Court. After the stay, RPost submitted an expert report from Dr. Kevin Almeroth, and Adobe submitted a report from Dr. Jakobsson in response to Dr. Almeroth's report. This report (the "Jakobsson Report") is the live expert report before the court. RPost now moves to exclude portions of Dr. Jakobsson's testimony as disclosed in the Jakobsson Report.

## II.   APPLICABLE LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under the rule, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or

education may testify in the form of an opinion or otherwise if" the following four conditions are met:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

The burden is on the party offering the testimony to show that it is admissible. *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 U.S. Dist. LEXIS 127964, at **7-8 (E.D. Tex. Aug. 11, 2017) ("The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable.") (quotation and citation omitted).

## III. ARGUMENT

### A. The Jakobsson Report Does Not Apply the Court's Claim Construction

The Court addressed over two dozen claim-construction disputes in a comprehensive, 100-page-plus *Markman* Order. Doc. No. 297 (the "*Markman* Order"). The Order further directed parties to "refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury." *Id.* at 109-110.

In a number of places, the Jakobsson Report does not apply the definitions in the Court's *Markman* Order. In other places, the Jakobsson Report compares the Accused Product to the specification, prosecution history, and prior art. In still other places, the Jakobsson Report expressly opines on claim construction and puts a narrow gloss on the ordinary meaning of the

[redacted]

term. Lastly, the Jakobsson Report applies constructions that the Court did not adopt at the claim construction phase.

RPost requests that the Court strike these opinions under Rule 702. "Explanations of the Court's reasoning or rejection of one side's position during the claim construction process is exactly the type of prejudicial and confusing testimony precluded by the Rules of Evidence." *Tinnus*, 2017 U.S. Dist. LEXIS 127964, at *11. It is likewise improper for an expert to "explain[] how a person of ordinary skill in the art would interpret the Court's construction of claim terms" because it is "the equivalent of construing the Court's construction." *Id.*, at *13; *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 U.S. Dist. LEXIS 11163, at *8 (W.D. Tex. Jan. 27, 2017) ("The court is the final authority on the meaning of claim terms, and the jury must be instructed by *the court*, not the parties or their experts, on those meanings.") (emphasis in original). The Jakobsson Report provides the following inadmissible opinions.

### 1. The "Receiving" Limitations ('219 Patent)

[redacted]

███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████

This analysis is not admissible. ████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████

Even if Dr. Jakobsson were permitted to construe the claims (he is not), his claim construction analysis is wrong. ████████████████████████████████
████████████████████████████████████ None of those words are in the claim language or mandated by the intrinsic record.

In addition, the Jakobsson Report improperly compares the Accused Product to the specification, prosecution history, and alleged prior art references to assess infringement. That is not a proper infringement analysis under the law. *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1316-17 (Fed. Cir. 2015) ("Determining infringement requires two steps: construing the claims and comparing the properly construed claims to the accused product."). For these reasons, RPost respectfully requests that the Court exclude Dr. Jakobsson from testifying regarding these paragraphs.

███████████████████████████████████████

### 2.  "Non-Interested Third Party" ('219 Patent)

███████████████████████████████████████

████████████████████



███████████████████████████████████████

███████████████████████████████████████

█

This analysis is not admissible. The Court expressly construed the term "non-interested third party" as "a party who carries out the authentication function without bias and without the participation of the sender or the recipient." *Markman* Order at 43. A proper infringement analysis compares the Accused Product solely to the Court's construction, not to the prosecution history.

### 3.  "An Indicia of a Time of Successful Transmission of the Dispatch to the Recipient" ('219 Patent)

███████████████████████████████████████

███████████████████████████████████████

████ The Court, however, expressly construed the limitation "an indicia of a time of successful transmission of the dispatch to the recipient" to mean "data that represents the time

at which the dispatcher forwarded the dispatch for delivery such that the recipient may later be able to receive the dispatch and where the data is obtained without any cooperation from the recipient." *Markman* Order at 33-34. Adobe and its experts must apply that construction to evaluate infringement, and, for that reason, RPost respectfully requests that the Court exclude these opinions from the jury.

### 4. Comparing the Accused Product to the '372 and '624 Patent Specification as Part of Noninfringement Opinions

Comparing the Accused Product to the specification (or what the specification identifies in the background) to determine noninfringement is not a proper infringement analysis. Rather, the legal test is to apply the claims as construed to the Accused Product. *Advanced Steel Recovery*, 808 F.3d at 1316-17. Because these paragraphs do not do that, RPost respectfully requests that the Court exclude these opinions.

### 5. "Portion of a Mail Transport Protocol Dialog" ('372 Patent)

The Court construed the term "mail transport protocol dialog" as "data including a list of at least one command and at least one response exchanged between devices during the transmission of a message." *Markman* Order, at 87. In reaching this construction, the Court concluded that "[t]o the extent Defendants propose that the mail transport protocol dialog can only contain a list of commands and responses, Defendants' proposal is expressly rejected." *Id.* at 86. The Court expressly found that the dialog could include data other than commands and responses. *Id.* Regarding the "portion" aspect, the Court held that it did not require a separate construction. *Id.* at 87. The Court expressly rejected Defendants' proposal that the "portion"

term "must include at least one command and at least one response." *Id.* at 86-87.  In light of that finding, the Court concluded that no further construction was necessary. *Id.* at 86.

The Jakobsson Report does not apply the Court's constructions. ███████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████ That analysis does not apply the Court's construction. The Court construed the claimed "dialog" as "data *including* a list of at least one command and at least one response exchanged between devices during the transmission of a message." *Markman* Order at 87 (emphasis added). A "portion" of that "dialog" is simply that—a "portion." The Court's construction does not dictate which portion or how much of the dialog must be stored. Because Dr. Jakobsson does not apply the Court's construction, RPost respectfully requests that the Court preclude Dr. Jakobsson from offering these opinions before the jury.

**B.    The Jakobsson Report Opines on a Legal Issue That Is Not Relevant for the Jury**

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███ These opinions are not relevant to a factual dispute before the jury. The Federal Circuit has stated "on numerous occasions that whether prosecution history estoppel applies, and hence whether the doctrine of equivalents may be available for a particular claim limitation, presents a question of law" for the Court, not questions of fact for a jury. *Festo v. Shoketsu Kinzoku Kogyo Kabushiki*, 344 F. 3d 1359, 1367-68 (Fed. Cir. 2003) (en banc). Adobe agrees that it will not present through Dr. Jakobsson the ultimate prosecution history estoppel question but still

[REDACTED]

seeks to have Dr. Jakobsson discuss the underlying prosecution history events for "context." But, the only context of that discussion is in connection with Dr. Jakobsson's prosecution history disclaimer opinions, which is not a question the jury will answer. For that reason, RPost respectfully requests that the Court preclude Dr. Jakobsson from presenting this testimony before the jury.[1]

### C. The Jakobsson Report Compares the Accused Product to the RPost Product Without Any Analysis

Lastly, the Jakobsson Report purports to compare RPost's product to the Accused Product. [REDACTED] Those opinions are not reliable, nor are they helpful to the jury to determine a fact issue. [REDACTED]

[REDACTED] Lacking that foundation, there is no basis to allow Dr. Jakobsson to offer these opinions to the jury.

---

[1] [REDACTED] Before the stay, the Court denied Defendants' intervening rights summary judgment motion. *RMail Ltd. v. DocuSign, Inc.*, No. 2:11-CV-299, Doc. No. 55 at 83-85 (E.D. Tex. Oct. 29, 2013). In the meet-and-confer, Adobe agreed that it would not rely upon paragraphs [REDACTED] in the Jakobsson Report.

## IV. CONCLUSION

For the foregoing reasons, RPost respectfully requests that the Court strike the above-referenced portions of the Jakobsson Report and preclude Dr. Jakobsson from offering those opinions at trial.

Dated: April 29, 2019

Respectfully submitted,

/s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs*
*RPost Holdings, Inc., RPost Communications Limited, and Rmail Limited*

## CERTIFICATE OF SERVICE

I certify that the foregoing sealed document and all attachments thereto are being served via email on all counsel of record on this April 29, 2019.

                                                  /s/ William E. Davis, III
                                                  William E. Davis, III

## CERTIFICATE OF CONFERENCE

I certify that, on April 28, 2019, Christian Hurt, counsel for Plaintiffs, met and conferred telephonically with Ryan Casamiquela, counsel for Defendant Adobe Inc., and that this motion is opposed. The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                  /s/ William E. Davis, III
                                                 William E. Davis, III