# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al., | |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC., et al., | **Civil Action No. 2:10-CV-258-JRG** (Lead Case) |
| DOCUSIGN, INC., | Civil Action No. 2:11-cv-299-JRG |
| RIGHTSIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., | Civil Action No. 2:11-cv-300-JRG |
| ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., | Civil Action No. 2:11-cv-325-JRG |
| Defendants. | |

**PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF NISHA M. MODY**

Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc.'s (collectively "RPost") respectfully request that the Court exclude defendant RightSignature, LLC ("RightSignature") damages expert Dr. Nisha M. Mody from giving anticipated expert testimony, pursuant to Federal Rule of Evidence 702 and *Daubert,* about certain subject matter as expressed in her April 15, 2019 rebuttal expert report regarding damages ("Mody Report"). Specifically, Dr. Mody should be precluded from testifying about: 1) alleged noninfringing alternatives that RightSignature did not disclose during discovery; 2) the ███████ license agreement, which are not technically or economically comparable; and 3) the Asserted Patents being limited to email. For the reasons explained below, RPost's Motion should be granted.

## I. BACKGROUND

This is a patent-infringement case that involves four patents, U.S. Patent Nos. 6,182,219 ("the '219 Patent"); 6,571,334 ("the '334 Patent"); 7,707,624 ("the '624 Patent"); and 7,966,372 ("the '372 Patent"). This case was stayed in 2014 as the case was approaching trial. After the stay lifted in 2018, RightSignature submitted a rebuttal report from Dr. Nisha M. Mody, attached as Exhibit 1, relating to damages. RPost now moves to exclude portions of Dr. Mody's testimony.

## II. APPLICABLE LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under the rule, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" the following four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The burden is on the party offering the testimony to show that it is admissible. *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 U.S. Dist. LEXIS 127964, at *7-8 (E.D. Tex. Aug. 11, 2017) ("The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable.") (quotation and citation omitted).

### III.  ARGUMENT

#### A. The Mody Report Relies on Alleged Noninfringing Alternatives that RightSignature Did Not Disclose During Discovery

In her rebuttal report on damages, Dr. Mody relies on several alleged noninfringing alternatives:



However, none of these alleged noninfringing alternatives were disclosed by RightSignature during discovery, thus Dr. Mody's testimony should be stricken.

Rule 37(c)(1) provides that "[i]f a party fails to provide information … the party is not allowed to use that information … to supply evidence … at a trial, unless the failure was

substantially justified or harmless." That Rule applies to a party's failure to disclose alleged noninfringing alternatives. *Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2017 U.S. Dist. LEXIS 183216, at *37–47 (E.D. Tex. Nov. 4, 2017).

Striking Dr. Mody's testimony regarding noninfringing alternatives is appropriate in these circumstances. RPost was led to believe during discovery that RightSignature would not rely on any noninfringing alternatives. RPost did not conduct further discovery into the alleged alternatives discussed by Dr. Mody or Dr. Edward Tittel (RightSignature's technical expert) and Dr. Almeroth (Plaintiffs' infringement expert) and Dr. Ugone (Plaintiffs' damages expert) were unable to address these alternatives in their opening reports because RightSignature never disclosed these alleged noninfringing alternatives.

RPost sought discovery regarding noninfringing alternatives to avoid this



██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████ RPost also sought corporate testimony from RightSignature regarding noninfringing alternatives. Ex. 3, at 7 (topic 8), 8 (topic 17), 9–10 (topics 18–27). ██████████

██████████████████████████████████████████████

████████████████████████████ RightSignature did not identify any alleged alternatives. *See id.*

The Mody Report, served in rebuttal and served contemporaneously with Dr. Tittel's report, was the first time RightSignature disclosed an alleged noninfringing alternative. ██████

████ That late disclosure is not substantially justified or harmless. RPost requests that the Court exclude it under Rule 37.

> **B.     The Mody Report Relies on ██████████, Which is Not Comparable to the Patents-in-Suit, and ██████████████, Which is Not Economically Comparable.**

The Mody Report relies on a license to ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████ Dr. Tittel did not find ████████ to be technically comparable, and Dr. Mody did not find the agreement to be economically comparable, which means that the ████████ license agreement are unreliable and irrelevant, and any testimony about them should be excluded.

██████████████████████████████████ ██████████████

██████████████████████████

██████████ RPost respectfully requests that the Court exclude testimony concerning ██████████.

The Federal Circuit "has long required district courts performing reasonable royalty calculations to exercise vigilance when considering past licenses to technologies other than the patent in suit." *ResQNet.com v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010). "[A]lleging a loose or vague comparability between different technologies or licenses does not suffice." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012). "[W]hen relying on past licenses to support an opinion regarding a reasonable royalty reached through a hypothetical negotiation," the expert testimony must "opine on both the technological and economic comparability of such past licenses." *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 U.S. Dist. LEXIS 94016, at **10-11 (E.D. Tex. May 25, 2017).

██████████ is not technically or economically comparable, as explained in Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Edward Tittel (Dkt. 714, at 7-8), which RPost incorporates by reference herein. ██████████


██████████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████ Dr. Mody should not be permitted to render any opinions or alter her previously stated opinions based on the outcome of the court's ruling, if any, as to Dr. Ugone's use of ███████████.

Dr. Mody's opinions about ████████████████████████████, as well as her contingency opinion in footnote 150, should be excluded.

**III.   Because Dr. Tittel Improperly Limits the Asserted Patents to Email, Dr. Mody's Reliance on Dr. Tittel's Opinion Renders Her Opinion.**

Dr. Tittel improperly limits the Asserted Patents to email, as explained in Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Edward Tittel (Dkt. 714, at 4), which RPost incorporates by reference herein. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Because Dr. Tittel took a view of the claims contrary to the Court's construction, RPost respectfully requests that the Court strike those Dr. Mody's opinions that are based on Dr. Tittel limiting the claims to email. ███████████

**IV. CONCLUSION**

For the foregoing reasons, RPost respectfully requests that the Court exclude the above-referenced testimony of Dr. Mody.

DATED April 29, 2019

Respectfully submitted,

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs*
*RPost Holdings, Inc., RPost*
*Communications Limited, and Rmail*
*Limited*

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing sealed document is being served via email on all counsel on this 29th day of April 29, 2019.

/s/ William E. Davis, III
William E. Davis, III

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs (Christian Hurt) met and conferred with counsel for Defendant (Jackob Ben-Ezra) and Defendant has indicated it is opposed to the relief requested in this motion.

/s/ William E. Davis, III
William E. Davis, III