**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>Defendant. | **Civil Action No. 10-cv-258JRG**<br>(Lead Case) |
| RMAIL LIMITED; RPOST COMMUNICATIONS LIMITED; and RPOST HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOCUSIGN, INC., a Washington corporation,<br><br>Defendant. | Civil Action No. 11-cv-299JRG<br><br>Civil Action No. 11-cv-300JRG<br><br>Civil Action No. 11-cv-325JRG |

**DOCUSIGN'S REDACTED DAUBERT MOTION TO EXCLUDE THE OPINIONS OF
DR. KEITH UGONE**

███████████████████████████████

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ......................................................2

      ███  ██████████████████████████████████████████

      ███  ██████████████████████████████████████████

      ███  ██████████████████████████████████████████

      D.    Dr. Ugone's Flawed Damages Methodology ........................................6

III.   ARGUMENT .......................................................................................................7

      A.    Dr. Ugone's Damages Calculation Should Be Struck ████████████

            ██████████████████████████████████████████

      B.    Dr. Ugone's Opinion Fails To Apportion Damages In Relation To The
            Incremental Benefits Of The Patents In Suit. ....................................10

            ███  ███████████████████████████████
                   ████████████████████████████████████

            ███  ███████████████████████████████
                   ████████████████████████████████████

            ███  ███████████████████████████████
                   ████████████████████████████████████

IV.    CONCLUSION ...................................................................................................15

## TABLE OF AUTHORITIES

**Page**

### Cases

*AstraZeneca AB v. Apotex Corp.*,
  782 F.3d 1324 (Fed. Cir. 2015)............................................................................13

*Axcess Int'l, Inc. v. Savi Techs., Inc.*,
  2013 WL 6839112 (N.D. Tex. Jan. 25, 2013) .......................................................11

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
  2013 WL 831528 (N.D. Cal. Jan. 10, 2013)..........................................................11

*Cornell Univ. v. Hewlett-Packard Co.*,
  2008 WL 2222189 (N.D.N.Y. May 27, 2008).......................................................11

*Cornell Univ. v. Hewlett-Packard Co.*,
  609 F. Supp. 2d 279 (N.D.N.Y. 2009) ............................................................11, 14

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018) ..............................................................................13

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014).............................................................................10

*Finjan, Inc. v. Sophos, Inc.*,
  No. 14-CV-01197-WHO, 2016 WL 4268659 (N.D. Cal. Aug. 15, 2016)..............13

*Gjerlov v. Schuyler Labs., Inc.*,
  131 F.3d 1016 (Fed. Cir. 1997)..............................................................................13

*Golden Bridge Tech. v. Apple Inc.*,
  2014 WL 2194501 (N.D. Cal. May 18, 2014) .......................................................11

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999)...........................................................................7, 8

*Info-Hold, Inc. v. Muzak LLC*,
  2013 WL 4482442 (S.D. Ohio Aug. 20, 2013),
  *reconsideration denied*, 2013 WL 6008619 (S.D. Ohio Nov. 13, 2013) ................11

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ................................................................................11

*MiiCs & Partners, Inc. v. Funai Elec. Co.*,
  No. CV 14-804-RGA, 2017 WL 6268072 (D. Del. Dec. 7, 2017) ......................9, 10

*Network Prot. Scis., LLC v. Fortinet, Inc.*,
   2013 WL 5402089 (N.D. Cal. Sept. 26, 2013) .......................................................................11

*Propat Int'l Corp. v. Rpost, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007) .............................................................................3, 4, 8

*Propat v. RPost*,
   Nos. 06-1222, 06-1223., 2006 WL 1287726 at 16-17 (Fed. Cir. April 10, 2006).....................4

*RPost v. Zix Corporation*,
   2:11-cv-00064-JRG, Dkt. 1 (E.D. Tex. Jan. 31, 2011) ...........................................................5

*Sloan Valve Co. v. Zurn Indus., Inc.*,
   2014 WL 1245101 (N.D. Ill. Mar. 26, 2014) .......................................................................11

*Sloan Valve Co. v. Zurn Indus., Inc.*,
   33 F. Supp. 3d 984 (N.D. Ill. 2014) ........................................................................ 13, 14, 15

*Uniloc USA. v. Microsoft.*,
   632 F.3d 1292 (Fed. Cir. 2011).............................................................................7

*VirnetX Inc. v. Cisco Sys., Inc.*,
   No. 6:10-CV-417, 2013 WL 789288 (E.D. Tex. Mar. 1, 2013) ........................................11, 13

*Whitserve, LLC v. Computer Packages, Inc.*,
   694 F.3d 10 (Fed. Cir. 2012) .............................................................................9

*Wi-Lan Inc. v. Alcatel-Lucent USA Inc.*,
   No. 6:10-CV-521, 2013 WL 10404065 (E.D. Tex. June 28, 2013)...................................11, 12

## Statutory Authorities

35 U.S.C. § 284.............................................................................14

███████████████████████████████

## I.     INTRODUCTION

On April 1, 2019, Dr. Keith Ugone submitted an expert damages report (the "Ugone Report") on behalf of Plaintiffs RMail Limited; RPost Communications Limited; and RPost Holdings, Inc. ("RPost"). ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████    Dr. Ugone's report contains a number of methodological flaws that undermine the reliability of his opinions.  Indeed, the Ugone Report relies upon many key considerations that lack a logical or legal basis.  DocuSign accordingly submits this *Daubert* motion to exclude Dr. Ugone's opinions.

While Dr. Ugone's opinions are flawed in myriad ways, DocuSign's motion addresses only the most significant flaws in the Ugone Report. ██████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

███████████████████████████

████████████████████████████████████

██████   ███████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████ Taken

together, these flaws seriously undermine the reliability of Dr. Ugone's opinions and warrant

exclusion of the same under *Daubert*.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Prior to the stay in this matter, RPost served a damages expert report from its previous

expert.  This lawsuit was then stayed for nearly five years pending resolution of an ownership

dispute concerning the patents-in-suit.  *See* Dkt. 563.  In that dispute, RPost co-founder Kenneth

Barton alleged that RPost's co-founders Zafar Khan and Terrance Tomkow committed corporate

fraud against him.  *Id* at 4-5.  ██████████████████████████████████

███████████████████ the stay in this lawsuit was lifted on December 10, 2018.  Dkt. 634.

On April 1, 2019, RPost's new expert, Dr. Keith Ugone, submitted a new expert report

concerning damages.  ████████████████   ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

██  ████████████████████████████████

Propat sued RPost for patent infringement and alleged it was the owner of one of the Feldbau Patents, U.S. Patent No. 6,182,219 ("the '219 patent").  *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1188-89 (Fed. Cir. 2007).  The Propat litigation did not include the other three patents-in-suit.  *See id.*

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████  ████████  ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

██████████████████  ██████████  ████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

3

██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

     The trial court found that Propat lacked standing to enforce the patent and the true owner of the patent was instead Authenticational Technologies Ltd. ("Authentix").  *Id.* at 1188-1189. While Authentix had granted Propat a bare license to the subject patent, that license did not include any kind of proprietary interest in the patent.  *Id.* at 1189, 1191.  The license allowed Propat to sublicense the patent only if it "obtain[ed] prior approval' from Authentix" (*id.* at 1190),███████████ ███████████████████████████  Authentix also retained a further veto power over Propat's licensing decisions.  *Id.* at 1191.  The Federal Circuit affirmed the trial court holding.  *See id.* at 1189, 1195. The *Propat v. Rpost* litigation was dismissed in 2005.  Ex. 1 at ¶ 26.

████    ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████    ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████  ████  ███████████████

---

[1] ███████████████████████████████████████████████████████
████████████████████████████████████████████Instead, Propat asserted that it was not required to seek approval from Authentix to bring suit against RPost—an argument the Federal Circuit rejected—████████████████████████████████  Brief of Appellant Propat International Corp., *Propat v. RPost*, Nos. 06-1222, 06-1223., 2006 WL 1287726 at 16-17 (Fed. Cir. April 10, 2006).

In 2011, RPost sued Zix for patent infringement of the Feldbau patents. *RPost v. Zix*

*Corporation*, 2:11-cv-00064-JRG, Dkt. 1 (E.D. Tex. Jan. 31, 2011). ████████████

5

**D.**   **Dr. Ugone's Flawed Damages Methodology**



## III.    ARGUMENT

Dr. Ugone's opinions should be excluded.  A damages opinion based on "arbitrary, unreliable, and irrelevant" methodologies or conclusions "fails to pass muster under *Daubert* and taints the jury's damages calculation."  *Uniloc USA. v. Microsoft.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).  It is well-settled that such damages opinions must be excluded under *Daubert* and the federal rules of evidence.  *See id.*  In order to be admissible, a damages opinion must present "sound [] proof" of the "likely outcomes" associated with a hypothetical negotiation.  *See Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999).

   **A.**

█████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

████████████████████████████████████

████████████████ As the Federal Circuit held, Propat was not the owner of the Feldbau patent, and lacked authority to enforce the same. *See Propat*, 473 F.3d at 1188-91. Instead, the true owner was Authentix, an entity that was not a party to the litigation between Propat and RPost. *See id*. While Authentix and Propat entered into an agreement that granted RPost a bare license to the Feldbau patent, this agreement did not give Propat any kind of proprietary rights to the patent. *Id*. Nor did the agreement give Propat the right to unilaterally offer or grant licenses without Authentix's express prior approval. *See id*. █████████████████████████

██████████████████████████████ ███████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ ████████████████████████



As the Federal Circuit has held, the "evidentiary value [of mere proposals] is limited . . . by, *inter alia,* the fact that patentees **could artificially inflate the royalty rate by making outrageous offers**." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 30 (Fed. Cir. 2012) (emphasis added). ███████████████████████

███████████████████████████ *MiiCs & Partners, Inc. v. Funai Elec. Co.*, No. CV 14-804-RGA, 2017 WL 6268072, at *4 (D. Del. Dec. 7, 2017) (unaccepted offers made in litigation have "limited, if any, value for determining a reasonable royalty" and are unlikely "to reflect the value of the claimed invention.").

The *MiiCs & Partners* case is instructive. *Id*. at *4.  In *MiiCs & Partners*, the patentee's damages expert based his damages calculation on a "a single, unaccepted offer for a license . . . as a starting point assumption" for the patent-in-suit.  *Id.* ███████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████ Further, as the court noted in *MiiCs & Partners*, the subject offer was made in the shadow of litigation, which further undermined its reliability.  *Id.*  In light of these factors, the Court excluded the plaintiff's damages opinion under *Daubert*, holding that the "unaccepted offer [wa]s an improper starting point" for the hypothetical negotiation.  *Id.* at *4, 7.

████████████████████████████████████████

████████████████████████████████████████

██████████████████

████████████████████████████████████

███████████████ ███████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████ █

**B.      Dr. Ugone's Opinion Fails To Apportion Damages In Relation To The Incremental Benefits Of The Patents In Suit.**

It is axiomatic in a patent case that the calculation of damages must be tied to the benefit derived from the claimed invention.  *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)  "The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product."  *Id.* ███

████████████████████████████████████████

████████████████████████████████████████

─────────────────────────

█ ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

███████████████████████████

████████████████████  ███████████

███████████████████████  █████████

███████████████████████████████████

████████████████████████████

██  ███████████████████████████
████████████████████

In cases where "small elements of multi-component products are accused of infringement, calculating a royalty on the entire product" is improper because it "carries a considerable risk that the patentee will be improperly compensated for non-infringing components of that product." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012).  A patentee may not calculate damages based on the entire value of the accused product "without showing that the demand for the entire product is attributable to the patented feature."  *Id.* at 67-68.  When a patentee's expert violates this rule, that expert's opinion should be excluded.  *See Wi-Lan Inc. v. Alcatel-Lucent USA Inc.*, No. 6:10-CV-521, 2013 WL 10404065, at *3-4 (E.D. Tex. June 28, 2013) (excluding opinion directed at entire value of accused product).[4]

---

[4]   *See also Cornell Univ. v. Hewlett-Packard Co.*, 2008 WL 2222189, at *2 (N.D.N.Y. May 27, 2008) (holding that a district court "*must* exercise its discretion to exclude the proffered testimony" where the purported expert's reasonable royalty analysis lacks "sound economic and factual predicates"); *Golden Bridge Tech. v. Apple Inc.*, 2014 WL 2194501, at *5-6 (N.D. Cal. May 18, 2014) (testimony excluded where expert used entire market value without analyzing whether demand was based on the claimed invention); *Sloan Valve Co. v. Zurn Indus., Inc.*, 2014 WL 1245101, at *6-9 (N.D. Ill. Mar. 26, 2014) (same); *Network Prot. Scis., LLC v. Fortinet, Inc.*, 2013 WL 5402089, at *8 (N.D. Cal. Sept. 26, 2013) (same); *Info-Hold, Inc. v. Muzak LLC*, 2013 WL 4482442, at *4 (S.D. Ohio Aug. 20, 2013) (testimony excluded because expert used entire market value without providing any demand analysis) *reconsideration denied*, 2013 WL 6008619 (S.D. Ohio Nov. 13, 2013); *VirnetX Inc. v. Cisco Sys., Inc.*, 2013 WL 789288, at *2 (E.D. Tex. Mar. 1, 2013) (testimony excluded because expert did not limit royalty base to the smallest salable patent-practicing unit); *Axcess Int'l, Inc. v. Savi Techs., Inc.*, 2013 WL 6839112, at *2-5 (N.D. Tex. Jan. 25, 2013) (testimony excluded because expert did not say whether the royalty base was the smallest salable patent-practicing unit or give any reason why it would be); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 831528, at *13-15 (N.D. Cal. Jan. 10, 2013) (vacating damages award where expert testified to jury on entire market value but failed to prove demand).

*See Wi-Lan Inc. v. Alcatel-Lucent USA Inc.*, 2013 WL 10404065, at *3 (E.D. Tex. June 28, 2013) (excluding the patentee's expert opinion that assigned a royalty rate based on "the level of revenue at issue[,]" without any attempt to apportion value in relation to the patented technology).

2.

---

5

12

"The royalty base for reasonable royalty damages cannot include activities that do not constitute patent infringement, as patent damages are limited to those 'adequate to compensate for the infringement.'" *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) (citing 35 U.S.C. § 284). Where a damages expert bases damages on non-infringing products, the opinion is improper, and the finder of fact cannot rely on the expert's opinion to award damages. *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 412 (Fed. Cir. 2018). The Federal Circuit routinely strikes damages awards where the damages are based on non-infringing activities. *Id.*; *AstraZeneca AB*, 782 F.3d at 1345; *Gjerlov v. Schuyler Labs., Inc.*, 131 F.3d 1016, 1024 (Fed. Cir. 1997). At the district court level, courts routinely exclude damages opinions on *Daubert* grounds where the opinions are directed to non-infringing activities. *See, e.g., VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2013 WL 789288, at *2 (E.D. Tex. Mar. 1, 2013) (excluding damages opinion where expert did not even "attempt[] to remove non-infringing elements"); *Sloan Valve Co. v. Zurn Indus., Inc.,* 33 F. Supp. 3d 984, 998 (N.D. Ill. 2014) (excluding damages opinion on *Daubert* grounds where royalty base included non-infringing components); *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4268659, at *6



(N.D. Cal. Aug. 15, 2016) (excluding damages opinion as to apportionment for including non-infringing products).

The *Sloan Valve v. Zurn Indus.* case is instructive.  33 F. Supp. 3d at 998.  In *Sloan*, the plaintiff's damages expert included profits from the sale of non-infringing collateral products in his royalty calculation.  *Id.* at 997.  The plaintiff's expert based his inclusion of non-patented items

████████████████████████████████████████

on *Georgia-Pacific* Factor # 6, which advises consideration of convoyed sales as a qualitative factor to be considered when determining the royalty rate. *Id*. at 997-998. However, the plaintiff's expert in *Sloan* did not adjust his royalty ***rate*** in view of these collateral non-infringing products; instead, he increased the royalty ***base***. The "[c]alculation of a reasonable royalty . . . requires determination of two separate quantities—a royalty base, or the revenue pool implicated by the infringement, and a royalty rate, the percentage of that pool 'adequate to compensate' the plaintiff for that infringement." *Id*. These two quantities, "though related, are distinct." *Id*. While a royalty *rate* may be adjusted in light of convoyed sales, a royalty *base* cannot be so adjusted. *Id*. Instead, the royalty base ***must reflect*** the revenue pool for infringing products alone. *Id*. Because the plaintiff's expert in *Sloan* adjusted the royalty ***base*** to account for convoyed sales, his opinion was excluded on Daubert grounds. *Id*. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████   ████████████████

███████████████████████████████████

## IV.   CONCLUSION

For the reasons discussed above, the Court should grant DocuSign's motion to exclude Dr. Ugone's damages opinion.

DATED: April 29, 2019

*/s/ Claude M. Stern*

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN Bar No.
24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

**Attorneys for Defendant DocuSign, Inc.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on April 28, 2018, counsel for Defendant DocuSign (David Eiseman and Lance Yang) and counsel for Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc. (Bo Davis, Edward Chin, and Christian Hurt) met and conferred telephonically in compliance with Local Rule CV-7(h) regarding the relief requested herein.  Plaintiffs and Defendant DocuSign discussed the relief requested herein and were unable to reach an agreement, leaving the parties at an impasse. Plaintiffs indicated that they therefore opposed the present motion.

*/s/  Lance Yang*
Lance Yang

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

In compliance with Local Rule CV-5(a)(7), the undersigned certifies that this document and certain supporting declarations and exhibits are being filed under seal pursuant to the terms of the Protective Order approved and entered in this case on March 26, 2013 [Dkt. 330].

<em>/s/  Lance Yang</em><br>
Lance Yang

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on April 29, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).  All documents filed under seal will be served on counsel for Plaintiffs by email.

*/s/  Lance Yang*
Lance Yang