# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED,<br><br>                Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>                Defendant. | **Civil Action No. 10-cv-258JRG**<br>(Lead Case) |
| RMAIL LIMITED; RPOST COMMUNICATIONS LIMITED; and RPOST HOLDINGS, INC.,<br><br>                Plaintiffs,<br><br>   v.<br><br>DOCUSIGN, INC., a Washington corporation,<br><br>                Defendant. | Civil Action No. 11-cv-299JRG<br><br>Civil Action No. 11-cv-300JRG<br><br>Civil Action No. 11-cv-325JRG |

# DEFENDANTS' OPPOSITION TO
# PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO
# <u>INVALIDITY IN VIEW OF ALLEGED PRIOR PUBLICATIONS</u>

**TABLE OF CONTENTS**

**Page**

I. THE EVIDENTIARY RECORD SUPPORTS A FINDING THAT THE CONTESTED REFERENCES CONSTITUTE PRINTED PUBLICATIONS UNDER 35 U.S.C. § 102 ..................................................................................................1

    A. Schneier 1996.................................................................................................2

    B. Coffey ............................................................................................................4

    C. Haber..............................................................................................................5

    D. Herda..............................................................................................................6

    E. Akl..................................................................................................................7

    F. CEM ...............................................................................................................8

II. CONCLUSION............................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Blue Calypso, LLC v. Groupon, Inc.*,
  815 F.3d 1331 (Fed. Cir. 2016) ................................................................................................ 3, 4

*Constant v. Advanced Micro–Devices, Inc.*,
  848 F.2d 1560 (Fed.Cir.1988) ...................................................................................................... 1

*Cooper Cameron Corp. v. Kvaerner Oilfield Prods.*,
  291 F.3d 1317, 1321 (Fed.Cir.2002) ............................................................................................ 1

*Cornell Univ. v. Hewlett–Packard Co.*,
  No. 01–cv–1974, 2008 WL 11274580 (N.D.N.Y. May 14, 2008) .............................................. 3

*In re Cronyn*,
  890 F.2d 1158 (Fed.Cir.1989) ...................................................................................................... 1

*In re Klopfenstein*,
  380 F.3d 1345 (Fed.Cir.2004) ...................................................................................................... 1

*In re Lister*,
  583 F.3d 1307 (Fed.Cir.2009) ...................................................................................................... 1

*Paice LLC v. Ford Motor Company*,
  881 F.3d 894 (Fed. Cir. 2018) ...................................................................................................... 3

*Source Search Techs., LLC v. LendingTree, LLC*,
  No. 04-4420, 2008 WL 5638262 (D.N.J. July 8, 2008) .......................................................... 5, 7

### **Statutory Authorities**

35 U.S.C. § 102 .................................................................................................................................. 1

This Court should deny Plaintiffs' Motion for Partial Summary Judgment of No Invalidity in View of Alleged Prior Publications ("Motion"). In its Motion, Plaintiffs address solely the report of Defendant's expert, Dr. Clark. However, the evidence related to the printed publication status of a document are percipient facts, not expertise, and need not be contained in an expert report. Moreover, Plaintiffs ignore substantial evidence in the record supporting a finding that each one of the contested prior art references constituted a printed publication prior to the critical date of the respective patents. The evidence shows that the contested references were printed publications under 35. U.S.C. § 102 and Plaintiffs' Motion should be denied.

## I. The Evidentiary Record Supports a Finding That the Contested References Constitute Printed Publications Under 35 U.S.C. § 102[1]

When considering whether a given reference qualifies as a prior art "printed publication," the key inquiry is whether the reference was made "sufficiently accessible to the public interested in the art" before the critical date. *In re Cronyn*, 890 F.2d 1158, 1160 (Fed.Cir.1989) (quoting *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 1568 (Fed.Cir.1988)). "Whether a reference is publicly accessible is ***determined on a case-by-case basis based on the 'facts and circumstances*** surrounding the reference's disclosure to members of the public.'" *In re Lister*, 583 F.3d 1307, 1311 (Fed.Cir.2009) (quoting *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed.Cir.2004)) (emphasis added).

"Whether an anticipatory document qualifies as a 'printed publication' under § 102 is a legal conclusion based on underlying factual determinations." *Cooper Cameron Corp. v. Kvaerner Oilfield Prods.*, 291 F.3d 1317, 1321 (Fed.Cir.2002). Plaintiffs' Motion makes much of an alleged failure by Dr. Clark to analyze whether identified non-patent references qualify as printed publications. Dkt. 721 at 4-5. However, Defendants can rely on other sources to establish

---

[1] This opposition does not address the contested Hyperlink reference. Defendant's no longer intend to rely on this reference.

that the contested references are printed publications. While claiming that "no facts are in dispute", Plaintiffs neglect to present all relevant facts. Dkt. 721 at 3. The full record demonstrates that each reference qualifies as a printed publication.

### A. Schneier 1996[2]

With regard to those contested references relevant to U.S. Patent Nos. 6,182,219 (the "'219 patent") and 6,571,334 (the "'334 patent") (collectively the "Feldbau Patents"), the specification of the '219 and '334 patents admits that many publications are prior art, and those admissions establish that the contested references are applicable printed publications.

Specifically, the Feldbau patents cite to a 1996 book by Schneier, which Dr. Clark also describes in his expert report. Ex. 1, Clark Report at ¶¶ 124, 255.[3] The Feldbau patents admit Schneier is prior art, describing it as an "excellent publication relating to encryption, authentication, public-key cryptography and to cryptography and data security in general." *See* Dkt. 652-2, '219 patent at 2:9-22, 18:30-33. The Feldbau patents further state that Schneier includes "additional references to multiple sources." *Id*. Finally, the Feldbau patents specifically incorporate by reference those additional references disclosed by Schneier. *Id.* at 18:30-33, 19:7-8. The shared specification of the Feldbau patents states:

> ***Various cryptographic schemes are known in the prior art*** for encrypting and for authenticating digital data and/or its author. . . . An excellent publication relating to encryption, authentication, public-key cryptography and to cryptography and data security in general, as well as applications thereof and additional ***references to multiple sources can be found in* [1].**

\*\*\*

---

[2] B. Schneier, "Applied Cryptography; Protocols, Algorithms, and Source Code in C;" (2nd Ed. 1996) ("Schneier"). Ex. 2, DOCU0004263.
[3] Plaintiffs Motion does not challenge Schneier's status as a printed publication. However, it is addressed in this opposition as it is relevant to whether other contested references are also printed publications.

> BIBLIOGRAPHY AND REFERENCES
>
> **[1]** *"Applied Cryptography (2nd Edition)", (Schneier Bruce, John Wiley & Sons, 1996).*
>
> ***
>
> *The references and publications described by the above-mentioned articles are incorporated herein by reference.*

*Id*. 2:9-22, 18:30-33, 19:7-8 (emphasis added). Therefore, not only do the Feldbau patents explicitly admit that Schneier is prior art, but they also incorporate by reference those "references and publications" described therein. *See Paice LLC v. Ford Motor Company*, 881 F.3d 894, 907 (Fed. Cir. 2018) (finding that application statement indicating incorporation of a reference without identifying a specific portion thereof was sufficient to incorporate the reference in its entirety). By incorporating by reference Schneier and its cited references, the inventors acknowledged that Schneier and its cited references are prior art printed publications.

Schneier also provides a research aid to anyone seeking to access the contested references. Plaintiffs challenge whether the contested references were sufficiently indexed or cataloged to constitute printed publications. However, the Federal Circuit has "previously recognized that the presence of a 'research aid' can also establish public accessibility." *Blue Calypso, LLC v. Groupon, Inc*., 815 F.3d 1331, 1350 (Fed. Cir. 2016). "[A] published article with an express citation to the potentially invalidating reference would similarly provide the necessary guidance" for a skilled artisan to access the reference. *Id.* (citing Cornell Univ. v. Hewlett–Packard Co., No. 01–cv–1974, 2008 WL 11274580, at *6-7 (N.D.N.Y. May 14, 2008) (finding that an article in a "seminal publication in the field of electrical engineering" with an explicit citation to the allegedly invalidating reference was a research aid that made the sought-after reference publicly accessible). For those references not directly cited by Schneier (Coffey and Herda), Schneier cites the periodical journal in which those references were published and

3

thereby provides a sufficiently definite roadmap that would lead an interested party to the references included in those journals. *See Blue Calypso*, 815 F.3d at 1350.

The fact that the specification cites to the 1996 Schneier book indisputably shows that it was not only available to the public before Feldbau's invention but that the inventor considered that book to be a good and known example of the state of the art in cryptography. Consequently, any articles which the book itself cites must be printed publications – when a textbook refers the reader to other technical articles, such a reference establishes that those articles were accessible to the public. The Feldbau Patent specification itself thereby establishes that the contested references are printed publications.

### B. Coffey[4]

The Coffey article is asserted as prior art against both Feldbau Patents, which are entitled to a priority date no earlier than February 22, 1996. There is substantial evidence supporting the fact that Coffey was a printed publication prior to this critical date.

First, on its face Coffey states that it was included in the publication *Computer Communication Review* published by the Association of Computing Machinery ("ACM"). Ex. 3, DOCU0003897. The ACM provides an online Digital Library of articles published by the organization, indicating which publication such article was included in and when it was published. *Id.* at DOCU0003909. The ACM's library affirmatively states that the publication containing Coffey was Volume 26, Issue 1, of the publication and was "[p]ublished in" Jan. 1996. *Id.* Coffey's inclusion and publication in such a trade journal supports its status as a printed publication as being readily accessible in the interested public. *See Source Search Techs., LLC v. LendingTree, LLC*, No. 04-4420, 2008 WL 5638262, at *29 & fn. 8 (D.N.J. July 8, 2008)

---

[4] T. Coffey et al., "Non-Repudiation with Mandatory Proof of Receipt," ACM Sigcomm Computer Communication Review (Jan. 1996), Vol. 26, No. 1, pp. 6-17 ("Coffey"). Ex. 3, DOCU0003897.

(finding articles in ACM publications to constitute printed publications based only on their copyright dates.)

Second, the admitted prior art Schneier reference highlights both the relevance of the ACM and confirms the availability of its *Computer Communication Review* publication. Schneier explains that "[t]he ACM is an international computer industry organization." Ex. 2, DOCU0004263 at 4768. Moreover, Schneier provides multiple citations to *Computer Communication Review*, the same journal in which Coffey was published. Ex. 2, DOCU0004263 at 4850, 4875, and 4882 (citing reference nos. 750, 1367, 1537, respectively). Therefore, the Feldbau patents themselves, through their incorporation of Schneier, identify the *ACM Computer Communication Review* as known and available before the critical date of the patents. Plaintiffs' assertion that Dr. Clark does not provide evidence that Coffey was available is irrelevant.

Third, not only was Coffey made available in *Computer Communication Review*, additional evidence show it to have been accessed and used by others. For example, Dr. Clark, in his report, cites to the article Al-Hammadi et al., *Certified Exchange or Electronic Mail* (IEEE 1999) ("CEEM"). Ex. 1, Dr. Clark Invalidity Report at ¶227. The CEEM reference (DOCU0008986) explicitly cites to Coffey and *Computer Communication Review*, indicating that the article was known and readily accessible. Ex. 4, DOCU0008986 at 8987, 8989

### C.     Haber[5]

The Haber article is asserted as prior art against both the Feldbau patents, which are entitled to a priority date no earlier than February 22, 1996. There is substantial evidence supporting the fact that Haber was a printed publication prior to this date.

---

[5] Haber, et al., "How to Time-Stamp a Digital Document," Journal of Cryptology, Vol. 3, No. 2, pp. 99-111 (1991) ("Haber"). Ex. 5, DOCU0003984.

First, the Feldbau patents themselves, through the incorporated Schneier reference, specifically cite to Haber. Schneier relies on the Haber article for a discussion of various desired properties for a "digital timestamping protocol" and cites to Haber as a reference. Ex. 2, DOCU0004263 at 4337, 4847 (citing reference no. 683). This is dispositive of the issue. Plaintiffs cannot legitimately allege that Haber is not a qualifying printed publication to the Feldbau patents when those patents include by incorporation citations to Haber.

Second, the Haber article states on its face that it was published in the "*Journal of Cryptology*, Vol. 3, No. 2, pp. 99-111, *1991*" (emphasis added). Ex. 5, DOCU0003984. Haber was therefore available via a relevant trade journal long before the critical date of the Feldbau patents.

### D.     Herda[6]

The Herda article is asserted as prior art against both Feldbau patents, which are entitled to a priority date no earlier than February 22, 1996. There is substantial evidence supporting the fact that Herda was a printed publication prior to this date.

As Plaintiffs state, Herda was considered in the re-examination proceedings for both Feldbau patents. However, Plaintiffs assert that the reexamination requester submitted Herda to the Patent Office, cutting against accessibility because the examiner allegedly did not find it separately. Dkt. 721 at 7. Although such an argument lacks merit, it is also incorrect. Herda was identified to the Patent Office by the *applicant* during the prosecution of the '219 patent, indicating that the patent applicant considered the Herda to be prior art to the '219 patent. Ex. 7, 8/12/1999 Information Disclosure Statement. Herda was relied upon by the PTAB during the re-

---

[6]     Siegfried Herda, "Non-repudiation: Constituting evidence and proof in digital cooperation," Computer Standards & Interfaces, Vol. 17, pp. 69-79 (Jan. 1, 1995) ("Herda"). Ex. 6, DOCU0003886.

examinations of both the '219 and '334 patents, with the applicant not once objecting that Herda did not constitute prior art or a printed publication.

Herda on its face states that it was included in volume 17 of the publication *Computer Standards & Interfaces*, published in 1995. DOCU0003886. The reference also includes a copyright mark of 1995. DOCU0003886. Herda's inclusion and publication in such a trade journal supports its status as a printed publication. *See Source Search Techs.,* 2008 WL 5638262, at *29 & fn. 8.

The Feldbau patents themselves, through incorporation of Schneier, further show that the publication *Computer Standards & Interfaces* was known and available. Schneier cites to the journal *Computer Standards & Interfaces*. Ex. 2, DOCU0004263 at 4884 (citing reference no. 1566). Therefore, the Felbau patents, through their incorporation of Schneier, identify *Computer Standards & Interfaces* as a publication that was known and available before the critical date of the patents.

Finally, not only was Herda made available in the above-identified publication, it was accessed and used by others. For example, Herda was relied upon and cited by Coffey for examples of techniques based on peer-to-peer protocol. Ex. 3, DOCU003897 at 8398, 3908. This further provides proof that the Herda reference and its associated journal, *Computer Standards & Interfaces*, was known and readily accessible.

### E. Akl[7]

The Akl article is asserted as prior art against both the Feldbau patents, which are entitled to a priority date no earlier than February 22, 1996. There is substantial evidence that Akl was a printed publication prior to this date.

---

[7] Selim G. Akl, "Digital Signatures: A Tutorial Survey," Computer Vol. 16(2), pp.15-24 (Feb. 1983) ("Akl"). Ex. 8, DOCU0003876.

7

First, as with Haber, Akl is cited by the Feldbau patents themselves through their incorporation by reference of Schneier. Schneier relies on Akl to describe the general protocol for message non-repudiation. Ex.2, DOCU0004263 at 4308, 4820 (citing reference no. 28). Plaintiffs cannot assert that Akl is not a printed publication or prior art where the Feldbau patents specifically cite it through their incorporation of Schneier.

Second, the Akl article states on its face was included in the journal *Computer* with a date of February 1983. Ex. 8, DOCU0003876 at 3876-77. Akl was therefore available via a relevant trade journal 13 years before the critical date of the Feldbau patents.

### F. CEM[8]

The CEM article is asserted as prior art against both the Feldbau patents, which are entitled to a priority date no earlier than February 22, 1996. There is substantial evidence supporting the fact that CEM was a printed publication prior to this date.

CEM is also cited by the Feldbau patents through their incorporation of Schneier. Specifically, Schneier relies on and cites to CEM as a describing a report of attempts to change the "Internet Privacy-Enhanced Mail Standard." Ex.2, DOCU0004263 at 4744, 4821-22 (citing reference no. 74). Again, because Schneier, and therefore the Feldbau patents, cite CEM, it cannot be argued that the reference does not constitute a printed publication or prior art.

### II. Conclusion

The full facts and circumstances regarding the contested references show that each reference has sufficient evidence to support a showing that it is a printed publication. Therefore, Plaintiffs' Motion should be denied.

---

[8]  Bahreman et al., "Certified Electronic Mail," Proceedings of the 1994 Network and Distributed Systems Security Conference," pp. 3-19 (February 1994) ("CEM"). Ex. 9, DOCU0003857.

DATED: May 6, 2019

*Attorneys for Adobe Inc. f/k/a Adobe Systems Incorporated and Echosign, Inc.:*

/s/ Michael A. Berta
MICHAEL A. BERTA
michael.berta@arnoldporter.com
RYAN J. CASAMIQUELA
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.340

MICHAEL E. JONES
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON PC
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597 8311
Facsimile: 903.593 0846

*Attorneys for Defendant DocuSign, Inc.:*

/s/ Claude M. Stern
David A. Lowe
Lowe@LoweGrahamJones.com
Lawrence D. Graham
Graham@LoweGrahamJones.com
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN^LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH^LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

9

*Attorneys for Defendant ShareFile,
LLC f/k/a Right Signature, LLC:*

*/s/Jackob Ben-Ezra*
**David M. Barkan**
CA Bar 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

**Indranil Mukerji**
MA Bar 644059
mukerji@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

**Jackob Ben-Ezra**
TX Bar 24073907
ben-ezra@fr.com
**Caitlin M. Dean**
Texas Bar 24109797
cdean@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**Lawrence Jarvis**
Georgia Bar No. 102116
jarvis@fr.com
1180 Peachtree Street NE
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 6, 2019.

                                                   */s/ Lance Yang*
                                                   Lance Yang