**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED,<br><br>        Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>        Defendant. | **Civil Action No. 10-cv-258JRG**<br>(Lead Case) |
| RMAIL LIMITED; RPOST<br>COMMUNICATIONS LIMITED; and RPOST<br>HOLDINGS, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>DOCUSIGN, INC., a Washington corporation,<br><br>        Defendant. | Civil Action No. 11-cv-299JRG<br><br>Civil Action No. 11-cv-300JRG<br><br>Civil Action No. 11-cv-325JRG<br><br><br><br>**REDACTED** |

**DOCUSIGN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF DR. TADAYOSHI KOHNO**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    DR. KOHNO ACCURATELY APPLIED THE COURT'S CLAIM CONSTRUCTIONS
       AND PROVIDED PROPER INFRINGEMENT OPINIONS ...........................................1

       A.    "Contents of the Dispatch" ('219 Patent) and "Content Data" ('219 and '334
             Patents) (Dkt. 713-1 at ¶¶ 133, 136-37, 184, 186, 197-209)...................................1

       B.    "Receiving" Limitations ('219 Patent) (Dkt. 713-1 at ¶¶ 273-81) ........................3

       C.    "Destination of the Dispatch" ('219 Patent) (Dkt. 713-1 at ¶¶ 282-95) .................4

       D.    "Mail Transport Protocol" ('372 Patent) (Dkt. 713-1 at ¶¶ 420, 427-28)..............5

       E.    "Portion of a Mail Transport Protocol Dialog" ('372 Patent) (Dkt. 713-1 at ¶¶
             460, 464).................................................................................................................6

III.   DR. KOHNO DOES NOT PROVIDE ANY LEGAL OPINION ON PROSECUTION
       HISTORY ESTOPPEL OPINIONS (DKT. 713-1 AT ¶¶ 50-52, 371) .............................7

IV.    DR. KOHNO HAS PROPERLY RELIED ON DOCUSIGN'S USAGE DATA (DKT.
       713-1 AT ¶ 117) ..........................................................................................................7

V.     CONCLUSION ...........................................................................................................8

## TABLE OF AUTHORITIES

Cases

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
   816 F.3d 788 (Fed. Cir. 2016)...................................................................................5

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
   839 F.3d 1034 (Fed. Cir. 2016)................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.,*
   876 F.3d 1350 (Fed. Cir. 2017).................................................................................3

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.,*
   No. 14-cv-62369-BLOOM/Valle, 2016 WL 9402395 (S.D. Fla. May 3, 2016) ...............3

*Avid Tech., Inc. v. Harmonic Inc.*,
   No. 11-1040-GMS, 2014 WL 7206301 (D. Del. Dec. 17, 2014)...................................4, 6

*Baltimore Aircoil Company, Inc. v. SPX Cooling Techs. Inc.*,
   No. CCB-13-2053, 2016 WL 4426681 (D. Md. Aug. 22, 2016) ......................................6

*EMC Corp. v. Pure Storage, Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016) .............................................................................3

*Ericsson Inc. v. TC Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-cv-000111-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017) .....................4, 6

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
   339 U.S. 605.............................................................................................................7

*Metaswitch Networks Ltd. v. Genband US LLC,*
   No. 2:14-CV-00744-JRG, 2017 WL 3704760 (E.D. Tex. Aug. 28, 2017) ......................4

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
   No. 6:11-cv-492-RWS-KNM, 2017 WL 4020591 (E.D. Tex. Sept. 13, 2017).............3, 5

*Not Dead Yet Mfg., Inc. v. Pride Sols., LLC*,
   222 F. Supp. 3d 657 (N.D. Ill. 2016)..........................................................................3

## I.    INTRODUCTION

At the outset, the Court has ***already*** ordered that the parties must "refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury." Dkt. 297, Claim Construction Order at 109-110. DocuSign has no intention, through the testimony of Dr. Kohno or otherwise, of mentioning any portion of the Court's Claim Construction Order beyond the definitions adopted by the Court before the jury.

Dr. Kohno has not offered "new claim constructions," contrary to RPost's allegations. DocuSign also does not intend to have Dr. Kohno speak on the legal issues related to prosecution history estoppel. While Dr. Kohno's report does not indicate otherwise, for the avoidance of doubt, DocuSign withdraws the passages highlighted in green in paragraphs 133, 136, 137, 186, 197, 208, 209, 275-76, 285-84, 371, 460-64. *See* Ex. 1, Kohno Report Excerpts.[1] The remaining opinions raised by RPost ("Remaining Opinions") consist of Dr. Kohno's direct application of the Court's constructions to the accused DocuSign service and should not be struck.

## II.    DR. KOHNO ACCURATELY APPLIED THE COURT'S CLAIM CONSTRUCTIONS AND PROVIDED PROPER INFRINGEMENT OPINIONS

### A.    "Contents of the Dispatch" ('219 Patent) and "Content Data" ('219 and '334 Patents) (Dkt. 713-1 at ¶¶ 133, 136-37, 184, 186, 197-209[2])

RPost alleges that "the Kohno Report plucks out the following statement regarding 'modification' from the Court's discussion of these terms and then applies that discussion, rather than the Court's actual construction." Dkt. 713 at 3. That is not the case and the Remaining Opinions regarding the "contents of the dispatch" and "content data" limitations are proper and should not be struck.

---

[1]    Ex. 1 is attached to the Declaration of Lance Yang filed herewith.

[2]    DocuSign addresses the paragraphs RPost identified in its motion as those it seeks to strike.

As Dr. Kohno stated, "[t]he Court provided the following claim constructions:"

| Claim Term | Court's Construction |
|---|---|
| "dispatch" | "the transmission sent from a sender toward a recipient via a dispatcher" |
| "contents of the dispatch"<br><br>"content data" | "the entire content the sender originates for sending to the recipient" |

Ex. 1 at ¶ 135 (citing Dkt. 297, Claim Construction Order at 23). When opining that the accused "document uploaded by the sender is not transmitted to the recipient" for claims 60, 61, 71, 72, and 79 of the '219 patent and claim 18 of the '334 patent, Dr. Kohno states:

> [T]he Court's construction of "dispatch" requires that the dispatch be "the transmission sent from a sender ***toward a recipient via a dispatcher***." The Court's construction of "contents of the dispatch" and "content data" also requires that "the entire content ***the sender <u>originates</u> for sending to the recipient***.

*Id.* at ¶ 143 (emphasis in original); *see also id.* at ¶ 142 (listing relevant claim limitations). Applying the Court's construction, Dr. Kohno then opines that DocuSign's accused service does not infringe because ███████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████    ████████████████████████████

███████████████████████████████████████████████████████

███████    *Id.* at ¶ 147 (emphasis added). Dr. Kohno also opines that "[t]he notification email identified by Dr. Almeroth does not satisfy the claimed dispatch. The notification email is not ***the entire content originated from the sender****. . . .* The notification email does not include any documents, much less the documents ***originated from the sender***." *Id.* at ¶ 187 (emphasis added). To the extent that RPost seeks to contort the Court's construction such that "contents of the dispatch" and "content data" can be something other than "the entire content that the sender originates," such a reading should be rejected as contradicting the Court's claim construction order.

2

The Remaining Opinions support Dr. Kohno's non-infringement opinions that apply the Court's construction. Modified paragraph 133 merely identifies the places in the claims where the terms "dispatch" and "contents of the dispatch" appear. Modified paragraphs 136 and 186 state the Court's construction. Modified paragraph 184 concludes that section. Modified paragraphs 197-209 provide Dr. Kohno's evidentiary support for his non-infringement opinions. *Id.* at ¶¶ 133, 136, 186, 197-209. The Remaining Opinions should not be struck because they constitute "[e]xpert testimony regarding whether an accused device falls within the scope of a court's claim construction [which] is appropriate and raises a factual issue for a jury to resolve." *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 WL 4020591, at *3 (E.D. Tex. Sept. 13, 2017).[3]

## B.    "Receiving" Limitations ('219 Patent) (Dkt. 713-1 at ¶¶ 273-81)

The Remaining Opinions regarding the "receiving" limitations are proper and should not be struck. The "receiving" limitations, on their face, require "receiving" data this is "being [electrically/electronically] transmitted. *See*, *e.g.* Dkt. 652-2 at claim 61 ("***receiving*** content data. . . ***being electrically transmitted*** to said recipient); *id.* at claim 71 ("***receiving*** content data representative of the contents of the dispatch ***being electronically transmitted*** to said receiving system"). The use of the present participle 'being . . . transmitted' together with 'receiving'

---

[3]  *See also EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016); *Not Dead Yet Mfg., Inc. v. Pride Sols., LLC*, 222 F. Supp. 3d 657, 668 (N.D. Ill. 2016) (refusing to strike portions of an expert's non-infringement opinion that "appears to be a good-faith attempt to apply the court's construction of the claim terms" and where the patentee would "have the opportunity to rebut that opinion at summary judgment or at trial"); *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, No. 14-cv-62369-BLOOM/Valle, 2016 WL 9402395, at *7 (S.D. Fla. May 3, 2016), *vacated on other grounds*, 876 F.3d 1350 (Fed. Cir. 2017) (holding that "terms are meaningless without a proper, reasoned application under the circumstances in this case—which is exactly the purpose of expert testimony").

requires that both acts must be occurring contemporaneously to meet the claim language." Ex. 1 at ¶ 274. The Remaining Opinions apply that plain meaning to the accused DocuSign service. *See, e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, *4 (E.D. Tex. Aug. 28, 2017) (permitting "expert testimony that in the context of the patent the plain and ordinary meaning of 'digital transmission facility' is limited to facilities transmitting voice.") RPost's attempt backdoor a new, broader construction of the "receiving" limitations through a motion to strike should be rejected.[4]

### C. "Destination of the Dispatch" ('219 Patent) (Dkt. 713-1 at ¶¶ 282-95)

The Remaining Opinions for the "destination of the dispatch" are proper and should not be struck. Claims 60 and 71 require "receiving . . . a destination of [the] dispatch." Paragraph 282-83 has nothing to do with claim construction issues and sets forth Dr. Kohno's opinion that Dr. Almeroth "has not sufficiently identified what he contends to be the claimed destination of a dispatch that is received." Ex. 1 at ¶ 283. In the other Remaining Portions, Dr. Kohno describes that the accused DocuSign service does not receive the "destination of the dispatch" under the plain meaning of the term because ███████████████████████████████████████ ████████████████████████. *Id.* at ¶ 284. Dr. Kohno's testimony will properly assist the trier of fact to understand the plain and ordinary meaning of "destination of the dispatch" as applied to the accused service. The Remaining Opinions should not be struck because they

---

[4] *See, e.g.*, *Ericsson Inc. v. TC Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-000111-RSP, 2017 WL 5137401, at *9 (E.D. Tex. Nov. 4, 2017) (denying movant's motion to strike because movant's argument was "a claim construction argument regarding the term 'interception module' that was not timely raised"); *Avid Tech., Inc. v. Harmonic Inc.*, No. 11-1040-GMS, 2014 WL 7206301, at *4 (D. Del. Dec. 17, 2014) (holding that "[i]t was not improper for Harmonic to offer its view of the plain and ordinary meaning to the jury. On the contrary, Avid's attempt to reargue (or assert for the first time) claim construction positions at this stage is, in the court's view, improper. Avid could have challenged Dr. Levy's interpretation of the plain and ordinary meaning of 'in files' on cross-examination, as is the usual practice.") (citations omitted).

constitute "[e]xpert testimony regarding whether an accused device falls within the scope of a court's claim construction [which] is appropriate and raises a factual issue for a jury to resolve." *Network-1*, 2017 WL 4020591, at *3; *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 816 F.3d 788, 812-13 (Fed. Cir. 2016), *vacated in part on other grounds*, 839 F.3d 1034 (Fed. Cir. 2016) (finding that expert testimony concerning the plain and ordinary meaning of an unconstrued claim term provided substantial basis for a jury verdict of non-infringement).

### D.      "Mail Transport Protocol" ('372 Patent) (Dkt. 713-1 at ¶¶ 420, 427-28)

Paragraphs 420, 427, and 428 of Dr. Kohno's report are proper and should not be struck. In paragraph 420, Dr. Kohno states:  "The Court declined to construe 'mail transport protocol.' Therefore, it is my understanding that the term 'mail transport protocol' is given its plain and ordinary meaning as understood by a person of ordinary skill in the art (POSITA)." Ex. 1 at ¶ 420. Paragraphs 427 and 428 make up Dr. Kohno's permissible opinions regarding the plain meaning of "mail transport protocol." *Id*. at ¶¶ 427, 428; *see also Apple*, 816 F.3d at 812-13(finding that expert testimony concerning the plain and ordinary meaning of an unconstrued claim term provided substantial basis for a jury verdict of non-infringement).  Dr. Kohno's opinion tracks the claim language: "HTTPS is not a mail transport protocol, and Dr. Almeroth fails to provide any analysis to support his conclusion that HTTPS is a mail transport protocol.  A POSITA would understand that 'mail transport protocol[s]' are transport protocols *relating to mail*." Ex. 1 at ¶ 427.

RPost's argues, without explanation, that Dr. Kohno's plain-meaning description of "mail transport protocol" as a "transport[] protocol relating to mail" is a new construction.  Dkt. 713 at 6.  RPost is mistaken.  Dr. Kohno simply restates that claim language to put the term "mail" after "transport protocol."  Importantly, Dr. Kohno does *not* mention "email" here.  RPost's apparent position that a mail transport protocol is somehow not a protocol relating to mail directly

contradicts the plain meaning.  RPost's attempt to obtain a new claim construction of "mail transport protocol" that is narrower than its plain meaning should be rejected.  *See, e.g.*, *Ericsson*, 2017 WL 5137401, at \*9; *Avid*, 2014 WL 7206301, at \*4.  RPost's reference to the Court's claim constructions of "message" is irrelevant because "message" is a separate term, and its construction should not be imported into "mail transport protocol."  Dkt. 713 at 6.

RPost alleges that Dr. Kohno's use of the term "mail" is limited to "email," but RPost is mistaken.  Dkt. 713 at 6.  Dr. Kohno, like all experts in this case, is limited to the opinions in his report, which do not limit "mail transport protocol" to "email transport protocol."  Dr. Kohno's deposition testimony does not indicate otherwise.  Dr. Kohno explains how email could be an *example* of a "mail transport protocol," which is exactly what the Court itself also noted.  Dkt. 713-3 at 99:21-24 ("*In the email example*, I hand it off to a mail server, who uses SMTP or ESMTP or another mail transport protocol to get it to the destination's mail server."); Dkt. 297, Claim Construction Order at 86 ("Those protocols are disclosed as examples . . . .").  Even if there were discrepancies in Dr. Kohno's testimony (there are not), such "minor discrepancies" do not justify striking an expert's report.  *See, e.g.*, *Baltimore Aircoil Company, Inc. v. SPX Cooling Techs. Inc.*, No. CCB-13-2053, 2016 WL 4426681, at \*12 (D. Md. Aug. 22, 2016) (holding that "isolated discrepancies in [an expert's] testimony do not indicate to the court that his methods, or the facts on which they are based, are flawed").

### E.    "Portion of a Mail Transport Protocol Dialog" ('372 Patent) (Dkt. 713-1 at ¶¶ 460, 464)

The Remaining Opinions for the "portion of a mail transport protocol dialog" are proper and should not be struck. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

That is a factual description of the accused DocuSign service and does not raised claim construction issues.

## III.  DR. KOHNO DOES NOT PROVIDE ANY LEGAL OPINION ON PROSECUTION HISTORY ESTOPPEL OPINIONS (DKT. 713-1 AT ¶¶ 50-52, 371)

The remaining portions related to prosecution history estoppel consists only of Dr. Kohno's technical analysis of the prosecution history and explanation of the admissions made by the applicants.  These are factual, not legal, issues.  Moreover, the technical opinions in paragraph 371 are also relevant to the function-way-result test for the doctrine of equivalents.  *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609-10 (1950) ("A finding of equivalence is a determination of fact.  Proof can be made in any form: through testimony of experts or others versed in the technology . . . .").  In particular, Dr. Kohno discussed the technical differences between the claimed "'mailto' link" and other types of links that RPost added to other, non-asserted claims.  Dkt. 713-1 at ¶ 371.  Dr. Kohno also discussed what technology was known, or foreseeable at the time of RPost's amendment.  *Id.*  Each of these opinions are also relevant to whether the accused HTTPS links perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed "'mailto' link."

## IV.  DR. KOHNO HAS PROPERLY RELIED ON DOCUSIGN'S USAGE DATA (DKT. 713-1 AT ¶ 117)

RPost alleges that Dr. Kohno "relies on unreliable usage data" from DOCU0129328.  Dkt. 713 at 8.  RPost relies exclusively on "RPost's motion to strike the expert testimony of DocuSign's damages expert, Mr. Vincent Thomas" (Dkt. 723) and do not raise any additional arguments here.  *Id.*  Contrary to RPost's allegations, the usage data ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████



## V.    CONCLUSION

For the reasons stated above, RPost's motion should be denied in its entirety.

DATED: May 6, 2019

***Attorneys for Defendant DocuSign, Inc.:***

*/s/ Claude M. Stern*

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on May 6, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).  All documents filed under seal will be served on counsel for Plaintiffs by email.

*/s/  Lance Yang*
Lance Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

In compliance with Local Rule CV-5(a)(7), the undersigned certifies that this document and certain supporting declarations and exhibits are being filed under seal pursuant to the terms of the Protective Order approved and entered in this case on March 26, 2013 [Dkt. 330].

*/s/  Lance Yang*
Lance Yang