UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al.,<br><br>　　　　Plaintiffs,<br>v.<br><br>RIGHTSIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC.,<br><br>　　　　Defendants. | Civil Action No. 2:10-CV-258-JRG<br>(Lead Case)<br><br>CONSOLIDATED<br><br>Civil Action No. 2:11-cv-300-JRG<br><br>**REDACTED** |

**DEFENDANT SHAREFILE, LLC'S F/K/A RIGHTSIGNATURE, LLC'S OPPOSITION IN RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF NISHA MODY**

I.  INTRODUCTION

Plaintiffs RMail Limited, et al. ("RPost's") motion raises three challenges to Dr. Mody's report, and all lack merit. First, RPost objects to Dr. Mody's discussion of non-infringing alternatives that is based on the sworn testimony of RPost's very own witness and ███ ███████████████████████████████████████. Second, RPost incorrectly characterizes Dr. Mody's brief discussion ███████████████████████████ ███████████████████████████████████ Dr. Mody explicitly states █ ███████████████████████████████████████████████████████████ Notably, Dr. Mody says █ ████████████████████████████████████████████████████████████ █████████████████████ That said, to the extent RPost's expert is allowed to offer a damages opinion based on ████████████████,[1] RightSignature's expert should be allowed to discuss █████████████████████████████████

Finally, RPost attempts to exclude Dr. Mody's opinion █████████████████ ████████████████████████████████████ RPost's argument hinges on its co-pending Motion to Strike Portions of the Expert Report of Mr. Tittel, Dkt. No. 714. As explained in RightSignature's response to that motion (which it incorporates by reference herein, also filed today), Mr. Tittel's opinions are entirely consistent with the Court's claim constructions and his statements do not limit the claims-in-suit as RPost contends. Dr. Mody's testimony relying on the same is therefore proper. For all the reasons explained herein, RPost's motion should be denied.

---

[1] *See* Dkt. No. 730, RightSignature's *Daubert* motion directed to Dr. Ugone.

1

## II.   LEGAL STANDARDS

Federal Rule of Evidence 702 allows a jury to hear expert testimony if it is based on "scientific, technical, or other specialized knowledge" by a qualified expert and if it "will help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.  The Supreme Court has assigned "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

A party proffering expert testimony has the burden to establish by a preponderance of the evidence that such testimony is sufficiently reliable. *See Daubert*, 509 U.S. at 592 n.10.  To be admissible, expert testimony must be (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) an application of the principles and methods reliably to the facts. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591-592.  As "gatekeeper," the court must exclude expert testimony that "is irrelevant or does not result from the application of reliable methodologies or theories to the facts of the case." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003).

Experts' opinions on patent damages, like any other expert testimony, must be based on sound economic principles and reliable data in order to be admissible. *See Uniloc USA, Inc. v. Microsoft Corp.* 632 F.3d 1292 (Fed. Cir. 2011); *ResQNet.com Inc. v. Lansa, Inc.* 594 F.3d 860 (Fed. Cir. 2010); *Lucent Techs. v. Gateway*, 580 F.3d 1301 (Fed. Cir. 2009).

Additional, specific points of law are discussed in the relevant sections below.

## III. ARGUMENT

### A. Dr. Mody's Discussion of Non-Infringing Alternatives Is Proper

RPost complains about Dr. Mody's reliance on various non-infringing alternatives, but ignores that the alternatives come from the sworn testimony of ▮▮▮▮▮ Ex. 1 (Rebuttal Expert Report of Edward Tittel) (hereinafter "Tittel Report")[2] at ¶¶ 396-399; Ex. 2 (March 21, 2013 Deposition Tr. of ▮▮▮) at 18:25-19:1-2, 19:17-20; 20:3-8; 21:5-6; 21:9-14; 191:14-195:13; Ex. 3 (RPost's June 1, 2012 Initial Disclosures) at 6 (▮▮▮).[3]

To support its argument[4], RPost cites *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017). But *Ericsson* does not relate to the facts of the instant case. *Id.* at *11-15. In *Ericsson*, the plaintiff was made to believe during discovery (via deposition) that a later-disclosed non-infringing alternative was not

---

[2] Unless otherwise noted, all exhibits are attached to the Declaration of Jackob Ben-Ezra filed in support of this Motion.

[3] RPost also argues that another non-infringing alternative described by Mr. Tittel beyond those identified by ▮▮▮ should be excluded ▮▮▮ This alternative relates to ¶¶ 396-399 of the Tittel Report, which follows those explicitly disclosed by ▮▮▮ years ago as the alternatives he disclosed amount to ▮▮▮ *See* Ex. 2 (March 21, 2013 Deposition ▮▮▮) at 191:14-193:23. The argument herein therefore applies to this alternative as well.

[4] RPost's motion refers to and quotes RPost's Interrogatory No. 16, allegedly requesting disclosure of non-infringing alternatives. Motion at 4. But the Interrogatory does not request the disclosure of non-infringing alternatives. On this basis alone, RPost's argument is without merit. *See SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 1995514, at *2 (E.D. Tex. June 4, 2012).

technologically feasible. *Id.* at *11-13. The plaintiff relied on that, in addition to an interrogatory response, which similarly made the plaintiff believe the later-disclosed alternative was not possible, or at the least would never be identified as a possibility. *Id.* at *14. The instant case is entirely different – the noninfringing alternatives about which RPost complains are alternatives aired by RPost's <u>own witness</u>. Unlike *Ericsson*, RPost not only knew about those non-infringing alternatives, it originated them.

In view of these facts, RPost's contention that RightSignature's disclosure of the RPost-sourced alternatives are not "substantially justified [] or harmless" is just wrong. Among the factors underlying a "substantially justified [] or harmless" analysis is the prejudice to the opposing party of including the evidence. *See Allergan Sales, LLC v. Sandoz, Inc.*, No. 2:12-cv-207-JRG, 2016 WL 7209798, *2 (E.D. Tex. Sep. 30, 2016 (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004 Here, RPost has no reasonable basis for claiming prejudice because the noninfringing alternatives about which it complains were disclosed by RPost's own witness, ████████████████████████████████████████████ ████ Further, ████████ identified those non-infringing alternatives over five years ago. Because RPost is not prejudiced, exclusion is unwarranted.

        **B.**    **Dr. Mody's Statements Regarding the Topaz Patent and License Agreement Are Proper**

RPost's attempt to exclude Dr. Mody's discussion regarding ████████████ ████████ appears to be based on a misreading or misunderstanding of her report. RPost incorrectly characterizes Dr. Mody as ████████████████████████ invoking well-known Federal Circuit law such as *LaserDynamics* and *ResQNet*. Motion at 5 ("The Mody report ████ ████████████████████████████████ and quoting e.g. *LaserDynamics*, "[W]hen ***relying*** on past licenses to support an opinion regarding a reasonable royalty reached through a hypothetical

4

negotiation . . . ." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012)) (emphases added). These cases are inapposite,[5] as Dr. Mody explicitly states that ▮

▮

▮ In her report, Dr. Mody states:



Ex. 4 (Rebuttal Report of Nisha Mody) at pp. 53-54 (emphases added). RPost's objection is therefore unwarranted.

The fact remains however that RPost's damages expert Dr. Ugone bases his entire opinion on ▮ As explained in RightSignature's pending *Daubert* Motion directed to Dr. Ugone's report, Dkt. No. 730, his reliance on ▮ is improper

---

[5] RPost also cites *Biscotti* in support of its position, but to the contrary, it supports Dr. Mody's report. *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2607882 (E.D. Tex. May 25, 2017). In *Biscotti*, the damages expert relies on two HDMI license agreements as a "point of comparison" used to confirm her damages range. *See id.* at *3. The Court struck her opinion regarding the prior agreements because the technical expert completely "failed to provide any analysis regarding technological comparability" (discussing the HDMI standard instead of the licensed patents) and the damages expert failed to account for the economic differences between the standard-essential HDMI licenses and the hypothetical license in suit. *See id.* at *3-4. Here, Mr. Tittel ▮ *See* Tittel Report at ¶¶ 131-34.

5

and unreliable, and on that basis his opinions should be struck. However, to the extent the Court finds Dr. Ugone's reliance on ▮▮▮▮▮▮▮▮▮▮ is proper, Dr. Mody should be allowed to discuss the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] In view of these facts, there is no basis for striking Dr. Mody's statements ▮▮▮▮▮▮.

    **C.    Dr. Mody's Statements Regarding the Patents Are Proper**

RPost complains that Dr. Mody relies on Mr. Tittel's allegedly "overly-narrow view of the claims"—that is, that he "improperly limits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion at 7. Because RPost's argument directly depends on its argument regarding Mr. Tittel's characterization of the patents and claims-in-suit in Dkt. No. 714 (Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Edward Tittel), RightSignature refers to and incorporates by reference its opposition to RPost's motion, also filed today. Because Mr. Tittel's characterization of the patents-in-suit is consistent with the Court's claim construction and he did not "limit[] the Asserted Patents" as RPost contends, Dr. Mody's reliance on Mr. Tittel's statements is proper and RPost's request for exclusion should be denied.

**IV.    CONCLUSION**

For the forgoing reasons, RightSignature respectfully requests that the Court deny RPost's motion in full.

---

[6] Mr. Tittel discusses the technological comparability in paragraphs 131 through 134 of his report—including that the licensed Topaz patent is much more relevant to RightSignature's accused service than are RPost's patents. *See* Tittel Report at ¶¶ 131-34.

Dated: May 6, 2019                                   Respectfully submitted,

                                          By:   /s/ David M. Barkan

                                                **David M. Barkan**
                                                CA Bar 160825
                                                barkan@fr.com
                                                **FISH & RICHARDSON P.C.**
                                                500 Arguello Street, Suite 500
                                                Redwood City, CA 94063
                                                Tel: (650) 839-5070
                                                Fax: (650) 839-5071

                                                **Indranil Mukerji**
                                                MA Bar 644059
                                                mukerji@fr.com
                                                **FISH & RICHARDSON P.C.**
                                                1000 Maine Avenue, SW
                                                Suite 1000
                                                Washington, DC 20024
                                                Telephone: (202) 783-5070
                                                Facsimile: (202) 783-2331

                                                **Jackob Ben-Ezra**
                                                TX Bar 24073907
                                                ben-ezra@fr.com
                                                **Caitlin M. Dean**
                                                Texas Bar 24109797
                                                cdean@fr.com
                                                **FISH & RICHARDSON P.C.**
                                                1221 McKinney Street
                                                Suite 2800
                                                Houston, Texas 77010
                                                Telephone: (713) 654-5300
                                                Facsimile: (713) 652-0109

                                                **COUNSEL FOR DEFENDANT SHAREFILE, LLC F/K/A RIGHTSIGNATURE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 6, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David M. Barkan*
David M. Barkan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the March 26, 2013 Protective Order.

*/s/ David M. Barkan*
David M. Barkan