**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED,<br><br>              Plaintiffs,<br><br>      v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>              Defendant. | **Civil Action No. 10-cv-258JRG**<br>(Lead Case) |
| RMAIL LIMITED; RPOST<br>COMMUNICATIONS LIMITED; and RPOST<br>HOLDINGS, INC.,<br><br>              Plaintiffs,<br><br>      v.<br><br>DOCUSIGN, INC., a Washington corporation,<br><br>              Defendant. | Civil Action No. 11-cv-299JRG<br><br>Civil Action No. 11-cv-300JRG<br><br>Civil Action No. 11-cv-325JRG |

**DOCUSIGN'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORT OF VINCENT THOMAS**

████████████████████████████

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  *GEORGIA PACIFIC* FACTOR 11:  THE EXTENT TO WHICH THE INFRINGER HAS MADE USE OF THE INVENTION AND ANY EVIDENCE PROBATIVE OF THE VALUE OF THAT USE.............................................................2

    ■    ████████████████████████████████

    ■    ██████████████████████████

           ██████████████████████

           ████████████████████████████

II.  *GEORGIA PACIFIC* FACTOR 2: RATES PAID BY THE LICENSEE FOR USE OF COMPARABLE PATENTS. ...................................................................10

■    ███████████████████████

    █████████████████████████████

IV.  CONCLUSION ...........................................................................................13

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Alexam, Inc. v. Barnes & Noble, Inc.,*
  No. 2:13CV3, 2013 WL 12154898 (E.D. Tex. May 28, 2013) ......................................13

*Avance v. Kerr-McGee Chem. LLC,*
  No. 504CV209, 2006 WL 4108454 (E.D. Tex. Nov. 30, 2006) .......................................5

*Content Guard Holdings, Inc. v. Amazon.com, Inc.,*
  2015 WL 11089749, at *6 (E.D. Tex. Aug. 6, 2015) ................................................1, 2, 5

*Daubert v. Merrell Dow Pharm., Inc.,*
  509 U.S. 579 (1993) ......................................................................................................5

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.,*
  909 F.3d 398 (Fed. Cir. 2018) ........................................................................................9

*Exxon Mobil Corp. v. United States,*
  335 F. Supp. 3d 889 (S.D. Tex. 2018) ............................................................................4

*Genband US LLC v. Metaswitch Networks Corp,*
  2016 WL 7650735 (E.D. Tex. Sept. 29, 2016) ..............................................................13

*Georgia-Pac. Corp. v. U.S. Plywood Corp.,*
  318 F. Supp. 1116 (S.D.N.Y. 1970) ...........................................................................3, 4

*Local Access, LLC v. Peerless Network,,*
  2016 WL 392569 (M.D. Fla. Feb. 2, 2016) ....................................................................6

*Lucent Techs., Inc. v. Gateway, Inc.,*
  580 F.3d 1301 (Fed. Cir. 2009) ...............................................................................passim

*PalTalk Holdings, Inc. v. Microsoft Corp.,*
  2009 WL 10677719 (E.D. Tex. Mar. 8, 2009) ....................................................2, 10, 11

*Realtime Data LLC v. EchoStar Corp.,*
  2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) ..............................................................10

*Saint Lawrence Commc'ns LLC v. ZTE Corp.,*
  2017 WL 679623 (E.D. Tex. Feb. 21, 2017) ................................................................10

*SSL Servs., LLC v. Citrix Sys., Inc.,*
  No. 2:08-CV-158-JRG, 2012 WL 1995514 (E.D. Tex. June 4, 2012)............................13

*TQP Dev., LLC v. Merrill Lynch & Co.,*
  2012 WL 3283354 (E.D. Tex. Aug. 10, 2012) ..............................................................13

*United States v. Lockheed Martin Corp.*,
    2010 WL 11561451 (S.D. Miss. Dec. 9, 2010)....................................................................6

*Weber Aircraft, L.L.C. v. Krishnamurthy*,
    2014 WL 294329 (E.D. Tex. Jan. 27, 2014) ...................................................................6

## <u>Statutes</u>

35 U.S.C. § 284.......................................................................................................................9

Local Rule CV- 5(a)(3)(A) ...................................................................................................15

Local Rule CV-5(a) ..............................................................................................................15

Local Rule CV-5(a)(7) ..........................................................................................................15

██████████████████████████████████████

Defendant DocuSign, Inc. ("DocuSign") respectfully submits this Opposition to Plaintiffs' Motion to Strike Portions of the Expert Report of Vincent Thomas (Dkt. 723).

Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc. (collectively, "RPost") seek to exclude portions of the damages expert report submitted by Vincent Thomas on behalf of DocuSign. RPost's arguments fail to show that Mr. Thomas' opinions are unreliable or technically unsound and, therefore, RPost's motion should be denied in its entirety.



*Content Guard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 11089749, at *6 (E.D. Tex. Aug. 6, 2015) (Gilstrap, J.) (denying motion to exclude damages expert's opinions based on allegedly unreliable data because questions about the data went "to evidentiary weight, not admissibility," and finding that "[t]his task is more appropriately left to . . . vigorous cross examination").

██████████████████████████████████████



For the reasons set forth in greater detail below, RPost's motion should be denied in its entirety.

I.    *GEORGIA PACIFIC* **FACTOR 11:  THE EXTENT TO WHICH THE INFRINGER HAS MADE USE OF THE INVENTION AND ANY EVIDENCE PROBATIVE OF THE VALUE OF THAT USE.**

"Factor 11 is '[t]he extent to which the infringer has made use of the invention; and ***any evidence probative of the value of that use*.'"  *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1333 (Fed. Cir. 2009) (*citing Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120

2

███████████████████████████████████

(S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971)).  "Factor 11 relies on evidence about **how much the patented invention has been used**.  Implicit in this factor is the premise that an invention used frequently is generally more valuable than **a comparable invention used infrequently**."  *Id.*  There can be no reasonable dispute that Mr. Thomas' opinions are based on reliable evidence that is probative of the value of the use of the accused functionality.

████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████ █ █
███████████████████████████████████████
██████████████████

████████████████████ ███████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████ ███████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████████████

---

█ ████████████████████████████████████
███████████████████████████████████████
██████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████   Courts routinely permit parties to rely on information

pulled from databases.  *See, e.g., Exxon Mobil Corp. v. United States*, 335 F. Supp. 3d 889, 929

(S.D. Tex. 2018) (database data was sufficiently reliable and admissible).  ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████   To the contrary, Factor 11 covers "***any*** evidence probative of the

value" of the accused use.  *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120

(S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*,

446 F.2d 295 (2d Cir. 1971) (emphasis added).  ████████████████████████

████████████████████████████████████████████   *See Lucent*

*Techs.*, 580 F.3d at 1333 (holding that "neither precedent nor economic logic requires us to ignore

information about how often a patented invention has been used by infringers.  Nor could they

since frequency of expected use and predicted value are related.")

4

███████████████████

█████████████████████████████████

███████████████████████████████████ █

█████████████████████████████████████

████████████████ █████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Content Guard Holdings*, 2015 WL 11089749, at *6; *see also Avance v. Kerr-McGee Chem. LLC,* No. 504CV209, 2006 WL 4108454, at *3 (E.D. Tex. Nov. 30, 2006).

████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████ ██████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████ ██████████████████████

█████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████. *Weber Aircraft, L.L.C. v. Krishnamurthy*, 2014 WL 294329, at *2 (E.D. Tex. Jan. 27, 2014) (a 30(b)(6) deponent "need not have personal knowledge of each and every fact discussed in the deposition"); *United States v. Lockheed Martin Corp.*, 2010 WL 11561451, at *6 (S.D. Miss. Dec. 9, 2010) ("Rule 30(b)(6) is not designed to be a memory contest"); *Local Access, LLC v. Peerless Network,*, 2016 WL 392569, at *6 (M.D. Fla. Feb. 2, 2016) (A 30(b)(6) deponent need not "remember every detail on the topics propounded.").[2]

**B.** ██████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████

As discussed above, Factor 11 looks at '[t]he extent to which the infringer has made use of the invention; and ***any evidence probative of the value of that use***.'" *Lucent Techs.*, 580 F.3d at 1333. █████████████████████████████████████████

████████████████████████████████████ ██████████
████████████████████████████████████████████
███████████████████████████████████
██████████████████████████

███ ███████████████████████████████████
█████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████
█ ████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████ ███████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████

████████████████████████████

████████████████████████████████████
████████████████████

████████████████████ ███████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

       ████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████ ████████ ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

       ████████████████████████████████

████████ *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.,* 909 F.3d 398, 411

-------------------

██  ████████████████████████████████████ ████████
████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████████████

(Fed. Cir. 2018), *quoting* 35 U.S.C. § 284 ("a reasonable royalty 'cannot include activities that do not constitute patent infringement' as patent damages are limited to those 'adequate to compensate for the infringement'"). ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████  ██████████

████████████████████████████████████████████████

█████████████████████████

        ██      ████████████████████████████████
                ███████████████████████████

      ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████

      ████████████████████████████████████████████

███████████████  ████████████████████████████████

████████████████████████████████████  ██████████

████████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████

████████████████████████████████ ▪

## II.    *GEORGIA PACIFIC* FACTOR 2: RATES PAID BY THE LICENSEE FOR USE OF COMPARABLE PATENTS.

Factor 2 asks the trier of fact to assess other patent license agreements entered into by the accused infringer. *Lucent Techs.,* 580 F.3d 1301 at 1325. Even if an agreement "does not explicitly fall within the *Georgia-Pacific* framework[,]" it is inappropriate to exclude the agreement if it is relevant and reliable. *See Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 679623, at *3 (E.D. Tex. Feb. 21, 2017) (Gilstrap, J.). In such situations, the "real question is whether" the licenses are "relevant evidence to the hypothetical negotiation." *Id.* If the licenses cited in support of Factor 2 are relevant and reliable, it is not appropriate to exclude this evidence simply because the licenses may or may not be comparable. *PalTalk Holdings, Inc. v. Microsoft Corp.*, 2009 WL 10677719, at *2 (E.D. Tex. Mar. 8, 2009). Instead, the "degree of comparability" is "a factual issue, not a flaw in methodology, and thus is best addressed by cross examination, rather than exclusion." *Realtime Data LLC v. EchoStar Corp.*, 2018 WL 6266300, at *3 (E.D. Tex. Nov. 15, 2018) (internal quotations omitted). Non-comparable agreements should not be excluded to the extent the agreements "provide an indication of the framework and structure of royalty rates" that the licensee would agree to. *PalTalk Holdings,* 2009 WL 10677719, at *2.

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

––––––––––––––––––––––

▪ ████████████████████████████████████████

████████████████████████████████████████

██████████████████████████



*PalTalk Holdings,* 2009 WL 10677719, at *2 (holding that non-comparable agreements are admissible to show the "framework and structure of royalty rates that" the licensee would enter into).

In *PalTalk*, Microsoft sought to exclude portions from the report of PalTalk's damages expert because those portions relied on license agreements directed at patents that were not comparable to the asserted patents and not within the express terms of Factor 2. *Id.* The Court found that the licenses nevertheless "provide an indication of the framework and structure of royalty rates" that the parties would agree to. *Id.* Even though these license agreements "may not be comparable," they were still "relevant to the inquiry at hand" and would "likely assist the trier of fact" in reaching a damages determination, including for Factor 3. *Id.* The Court rejected Microsoft's motion to exclude testimony based on the agreements. *Id.* ██████████████

██████████

12

████████████████████████████████

██████████████████████████████████████

████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

████████████████. *Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 7650735, at

*3 (E.D. Tex. Sept. 29, 2016) ("damages experts in patent trials routinely rely on technical experts

to provide critical background information about the relevant technology, ***including whether there***

***are non-infringing alternatives***") (emphasis added)█ ████████████████████████

██████████████████████████████████████

█████████████████████████████

## IV.    CONCLUSION

For the reasons discussed above, the Court should deny RPost's motion in its entirety.

---

[7]    *See also SSL Servs., LLC v. Citrix Sys., Inc.,* No. 2:08-CV-158-JRG, 2012 WL 1995514, at *3
(E.D. Tex. June 4, 2012) (Glistrap, J.) (denying motion to exclude damages expert's opinion where
the expert relied on a technical expert report addressing non-infringing alternatives); *TQP Dev.,
LLC v. Merrill Lynch & Co.*, 2012 WL 3283354, at *2 (E.D. Tex. Aug. 10, 2012) (same); *Alexam,
Inc. v. Barnes & Noble, Inc.,* No. 2:13CV3, 2013 WL 12154898, at *2 (E.D. Tex. May 28, 2013)
(denying motion to exclude damages expert's opinion on non-infringing alternatives where she
"properly relied on [defendant's technical expert] in order to gain an understanding of the patented
technology").

DATED: May 6, 2019

*/s/ Claude M. Stern*

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

**Attorneys for Defendant DocuSign, Inc.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

In compliance with Local Rule CV-5(a)(7), the undersigned certifies that this document and certain supporting declarations and exhibits are being filed under seal pursuant to the terms of the Protective Order approved and entered in this case on March 26, 2013 [Dkt. 330].

*/s/  Lance Yang*
Lance Yang

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically on May 6, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).  All documents filed under seal will be served on counsel for Plaintiffs by email.

*/s/  Lance Yang*
Lance Yang

15