

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., et al, <br><br> DOCUSIGN, INC., <br><br> ADOBE SYSTEMS INCORPORATED, et al., <br><br> Defendants. | Civil Action No. 2:10-CV-258-JRG (Lead Case) <br><br> CONSOLIDATED <br><br> Civil Action No. 2:11-cv-299-JRG <br><br> Civil Action No. 2:11-cv-300-JRG <br><br> Civil Action No. 2:11-cv-325-JRG <br><br>  |

**PLAINTIFFS' RESPONSE TO ADOBE'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF DR. KEVIN ALMEROTH (DOC. NO. 712)**

Defendant Adobe's motion to strike (Doc. No. 712) is narrow—it seeks to exclude one paragraph of Dr. Almeroth's expert report on infringement, relevant to one claim limitation, for one asserted patent. Adobe's motion is based on Adobe's incorrect claim that Dr. Almeroth's expert report discloses an infringement theory that was not set forth in RPost's infringement contentions. In making this incorrect claim, Adobe confuses *theories* of infringement with *evidence* of infringement. This Court has long held that a plaintiff's infringement contentions must provide theories, but not evidence. *See Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-cv-273, 2010 WL 786606, at * 2 (E.D. Tex. Feb. 26, 2010). Evidence, however, is properly provided in connection with expert discovery. FED. R. CIV. P. 26(a)(2)(B). Adobe cannot show that RPost's expert report contains any previously undisclosed infringement theories. It does not. At most, Adobe identifies evidence that was not disclosed—and not required to be disclosed—in RPost's infringement contentions.

I. **LEGAL STANDARD**

Expert reports are expected to provide more information than is contained in infringement contentions. While "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions[,] . . . [t]he scope of infringement contentions and expert reports are not, however, coextensive." *Fenner Invs.*, 2010 WL 786606, at * 2. "Infringement contentions need not disclose 'specific evidence nor do they require a plaintiff to prove its infringement case.'" *Id.* (quoting *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010)); *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) ("Infringement contentions are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof"); *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-089, 2009 WL 4906860, at *3 n.2 (E.D. Tex. Dec. 9, 2009) ("P.R. 3-1 does not require the disclosure of evidence and documents supporting infringement contentions"). Expert reports, in contrast, include a complete statement

[REDACTED]

of the expert's opinions, the basis and reasons for them, and facts or data considered when forming them. *See* FED. R. CIV. P. 26(a)(2)(B).

In deciding a motion to strike expert reports on the grounds of untimely disclosure, the threshold question is "whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether." *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. cv 12-01971-CW, 2014 WL 1653131, at *2 (N.D. Cal. Apr. 24, 2014).

## II. DR. ALMEROTH OFFERS NO NEW INFRINGEMENT THEORIES FOR THE '372 PATENT

The Court should not strike portions of Dr. Almeroth's report. It is true that Dr. Almeroth cites evidence not expressly mentioned in the prose of RPost's infringement contentions—namely, [REDACTED]. But that theory is not new. It was disclosed in RPost's infringement contentions. And the "new" evidence that Dr. Almeroth cites was shown in screenshots within those infringement contentions, charted against the same limitation that Adobe challenges here. Even so, Dr. Almeroth's inclusion of more evidence—beyond what is described in the prose of the infringement contentions—is within the purview of the Federal Rules of Civil Procedure, the Local Rules, and this District's case law.

### A. At Most, Dr. Almeroth Cites Additional Evidence for a Single Limitation—Not a New Theory of Infringement.

Adobe challenges Dr. Almeroth's cited evidence—incorrectly equating that *evidence* to a new *theory*—for a single claim element in the '372 Patent: "at least ***a portion*** of a mail transport protocol dialog." That limitation sits within a larger claim phrase that requires the "portion" of the dialog to be stored on a server. '372 Patent at claim 1 ("*storing at the server at least **a portion** of a mail transport protocol dialog* generated by the server and the recipient during the transmission of the message between the server and recipient") (emphasis added). Thus, relevant

infringement evidence includes (1) which protocol is the "mail transport protocol"; and (2) what "portions" of that protocol are (3) stored on the server.  Dr. Almeroth addressed all three components of the limitation.

Adobe only challenges Dr. Almeroth's "portion"-of-the-dialog analysis.  Yet, Adobe's motion incorrectly conflates the "mail transport dialog" with "a portion of" that dialog.  Doc. No. 712 ("Motion") at 2 ("The new infringement theories relate to the claim term 'mail transport protocol dialog'"), 5 ("[T]he Almeroth Report for the first time disclosed RPost's new theories that the **'mail transport protocol dialog'** term can also **be met by** ████████ ████████████████████████████████████ (emphasis added).  But, the "*portion* of the mail transport dialog" and the dialog *itself* are separate limitations.  And that separation is important to this dispute.  Indeed, to satisfy the "mail transport protocol dialog" limitation, RPost, via its infringement contentions, identified ██████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████.  This is not a new theory.

Thus, Adobe's issue is with Dr. Almeroth's cited *portion* of the ██████ dialog.  In the Final Infringement Contentions, RPost cited to the "portion" of the ██████ dialog using exemplary language: ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████.

Hence, the only question is whether other components of that same ██████ dialog may permissibly be included in Dr. Almeroth's expert report.  They may.  The case law in this District

Plaintiffs' Response to Adobe's Motion to Strike Dr. Almeroth                                                                Page 3

is clear: additional evidence cited in an expert report under the same infringement theory should not be struck. *See Fenner Invs.*, 2010 WL 786606, at *3 (finding that Defendant was on notice that other operating systems may be part of an accused server when contentions listed one system as an example); *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961-RWS, 2017 U.S. Dist. LEXIS 178122, at **13-14 (E.D. Tex. Oct. 26, 2017) (contentions using "[f]or example" language for a value-based claim limitation provided sufficient notice where expert identified "six additional values" in his report); *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 U.S. Dist. LEXIS 191646, at *19 (E.D. Tex. Mar. 21, 2016) (declining to strike opinions of experts who relied on additional evidence and provided more detailed analyses not disclosed in contentions).

RPost's contentions list ███████ as one example of the portion of the mail transport protocol. The other evidence cited by Dr. Almeroth is more of the same—███████ ███████. Indeed, RPost's "contention does not limit itself" to stating that ███████ is the only portion of the mail transport protocol "but merely provides certain values as examples of the values within the accused instrumentality." *Realtime Data*, 2017 U.S. Dist. LEXIS 178122, at *14. Additional "values"—███████ ███████—are simply *additional evidence*. And inclusion of additional evidence is within the proper scope of an expert report.

Moreover, RPost's "infringement contentions were not required to cite all the evidence its experts would rely upon, nor was [RPost] required to disclose the details of its experts' analyses." *Core Wireless*, 2016 U.S. Dist. LEXIS 191646, at *19. Adobe "does not identify any way in which [RPost's expert's] opinions are inconsistent with [its] disclosed infringement theories." *Id*. Instead, Adobe "argues it is improper for [RPost's] expert[] to provide additional detail . . . and supporting analysis." *Id*. "This is not what the rules require[.]" *Id*. Thus, RPost's infringement theory was timely disclosed. *Id*.

███

B.  **The "Additional" Evidence Cited By Dr. Almeroth Is Disclosed in RPost's Infringement Contentions.**

RPost's infringement contentions disclose Dr. Almeroth's cited evidence for the "storing a portion of the mail transport dialog."  For this limitation, RPost included a screenshot 

███

---

[1] To be clear, the cited screenshot is not annotated in RPost's infringement contentions.

Plaintiffs' Response to Adobe's Motion to Strike Dr. Almeroth                                   Page 5

■■■■■■■■■■■■■■■■■■■ Thus, the screenshot in the infringement contentions provides notice. *Realtime Data*, 2017 U.S. Dist. LEXIS 178122, at *14 ("Because the screenshots show other examples of how the instrumentality works, they are sufficient to provide notice"). The Court should not strike Dr. Almeroth's "portion" opinion for this reason alone.

    **C.    Adobe's Cited Authority is Inapposite.**

For support, Adobe cites to several inapposite cases—*Biscotti*,[2] *Sycamore IP Holdings*,[3] and *Semcom*.[4] Motion at 4. None of these cases supports Adobe's argument here.

In *Biscotti*, the new infringement theory changed the combination of devices that allegedly infringed. In *Biscotti*, the accused product was the Microsoft Xbox One game console. The original infringement theory included the Xbox One working in conjunction with third-party video-streaming services such as Beam and Twitch.[5] *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *2. In the infringement report, however, the patentee's expert included a theory based on Microsoft's Broadcast API—a component absent from the patentee's contentions that the patentee only identified after source review. *Id.*, at *8. Further, the patentee did not amend its contentions in view of P.R. 3-1(g). *Id.*, at **9-10. The Broadcast API inclusion changed the way the Xbox One allegedly infringed—instead of relying on third-party applications such as Twitch and Beam, the new theory focused on the Xbox One by itself. *Id*., at *10 (Xbox functionality cited in contentions "does not suggest that the relevant source code ***exists solely*** on

---

[2] *Biscotti Inc. v. Microsoft Corp.*, No. 13-cv-1015-JRG-RSP, 2017 U.S. Dist. LEXIS 79832 (E.D. Tex. May 24, 2017).

[3] *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 16-cv-588-WCB, 2017 U.S. Dist. LEXIS 167297 (E.D. Tex. Oct. 10, 2017).

[4] *Semcon IP Inc. v. ZTE Corp.*, No. 16-cv-437-JRG-RSP, 2018 U.S. Dist. LEXIS 83109 (E.D. Tex. Feb. 28, 2018).

the Xbox console . . . Biscotti may rely on the theories in its Infringement Contentions, which assume that certain claim elements are ***met by source code on the Xbox console <u>in combination with</u>** source code on third-party applications such as Twitch or Beam*") (emphasis added). Here, there is no additional theory that *changes the way* the Adobe Service infringes— ▇ ▇.

Similarly, *Sycamore IP Holdings* turned on the inclusion of a new infringement theory—a doctrine of equivalents theory that did not appear in the patentee's infringement contentions. *Sycamore*, 2017 U.S. Dist. LEXIS 167297, at *6.  Indeed, the patentee never identified the specific claim limitations satisfied through equivalence, as required by P.R. 3-1(d).  *Id*.  And, despite having a long history of infringement allegations involving the doctrine of equivalents for the same claim limitations, the patentee never moved to amend.  *Id*., at *23.  RPost is not adding a doctrine of equivalents theory.  At most, RPost is only adding evidence to its expert report.

*Semcom* turned on the addition of 44 products in an expert report that were not included by name or processor type in the patentee's infringement contentions.  *Semcon IP*, 2018 U.S. Dist. LEXIS 83109, at **11-12.  The patentee expressly identified only 32 products in its contentions—thus, it more than doubled the case 20 days before rebuttal damages reports were due.  *Id*., at *9.  RPost is not adding any products to its infringement case—Adobe's online signature service remains the only accused Adobe product.

### III.   CONCLUSION

Adobe has not identified a single, concrete way in which the citation of "additional" evidence changes this case.  At most, Adobe claims it had "limited opportunity to investigate the factual bases of the new infringement theories."  Motion at 5.  But, Adobe presumably knew

how its product functions; and, the cited evidence generated by that product was neither new nor hidden from Adobe. *See* Motion at 5 (arguing that Dr. Almeroth's cited information is *publicly available*). RPost has not failed to adequately disclose its infringement theory; nor has it cited to a fundamentally different operation of the accused product; nor has it expanded the scope of the case with additional products. At most, RPost has cited additional evidence that was shown in screenshots in its infringement contentions. That is sufficient to put Adobe on notice of RPost's infringement theory.

For these reasons, Adobe's motion to strike portions of Dr. Almeroth's expert report should be denied.

Dated: May 6, 2019

Respectfully submitted,

/s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs*
*RPost Holdings, Inc., RPost Communications Limited, and Rmail Limited*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER
HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

## **CERTIFICATE OF SERVICE**

I certify that the foregoing sealed document and all attachments thereto are being served via email on all counsel of record on this May 6, 2019.

/s/ William E. Davis, III
William E. Davis, III