**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED, et al.,<br>          Plaintiffs,<br>     v.<br>AMAZON.COM, INC., et al.,<br><br>DOCUSIGN, INC.,<br><br>RIGHT SIGNATURE, LLC, FARMERS<br>GROUP, INC., FARMERS INSURANCE<br>COMPANY, INC.,<br><br>ADOBE SYSTEMS INCORPORATED,<br>ECHOSIGN, INC.,<br><br>          Defendants. | Civil Action No. 2:10-CV-258-JRG<br>(Lead Case)<br><br>CONSOLIDATED<br><br>Civil Action No. 2:11-cv-299-JRG<br><br>Civil Action No. 2:11-cv-300-JRG<br><br>Civil Action No. 2:11-cv-325-JRG<br><br> **REDACTED** |

**DOCUSIGN'S SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE**
**PORTIONS OF THE EXPERT REPORT OF DR. TADAYOSHI KOHNO**

DocuSign has withdrawn the portions of the Dr. Kohno's report that RPost targeted in its original motion.  In its Reply, RPost raises *entirely new* issues with Dr. Kohno's opinions that were not previous raised.  The Court should reject RPost's "shifting sands" approach to litigation. RPost should be held to the issues that it identified in its original motion.  The Remaining Opinions of Dr. Kohno's report[1] are unobjectionable and should not be struck.

## I.    DR. KOHNO ACCURATELY APPLIED THE COURT'S CLAIM CONSTRUCTIONS AND PROVIDED PROPER INFRINGEMENT OPINIONS

### A.    "Contents of the Dispatch" ('219 Patent) and "Content Data" ('219 and '334 Patents) (Dkt. 713-1 at ¶¶ 133, 136-37, 184, 186, 197-209)

RPost's basis in its original motion for striking Dr. Kohno's opinions on these limitations was that Dr. Kohno cited to certain additional portions of the Court's claim construction opinion beyond the formal construction of "contents of the dispatch" and "content data."  Dkt. 713 at 3-4; *see also* Dkt. 297 at 22-23 (construing "contents of the dispatch" and "content data" as "the entire content the sender originates for sending to the recipient" but also noting that "a person of ordinary skill in the art reading the Feldbau Patents as a whole would conclude that modification of the contents of a dispatch during transmission would be contrary to the claims and the specification"). DocuSign has withdrawn those citations.  Dr. Kohno's Remaining Opinions do not refer to language from the Court's Claim Construction Order except the formal constructions.

In its Reply, RPost argues for the first time that "Dr. Kohno's noninfringement opinion regarding the 'contents of the dispatch' and 'content data' limitations contradicts the Court's claim

---

[1]  DocuSign included as Exhibit 1 (Dkt. 765-2) to its opposition (Dkt. 765) a highlighted version of Dr. Kohno's report, showing portions that it was withdrawing in green, and portions that were cited in the opposition in yellow.  Unfortunately, there was a clerical error with the exhibit which resulted in some of the highlighting not appearing correctly.  DocuSign was not aware of the clerical error until RPost filed its reply brief.  *See* Dkt. 816 at 1 n.1.  DocuSign is including a corrected version of Dkt. 765-2 as Exhibit 1 to the Declaration of Lance Yang filed with this sur-reply.  This corrected version supersedes Dkt. 765-2.

construction."  But RPost concedes that ***"[t]he Court's construction requires that the 'contents' not be modified***."  Dkt. 816 at 1.[2]  And, RPost noted earlier that "the Kohno Report construes the terms 'contents of the dispatch' and 'content data' to require that the contents of the dispatch be 'conveyed from the sender to the recipient ***without modification***,' ***then applies that construction to reach an opinion of noninfringement***."  Dkt. 713 at 4.  RPost's Reply contradicts its original motion, and instead shows that Dr. Kohno's opinions faithfully apply the Court's constructions.

Now, RPost simply disagrees with Dr. Kohno's about whether the accused contents have in fact been modified.  RPost alleges that "nowhere does Dr. Kohno opine that the actual content of the dispatch is changed" and "Dr. Kohno conflates content with format."  Dkt. 816 at 1.  RPost mischaracterizes Dr. Kohno's opinions.  Dr. Kohno opines that ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

RPost, without factual support or expert opinion, argues that this does not satisfy the claim language.  Dkt. 816 at 1.  But, RPost's new argument goes to the weight of Dr. Kohno's opinions,

---

[2]  Emphases in this brief are added unless otherwise stated.

not their admissibility.   Expert testimony about whether the accused Service meets the Court's

constructions is admissible.  *Tesco Corp. v. Weatherford Int'l, Inc.*, 750 F. Supp. 2d 780, 796 (S.D.

Tex. 2010) (declining to exclude expert opinion that was "merely presenting one interpretation of

how the construction applies to the accused products.").    "Vigorous cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

and appropriate means of attacking shaky but admissible evidence."   *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579, 596 (1993).   RPost's new argument is effectively a motion for

summary judgment of infringement of these limitations in disguise, and should be rejected on that

basis.  *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-3587-WHO, 2015 WL 1264009,

at *5-7 (N.D. Cal. Mar. 19, 2015) (denying motion to strike expert opinion for allegedly using an

improper construction because it should have been presented as a summary judgment motion).

**B.     "Receiving" Limitations ('219 Patent) (Dkt. 713-1 at ¶¶ 273-81)**

Absent a claim construction, words of a claim are given their ordinary and customary

meaning, which is the meaning a term would have to a POSITA after reviewing the intrinsic record

at the time of the invention.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005).  *A*

*single limitation*—*i.e.*, the "receiving" limitation—in each asserted independent claim requires

"***receiving***" data that is "***being*** [electrically/electronically] transmitted."  *See*, *e.g*. Dkt. 652-2 at

claims 61, 71.  RPost does not address the plain meaning of the claims themselves.  Rather, RPost

asserts that "[a]ll method claims use the present participle" and cites to the *C-Cation* case.  Dkt.

816 at 2.  But, the "receiving" limitations expressly describe a single step, so *C-Cation* does not

apply.  *See* Dkt. 652-2 at claim 61 ("receiving content data . . . being electrically transmitted to

said recipient"); *id.* at claim 71 ("receiving content data representative of the contents of the

dispatch being electronically transmitted to said receiving system").  The law is clear that an expert

witness may offer an opinion regarding what the plain and ordinary meaning of an unconstrued

claim term is.  *See, e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at \*4 (E.D. Tex. Aug. 28, 2017) (denying JMOL seeking to overturn jury's non-infringement verdict and ruling that substantial evidence, in the form of expert testimony on what was the "plain and ordinary" meaning of an unconstrued claim term, supported the jury's verdict).  Dr. Kohno's opinions on the "receiving" limitations should not be struck.

C.      **"Destination of the Dispatch" ('219 Patent) (Dkt. 713-1 at ¶¶ 282-95)**

For this limitation, RPost says that Dr. Kohno "expressly applies not the interpretation of a person of skill in the art, but rather his interpretation of what the ''219 patent makes clear.'"  Dkt. 816 at 3.  That is simply not true: Dr. Kohno's analysis is from the perspective of a person of ordinary skill in the art.  Ex. 1 at ¶ 285.  RPost also faults Dr. Kohno for "citing to specific columns of the specification and the figures of the patents."  Dkt. 816 at 3.  But DocuSign has already withdrawn those citations.  Ex. 1 at ¶ 284.  As with the "receiving" limitations above, Dr. Kohno's testimony, directly connected to the claim language, will properly help the jury to understand the plain meaning of "destination of the dispatch" as applied to the Service.

D.      **"Mail Transport Protocol" ('372 Patent) (Dkt. 713-1 at ¶¶ 420, 427-28)**

RPost's attempt to take a single snippet from Dr. Kohno's deposition out of context should be rejected.  It is beyond dispute that paragraphs 420, 427, and 428 do ***not*** argue that the claimed "mail transport protocol" should be limited to an email protocol, so there is no basis to strike those paragraphs.  At most, RPost's logic would support striking Dr. Kohno's deposition answer, or limiting him to the opinions in his report, not the other way around (limiting to deposition).  RPost faults DocuSign for "attempt[ing] to draw some distinction between mail and email," Dkt. 816 at 3, but this is ***precisely*** the difference that RPost advances: that "mail" is not "email."

E.      **"Portion of a Mail Transport Protocol Dialog" ('372 Patent) (Dkt. 713-1 at ¶¶ 460, 464)**

RPost only seeks to strike paragraphs 460 and 464 of Dr. Kohno's report.  Dkt. 816 at 4.

DocuSign has already withdrawn the entirety of paragraph 464, as well as the purportedly-

objectionable portion of paragraph 460.  There is no remaining dispute here.

## II.   DR. KOHNO DOES NOT PROVIDE ANY LEGAL OPINION ON PROSECUTION HISTORY ESTOPPEL (DKT. 713-1 AT ¶¶ 50-52, 371)

RPost contends that Dr. Kohno should not be able to cite to the file history to support his

DOE opinions, and that any such citation would have no other purpose "than the legal question of

prosecution history estoppel."  Dkt. 816 at 4.  RPost is incorrect.  Among other things, the

prosecution history is relevant to whether the claimed "mailto" link, discussed in the prosecution

history, performs the same function, in the same way, to achieve the same result as the accused

HTTPS links.  Dr. Kohno's technical opinions and citations to the factual record should not be

struck.  RPost says that this material would lead to jury confusion and "impermissible claim

interpretation," but RPost has not explained the basis for this assertion.  *Id.*  DocuSign is entitled

to marshal the relevant intrinsic record to show the jury that RPost's DOE theories are incorrect.

## III.   DR. KOHNO HAS PROPERLY RELIED ON DOCUSIGN'S USAGE DATA (DKT. 713-1 AT ¶ 117)

RPost complains that "there was no opportunity for RPost to do much of anything with"

the usage data.  Dkt. 816 at 4.  But, RPost spent more than two hours, comprising over 90 pages

of deposition transcript, deposing DocuSign's 30(b)(6) witness on the spreadsheet.  Yang Decl. at

¶¶ 5-6.  And RPost's own damages expert relies on the same data.  *E.g.*, Dkt. 750-3 at 45-46, 100.

If RPost had a genuine complaint that it needed more discovery on the usage data, it should have

filed a motion to compel.  It did not.  For at least these reasons, in addition to DocuSign's briefing

in opposition to RPost's motion to strike Dr. Thomas' report (Dkt. 723), this motion to strike Dr.

Kohno's report should be denied.

DATED: May 22, 2019

*Attorneys for Defendant DocuSign, Inc.:*

*/s/ Claude M. Stern*

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on May 22, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).  All documents filed under seal will be served on counsel for Plaintiffs by email.

*/s/  Lance Yang*
Lance Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

In compliance with Local Rule CV-5(a)(7), the undersigned certifies that this document and certain supporting declarations and exhibits are being filed under seal pursuant to the terms of the Protective Order approved and entered in this case on March 26, 2013 [Dkt. 330].

*/s/  Lance Yang*
Lance Yang