# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RMAIL LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>DOCUSIGN, INC.,<br><br>RIGHT SIGNATURE, LLC, et al.,<br><br>ADOBE SYSTEMS INCORPORATED, et al.,<br><br>Defendants. | **Civil Action No. 2:10-cv-258-JRG**<br>(Lead Case)<br><br>CONSOLIDATED CASES<br><br>Civil Action No. 2:11-cv-299-JRG<br><br>Civil Action No. 2:11-cv-300-JRG<br><br>Civil Action No. 2:11-cv-325-JRG |

## JOINT MOTION IN LIMINE

Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc. (collectively "RPost") and Defendants DocuSign, Inc. ("DocuSign"), Adobe Inc. f/k/a Adobe Systems Inc. and Echosign Inc. ("Adobe"), and ShareFile, LLC f/k/a Right Signature LLC's ("RightSignature") (collectively, "Defendants") file this Joint Motion in Limine and state:

The Parties respectfully request an Order in Limine precluding each party, its attorneys, and all of the witnesses of each party from mentioning or referring to, directly or indirectly, or attempting to introduce evidence regarding, any of the matters set forth below until a party's

1

attorney approaches the Court outside the presence of prospective or actual jurors and obtains a ruling on admissibility.

The matters to be excluded are:

1. **Attorneys' Compensation and Prior Representation, Changes in Counsel, History with the Eastern District of Texas.** Preclude Parties from introducing any reference, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the times and circumstances under which the parties employed their current and prior attorneys; any party's change in litigation counsel in this case or prior cases and the reason for changing law firms; any inference that a party has been improperly influenced into pursuing this case or prior cases by its current or prior counsel; the fee basis of any party's current or prior attorneys' representation; who is paying or has paid expenses in connection with this case or prior litigations; litigation counsel's role in prior litigations involving any of the current parties; and any personal history with the Eastern District (e.g., track record litigating cases in the District or relatives who have held positions in the District).

2. **Popularity of the Eastern District of Texas as a Venue for Patent Holders.** Preclude Defendants from introducing any reference, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the Eastern District of Texas or any of its divisions or cities therein as a popular venue for patent holders.

3. **Discovery Disputes** – The Parties may not make any references, evidence, suggestion, testimony, or elicitation of any testimony that the other party failed to produce or retain relevant documents or the timing of such productions, or otherwise discuss discovery disputes or obligations.

4. **Slurs, Irrelevant Labels, and Ethnic Stereotypes** –

    a. No party shall offer any testimony, evidence, argument, insinuation, reference, or assertion denigrating, disparaging, touting, exalting, or commenting unnecessarily on the nationality, ethnicity, national origin, or place of residence of a party or witness, or otherwise differentiating the nationality, ethnicity, national origin, or place of residence of a party or witness from the United States.

    b. No party shall disparage any witness on the basis of the witness's native language or the witness's choice to testify in the witness's native language.

    c. RPost shall not denigrate Defendants, such as painting a "David and Goliath" scenario, or analogizing patent infringement to theft, and the like.

5. **Jury Consultants, Shadow Juries, and Focus Groups** - Preclude the parties from any references, evidence, testimony (including expert testimony), arguments regarding, or

inquiries attempting to elicit testimony regarding jury consultants, trial consultants, shadow or mock juries, or focus groups before or during trial.

6. [REDACTED]

7. **Experts' Prior Retention by Parties' Counsel** - Preclude the parties from any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding experts previously working for any party's current or prior outside litigation counsel in other cases. This includes any reference to whether a party's expert witness was previously considered for retention by, was retained by, or is currently retained by the opposing party's counsel.

8. **Criticism or Glorification of the USPTO** – The parties are precluded from glorifying or disparaging of the USPTO or the examiners that work at the USPTO. This shall not limit either party from referring to the statements made in the video provided by the Federal Judicial Center entitled, "The Patent Process: An Overview for Jurors."

9. **Reference to Priority Dates of the Asserted Patents** –

    a. Preclude Defendants from making any statements that the inventions claimed in the asserted patents were conceived or reduced to practice after the filing date of the patent applications of the asserted patents. This agreement in no way relieves or otherwise affects the parties' burdens of proof regarding the priority or effective filing date.

    b. Preclude RPost from making any statements that the asserted patents were conceived or otherwise entitled to an earlier conception date than the earliest priority date alleged for each patent (*i.e*., August 28, 1995 for the '219 and '334 patents, July 28, 1999 of the '372 patent, and November 26, 2002 for the '624 patent).

10. **Non-Accused Parties** - Preclude the parties from any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony suggesting that other parties (including but not limited to defendants in other pending RPost litigations, distributors, customers, and end-users) infringe or do not infringe the asserted patents.

11. **Inflammatory Explanations of the Burden of Proof** – The parties are precluded from comparing or referring to the burden of proof regarding invalidity to other areas of law (e.g., adoption law, civil commitment). The Court will instruct the jury on the burdens of proof.

██████████████████████████████████████

**WHEREFORE**, the Parties pray that the Court grant their Joint Motion in Limine and for such other and further relief to which they may be entitled. A proposed Order is attached.

Date: May 28, 2019

By: /s/ Michael A. Berta
Michael A. Berta
michael.berta@apks.com
Ryan J. Casamiquela
ryan.casamiquela@apks.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

Michael E. Jones
**POTTER MINTON**
110 North College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com

*Counsel for Defendants*
*Adobe Systems Incorporated*
*Echosign, Inc.*

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs*
*RPost Holdings, Inc.*
*RPost Communications Limited*
*RMail Limited*

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman

4

davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

*/s/ Claude M. Stern*
David Lowe
Lowe@LoweGrahamJones.com
Lowe Graham Jones PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN Bar No. 24001351)
melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
gil@gillamsmithlaw.com
Bobby Lamb
wrlamb@gillamsmith.law.com
**GILLAM & SMITH, LLP**
300 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendant*
*DocuSign, Inc.*

*/s/ David M. Barkan*
**David M. Barkan**
CA Bar 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**

500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

**Indranil Mukerji**
MA Bar 644059
mukerji@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

**Jackob Ben-Ezra**
TX Bar 24073907
ben-ezra@fr.com
**Caitlin M. Dean**
Texas Bar 24109797
cdean@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

**Lawrence Jarvis**
Georgia Bar No. 102116
jarvis@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002


Elizabeth L. DeRieux
ederieux@capshawlaw.com
Sidney C. Capshaw, III
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Avenue
Gladewarter, Texas 75647

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Telephone: (903) 845-5770

*Counsel for Defendant*
*ShareFile LLC f/k/a RightSignature*

## CERTIFICATE OF SERVICE

I certify that the foregoing sealed document and all attachments thereto are being served via email on all counsel of record on this May 28, 2019.

/s/ William E. Davis, III
William E. Davis, III