███████████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED, et al., | |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC., et al., | **Civil Action No. 2:10-CV-258-JRG** (Lead Case) |
| DOCUSIGN, INC., | Civil Action No. 2:11-cv-299-JRG |
| RIGHTSIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., | Civil Action No. 2:11-cv-300-JRG |
| ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., | Civil Action No. 2:11-cv-325-JRG |
| Defendants. | ███████████████ |

**PLAINTIFFS' MOTION *IN LIMINE***

████████████████████████████████

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

1. ████████████████████████████████ ..........1

2. ████████████████████████████ ....................4

3. ████████████████████████████████ ..........5

4. **Expert Opinions from Fact or Lay Witnesses** .......................................5

5. ███████████ .....................................................................7

6. ████████████████████████████ ..................9

7. **Denigrating RPost's Efforts to Enforce Its Patent Rights or That Refer to RPost or RPost's Business Model in Pejorative or Derogatory Terms** ......................10

8. **Assertion That RPost Patents are "Limited to or Only Relate to Email."** .................11

9. **Prior RPost Patent Litigation Involving Feldbau or Tomkow Patents, Including Orders or Opinions (e.g., GoDaddy and Sophos)** ...........................................12

10. ████████████████████████████ ..........12

11. **Collateral Attack on Court's Claim Construction** .........................................14

12. **Improper Comparisons or Distinctions Involving Prior Art** ......................................15

13. **Effect of Verdict or Damages Award** ...................................................15

14. **Comparing Accused Products to Embodiments or RPost's Products** ........................16

15. **Introduction into Evidence or Publication to the Jury of Any Defendant Patents** ...16

16. **Practicing Prior Art** ...............................................................17

17. **Noninfringing Alternatives** .........................................................17

18. **Preclude any testimony by any witness, specifically including Jeremy Scheffel, not properly disclosed or produced for deposition** ...............................................18

19. **Referring to Incorporation in Bermuda in Derogatory or Negative Terms.** .............19

20. **Prior Court Orders and Decided Motions** .................................................19

**21. Witness's Individual or Personal Website or Blog** ......................................................19

**22. Post-Filing Offers of Compromise, Settlement Negotiations, and Mediation** ...........20

**23. Dismissed, Abandoned, and Dropped Claims and Products** ......................................20

## **TABLE OF AUTHORITIES**

### **Cases**

*BioTech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996). .....................................16

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd*., 807 F.3d 1283 (Fed. Cir. 2015)  .................16

*Contentguard Holdings, Inc. v. Amazon.com, Inc.,* No. 2:13-cv-01112-JRG,
2015 WL 11089490 (E.D. Tex. Sept. 4, 2015)..............................................................................11

*Disalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150, 2016 U.S. Dist. LEXIS 185378 (
E.D. Tex. July 20, 2016)..................................................................................................................3

*Eidos Display, LLC v. Chi Mei Innolus Corp.*, No. 6:11-CV-00201,
2017 U.S. Dist. LEXIS 157062 (E.D. Tex. May 26, 2017)............................................................4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-11-RSP, 2017 WL 5137401
(E.D. Tex. Nov. 4, 2017)  ..............................................................................................................18

*Genband US LLC v. Metaswitch Networks Corp*., No. 2:14-cv-33-JRG-RSP,
ECF No. 370, slip op. at 8 (E.D. Tex. Sept. 30, 2015)  ................................................................17

*Johnson & Johnston Assocs. v. R.E. Serv. Co.,* 285 F.3d 1046 (Fed. Cir. 2002).........................16

*Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-1314-JRG,
Doc. No. 416 (E.D. Tex. May 3, 2018) ...................................................................................15, 17

*Intellectual Ventures II, LLC v. FedEx Corp., et al.*, No. 2:16-cv-980-JRG,
Dkt. 505 (E.D. Tex. April 26, 2018)..............................................................................................10

*Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Md. 2007).................................................8

*MediaTek, Inc. v. Freescale Semiconductor, Inc.*,
2014 WL 971765 (N.D. Cal. Mar. 5, 2014) ..................................................................................14

*Parthenon Unified Memory Architecture LLC v. Apple Inc.,* No. 2:15-cv-621-JRP-RSP, 2016
WL 7743510 (E.D. Tex. Sept. 21, 2016)........................................................................................10

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL
627430 (E.D. Tex. Jan. 31, 2015) ..................................................................................................17

*Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447,
2015 U.S. Dist. LEXIS 18418 (E.D. Tex. Jan. 5, 2015) ...............................................................12

*SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-00158,
2012 WL 12906091 (E.D. Tex. May 24, 2012) ........................................................... 10

*U.S. v. Breland*, 366 F. App'x 548 (5th Cir. 2010) ........................................................ 3

*U.S. v. Frederick*, 683 F.3d 913 (8th Cir. 2012) ............................................................ 3

*U.S. v. Williams*, 822 F.2d 512(5th Cir. 1987) ............................................................. 3

*U.S. v. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275 (11th Cir. 2001) .................................. 3

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ............................................ 9

*YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017) ........... 14

*Zenith Elecs. Corp. v. PDI Commun. Sys.*, 522 F.3d 1348 (Fed. Cir. 2008) ................................ 17

███████████████████████████████████████████████████

Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc. (collectively "RPost"), prior to announcing ready and before any proceedings are had before a jury in this case, moves the Court for an Order *in Limine*, restricting Defendants DocuSign, Inc., Adobe Inc. f/k/a Adobe Systems Inc. and Echosign Inc., ShareFile, LLC f/k/a Right Signature LLC's (collectively, "Defendants"), Defendants' counsel, and witnesses called on behalf of Defendants from mentioning of certain matters, and show the Court as follows:

The following matters are not admissible in evidence for any purpose and have no bearing on the issues or rights of the parties in this case.  Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would irreparably prejudice RPost and irreparably taint the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice, but will reinforce the development of questionable evidence.

**1.** ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ █ ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

█ ███████████████████████████████████████████

No purpose exists that would authorize the defendants to admit these statements as evidence in trial. In terms of impeachment evidence, Federal Rule of Evidence 608(b) plainly provides that "[e]xcept for a criminal conviction under Rule 609, ***extrinsic evidence is not admissible*** to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." FED. R. EVID. 608(b) (emphasis added). Nor should defendants be able to inquire into the subject on cross-examination, as the issues in ███████████ are so dissimilar from

███████████████████████████████████████

the instant ones that any help this could theoretically provide the jury in assessing the credibility

of a witness is greatly outweighed by its prejudicial effect. *See* FED. R. EVID. 403; *U.S. v. Williams*,

822 F.2d 512, 517 (5th Cir. 1987) ("The district court may under Rule 608(b) determine if evidence

is probative of truthfulness, and under 403 exclude even probative evidence if the prejudicial effect

outweighs the probative value."). ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████    This distracting and prejudicial "mini-trial" sideshow is precisely what Rules

608(b) and 403 are meant to prevent. *See U.S. v. Frederick*, 683 F.3d 913, 919 (8th Cir. 2012).

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Such statements, to begin with, are inadmissible hearsay. *See U.S. v. Steel, LLC v. Tieco, Inc.*, 261

F.3d 1275, 1287 (11th Cir. 2001) (concluding that factual findings made in a separate case are

"hearsay, and they [cannot] be either judicially noticed or admitted under the public records

exception to the hearsay rule"). Additionally, the valuation of a corporate entity falls squarely

within the domain of expert testimony. *See U.S. v. Breland*, 366 F. App'x 548, 552 (5th Cir. 2010).

If permitted to admit these statements ██████████ into evidence, defendants would essentially

be introducing expert testimony while circumventing the obligations that ordinarily accompany

such evidence, such as the discoursal requirements of Federal Rule of Civil Procedure 26(a) and

the reliability checks of Federal Rule of Evidence 702. *See Disalvatore v. Foretravel, Inc.*, No.

9:14-CV-00150, 2016 U.S. Dist. LEXIS 185378, at *12-14 (E.D. Tex. July 20, 2016). These

███████████████████████████████████████████

problems—coupled with the fact that the instant case involves a completely unrelated subject matter—render this evidence irrelevant and overly prejudicial. *See* Fed. R. Evid. 401 & 403. For the same reasons, the conclusion is compelled that references to ███████████ be precluded from being admitted as substantive evidence on the issue of damages at trial.

Further, in the 259 case, Judge Rice found that Mr. Barton failed to prove that RPost made any transfer with actual intent to hinder, delay, or defraud. Ex. 4, Statement of Decision (529 Case) at DOCU0102822. Thus, as ██████████ does not act as probative evidence on the issue of credibility, it follows, *a priori*, that neither does the Barton 259 case. Accordingly, RPost respectfully requests the exclusion of any evidence, testimony, or reference to ██████████ ███████████████████████████████████████ ████████████ .

2. ███████████████████████████████

███████████████████████████████████

███████████████████████████ █ ██████████████

███████████████████████████████████

█████████████████████ █ ██████████████████

███████████████████████████████████

███████████████████████████████████

█ █████████████████████████████████

███████████████████████████████████

███████████████████████████████████

_____

█ ████████████████████████████████████
  ███████████████
█ █████████████████████████████
  █████████████████

**3.** 

**4.**     **Expert Opinions from Fact or Lay Witnesses.**

RPost understands that this may be a "follow the rules" motion that is not necessary.  In this case, however, there is specific testimony to exclude. ███████████████████

███████████████████████████

███████████████████████

███████████████████████████

_____

In either case, RPost requests excluding the testimony under Federal Rule of Civil Procedure 37 and Federal Rule of Evidence 403.

5.

**6.**

██████████████████████████

████████████████████████████████████

██████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████     Evidence of this nature should be excluded under Fed. R. Evid. 403. Courts have routinely upheld the exclusion of evidence regarding prior or pending lawsuits or claims as being irrelevant or on the basis that any minimal relevance is outweighed by prejudice or confusion.[7] Accordingly, evidence of and reference to RPost's invalidity and non-infringement contentions ██████████████     should not be allowed.

## 7. Denigrating RPost's Efforts to Enforce Its Patent Rights or That Refer to RPost or RPost's Business Model in Pejorative or Derogatory Terms.

The Court should preclude the Defendants from presenting any evidence, testimony, comment or reference that RPost (or any of its related or affiliated companies) is a "patent troll," "non-practicing entity ("NPE")," "shell corporation," "pirates" or otherwise denigrate RPost's business model or its efforts to enforce its intellectual property (e.g., "paper patent," " "playing the lawsuit lottery," "playing the corporate shell game," "not making products or practicing the patents-in-suit"), including any reference to notice letters sent to inform third parties of potential infringement claims. These type of derogatory descriptions of RPost have no place in the adjudication of this patent infringement dispute. *Intellectual Ventures II, LLC v. FedEx Corp., et al.*, No. 2:16-cv-980-JRG, Dkt. 505 at 6-7 (E.D. Tex. April 26, 2018); *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-00158, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012).   Eastern District case law shows consistent prohibition against pejorative epithets for patent-holders seeking to enforce their patent rights. *See Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRP-RSP,

---

[7]  *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-80 (5th Cir. 1993).

2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (granting motion *in limine* prohibiting "pejorative terms such as 'patent troll,' 'pirate,' 'bounty hunter,' 'privateer,' 'bandit,' 'paper patent,' 'submarine patent,' 'stick up,' 'hold up,' 'shakedown,' And 'playing the lawsuit lottery.'"); *Contentguard Holdings, Inc. v. Amazon.com, Inc.,* No. 2:13-cv-01112-JRG, 2015 WL 11089490, at *2 (E.D. Tex. Sept. 4, 2015) (granting motion *in limine* prohibiting "any argument, evidence, testimony, insinuation, reference, or assertion implying that [Plaintiffs] are 'patent trolls,' 'patent pirates,' non-practicing entities, or other pejorative terms, or otherwise disparaging [Plaintiffs'] business model.").

8.    **Assertion That RPost Patents are "Limited to or Only Relate to Email."**

The Court should preclude the Defendants from introducing any evidence, testimony, or references to the RPost Patents being limited to or only relate to email. As described in RPost's motions to strike regarding Dr. Kohno [Dkt. 713], Dr. Mody [Dkt. 726], and Dr. Tittel [Dkt. 714], Defendants seek to introduce evidence and argue that RPost's patents are limited to e-mail.  The Court has considered these arguments and rejected them.  *See, e.g.*, Claim Construction Order (Dkt. 278) at 86–88 (rejecting "mail transport protocol dialog" being limited to specific examples from the specification, such as SMTP or IMAP).  The Court found that email protocols were disclosed as exemplary, and "the specification explains that other types of electronic messages could be transmitted." *Id*. (reproducing '372 Patent at 25:27-28, 27:28-34). Similarly, the Court rejected Defendants' attempt to limit the claimed "message" to an email. *Id*. at 78-80. The Court found that the specification "demonstrates that the term 'message' is not limited to being an e-mail" and that the specification "explicitly states that the disclosed system and method are not limited to 'e-mail.'" *Id*. at 79-80 (reproducing '372 Patent at 1:16-21 and 27:27-32).

9.  **Prior RPost Patent Litigation Involving Feldbau or Tomkow Patents, Including Orders or Opinions (*e.g.*, *GoDaddy* and *Sophos*)**

Reference to prior RPost litigation are not relevant and the danger of unfair prejudice, jury confusion, and misleading the jury substantially outweighs any potential relevance.  Fed. R. Evid. 403.  Defendants intend to present before the jury Orders from *other* cases in which *other* claims from the Feldbau and Tomkow patent families (predominantly relating to other patents not at-issue here) were invalidated.  That evidence is not relevant to invalidity—Section 282 mandates that "[e]ach claim of a patent . . . shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."  The Orders would also result in a sideshow trial about the impact of rulings from other cases that involve other patent claims.

Despite that, Defendants assert that these Orders are probative to their willful infringement defense that they had a reasonable, good-faith belief of invalidity.  That argument runs into Section 282 and black-letter willfulness caselaw—after *Halo*, "[p]roof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 829 F.3d at 1341. Lastly, the *GoDaddy* Orders were issued in 2016 and 2017—years after this case was filed in 2011—and would not have been a basis to defeat willfulness even under the pre-*Halo* standard.  *See, e.g.*, *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, 2015 U.S. Dist. LEXIS 18418, at *40 (E.D. Tex. Jan. 5, 2015) (explaining that a Defendant "may only rely on defenses that were available and reasonable at the time of infringement" and relying on "areas of patent law that have significantly changed since litigation began" such as subject matter eligibility did not defeat a willfulness claim at summary judgment).

**10.**

██████████████████████████

████████████████████████████████████████

██████████████████████████████████

**11. Collateral Attack on Court's Claim Construction.** The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion purporting to attribute a meaning to claim terms other than the proper interpretation of the claims as set forth in this Court's constructions.

As set forth in RPost's Motions to Strike regarding Drs. Jakobsson [Dkt. 725], Kohno [Dkt. 713], and Tittel [Dkt. 714], Defendants' experts intend to use at least the prosecution history and claim construction opinion to make improper claim construction arguments—(1) that the Court's construction of "contents of the dispatch" includes an unarticulated exclusion of systems that modify any data provided by the sender; (2) onloads extraneous limitations via the "plain and ordinary meaning" of claim terms (such as the "receiving" and "destination of the dispatch" limitations); (3) that the Court's construction of "mail transport protocol dialog" requires a specific mail protocol identified by Defendants' experts; and (4) discuss prosecution history for terms that have the Court has already construed (e.g., "non-interested third party", "indicia of time of successful transmission").

The Court should also preclude similar arguments or testimony from Defendants' counsel or witnesses. "The court is the final authority on the meaning of claim terms, and the jury must be instructed by *the court*, not the parties or their experts, on those meanings." *YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 404519, at *2 (W.D. Tex. Jan. 27, 2017) (emphasis in original).

Moreover, the prosecution history evidence upon which Defendants intend to rely for this improper purpose should be excluded because it is irrelevant to any proper inquiry that is part of this case. *MediaTek, Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *4 (N.D. Cal. Mar. 5, 2014) (excluding testimony grounded in prosecution history to discern meaning).

Similarly, extrinsic evidence that the Court may use during claim construction "is not appropriate

for presentation to a jury and is properly excluded at trial." *Id.*

12. **Improper Comparisons or Distinctions Involving Prior Art.** Preclude Defendants from
any references, evidence, testimony (including expert testimony), arguments regarding,
or inquiries attempting to elicit testimony comparing the prior art to or distinguishing the prior
art from anything (including embodiments disclosed in the Asserted Patents and RPost's
commercial embodiments) other than the asserted claims.

The only relevant and proper use of prior art is as evidence supporting a validity challenge

through comparison to the asserted claims. *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-

1314-JRG, Doc. No. 416 at 4 (E.D. Tex. May 3, 2018) (granting opposed motion *in limine* as to

"[c]omparing prior art to Plaintiff's infringement contentions or [Defendant's] products rather than

to claims as construed by the Court").  Nevertheless, RPost anticipates that Defendants will try to

introduce into evidence improper comparisons or distinctions involving prior art (including, for

example, comparisons to or distinctions from embodiments disclosed in the Asserted Patents and

RPost's commercial embodiments).  Such evidence is irrelevant under FRE 401 and runs a grave

risk of confusing the issues and misleading the jury under FRE 403.

13. **Effect of Verdict or Damages Award.** Preclude Defendants from any references,
evidence, testimony (including expert testimony), arguments regarding, or inquiries
attempting to elicit testimony that a damages award may affect the jurors personally, drive
up the price of products, cause products to be withdrawn from the marketplace, threaten
the financial viability of any Defendant or impact any Defendant's employees or
customers, or compromise Internet security.

The extent to which a verdict or damages award in favor of RPost might affect the jurors

personally, drive up the price of the accused products, cause the accused products to be withdrawn

from the marketplace, threaten the financial viability of any Defendant, impact any Defendant's

employees or customers, or compromise Internet security is irrelevant to the issues of

infringement, validity, and damages, and even if found to be relevant, it would be a waste of time

and be unduly prejudicial to RPost.  FED. R. EVID. 401, 403.

14.   **Comparing Accused Products to Embodiments or RPost's Products.** Preclude the parties from any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding comparisons of the accused products to the embodiments in the specification to argue noninfringement.

Determining whether Defendants' accused product are covered by the Patents-in-Suit requires a comparison of the accused products with the claims of the patent—not a preferred embodiment of the patent or one of RPost's products. *Johnson & Johnston Assocs. v. R.E. Serv. Co.,* 285 F.3d 1046, 1052 (Fed. Cir. 2002) ("[T]he law of infringement compares the accused product with the claims as construed by the court. Infringement … does not arise by comparing the accused product with a preferred embodiment … or with a commercialized embodiment of the patentee.") (citations omitted). It would create jury confusion and be a waste of time and unduly prejudicial to RPost if Defendants tried to make a non-infringement argument by comparing the accused products to the preferred embodiment. Fed. R. Evid. 402, 403.

15.   **Introduction into Evidence or Publication to the Jury of Any Defendant Patents.**

The Court should preclude argument or evidence relating to Defendants' patents, particularly any patents allegedly within the same technological space as RPost's patents. Defendants are not relying on any of their own patents as evidence related to any issue in this case. Such argument or evidence therefore has very minimal, if any, relevance, and has a very high risk of confusing the jury. For example, such evidence, argument or testimony could invite the improper inference that just because a Defendant has patents it somehow cannot or should not be liable for patent infringement or that RPost's patents are invalid. *See* Fed. R. Evid. 402 & 403. Obtaining patents of one's own is not a defense to patent infringement. *See, e.g., BioTech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996). Nor is it a good-faith basis for a belief that one does not infringe. *See, e.g., Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1301 (Fed. Cir. 2015).  Even if Defendants do not expressly make such argument or

introduce such evidence, the only reason to do so is to make an improper argument or inference.

Courts in the Eastern District of Texas frequently preclude references to a defendant's patents. *See, e.g., KAIST IP US,* ECF No. 416, slip op. at 1-2 (precluding argument "[t]hat Defendants cannot infringe because they have their own patents" or that "the Accused Instrumentalities practice other patents"); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, ECF No. 370, slip op. at 8 (E.D. Tex. Sept. 30, 2015) (precluding "evidence or argument related to any . . . patent or patent application" owned by the defendant).   Allowing introduction of evidence, argument, or mention of Defendants patents in general, and more particularly in the same technological space, or Defendants having patents covering the accused products inherently risks confusing the jury as to the intricacies of patent law and whether multiple patents could cover the same product, whether Defendants' patents could be a defense to RPost's patents, or any number of other improper inferences.

**16.  Practicing Prior Art.** Preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the accused devices to prior art.

As set forth in RPost's motion to strike Dr. Jakobsson [Dkt. 725], Defendants should be precluded from arguing that the accused products do not infringe because those products practice the prior art.  Such an argument contravenes black-letter patent law: "anticipation cannot be proved by merely establishing that one 'practices the prior art' ... mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity." *Zenith Elecs. Corp. v. PDI Commun. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008). *See also Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *4 (E.D. Tex. Jan. 31, 2015) (granting identical MIL).

**17.  Noninfringing Alternatives.** Preclude RightSignature from any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to

███████████████████████████████████████████████████

elicit testimony regarding any alleged non-infringing alternatives, including but not limited to the identity, source, respective advantages and disadvantages, and associated costs and benefits of such alleged non-infringing alternatives.

RightSignature produced no evidence concerning non-infringing alternatives ████████████

████████████████████████████████████████████████████████

████████████████   Nevertheless, RightSignature's expert reports contained opinions concerning the technical and economic availability of alleged non-infringing alternatives.  *See* Doc. No. 723 at 9-10; Doc. No. 726 at 3-5. ████████████████████████████████████████

███████████████, RightSignature cannot now reverse course and introduce new evidence and theories concerning alleged non-infringing alternatives. *Compare Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-11-RSP, 2017 WL 5137401, at **11-12 (E.D. Tex. Nov. 4, 2017) (striking from expert report new non-infringing alternatives that defendant's corporate representative "led [Plaintiff] to believe . . . would not be possible").  The Court should exclude this evidence under Fed. R. Evid. 403 and Fed. R. Civ. P. 26 and 37.

18.   **Preclude any testimony by any witness, specifically including Jeremy Scheffel, not properly disclosed or produced for deposition.**

In March 2019, as part of a compromise to resolve scheduling disputes, the parties agreed not to issue any new Rule "30(b)(1) deposition notices for witnesses that have not previously been noticed unless the requesting party first obtains leave of court." Ex. 11, at 1, 10.  At 8:16 p.m. on April 1, 2019—after the March agreement, and on the last day of fact discovery—DocuSign amended its Rule 26(a) initial disclosures to add Jeremy Scheffel as a person likely to have discoverable information. Ex. 12; ██████████.  Mr. Scheffel now appears on DocuSign's witness list. Ex. 14, at 3. The Court should preclude DocuSign under Federal Rule of Civil Procedure 37(c)(1) from presenting Mr. Scheffel (and any other witness not properly disclosed or produced for deposition) at trial.  DocuSign's failure to timely disclose Mr. Scheffel was not substantially

justified; DocuSign knew of Mr. Scheffel and included him in its January 14, 2019, initial disclosures in *DocuSign II*.[8]  Ex. 15, at 3.  Nor was this failure harmless; by waiting until the last day of fact discovery, after the March agreement, to disclose Mr. Scheffel, DocuSign deprived RPost of the opportunity to take Mr. Scheffel's deposition.  Allowing DocuSign to present Mr. Scheffel or refer to his anticipated testimony would irreversibly prejudice RPost.  Thus, RPost respectfully requests that the Court grant this *limine* item.

### 19.    Referring to Incorporation in Bermuda in Derogatory or Negative Terms.

Plaintiffs RMail Limited and RPost Communications Limited are incorporated in the Nation of Bermuda as well as a related entities, RCom Limited and RPost International Limited. These entities' place of incorporation and/or addresses in Bermuda and the reasons they are incorporated in Bermuda have nothing to do with the infringement, validity, and damages issues.  Allowing Defendants to assert or imply that these entities are incorporated in or have addresses in Bermuda for nefarious, illegal, immoral, tax evasion, "shell game," "shell corporation," "un-American," or "unpatriotic" purposes and repeatedly referencing their connection to Bermuda would unfairly bias the jury and be highly prejudicial to RPost. Fed. R. Evid. 402 & 403.

### 20.    Prior Court Orders and Decided Motions

Similar to MIL No. 9, Defendants seek to introduce Orders from the *GoDaddy* case and from this case.  That evidence is not relevant to validity or willfulness, and the risk of unfair prejudice and misleading and confusing the jury warrants excluding references to those orders under Rules 401 and 403.

### 21.    Witness's Individual or Personal Website or Blog.

---

[8] *RPost Holdings, Inc. v. DocuSign, Inc.*, No. 2:12-cv-683-JRG (E.D. Tex.).

The Court should preclude the Defendants from introducing any evidence, testimony, or references to the fact that certain RPost witnesses such as inventor Dr. Terrance Tomkow have or operate individual or personal websites or blogs and the substance of these websites or blogs. This evidence plays no part in deciding the issues of infringement, validity, or damages that will be presented at trial. Fed R. Evid. 401-402. Such evidence would also prejudice RPost and mislead the jury by confusing the issues. Fed. R. Evid. 403.

## 22. Post-Filing Offers of Compromise, Settlement Negotiations, and Mediation

The Court should preclude Defendants from introducing any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding Rule 408 offers of compromise, settlement negotiations, and statements made in mediations and occurring after the filing of the present lawsuits against the Defendants. RightSignature intends to introduce ███████████████████████████ ████████ which is highly inappropriate, irrelevant to the issues to be tried, will unduly prejudice RPost, and will create jury confusion. Fed. R. Evid. 401, 403, 408.

## 23. Dismissed, Abandoned, and Dropped Claims and Products.

The Court should preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the existence of prior claims, causes of action, or accused products that have been dismissed, abandoned, or dropped by RPost prior to trial, including the fact that such claims, causes of actions, or accused products were previously asserted but have been dismissed, abandoned, or dropped voluntarily by RPost or by the Court on summary judgment. Fed. R. Evid. 401, 403.

DATED May 28, 2019

Respectfully submitted,

By: /s/ *William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiffs*
*RPost Holdings, Inc., RPost*
*Communications Limited, and RMail*
*Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing sealed document is being served

via email on all counsel on this 28th day of May, 2019.

/s/ William E. Davis, III
William E. Davis, III
