**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM, INC., and PAYPAL,<br><br>　　　　　　　Defendant. | **Civil Action No. 10-cv-258JRG**<br>(Lead Case) |
| RMAIL LIMITED; RPOST<br>COMMUNICATIONS LIMITED; and RPOST<br>HOLDINGS, INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>DOCUSIGN, INC., a Washington corporation,<br><br>　　　　　　　Defendant. | Civil Action No. 11-cv-299JRG<br><br>Civil Action No. 11-cv-300JRG<br><br>Civil Action No. 11-cv-325JRG |

## DEFENDANT DOCUSIGN, INC.'S MOTIONS *IN LIMINE*

**TABLE OF CONTENTS**

**Page**

I.      MIL NO. 1: NO MENTION OF DOCUSIGN'S SIZE, ACTUAL PROFITS AND
        REVENUES, IPO VALUE AND THE REVENUES OF THE E-SIGNATURE
        MARKET AS A WHOLE ..................................................................................................1

II.     MIL NO. 2: NO MENTION OF THE AMOUNT DOCUSIGN'S EMPLOYEES
        ARE OR WERE COMPENSATED ..................................................................................3

III.    MIL NO. 3: NO MENTION OF DOCUSIGN'S CLAIMED PRE-SUIT
        KNOWLEDGE OF THE ASSERTED PATENTS ..........................................................4

IV.     MIL NO. 4: NO MENTION OF ALLEGED COPYING ..................................................5

V.      MIL NO. 5: NO MENTION THAT RPOST PRACTICES THE ASSERTED
        PATENTS .........................................................................................................................6

VI.     MIL NO. 6: NO MENTION OF A DUTY TO SEARCH FOR PATENTS OR
        OBTAIN ADVICE OF COUNSEL REGARDING VALIDITY OR
        INFRINGEMENT..............................................................................................................7

VII.    MIL NO. 7: NO MENTION OF RPOST LITIGATIONS AGAINST
        ADOBE/ECHOSIGN AND RIGHTSIGNATURE OR DOCUSIGN'S
        LITIGATION AGAINST RPOST.....................................................................................9

VIII.   MIL NO. 8: NO MENTION THAT RPOST ████████████
        ████████AS A RESULT OF DOCUSIGN'S ALLEGED INFRINGEMENT..........10

IX.     MIL NO. 9: NO MENTION OF JOINT INFRINGEMENT OF THE '624
        PATENT BY DOCUSIGN IN COOPERATION WITH SIGNER..................................12

X.      MIL NO. 10:  NO MENTION OF EVIDENCE PRODUCED BY OTHER
        DEFENDANTS ...............................................................................................................13

XI.     MIL NO. 11:  NO MENTION OF A SUCCESSFUL OUTCOME OF RE-
        EXAMINATION PROCEEDINGS..................................................................................14

XII.    MIL NO. 12: NO MENTION OF OLD EXPERT OPINIONS .........................................14

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
   No. 2:17-cv-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018) .................................. 6

*Apple Inc. v. Motorola, Inc.*,
   No. 1:11-cv-08540, Dkt. 980 (N.D. Ill. May 31, 2012) .............................................. 9

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
   839 F.3d 1034 (Fed. Cir. 2016) ...................................................................... 7

*Burke v. Deere & Co.*,
   6 F.3d 497 (8th Cir. 1993) .......................................................................... 2

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-CV-01112-JRG, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015) ......................... 8, 10

*Cooper Tire and Rubber Co. v. Farese*,
   No. 3:02CV210, 2008 WL 5382416 (N.D. Miss. Dec. 19, 2008) ............................... 2

*DataTreasury Corp. v. Wells Fargo & Co.*,
   No. 2:06-cv-72, ECF No. 2392 (E.D. Tex. Oct. 5, 2010) .................................... 1, 10

*DDR Holdings, LLC v. Hotels.com et al*,
   No. 2:06-cv-00042-JRG, ECF No. 481 (E.D. Tex. Apr. 21, 2015) .......................... 7

*Draiper v. Airco, Inc.*,
   580 F.2d 91 (3d Cir. 1978) ........................................................................ 2

*Edwards v. Guideone Mut. Ins. Co.*,
   No. 4:09-cv-35, 2010 WL 1416471 (S.D. Miss. Apr. 7, 2010) ................................. 9

*Emblaze Ltd. v. Apple Inc.*,
   No. 5:11-cv-01079-PSG, ECF No. 519 (N.D. Cal. June 19, 2014) .......................... 9

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
   No. 13-CV-03999-BLF, 2015 WL 4129193 (N.D. Cal. July 8, 2015) ..................... 4

*Function Media, L.L.C. v. Google Inc.*,
   No. 2:07-cv-279, ECF No. 345 (E.D. Tex. Jan 4, 2010) ..................................... 1

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   2014 WL 6467782 (E.D. Tex. Nov. 17, 2014) ............................................... 9

*Golden Bridge Tech. v. Apple, Inc.*,
   No. 5:12-cv-04882-PSG, Dkt. 469 (N.D. Cal. May 16, 2014) ............................. 9

*Hitachi Consumer Electronics Co.  v. Top Victory Electronics (Taiwan) Co.*,
   No. 2:10-cv-00260-JRG, ECF No. 283 (E.D. Tex. Mar. 2, 2015) ........................... 1

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*,
   No. 2:17-cv-00577-JRG, ECF No. 294 (E.D. Tex. Jan. 8, 2019) ............................ 5

*KAIST IP US LLC v. Samsung Electronics Co., LTD., et al.*,
No. 2:16-CV-01314-JRG-RSP, ECF No. 416 (E.D. Tex. May 3, 2018)..................................8

*LecTec Corp. v. Chattem, Inc.*,
No. 5:08-cv-130, ECF No. 324 (E.D. Tex. Jan. 4, 2011) ........................................................1

*Microsoft Corp. v. i4i Ltd. Partnership*,
564 U.S. 91 (2011)................................................................................................................14

*MobileMedia Ideas LLC v. HTC Corp.*,
No. 2:10-cv-00112-JRG, ECF No. 377 (E.D. Tex. Jan. 8, 2014).............................................1

*NetAirus Techs, LLC v. Apple, Inc.*,
No. 10-cv-03257-JAK-E, ECF No. 523 (C.D. Cal. Oct. 21, 2013 ...........................................9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)............................................................................................13

*PACT XPP Techs., AG v. Xilinx, Inc.*,
2012 WL 2774971 (E.D. Tex. May 13, 2012) ........................................................................2

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-cv-463- RWS-JDL, ECF No. 551 (E.D. Tex. May 4, 2017) .....................................8

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*,
2009 WL 8725107 (E.D. Tex. Oct. 8, 2009) ..........................................................................9

*SEVEN Networks, LLC v. Google LLC*,
No. 2:17-cv-00442-JRG, ECF No. 606 (E.D. Tex. Jan. 18, 2019)...........................................1

*Siemens Med. Sol. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
637 F.3d 1269 (Fed. Cir. 2011)............................................................................................13

*Smartflash LLC v. Apple Inc.*,
No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593 (E.D. Tex. Jan. 29, 2015) ........................9

*Superior Fireplace Co. v. Majestic Prods. Co.*,
270 F.3d 1358 (Fed. Cir. 2001)............................................................................................14

*SynQor, Inc. v. Artesyn Techs., Inc.*,
2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) ......................................................................13

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
No. 9:09-CV-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011).....................................3, 13

*Virnetx, Inc. v. Cisco Sys., Inc.*,
767 F.3d 1308 (Fed. Cir. 2014)..........................................................................................2, 3

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
683 F.3d 1356 (Fed. Cir. 2012)............................................................................................5

## **Statutes**

35 U.S.C. § 298...................................................................................................................8

Fed. R. Civ. P. 26..............................................................................................................13

Fed. R. Evid. 401 ................................................................................................................. 6, 9

Fed. R. Evid. 402 .............................................................................................................. 3, 6, 9

Fed. R. Evid. 403 ................................................................................................................. 3, 9

Fed. R. Evid. 701 .................................................................................................................... 7

Fed. R. Evid. 702 .................................................................................................................... 7

███████████████████████████████████

Defendant DocuSign, Inc. ("DocuSign") respectfully requests that the Court grant its Motions *in Limine* identified below.

## I.    MIL NO. 1: NO MENTION OF DOCUSIGN'S SIZE, ACTUAL PROFITS AND REVENUES, IPO VALUE AND THE REVENUES OF THE E-SIGNATURE MARKET AS A WHOLE

First, RPost should be precluded from mentioning DocuSign's size, actual profits and revenues, IPO, or other measures of DocuSign's financial worth.  Such information is not relevant to any issue in this case and would be unduly prejudicial.[1]  "On balance, any probative value of Defendants' financial size is substantially outweighed by the danger that the jury might set damages based on Defendants' ability to pay rather than on proper evidence of damages."[2] *LecTec Corp. v. Chattem, Inc.*, No. 5:08-cv-130, ECF No. 324 at 9 (E.D. Tex. Jan. 4, 2011).[3]  "[L]arge numbers reflected on a Defendant's financial records is an area where there can be a substantial risk of prejudice."  *Hitachi Consumer Electronics Co.  v. Top Victory Electronics (Taiwan) Co.*, 2:10-cv-00260-JRG, ECF No. 283 at 2 (E.D. Tex. Mar. 2, 2015).

███████████████████████████████████

█████████████    ████████████████████

██████████████████████████ DocuSign's overall financial worth, including sales and profitability from services that are not accused in this case, is irrelevant.  The

---

[1]  *See SEVEN Networks, LLC v. Google LLC*, No. 2:17-cv-00442-JRG, ECF No. 606 at 6 (E.D. Tex. Jan. 18, 2019) (granting MIL to preclude "any testimony (including expert opinions), evidence, or argument regarding the total sales or revenues, total ad revenue, total unit sales, profits, size, advertising budget, or financial worth of" defendant); *MobileMedia Ideas LLC v. HTC Corp.*, 2:10-cv-00112-JRG, ECF No. 377 at 5 (E.D. Tex. Jan. 8, 2014) (granting MIL precluding "[r]eference to [defendant]'s total revenue or operating profits").

[2]  All emphases added in the Motion unless otherwise noted.

[3]  *See also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, ECF No. 2392 at 42–44 (E.D. Tex. Oct. 5, 2010); *Function Media, L.L.C. v. Google Inc.*, No. 2:07-cv-279, ECF No. 345 at 5 (E.D. Tex. Jan 4, 2010).



revenue and financial evidence presented to the jury should be limited to what is actually accused for the relevant time period. *See PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Such irrelevant evidence could also lead to jury confusion regarding the appropriate numbers for the damages analysis. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014) (introducing large dollar figures with little to no relationship to parties' damages models can "skew the damages horizon for the jury" and, ultimately, the verdict).[4]

Second, RPost should also not be permitted to mention revenue forecasts and statistics relating to the e-signature market as a whole (or the revenues of other companies and services). Testimony on the total revenues of the market, which includes a host of third parties and services, has no relevance to the damages attributable to DocuSign and would be unduly prejudicial because they are likely to "skew the damages horizon for the jury." *Virnetx*, 767 F.3d at 1308. ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4]   *See also Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993) (holding that evidence of a defendant's net worth and wealth is "totally irrelevant to the issue of compensatory damages"); *Draiper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting a new trial in part because "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff"); *Cooper Tire and Rubber Co. v. Farese*, No. 3:02CV210, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008) (finding that references to a party as a "wealthy, thriving, large company" and references to a company's size were irrelevant).

 Testimony regarding revenues associated with the entire market or unrelated third parties serves no purpose other than to "skew the damages horizon for the jury." *Virnetx*, 767 F.3d at 1308.

## II.   MIL NO. 2: NO MENTION OF THE AMOUNT DOCUSIGN'S EMPLOYEES ARE OR WERE COMPENSATED

RPost should be precluded from offering any testimony, evidence, or argument as to the compensation of individual DocuSign witnesses. This information is not relevant to RPost's claimed damages or any other issue in the case.

Moreover, such evidence could invoke resentment toward these employees and DocuSign, invade the privacy of those employees, and be highly likely to distract and confuse the jurors. Because the information has no relevance here, and because any minimal value it has is substantially outweighed by the danger of unfair prejudice, RPost should be precluded from soliciting or offering such testimony. *See* Rules 402 and 403 of the Federal Rules of Evidence; *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2011 WL 7563868, at *4 (E.D. Tex. Sept. 23, 2011) (granting MIL finding that "Plaintiffs will not be permitted to offer argument or evidence concerning the compensation of individual" employees of the defendant); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4129193, at *4 (N.D. Cal.

████████████████████████████████

July 8, 2015) (granting MIL excluding mention of consultant compensation because, in that case, "the consultants are more akin to employees than retained experts.").

## III.   MIL NO. 3: NO MENTION OF DOCUSIGN'S CLAIMED PRE-SUIT KNOWLEDGE OF THE ASSERTED PATENTS

DocuSign did not have pre-suit knowledge of the asserted patents and RPost has failed to present any evidence suggesting otherwise.  For most of this case, RPost has alleged that "RPost believes that DocuSign knew at least as early as *the filing of the Complaint* that it was infringing a valid Asserted Claim."  Ex. 4, RPost's March 12, 2013 Response to Interrogatory No. 22. ████



████████████ *See* Ex. 6, Declaration of Tim Lassiter at ¶ 2 (referring to the "RFP ('request for proposal') process *in 2012*"); Ex. 7 (RPost's Response to the RFP dated *April 17, 2012* with the RFP issued on March *14, 2012*).  Bidders, including DocuSign and RPost, were not even made aware of each other's identity until after the bids were submitted in 2012. Ex. 8, Lassiter Depo. at 93:7-21. ██████████████████████████████

█████████████████████ ████—such evidence would be irrelevant as to whether

---

[5]   Indeed, in a separate litigation, RPost alleged that "on *September 5, 2012*, RPost sent a letter to Mr. Tim Lassiter, Assistant Chief of IT Procurement for the State of North Carolina, stating that RPost's patents . . . cover important elements of digital forms and electronic signatures" and "[u]pon information and belief, the State of North Carolina informed Docusign of RPost's letter and therefore provided Docusign with notice of its potential infringement of one or more" patents that have not been asserted in this case. Dkt. No. 11, No. 2:12-cv-683JRG at ¶ 8.  But, this letter

DocuSign had *pre-suit* knowledge.    Allowing RPost to imply otherwise would be unduly prejudicial, confusing and a waste of time.  *See Intellectual Ventures I LLC v. T Mobile USA, Inc.*, 2:17-cv-00577-JRG, ECF No. 294 at 5 (E.D. Tex. Jan. 8, 2019) (granting defendants' MIL for "[n]o evidence, argument, or suggestion that . . . [plaintiff] ever communicated with [defendants] regarding the Patents-in-Suit prior to filing of the suit").

## IV.    MIL NO. 4: NO MENTION OF ALLEGED COPYING

RPost should be precluded from offering any testimony, evidence, or argument regarding any alleged copying of RPost's patents or products by DocuSign. ▮▮▮▮▮▮▮



▮▮▮▮▮▮▮   In fact, prior to the stay, RPost had agreed that it would not argue or "introduce evidence that DocuSign copied the inventions described in the asserted patents." Dkt. 531 at 2.  Second, DocuSign released the accused DocuSign service years before RPost filed its Complaint in this case.  As explained in MIL No. 3 above, RPost has failed to present any evidence that DocuSign even knew about RPost's asserted patents before the filing of the Complaint.

"[A] nexus between copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight[.]"  *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012). ▮▮▮▮▮▮

_____

was allegedly sent in September 2012, *over one year after the Complaint was filed in this case*. Moreover, Mr. Lassiter has testified, through a written declaration and deposition, that he never received any such letter from RPost nor informed anyone at DocuSign of the alleged letter or any RPost patents. Ex. 6 at ¶ 4 ("neither I nor anyone else in the Statewide IT Procurement section, ever received a September 5, 2012 letter or any other communication from RPost stating that 'RPost's patents . . . cover important elements of digital forms and electronic signatures'"); Ex. 8 at 61:7-9, 62:17-20, 113:22-114:15).

██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████.

Given that RPost has failed to identify any evidence of copying by DocuSign and has also failed to establish a nexus between its general allegations of industry-wide copying and the claimed success of the patented inventions, any reference to copying is irrelevant and should be excluded. The potential prejudice to DocuSign is significant as a jury may equate any testimony or argument regarding "copying"—despite the complete lack of support for that testimony or argument—to infringement, the central issue in this case. *See* Fed. R. Evid. 401, 402

## V.   MIL NO. 5: NO MENTION THAT RPOST PRACTICES THE ASSERTED PATENTS

RPost has suggested that its products and services practice or embody the asserted patents. Determining whether a product practices a patent involves analyzing whether each limitation of the patent is present. *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513-JRG, 2018 WL 2329752, at *5 (E.D. Tex. May 23, 2018) ("A device is a 'patented article' under a patent when it contains all of the elements disclosed in any single claim of the patent."). ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

Further, RPost should not be allowed to circumvent this failure through lay witnesses. Such testimony would violate FRCP 26(a) because RPost has not submitted expert reports for any

witnesses besides Drs. Almeroth and Ugone.  *See DDR Holdings, LLC v. Hotels.com et al*, No. 2:06-cv-00042-JRG, ECF No. 481 at  (E.D. Tex. Apr. 21, 2015) (granting motion to exclude "expert testimony by lay witnesses without summaries").  Such testimony would also be precluded by Federal Rule of Evidence 701, which prohibits opinion testimony by lay witnesses that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702 ['Testimony by Expert Witnesses']."  Fed. R. Evid. 701(c), 702.  In particular, a comparison of the asserted claims to RPost's products, and a showing that RPost's products practice the asserted claims, would require application of the Court's claim constructions.

RPost, for example, should be precluded from offering testimony that its own products are evidence of non-obviousness of the asserted patents, including by asserting alleged copying of its products or by pointing to its product awards, analyst reports discussing its products, or the alleged commercial success of its products.  *See*, *e.g.*, Ex. 9 at ¶¶ 430, 434, 438-40.  Such testimony or arguments are only relevant to obviousness if they relate to a claimed invention or to a product that embodies the patent claims.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 839 F.3d 1034, 1053 (Fed. Cir. 2016).  Because RPost has not demonstrated that its products practice the asserted patents, it cannot rely on those products for non-obviousness.  Allowing irrelevant testimony regarding RPost's products and non-obviousness would confuse jurors, who might then mistakenly assume that the alleged achievements of RPost's products had some relationship to the patents.

## VI.    MIL NO. 6: NO MENTION OF A DUTY TO SEARCH FOR PATENTS OR OBTAIN ADVICE OF COUNSEL REGARDING VALIDITY OR INFRINGEMENT

RPost should be precluded from suggesting that DocuSign had a duty to search for patents or obtain advice-of-counsel, including reference to DocuSign's non-reliance on an opinion-of-counsel defense.  Such testimony is irrelevant, highly prejudicial, and misleading to the jury because it inappropriately suggests that failure to search for patents or obtain opinions-of-counsel

██████████████████████████████████████

can be evidence of direct, indirect, or willful infringement.  Such arguments are routinely excluded.

*See KAIST IP US LLC v. Samsung Electronics Co., LTD., et al.*, No. 2:16-CV-01314-JRG-RSP, ECF No. 416 at 6 (E.D. Tex. May 3, 2018) (granting defendants' MIL regarding Defendants' non-reliance on an opinion-of-counsel defense); *Realtime Data, LLC v. Actian Corp.*, 6:15-cv-463-RWS-JDL, ECF No. 551 at *5–6 (E.D. Tex. May 4, 2017) (granting defendant's MIL regarding "a duty to search for patents it might infringe, a duty to obtain an opinion of counsel, or any adverse inference from a lack of an opinion of counsel"); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *1 (E.D. Tex. Aug. 3, 2015) (granting MIL precluding plaintiff from "presenting any argument, evidence, testimony, insinuation, reference, or assertion (1) that Defendant had a duty to obtain opinion of counsel, or (2) speculating as to the results of any infringement opinion"); 35 U.S.C. § 298 ("The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent").

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

"Plaintiffs cannot submit that any adverse inference should be drawn as to what the content of an opinion of counsel would have been**.**  For example, Plaintiffs cannot argue that the failure to produce an opinion of counsel at trial means that any opinion obtained was negative or would have been negative, nor can Plaintiffs present evidence or argument that Defendant obtained an opinion of counsel but has declined to produce it. Any such arguments, inferences, insinuations, or

implications would be irrelevant and would put 'inappropriate burdens on the attorney-client relationship.'" *Retractable Techs. Inc. v. Becton, Dickinson & Co.,* 2009 WL 8725107, at *4 (E.D. Tex. Oct. 8, 2009); *see also Georgetown Rail Equip. Co. v. Holland L.P.*, 2014 WL 6467782, at *2 (E.D. Tex. Nov. 17, 2014) (same).

## VII.   MIL NO. 7: NO MENTION OF RPOST LITIGATIONS AGAINST ADOBE/ECHOSIGN AND RIGHTSIGNATURE OR DOCUSIGN'S LITIGATION AGAINST RPOST

RPost should be precluded from mentioning the Adobe/EchoSign and RightSignature litigations (including any cooperation between Defendants) during the DocuSign trial, or DocuSign's earlier litigation against RPost (including any reexamination of DocuSign's asserted patents). Any discussion of those suits is irrelevant to the issues the jury will decide, and would be highly prejudicial. *See, e.g., Smartflash LLC v. Apple Inc.,* No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593, at *2 (E.D. Tex. Jan. 29, 2015) (excluding "[a]ny argument, testimony, evidence, or reference regarding [plaintiff's] other litigation"); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *2 (E.D. Tex. Oct. 8, 2009) (excluding "evidence of other litigation offered to prove Defendant's liability or the extent of damages").[6]

For example, RPost should be precluded from offering evidence or argument that



*See* Fed.

---

[6]   *See also Edwards v. Guideone Mut. Ins. Co.*, No. 4:09-cv-35, 2010 WL 1416471, at *1-2 (S.D. Miss. Apr. 7, 2010) (excluding evidence of other litigation against defendant); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, ECF No. 519 at p. 3 (N.D. Cal. June 19, 2014) (N.D. Cal. June 18, 2014) (excluding "evidence or argument regarding … any prior unrelated litigations, investigations, accusations, or settlements"); *NetAirus Techs, LLC v. Apple, Inc.*, No. 10-cv-03257-JAK-E, ECF No. 523 at p. 2 (C.D. Cal. Oct. 21, 2013) (granting portion of motion *in limine* "as to other litigation"); *Golden Bridge Tech. v. Apple, Inc.*, No. 5:12-cv-04882-PSG, Dkt. 469 at 2 (N.D. Cal. May 16, 2014) (similar); *Apple Inc. v. Motorola, Inc.*, No. 1:11-cv-08540, Dkt. 980 at 10 (N.D. Ill. May 31, 2012) (excluding references to prior ITC litigations).

███████████████████████████████████████████████

R. Evid. 401, 402, 403. Any such discussion is entirely irrelevant to the issues the jury will decide, and risks significant prejudice by creating the false impression that ██████████████████████

████████████████████████████████████████████████████████

██████ *See DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11538713, at *22 (E.D. Tex. Feb. 26, 2010) (granting MIL to exclude discussions of joint defense agreements or common interest privilege because "any probative value of discussing the joint defense privilege or an actual joint defense agreement is substantially outweighed by the danger of unfair prejudice"). As another example, RPost should not be permitted to paint itself as a victim of big corporations or widespread infringement by other parties. *ContentGuard Holdings, Inc. v. Apple, Inc.*, 2:13-cv-01112-JRG, ECF No. 856 at 2 (E.D. Tex. Aug. 24, 2015) (granting MIL precluding plaintiff "from introducing any argument, testimony, insinuation, reference, or assertion suggesting 'mass infringement' or suggesting a coordinated effort or conspiracy to infringe the patents-in-suit between Defendant and any third parties not in Defendant's trial.") Similarly, RPost should not be permitted to reference DocuSign's prior patent litigation against RPost or the reexamination proceedings related to the patent asserted in that litigation. Such information bears no relevance to this case and any minimal probative value would be substantially outweighed by the risk of unfair prejudice to DocuSign and the risk of confusing the issues and misleading the jury.

## VIII. MIL NO. 8: NO MENTION THAT RPOST ██████ ██████ ██ ████ █ ██████████ AS A RESULT OF DOCUSIGN'S ALLEGED INFRINGEMENT

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████    ██████  █████████████████

████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████ Such testimony or argument serves no legitimate purpose, and the risk of

prejudice to DocuSign far outweighs any probative value.  Fed. R. Evid. 403.  For example, any

such testimony or argument runs the risk of confusing the issues and misleading the jury because

the jury could mistakenly believe that ████████████████ means that DocuSign must have

infringed the asserted patents or that such ██████ are relevant to the calculation of reasonable

royalty damages (they are not).  And, there is a substantial risk of undue delay and waste of time

because DocuSign will have to rebut that alleged evidence or argument.

## IX.   MIL NO. 9: NO MENTION OF JOINT INFRINGEMENT OF THE '624 PATENT BY DOCUSIGN IN COOPERATION WITH SIGNER

Method claim 1 of the '624 patent (other asserted claims depend from claim 1) recites the

step of "generating *a manually initiated reply* to the message *at the recipient*."  '624 patent at cl.

1 (32:11-12).  The Court construed "a manually initiated reply" as "*a reply initiated by a user*

*action*."  Dkt. 297 at 70. ████████████████████

██████████████████████████████████████

████████████████ ████████████████ ████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

12

Because RPost has not asserted or provided any analysis of joint infringement for the '624 patent and relies solely on direct infringement by DocuSign alone, RPost should not be permitted to raise such allegations during trial.  Federal Rule of Civil Procedure 26 requires each expert witness to submit a written report that includes "a *complete* statement of *all opinions* the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).  Failure to comply warrants preclusion.  *See, e.g.*, *Siemens Med. Sol. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (If a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (district court did not abuse its discretion in excluding theory not disclosed in expert reports).  Without such a disclosure, the opposing party is deprived of "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Tyco Healthcare. v. Applied Med. Corp.*, 2011 WL 7563868, at *2 (E.D. Tex. Sept. 23, 2011) (granting in part MIL and ordering that all experts were precluded "from testifying outside the scope of their reports . . . in keeping with Rule 26"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3625036, at *30 (E.D. Tex. Aug. 17, 2011) ("SynQor would have been unduly prejudiced by being forced to cross-examine [the expert] on issues for which he disclosed no opinion.  The disclosure requirements of Fed. R. Civ. P. 26 are specifically designed to avoid precisely this kind of prejudice. Rule 26 and the practice of this Court do not countenance such trial by ambush.").

## X.    MIL NO. 10:    NO MENTION OF EVIDENCE PRODUCED BY OTHER DEFENDANTS

RPost should be precluded from introducing or relying on evidence produced by other Defendants in the consolidated case.  First, prior to the stay, RPost had already agreed "not to use

any evidence in the DocuSign case that solely relates to the Adobe case." Dkt. 531 at 2.  Second, the other Defendants will not be present at DocuSign's trial, and DocuSign does not have access to their confidential material.  DocuSign would be prevented from presenting rebuttal evidence and effectively testing whatever evidence RPost selectively presents.  Third, evidence regarding other defendants, ███████████████████████████, as outlined in MIL No. 1, is prejudicial to DocuSign and is likely to confuse the jury.

## XI.    MIL NO. 11:   NO MENTION OF A SUCCESSFUL OUTCOME OF RE-EXAMINATION PROCEEDINGS

RPost should be precluded from offering evidence or argument regarding a successful outcome in the reexamination of any asserted patent under Rule 403.  Any argument that the Patent Office "twice blessed" the asserted patents runs the real risk of confusing and misleading the jury that Defendants are required to prove invalidity by something greater than the existing clear and convincing evidence standard.  But, there is no heightened burden to prove invalidity of, or additional deference given to, a patent that has survived reexamination.  *See, e.g., Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 112 (2011); *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001) ("Challenges to the validity of claims, whether regularly issued [or] issued after a reexamination . . . must meet the clear and convincing standard.").

## XII.   MIL NO. 12: NO MENTION OF OLD EXPERT OPINIONS

RPost replaced its expert witnesses after the stay was lifted.  The parties served new expert reports, including for DocuSign's experts (i.e., Dr. Kohno, Dr. Clark, and Mr. Thomas).  These new reports supersede the older reports and (in the case of Dr. Kohno and Mr. Thomas) respond to RPost's replacement experts' new infringement and damages theories.  RPost should not be *permitted* use the older reports and associated depositions at trial, such as to cross-examine DocuSign's experts. These outdated opinions would only serve to confuse and mislead the jury

███████████████████████████████████

and could suggest that DocuSign's experts have submitted inconsistent positions even though the

only reason DocuSign's experts had to submit new reports was to respond to RPost's new experts'

reports—█████████████████████████████████████████████

███████   Alternatively, to the extent that the RPost is permitted to use older reports and depositions,

DocuSign should be permitted to use the prior, pre-stay reports and depositions from RPost's

previous experts.


*Attorneys for Defendant DocuSign, Inc.:*

/s/ Claude M. Stern

David Lowe
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
300 South Washington Avenue
Marshall, TX 75670
T: 903.934.8450
F: 903.934.9257

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

In compliance with Local Rule CV-5(a)(7), the undersigned certifies that this document and certain supporting declarations and exhibits are being filed under seal pursuant to the terms of the Protective Order approved and entered in this case on March 26, 2013 [Dkt. 330].

*/s/  Lance Yang*
Lance Yang

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on May 28, 2019, in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV- 5(a)(3)(A).  All documents filed under seal will be served on counsel for Plaintiffs by email.

*/s/  Lance Yang*
Lance Yang

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 25 and May 28, 2019, counsel for RPost (Bo Davis, Edward Chin, and Christian Hurt (May 25 only)) and DocuSign (David Eiseman (May 25 only) and Lance Yang) met and conferred telephonically in compliance with Local Rule CV-7(h) regarding the relief requested herein.  RPost and DocuSign discussed the relief requested herein and were unable to reach an agreement, leaving the parties at an impasse.  RPost indicated that it therefore opposed the present motion.

*/s/  Lance Yang*
Lance Yang