**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RIGHTSIGNATURE, LLC, <br><br> Defendant. | **Civil Action No. 2:10-CV-258-JRG** <br> **(Lead Case)** <br><br> **CONSOLIDATED** <br><br> Civil Action No. 2:11-cv-300-JRG <br><br> **REDACTED** |

**DEFENDANT SHAREFILE, LLC F/K/A RIGHTSIGNATURE, LLC'S**
**OPPOSED MOTIONS _IN LIMINE_**

# TABLE OF CONTENTS

I.   MOTION *IN LIMINE* NO. 1:  TO PRECLUDE ANY ALLEGATION OF COPYING........ 1

II.  MOTION *IN LIMINE* NO. 2:  TO PRECLUDE RPOST FROM MENTIONING OR
     INTRODUCING EVIDENCE PRODUCED BY OTHER DEFENDANTS ...................... 1

III. MOTION *IN LIMINE* NO. 3:  TO EXCLUDE ANY EXPERT OPINIONS NOT
     INCLUDED IN EXPERT REPORTS OR ARGUMENTS OUTSIDE THE SCOPE OF
     THE DISCLOSED INFRINGEMENT CONTENTIONS.................................................... 2

IV.  MOTION *IN LIMINE* NO. 4:  ███████████████████████████████
     ███████████████████████████ ............................................... 3

V.   MOTION *IN LIMINE* NO. 5:  TO PRECLUDE EVIDENCE OR ARGUMENT
     REGARDING RIGHTSIGNATURE'S, ITS PARENT'S OR OTHER DEFENDANTS'
     SIZE OR WEALTH, INCLUDING RIGHTSIGNATURE AND ITS PARENTS'
     REVENUES, AND REVENUES FOR THE E-SIGNATURE MARKET AS A WHOLE.. 4

VI.  MOTION *IN LIMINE* NO. 6:  ███████████████████████████████
     ███████████████████ ............................................................... 7

VII. MOTION *IN LIMINE* NO. 7:  TO PRECLUDE ANY MENTION OF THE AMOUNT
     DEFENDANTS' EMPLOYEES ARE OR WERE COMPENSATED ................................. 7

VIII. MOTION *IN LIMINE* NO. 8:  TO PRECLUDE RPOST FROM ARGUING A
     SUCCESSFUL OUTCOME OF RE-EXAMINATION PROCEEDINGS ........................... 8

IX.  MOTION *IN LIMINE* NO. 9:  RPOST SHOULD BE PRECLUDED FROM OFFERING
     EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRE-SUIT DAMAGES. .. 9

X.   MOTION *IN LIMINE* NO. 10:  RPOST SHOULD BE PRECLUDED FROM OFFERING
     EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING A DUTY TO SEARCH
     FOR OR INVESTIGATE PATENTS ................................................................................ 10

XI.  MOTION *IN LIMINE* NO. 11:  RPOST SHOULD BE PRECLUDED FROM OFFERING
     FACT TESTIMONY REGARDING INFRINGEMENT, VALIDITY, OR SCOPE BY
     LAY WITNESSES ........................................................................................................... 11

XII. MOTION *IN LIMINE* NO. 12:  RPOST'S SHOULD BE PRECLUDED FROM
     OFFERING TESTIMONY OR ARGUMENT REGARDING INDIRECT
     INFRINGEMENT.............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
    C.A. No. 2:17-cv-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018) ...................................... 3

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
    410 F.3d 701 (Fed. Cir. 2005) ............................................................................................................. 3

*American Medical Systems, Inc. v. Medical Engineering Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993) .............................................................................................................. 10

*Amsted Industries Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994) .............................................................................................................. 10

*Computer Acceleration Corp. v. Microsoft Corp.*,
    503 F. Supp. 2d 819 (E.D. Tex. 2007) ................................................................................................ 1

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
    No. 2:13-CV-01112-JRG, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015) ......................................... 11

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-cv-72, ECF No. 2392 (E.D. Tex. Oct. 5, 2010) (Folsom, J.) ................................................ 5

*DDR Holdings, LLC v. Hotels.com et al*,
    2:06-cv-00042-JRG, ECF No. 481 ..................................................................................................... 14

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004) ......................................................................................................... 12

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    No. 13-CV-03999-BLF, 2015 WL 4129193 (N.D. Cal. July 8, 2015) ................................................. 8

*Function Media, L.L.C. v. Google Inc.*,
    No. 2:07-cv-279, ECF No. 345 (E.D. Tex. Jan 4, 2010) (Everingham, J.) ........................................... 5

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-cv-33, Dkt. No. 370 (E.D. Tex. Sept. 30, 2015) .................................................................. 10

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
    185 F.3d 1341 (Fed. Cir. 1999) ........................................................................................................... 7

*Hitachi Consumer Electronics Co. Ltd. et al v. Top Victory Electronics (Taiwan) Co LTD et al*,
    2:10-cv-00260-JRG, ECF No. 283 (E.D. Tex. Mar. 02, 2015) ........................................................... 4

*ION, Inc. v. Sercel, Inc.*,
    C.A. No. 5:06-cv-236-DF, 2010 WL 3913225 (E.D. Tex. Sept. 16, 2010) ........................................... 2

*Kearns v. Chrysler Corp.*,
   32 F.3d 1541 (Fed. Cir. 1994) ................................................................................................. 7

*LecTec Corp. v. Chattem, Inc.*,
   No. 5:08-cv-130, ECF No. 324 (E.D. Tex. Jan. 4, 2011) (Folsom, J.) ................................... 5

*Microsoft Corp. v. i4i Ltd. Partnership*,
   564 U.S. 91 (2011) .................................................................................................................. 8

*MobileMedia Ideas LLC v. HTC Corporation et al*,
   2:10-cv-00112-JRG, ECF No. 377 (E.D. Tex. Jan. 08, 2014) ............................................... 4

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998) ............................................................................................. 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 2, 3

*PACT XPP Techs., AG v. Xilinx, Inc.*,
   2012 WL 2774971 (E.D. Tex. May 13, 2012) ........................................................................ 5

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
   575 F.2d. 1152 (6th Cir. 1978) ................................................................................................ 7

*Pendarvis v. Am. Bankers Ins. Co. of Fla.*,
   354 F. App'x 866 (5th Cir. 2009) ......................................................................................... 12

*Realtime Data, LLC v. Actian Corp.*,
   6:15-CV-463-RWS-JDL, ECF No. 551 (E.D. Tex. May 4, 2017) ........................................ 10

*SEVEN Networks, LLC v. Google LLC*,
   No. 2:17-cv-00442-JRG, ECF No. 606 (E.D. Tex. Jan. 18, 2019) ........................................ 4

*Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
   637 F.3d 1269 (Fed. Cir. 2011) ............................................................................................... 2

*SSL Servs., LLC v. Citrix Sys., Inc.*,
   940 F. Supp. 2d 480 (E.D. Tex. 2013), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014) ............. 11, 12

*Superior Fireplace Co. v. Majestic Prods. Co.*,
   270 F.3d 1358 (Fed. Cir. 2001) ............................................................................................... 8

*Synqor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-cv-497, Dkt. 762 . (E.D. Tex. Dec. 12, 2010) ......................................................... 3

*Synqor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-cv-497, Dkt. No. 762 . (E.D. Tex. Dec. 12, 2010) ................................................. 10

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   C.A. No. 9:09-cv-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011) ........................... 2, 3, 8

*Virnetx, Inc. v. Cisco Sys., Inc.,*
   767 F.3d 1308 (Fed. Cir. 2014) ................................................................................ 5, 6

**Statutes**

35 U.S.C. § 287(a) .......................................................................................................... 9, 10

35 U.S.C. § 298 ................................................................................................................... 10

Patent Act ............................................................................................................................. 9

**Other Authorities**

Fed. R. Civ. P. 26 ........................................................................................................... 2, 12

Fed. R. Evid. 401-403 ................................................................................................... *passim*

Fed. R. Evid. 701, 702 .............................................................................................. 4, 12, 13

Federal Rule of Civil Procedure 26 ................................................................................... 2, 3

Federal Rule of Evidence 403 ............................................................................................ 7, 8

Federal Rule of Evidence 701 ................................................................................ 4, 11, 12, 13

Local Rule CV-5(a)(3) ........................................................................................................ 16

Rule 26(a) ...................................................................................................................... 2, 3, 13

Rule 702 ..................................................................................................................... 4, 12, 13

Defendant ShareFile, LLC f/k/a RightSignature, LLC ("RightSignature") presents the following motions *in limine* to exclude the matters enumerated below from evidence at trial.

## I.   MOTION *IN LIMINE* NO. 1:  TO PRECLUDE ANY ALLEGATION OF COPYING

RPost has not provided notice of any argument or evidence concerning any alleged copying by RightSignature.  RPost cannot resort to unfair surprise at trial.  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (internal citations omitted).  RPost should be precluded from arguing that RightSignature has copied the alleged invention described in the asserted patents.

## II.   MOTION *IN LIMINE* NO. 2:  TO PRECLUDE RPOST FROM MENTIONING OR INTRODUCING EVIDENCE PRODUCED BY OTHER DEFENDANTS

RightSignature moves *in limine* to preclude RPost from introducing or relying on evidence produced by any other defendant in the consolidated case and other matters.  First, the producing parties will not be present at RightSignature's trial, and RightSignature does not have access to their confidential material.  As a result, RightSignature would be prevented from presenting rebuttal evidence and effectively testing whatever evidence RPost selectively presents.  Second, RPost has not shown how evidence produced by another defendant could be relevant to its case.  Finally, evidence regarding other defendants, such as the evidence upon which Dr. Ugone relies, as outlined in Motion *in Limine* No. 5, is prejudicial to RightSignature and is likely to confuse the jury.  Accordingly, RPost should be precluded from introducing or mentioning evidence produced by other defendants.

### III.    MOTION *IN LIMINE* NO. 3:  TO EXCLUDE ANY EXPERT OPINIONS NOT INCLUDED IN EXPERT REPORTS OR ARGUMENTS OUTSIDE THE SCOPE OF THE DISCLOSED INFRINGEMENT CONTENTIONS

RPost's experts, Drs. Almeroth and Ugone, have indicated that they may attempt to offer opinions at trial that they did not include in their expert reports.  For example, Dr. Almeroth noted in his infringement report that he reserved his rights to supplement his opinions.  Ex. 1 at ¶¶ 7-8.[1] Dr. Ugone did the same.  Ex. 2 at ¶128.  RightSignature requests that the Court exclude any reference, evidence, suggestion, testimony, or elicitation of any testimony by RPost to any opinion from Drs. Almeroth and Ugone that has not been expressed in any expert report timely exchanged between the parties.

Federal Rule of Civil Procedure 26 requires each expert witness to submit a written report that includes "a **complete** statement of **all opinions** the witness will express and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B).  Failure to comply warrants preclusion.  *See, e.g.*, *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (if a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (district court did not abuse its discretion in excluding theory not disclosed in expert reports); *ION, Inc. v. Sercel, Inc.*, C.A. No. 5:06-cv-236-DF, 2010 WL 3913225, at *4 (E.D. Tex. Sept. 16, 2010).  Without such a disclosure, the opposing party is deprived of "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, C.A. No. 9:09-cv-176, 2011 WL 7563868, at *2 (E.D. Tex. Sept. 23, 2011).

---

[1] All exhibits cited herein are exhibits to the Declaration of Jackob Ben-Ezra, submitted with this Motion.

Courts frequently exclude expert testimony not properly disclosed in the expert's report. *See, e.g.*, *O2 Micro*, 467 F.3d at 1368-69; *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005) (district court did not abuse its discretion in excluding theory not disclosed in expert reports); *Tyco*, 2011 WL 7563868, at *2 (granting in part pre-trial motion *in limine* and ordering that all experts were precluded "from testifying outside the scope of their reports . . . in keeping with Rule 26"); *Synqor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, Dkt. 762 at 2. (E.D. Tex. Dec. 12, 2010) ("SynQor would have been unduly prejudiced by being forced to cross-examine [the expert] on issues for which he disclosed no opinion.  The disclosure requirements of Fed. R. Civ. P. 26 are specifically designed to avoid precisely this kind of prejudice.  Rule 26 and the practice of this Court do not countenance such trial by ambush.").

## IV.    MOTION *IN LIMINE* NO. 4: ██████████████████████████
██████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████.  Determining whether a product practices a patent involves analyzing whether each limitation of the patent is present.  *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, C.A. No. 2:17-cv-00513-JRG, 2018 WL 2329752, at *5 (E.D. Tex. May 23, 2018) ("A device is a 'patented article' under a patent when it contains all of the elements disclosed in any single claim of the patent.").  However,

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████

Further, RPost should not be allowed to circumvent this failure through the testimony of lay witnesses.  Such testimony would violate Federal Rule of Civil Procedure 26(a) because RPost

has not submitted expert reports for any witnesses besides Drs. Almeroth and Ugone.  In addition,

such testimony would be precluded by Federal Rule of Evidence 701, which prohibits opinion

testimony by lay witnesses that is "based on scientific, technical, or other specialized knowledge

within the scope of Rule 702 ['Testimony by Expert Witnesses']."  Fed. R. Evid. 701(c), 702.



, would require application of the Court's claim constructions.

This is not the proper subject of lay opinion.

## V.     MOTION *IN LIMINE* NO. 5:  TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING RIGHTSIGNATURE'S, ITS PARENT'S OR OTHER DEFENDANTS' SIZE OR WEALTH, INCLUDING RIGHTSIGNATURE AND ITS PARENTS' REVENUES, AND REVENUES FOR THE E-SIGNATURE MARKET AS A WHOLE

RPost should be precluded from offering any testimony (including expert opinions),

evidence, or argument regarding the total and average sales or revenues, profits, size or financial

worth of RightSignature (now known as ShareFile, LLC) or its parent, Citrix Systems, Inc.,

including revenues and profits unrelated to the accused RightSignature service, and any other

irrelevant financial metrics.  Such information is not relevant to any issue in this case and would

be unduly prejudicial.  Fed. R. Evid. 401-403; *see also SEVEN Networks, LLC v. Google LLC*, No.

2:17-cv-00442-JRG, ECF No. 606 at 6 (E.D. Tex. Jan. 18, 2019) (granting MIL to preclude

plaintiff "from offering any testimony (including expert opinions), evidence, or argument

regarding the total sales or revenues, total ad revenue, total unit sales, profits, size, advertising

budget, or financial worth of" defendant); *MobileMedia Ideas LLC v. HTC Corporation et al*, 2:10-

cv-00112-JRG, ECF No. 377 at 5 (E.D. Tex. Jan. 08, 2014) (granting defendant's MIL precluding

"[r]eference to [defendant]'s total revenue or operating profits"); *Hitachi Consumer Electronics*

*Co. Ltd. et al v. Top Victory Electronics (Taiwan) Co LTD et al*, 2:10-cv-00260-JRG, ECF No.

283 at 2 (E.D. Tex. Mar. 02, 2015) (holding that "large numbers reflected on a Defendant's financial records is an area where there can be a substantial risk of prejudice"). "On balance, any probative value of Defendants' financial size is substantially outweighed by the danger that the jury might set damages based on Defendants' ability to pay rather than on proper evidence of damages." *LecTec Corp. v. Chattem, Inc.*, No. 5:08-cv-130, ECF No. 324 at 9 (E.D. Tex. Jan. 4, 2011) (Folsom, J.); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, ECF No. 2392 at 42–44 (E.D. Tex. Oct. 5, 2010) (Folsom, J.) (same); *Function Media, L.L.C. v. Google Inc.*, No. 2:07-cv-279, ECF No. 345 at 5 (E.D. Tex. Jan 4, 2010) (Everingham, J.) (same). ShareFile or Citrix's overall sales and profitability include products and services that are completely unrelated to the products accused in this case. The revenue and financial evidence presented to the jury should be limited to what is actually accused for the relevant time period. *See PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012).



but because they serve no other purpose than to skew the jury's perception of damages. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014) (introducing large dollar figures with little to no relationship to parties' damages models can "skew the damages horizon for the jury" and, ultimately, the verdict).

In addition, Dr. Ugone purports to rely on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, these figures are irrelevant to Dr. Ugone's royalty calculation, which

is based on ███████████████████████████████████████████████████

████████████████████████ Ex. 3 at 176:24-178:24. ██████████████████

███████████████████████████████████████████████ have the potential to confuse

the jury on damages calculations relating to RightSignature, risking a verdict in which the jury

bases a damages award ██████████████████████████████████████

██████████████████████████ ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████

     Finally, Dr. Ugone's report discusses █████████████████████████

██████████████████ Testimony on this subject would be unduly prejudicial for the same

reasons.  For example, Dr. Ugone references █████████████████████████

███████████████████████████████████████████████████████

███████ Ex. 2 at ¶ 9.b.ii.  He also makes reference to █████████████████████

██████████████████████████████████ ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████ Accordingly, evidence and argument regarding

ShareFile's, Citrix's and other Defendants' size or wealth, in addition to RightSignature service

revenues, and revenues for the e-signature market as a whole, should therefore be excluded.

VI.    **MOTION *IN LIMINE* NO. 6:** ██████████████████████████
████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ It did not serve a damages report directed to RightSignature because the action against RightSignature was stayed at the time.  After the multi-year stay was lifted, RPost hired a new damages expert, Dr. Ugone, who submitted a completely new expert report with a new damages theory based ████████████████████████. Ex. 3 at 45:17-21. Allowing the jury to hear speculative testimony and argument concerning ████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

VII.   **MOTION *IN LIMINE* NO. 7:  TO PRECLUDE ANY MENTION OF THE AMOUNT DEFENDANTS' EMPLOYEES ARE OR WERE COMPENSATED**

RPost should be precluded from soliciting or offering any testimony, evidence, or argument as to the compensation of individual current ShareFile or prior RightSignature employee witnesses.

For example, at his deposition, RPost questioned RightSignature, LLC's former CEO, Daryl

Bernstein, regarding █████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Such evidence could invoke hostility or resentment toward ShareFile/RightSignature and

its employees, invade the privacy of those employees, and be highly likely to distract and confuse

the jurors.  Because the information has no relevance here, and because any minimal value it has

is substantially outweighed by the danger of unfair prejudice, the Court should preclude RPost

from   soliciting   or   offering   testimony   as   to   the   compensation   of   individual

ShareFile/RightSignature employees.  Fed. R. Evid. 401-403; *see also Tyco Healthcare Grp. LP

v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2011 WL 7563868, at *4 (E.D. Tex. Sept. 23, 2011)

(granting MIL finding that "Plaintiffs will not be permitted to offer argument or evidence

concerning the compensation of individual" employees of the defendant); *Finjan, Inc. v. Blue Coat

Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4129193, at *4 (N.D. Cal. July 8, 2015) (granting

MIL excluding mention of consultant compensation because, in that case, "the consultants are

more akin to employees than retained experts").

## VIII.   MOTION *IN LIMINE* NO. 8:  TO PRECLUDE RPOST FROM ARGUING A SUCCESSFUL OUTCOME OF RE-EXAMINATION PROCEEDINGS

RPost should be precluded from offering evidence or argument regarding a successful

outcome in the reexamination of any asserted patent under Rule 403.  These arguments are not

probative because there is no heightened burden to prove invalidity, or additional deference given

to, a patent that has survived a reexamination proceeding.  *See, e.g., Microsoft Corp. v. i4i Ltd.

Partnership*, 564 U.S. 91, 112 (2011); *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d

1358, 1367 (Fed. Cir. 2001) ("Challenges to the validity of claims, whether regularly issued [or] issued after a reexamination … must meet the clear and convincing standard of persuasion.").

Any probative value of these arguments is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Civ. P. 403.  First, RPost's patents are entitled to a presumption of validity.  Any argument that the Patent Office "twice blessed" the asserted patents runs the real risk of confusing and misleading the jury that Defendants are required to prove invalidity by something greater than the existing clear and convincing evidence standard.  Thus, allowing RPost to imply an increase in an already heightened burden of proving invalidity runs the risk of confusing the jury as to whether it is even possible for Defendants to prove invalidity, unduly prejudicing Defendants' invalidity presentation.

## IX.    MOTION *IN LIMINE* NO. 9:  RPOST SHOULD BE PRECLUDED FROM OFFERING EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING PRE-SUIT DAMAGES.



Permitting a jury to hear evidence of presuit sales or damages would therefore be unfairly prejudicial and should be excluded from trial.

The Patent Act requires RPost to either mark its patented products with the applicable patent numbers, or specifically notify infringers of their infringement. 35 U.S.C. § 287(a). 35 U.S.C. § 287(a) limits the damages a patentee may recover for patent infringement to periods after

---

[2] Defendants dispute this assertion.  *See* MIL No. 4.

the patentee has provided constructive or actual notice to an infringer. "The patentee bears the burden of proving compliance [with 35 U.S.C. §287(a)] by a preponderance of evidence." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Full compliance with the constructive notice provision of § 287(a) is not achieved until a patentee has "consistently marked substantially all of its patented products, and it was no longer distributing unmarked products." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). "A licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked." *Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████.

## X.     MOTION *IN LIMINE* NO. 10:  RPost Should Be Precluded From Offering Evidence, Testimony, or Argument Regarding a Duty to Search For or Investigate Patents

The Court should preclude evidence or argument that Defendants "had a duty to search for patents it might infringe, a duty to obtain an opinion of counsel, or any adverse inference from a lack of an opinion of counsel." *See* Order, *Realtime Data, LLC v. Actian Corp.*, 6:15-CV-463-RWS-JDL, ECF No. 551, at 5–6 (E.D. Tex. May 4, 2017) (granting the same); *see also* 35 U.S.C. § 298.  The Court routinely excludes arguments where a plaintiff suggests defendants have some duty to investigate a plaintiff's patents.  *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, Dkt. No. 370 at 9 (E.D. Tex. Sept. 30, 2015) (granting in part defendants motion *in limine* and stating "[Defendant] may not argue that [Plaintiff] had an affirmative duty to investigate possible infringement"); *Synqor, Inc. v. Artesyn Techs., Inc.*, No.

2:07-cv-497, Dkt. No. 762 at 2. (E.D. Tex. Dec. 12, 2010) ("Plaintiff may not argue or elicit testimony that defendants had a legal duty to investigate plaintiff's patents.").

Discussion of Defendants' failure to present evidence of investigation of the patents-in-suit would invite the jury to speculate as to the reasons for the failure or that an unfavorable opinion of counsel may exist.  Such speculation would risk the jury drawing an impermissible adverse inference and be highly prejudicial to Defendants. *See Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *1 (E.D. Tex. Aug. 3, 2015) (granting motion *in limine*).

## XI.    MOTION *IN LIMINE* NO. 11:  RPost Should Be Precluded from Offering Fact Testimony Regarding Infringement, Validity, or Scope by Lay Witnesses

RightSignature respectfully requests that the Court preclude RPost's fact witnesses from providing testimony regarding patent infringement, invalidity, or the scope of the claims.[3]  Such testimony would constitute improper and untimely expert opinion that lacks foundation, reliability, and is unfairly prejudicial to RightSignature. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 500–01 (E.D. Tex. 2013), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014) ("The Court denied this request on the grounds that it would be significantly prejudicial to allow a fact witnesses [sic] to testify as to his opinions on the issues of infringement and validity, particularly when the testimony expressing such an opinion would be rendered without regard for how this Court has construed the claims.").

Federal Rule of Evidence 701 allows opinion testimony by a lay witness "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other

---

[3] RightSignature does not seek to preclude Dr. Tomkow from testifying about his inventions to the extent such testimony is based on his personal experience.

specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  Thus, as a general

matter, lay witnesses may offer opinion testimony as to matters within their personal experience

and based upon ordinary reasoning, but may not offer opinions as to ultimate legal questions

such as infringement or technical matters requiring the application of complex principles or

methodologies.  *See SSL Servs.*, 940 F. Supp. 2d at 500–01; *Pendarvis v. Am. Bankers Ins. Co. of

Fla.*, 354 F. App'x 866, 868 (5th Cir. 2009).  If the opinion of a lay witness rests "upon

scientific, technical, or other specialized knowledge," its admissibility is determined by reference

to Rule 702 regarding expert testimony, not Rule 701.  Fed. R. Evid. 701, 702.  RPost did not

provide expert disclosures or comply with Rule 702 for its fact witnesses, so they should be

precluded from providing testimony about infringement, validity, or claim scope.  *See id.*; Fed.

R. Civ. P. 26(a)(2).

## XII.    MOTION *IN LIMINE* NO. 12:  RPost's Should Be Precluded From Offering Testimony or Argument Regarding Indirect Infringement

RPost's expert, Dr. Kevin Almeroth, should be prevented from offering testimony

regarding indirect infringement due to ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████.  *Dynacore Holdings

Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether

inducement to infringe or contributory infringement, can only arise in the presence of direct

infringement, though the direct infringer is typically someone other than the defendant accused of

indirect infringement.").  RPost's expert, Dr. Almeroth, did not ████████████████

████████████████████████████████████████  For example, Dr.

Almeroth ████████████████████████████████████████████

████████████████████████████████████████  As an

example, method claim 1 of the '372 patent requires transmitting the message to the recipient, storing at the server a portion of the mail transport protocol dialog, and creating a digital signature of the message among other things.  '372 patent at Claim 1.  Dr. Almeroth does not provide any opinions regarding ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████     Similarly, Dr. Almeroth did not provide any opinions regarding how █

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████     '334 patent at Claim 18.  A third party would be unable to satisfy this limitation, as it would not possess the authentication data necessary to authenticate the dispatch.  Indeed, Dr. Almeroth practically admitted to ███████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████     Ex. 6 at 127:22-128:6.  Thus, Dr. Almeroth's failure to include opinions regarding indirect infringement warrant exclusion of such argument and testimony by the Court.

RPost should not be allowed to circumvent this failure through the testimony of lay witnesses.  Such testimony would violate FRCP 26(a) because RPost has not submitted expert reports for any witnesses besides Drs. Almeroth and Ugone.  In addition, such testimony would be precluded by Federal Rule of Evidence 701, which prohibits opinion testimony by lay witnesses that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702 ['Testimony by Expert Witnesses']."  Fed. R. Evid. 701(c), 702.  Indeed, a comparison of the asserted claims to RightSignature's products, and a showing that RightSignature's products

13

infringe the asserted claims, would require application of the Court's claim construction.  This is not the proper subject of lay opinion, particularly where there is no report or other disclosure from a lay witness providing any such opinion.  *See DDR Holdings, LLC v. Hotels.com et al*, 2:06-cv-00042-JRG, ECF No. 481 at  (E.D. Tex. Apr. 21, 2015) (granting motion to exclude "expert testimony by lay witnesses without summaries").

Dated:  May 28, 2019

Respectfully submitted,

By:   */s/ David M. Barkan*

**David M. Barkan**
CA Bar 160825
barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

**Indranil Mukerji**
MA Bar 644059
mukerji@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

**Jackob Ben-Ezra**
TX Bar 24073907
ben-ezra@fr.com
**Caitlin M. Dean**
Texas Bar 24109797
cdean@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Suite 2800
Houston, Texas 77010

Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

**Lawrence Jarvis**
Georgia Bar No. 102116
jarvis@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

**COUNSEL FOR DEFENDANT SHAREFILE, LLC F/K/A RIGHTSIGNATURE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on May 28, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David M. Barkan*
David M. Barkan


## CERTIFICATE OF CONFERENCE

On May 25, 2019, Lawrence Jarvis, counsel for RightSignature, met and conferred telephonically with Bo Davis, Christian Hurt, and Ed Chin, counsel for RPost.  Counsel for Adobe and DocuSign were also on the conference.  On May 28, 2019, Jackob Ben-Ezra, counsel for RightSignature, met and conferred telephonically with Bo Davis and Ed Chin, counsel for RPost. Counsel for Adobe and DocuSign were also on the conference.  The parties discussed potential agreement on certain Motions *in Limine*, ultimately resulting in agreement on certain Motions *in Limine* on May 28.  The remainder are currently disputed.

*/s/ David M. Barkan*
David M. Barkan


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to Paragraph 8.1.1 of the Protective Order entered in this case (Dkt. No. 330).

*/s/ David M. Barkan*
David M. Barkan

u