## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

RMAIL LIMITED, et al.,

      Plaintiffs,

    v.

AMAZON.COM, INC., et al.,

DOCUSIGN, INC.,

RIGHT SIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC.,

ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC.,

      Defendants.

**Civil Action No. 2:10-CV-00258-JRG**
(Lead Case)

**Civil Action No. 2:11-cv-00299-JRG**
(Member Case)

**Civil Action No. 2:11-cv-00300-JRG**
(Member Case)

**Civil Action No. 2:11-cv-00325-JRG**
(Member Case)

## DEFENDANTS ADOBE INC.'S, F/K/A ADOBE SYSTEMS INCORPORATED AND ECHOSIGN, INC.'S OPPOSED MOTIONS *IN LIMINE*

# TABLE OF CONTENTS

**Page**

I.    MOTION *IN LIMINE* NO. 1:  TO EXCLUDE ANY MENTION OR EVIDENCE RELATING TO CONTACTS BETWEEN THE PARTIES IN AND AROUND 2006 ................ 1

II.   MOTION *IN LIMINE* NO. 2:  TO PRECLUDE ANY ALLEGATION OF COPYING BY ADOBE.................................................................................................................... 2

III.  MOTION *IN LIMINE* NO. 3:  TO PRECLUDE RPOST FROM MENTIONING OR INTRODUCING EVIDENCE PRODUCED BY OTHER DEFENDANTS ................................ 3

IV.  MOTION *IN LIMINE* NO. 4:  TO EXCLUDE ANY EXPERT OPINIONS NOT INCLUDED IN EXPERT REPORTS ................................................................................ 4

V.   MOTION *IN LIMINE* NO. 5:  TO PRECLUDE EVIDENCE OR TESTIMONY THAT RPOST PRACTICES THE PATENTS-IN-SUIT ............................................................ 5

VI.  MOTION *IN LIMINE* NO. 6:  TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING ADOBE'S, ECHOSIGN'S OR OTHER DEFENDANTS' SIZE OR WEALTH, INCLUDING ADOBE SIGN REVENUES, AND REVENUES FOR THE E-SIGNATURE MARKET AS A WHOLE ............................................................................................... 6

VII. MOTION *IN LIMINE* NO. 7:  TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING A DUTY TO SEARCH FOR OR INVESTIGATE PATENTS ..... 8

VIII. MOTION *IN LIMINE* NO. 8:  TO PRECLUDE ARGUMENT AND EVIDENCE REGARDING PRIORITY EARLIER THAN THE FILING OF THE ASSERTED PATENTS 10

IX.  MOTION *IN LIMINE* NO. 9:  TO PRECLUDE CERTAIN TESTIMONY OF TERRANCE TOMKOW ............................................................................................................. 11

X.   MOTION *IN LIMINE* NO. 10:  TO PRECLUDE ANY MENTION ABOUT HOW LONG THIS LITIGATION HAS BEEN PENDING.............................................................. 11

XI.  MOTION *IN LIMINE* NO. 11:  TO PRECLUDE ANY MENTION THAT RPOST LOST SALES OF ITS OWN PRODUCTS AS A RESULT OF DEFENDANTS' INFRINGEMENT . 12

XII. MOTION *IN LIMINE* NO. 12:  TO PRECLUDE ANY MENTION OF THE AMOUNT DEFENDANTS' EMPLOYEES ARE OR WERE COMPENSATED ........................................ 12

XIII. MOTION *IN LIMINE* NO. 13:  TO PRECLUDE RPOST FROM ARGUING A SUCCESSFUL OUTCOME OF RE-EXAMINATION PROCEEDINGS ................................. 13

XIV. MOTION *IN LIMINE* NO. 14:  TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT COMPARING OR REFERRING TO THE BURDEN OF PROOF REGARDING INVALIDITY TO OTHER AREAS OF THE LAW .................................................................. 14

XV. MOTION *IN LIMINE* NO. 15:  TO PRECLUDE RPOST FROM USE OF PRE-STAY EXPERT REPORTS THAT HAVE BEEN SUPERSEDED ....................................................... 15

## TABLE OF AUTHORITIES

**Page**

**Cases**

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
  C.A. No. 2:17-cv-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018)..........................5

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
  410 F.3d 701 (Fed. Cir. 2005).........................................................................................5

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
  40 F.3d 1223 (Fed. Cir. 1994)......................................................................................10

*Computer Acceleration Corp. v. Microsoft Corp.*,
  503 F.Supp.2d 819 (E.D. Tex. 2007) ..............................................................................3

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-01112-JRG, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015)................................9

*DataTreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-cv-72, ECF No. 2392 (E.D. Tex. Oct. 5, 2010) ......................................................7

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
  No. 13-CV-03999-BLF, 2015 WL 4129193 (N.D. Cal. July 8, 2015) ...................................13

*Function Media, L.L.C. v. Google Inc.*,
  No. 2:07-cv-279, ECF No. 345 (E.D. Tex. Jan 4, 2010).......................................................7

*Genband US LLC v. Metaswitch Networks Corp.*,
  No. 2:14-cv-33, Dkt. 370 (E.D. Tex. Sept. 30, 2015) .........................................................9

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999).....................................................................................12

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007).......................................................................................9

*ION, Inc. v. Sercel, Inc.*,
  C.A. No. 5:06-cv-236-DF, 2010 WL 3913225 (E.D. Tex. Sept. 16, 2010)...............................4

*Kearns v. Chrysler Corp.*,
  32 F.3d 1541 (Fed. Cir. 1994).......................................................................................12

*LecTec Corp. v. Chattem, Inc.*,
  No. 5:08-cv-130, ECF No. 324 (E.D. Tex. Jan. 4, 2011)......................................................6

*Microsoft Corp. v. i4i Ltd. Partnership*,
  564 U.S. 91 (2011); ....................................................................................................13

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006).......................................................................................4

*PACT XPP Techs., AG v. Xilinx, Inc.*,
  2012 WL 2774971 (E.D. Tex. May 13, 2012) ................................................................... 7

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
  575 F.2d. 1152 (6th Cir. 1978) ........................................................................................ 12

*Price v. Symsek*,
  988 F.2d 1187 (Fed. Cir. 1993) ....................................................................................... 10

*Realtime Data, LLC v. Actian Corp.*,
  6:15-CV-463-RWS-JDL, ECF No. 551 (E.D. Tex. May 4, 2017) ..................................... 9

*Saint Lawrence Comm., LLC v. ZTE Corp., et al.*,
  No. 2:15-CV-349-JRG, Dkt. 449, (E.D. Tex. Feb. 21, 2017) ......................................... 14

*See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., Inc.*,
  No. 2:15-CV-37-JRG-RSP, Dkt. 411 (E.D. Tex. Jun. 26, 2017) ................................... 14

*Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
  637 F.3d 1269 (Fed. Cir. 2011) ......................................................................................... 4

*Singh v. Brake*,
  222 F.3d 1362 (Fed. Cir. 2000) ....................................................................................... 10

*Superior Fireplace Co. v. Majestic Prods. Co.*,
  270 F.3d 135867 (Fed. Cir. 2001) ................................................................................... 13

*Synqor, Inc. v. Artesyn Techs., Inc.*,
  No. 2:07-cv-497, Dkt. 762. (E.D. Tex. Dec. 12, 2010) ............................................... 5, 9

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
  C.A. No. 9:09-cv-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011) ...................... 4, 5, 13

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014) ..................................................................................... 7, 8

**Statutes**
35 U.S.C. § 298 ...................................................................................................................... 9

**Rules**
Federal Rules of Civil Procedure 26 ................................................................................. 4, 5

Federal Rules of Civil Procedure 26(a)(2)(B) ..................................................................... 4

Federal Rules of Civil Procedure 403 ............................................................................... 16

Federal Rules of Evidence  401 ......................................................................................... 16

Federal Rules of Evidence 401-403 ............................................................................... 1, 2, 7

Federal Rules of Evidence 403 ..................................................................................... 13, 17

Federal Rules of Evidence 701 ........................................................................................... 7

Federal Rules of Evidence 701(c) ....................................................................................... 7

Federal Rules of Evidence 702 ........................................................................................... 7

Defendants Adobe Inc, f/k/a Adobe Systems Incorporated, and EchoSign, Inc. (collectively, "Adobe") present the following motions *in limine* to exclude the matters enumerated below from evidence at trial.

## I.     MOTION *IN LIMINE* NO. 1:   TO EXCLUDE ANY MENTION OR EVIDENCE RELATING TO CONTACTS BETWEEN THE PARTIES IN AND AROUND 2006

Prior to the stay, the parties filed a "Notice of Agreements" regarding motions *in limine*, where RPost and Adobe agreed that RPost would not "introduce evidence or make reference to the 2006 meeting between RPost and Adobe."  Dkt. 532 at 2.[1]  However, during the parties' recent meet and confer regarding motions *in limine*, RPost indicated that it is now unwilling to abide by its prior agreement.  RPost has indicated that it now intends to rely not only on the alleged "2006 meeting between RPost and Adobe," but also any correspondence between the parties during that time as well.  Pursuant to Federal Rules of Evidence 401-403, Adobe moves *in limine* to exclude reference to any meetings or correspondence or other contacts between RPost and Adobe in 2006 as prejudicial and as irrelevant to any issue in the case.

RPost has indicated it intends to rely on its contacts with Adobe in 2006 to support its contention that Adobe's alleged infringement is willful.  For example, RPost has alleged ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ █ ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████  However, it would be improper for RPost to present allegations

---

[1] The parties reached other agreements relating to motions *in limine* as set forth in the parties' "Notice of Agreements Reached During Meet and Confer," Dkt. 532.

[2] Exhibits are attached to the Declaration of Ryan J. Casamiquela in Support of Adobe's Motions *in Limine*.

and testimony at trial regarding interactions between the parties in 2006 for two reasons: (i) RPost did not own the patents-in-suit that had issued by 2006; and (ii) the other patents-in-suit had not yet issued.

RPost acquired U.S. Patent Nos. 6,182,219 and 6,571,334 (the "Feldbau patents") in August of 2009.  Ex. 2 at 15.  In 2006, another entity called Authentix—which had sued RPost for infringement of the '219 patent through its exclusive licensee—owned the Feldbau patents. Ex. 3 (U.S. PTO Notice of Recordation of Assignment Document recorded August 26, 2009); Ex. 4 (Complaint for Patent Infringement and Demand for Jury Trial, Propat International Corp. v. RPost, Inc.).  Thus, it would be wrong to allege that any contacts between the parties in 2006 put Adobe on "actual notice of the Patents-in-Suit as of … 2006."

The other two patents-in-suit, U.S. Patent Nos. 7,707,624 and 7,966,372 (the "Tomkow patents"), had not yet issued in 2006.  The '624 patent issued on April 27, 2010, and the '372 patent issued on June 21, 2011.  Thus, it would have been impossible for Mr. Khan to give notice of any of the patents-in-suit in 2006, and any contacts with Adobe at that time would be irrelevant to willfulness and prejudicial.[3]

Any discussion of willfulness without an evidentiary basis would unfairly prejudice Adobe, confuse the issues and mislead the jury.  Accordingly, any reference to, evidence of, or contacts between RPost and Adobe in and around 2006 should be excluded from trial pursuant to Federal Rules of Evidence 401-403.

## II.     MOTION *IN LIMINE* NO. 2 :    TO PRECLUDE ANY ALLEGATION OF COPYING BY ADOBE

In its pre-stay "Notice of Agreements" regarding motions *in limine*, RPost also agreed "that it will not introduce evidence that Adobe copied the inventions described in the asserted

---

[3] ██████████████████████████████████████████████ Any such materials should be excluded for the same reasons.

patents." Dkt. 532 at 2.  RPost should be held to its agreement.  Indeed, RPost has not provided notice of any argument or evidence concerning any alleged copying by Adobe, whether in an interrogatory response, expert report, or other disclosures.  RPost cannot resort to unfair surprise at trial.  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (internal citations omitted).  RPost should be precluded from arguing that Adobe has copied the invention described in the asserted patents.

## III.    MOTION *IN LIMINE* NO. 3:  TO PRECLUDE RPOST FROM MENTIONING OR INTRODUCING EVIDENCE PRODUCED BY OTHER DEFENDANTS

In its pre-stay "Notice of Agreements" regarding motions *in limine*, RPost previously agreed "not to use any evidence in the Adobe case that solely relates to the DocuSign case." Dkt. 532 at 1-2.  But, RPost wants to rescind that agreement.  Adobe moves *in limine* to preclude RPost from introducing or relying on evidence produced by DocuSign, or any other defendants in the consolidated case and other matters.  First, such producing parties will not be present at Adobe's trial, and Adobe does not have access to their confidential material.  As a result, Adobe would be prevented from presenting rebuttal evidence and effectively testing whatever evidence RPost selectively presents.  Second, RPost has not shown how evidence produced by another defendant could be relevant to its case.  Finally, evidence regarding other defendants, such as the evidence upon which Dr. Ugone relies, as outlined in Motion *in Limine* No. 6, is prejudicial to Adobe and is likely to confuse the jury.

Accordingly, RPost should be precluded from introducing or mentioning evidence produced by other defendants.

## IV.    MOTION *IN LIMINE* NO. 4:  TO EXCLUDE ANY EXPERT OPINIONS NOT INCLUDED IN EXPERT REPORTS

RPost's experts, Drs. Almeroth and Ugone, have indicated that they may attempt to offer opinions at trial that they did not include in their expert reports.  For example, Dr. Almeroth testified at his deposition that he ███████████████████████████████  Similarly, Dr. Ugone noted in his report that he ████████████████████████████████  Ex. 6 at 131.  Adobe requests that the Court exclude any reference, evidence, suggestion, testimony, or elicitation of any testimony by RPost to any opinion from Drs. Almeroth and Ugone that has not been expressed in any expert report timely exchanged between the parties.

Federal Rule of Civil Procedure 26 requires each expert witness to submit a written report that includes "a *complete* statement of *all opinions* the witness will express and the basis and reasons for them.  Fed. R. Civ. P. 26(a)(2)(B).  Failure to comply warrants preclusion.  *See, e.g.*, *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (if a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (district court did not abuse its discretion in excluding theory not disclosed in expert reports); *ION, Inc. v. Sercel, Inc.*, No. 5:06-cv-236-DF, 2010 WL 3913225, at *4 (E.D. Tex. Sept. 16, 2010).  Without such a disclosure, the opposing party is deprived of "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-cv-176, 2011 WL 7563868, at *2 (E.D. Tex. Sept. 23, 2011).

Courts frequently exclude expert testimony not properly disclosed in the expert's report. *See, e.g.*, *O2 Micro*, 467 F.3d at 1368-69; *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d

701, 713 (Fed. Cir. 2005) (district court did not abuse its discretion in excluding theory not disclosed in expert reports); *Tyco*, 2011 WL 7563868, at *2 (granting in part pre-trial motion *in limine* and ordering that all experts were precluded "from testifying outside the scope of their reports . . . in keeping with Rule 26"); *Synqor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, Dkt. 762 at 2. (E.D. Tex. Dec. 12, 2010) ("SynQor would have been unduly prejudiced by being forced to cross-examine [the expert] on issues for which he disclosed no opinion.  The disclosure requirements of Fed. R. Civ. P. 26 are specifically designed to avoid precisely this kind of prejudice.  Rule 26 and the practice of this Court do not countenance such trial by ambush.").

## V.      MOTION *IN LIMINE* NO. 5:  TO PRECLUDE EVIDENCE OR TESTIMONY THAT RPOST PRACTICES THE PATENTS-IN-SUIT

RPost has suggested that its products and services practice or embody the patents-in-suit. Determining whether a product practices a patent involves analyzing whether each limitation of the patent is present.  *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513-JRG, 2018 WL 2329752, at *5 (E.D. Tex. May 23, 2018) ("A device is a 'patented article' under a patent when it contains all of the elements disclosed in any single claim of the patent."). However, RPost's technical expert, Dr. Almeroth, did not undertake any analysis that compared RPost's products to any asserted claim. ██████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Thus, RPost has

presented no expert opinion regarding whether its own products practice the patents-in-suit and should be precluded from suggesting that its products practice the asserted claims.  RPost's experts should be precluded from testifying on this subject because they did not address it in their reports (*see* MIL No. 4, above).

Further, RPost should not be allowed to circumvent this failure through the testimony of lay witnesses.  Such testimony would violate FRCP 26(a) because RPost has not submitted expert reports for any witnesses besides Drs. Almeroth and Ugone.  In addition, such testimony would be precluded by Federal Rule of Evidence 701, which prohibits opinion testimony by lay witnesses that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702 ['Testimony by Expert Witnesses']."  Fed. R. Evid. 701(c), 702.  Indeed, a comparison of the asserted claims to RPost's products, and a showing that RPost's products practice the asserted claims, would require application of the Court's claim construction.  This is not the proper subject of lay opinion.  Thus, RPost should be precluded from making any suggestion that its products practice the patents-in-suit.

## VI.    MOTION *IN LIMINE* NO. 6:  TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING ADOBE'S, ECHOSIGN'S OR OTHER DEFENDANTS' SIZE OR WEALTH, INCLUDING ADOBE SIGN REVENUES, AND REVENUES FOR THE E-SIGNATURE MARKET AS A WHOLE

RPost should be precluded from offering any testimony (including expert opinions), evidence, or argument regarding the total and average sales or revenues, profits, size or financial worth of Adobe, EchoSign and other Defendants, including revenues and profits unrelated to the accused Adobe Sign service, and any other irrelevant financial metrics.  Such information is not relevant to any issue in this case and would be unduly prejudicial.  Fed. R. Evid. 401-403; *see also LecTec Corp. v. Chattem, Inc.*, No. 5:08-cv-130, ECF No. 324 at 9 (E.D. Tex. Jan. 4, 2011) (Folsom, J.) ("On balance, any probative value of Defendants' financial size is substantially

outweighed by the danger that the jury might set damages based on Defendants' ability to pay rather than on proper evidence of damages."); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, ECF No. 2392 at 42–44 (E.D. Tex. Oct. 5, 2010) (Folsom, J.) (same); *Function Media, L.L.C. v. Google Inc.*, No. 2:07-cv-279, ECF No. 345 at 5 (E.D. Tex. Jan 4, 2010) (Everingham, J.) (same).  Adobe's or EchoSign's overall sales and profitability include products and services that are completely unrelated to the products accused in this case.  The revenue and financial evidence presented to the jury should be limited to what is actually accused for the relevant time period.  *See PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-cv-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012).

Adobe's total revenues relating to the accused Adobe Sign is also prejudicial and immaterial to any issue in dispute.  ███████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████  Adobe's total revenues on Adobe Sign should be excluded not only because they are irrelevant, but because they serve no other purpose than to prejudice the jury.  *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1333 (Fed. Cir. 2014) (introducing large dollar figures with little to no relationship to parties' damages models can "skew the damages horizon for the jury" and, ultimately, the verdict).

In addition, ████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████  have the potential to confuse the jury on damages calculations

relating to Adobe.  Moreover, it is improper for RPost to introduce financial information from other defendants in Adobe's trial because those defendants will not be present and Adobe does not have access to their confidential material, ████████████████████████████████

██████  Finally, RPost has already agreed "not to use any evidence in the Adobe case that solely relates to the Docusign case."  Dkt. 532 at 1-2.  This agreement should apply to DocuSign financial data, as well as be extended to RightSignature data.

Finally, Dr. Ugone's report ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Testimony regarding revenues associated with the market as a whole being in the billions of dollars is likely to "skew the damages horizon for the jury."  *Virnetx*, 767 F.3d at 1308.  These opinions in particular are especially egregious because they are based on rough estimates of market growth, and are not tied to any damages theory or calculation upon which Dr. Ugone relies.  *See* Ex. 6 at ¶¶ 15.a (January 2006), 15.b (April 2010).

Accordingly, evidence and argument regarding Adobe's, EchoSign's and other Defendants' size or wealth, in addition to Adobe Sign revenues, and revenues for the e-signature market as a whole, should therefore be excluded.

## VII.   MOTION *IN LIMINE* NO. 7:  TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING A DUTY TO SEARCH FOR OR INVESTIGATE PATENTS

The Court should preclude evidence or argument that Adobe "had a duty to search for patents it might infringe, a duty to obtain an opinion of counsel, or any adverse inference from a

lack of an opinion of counsel." *See* Order, *Realtime Data, LLC v. Actian Corp.*, 6:15-CV-463-RWS-JDL, ECF No. 551, at 5–6 (E.D. Tex. May 4, 2017) (granting the same); *see also* 35 U.S.C. § 298.  The Court routinely excludes arguments where a plaintiff suggests defendants have some duty to investigate a plaintiff's patents.  *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, Dkt. 370 at 9 (E.D. Tex. Sept. 30, 2015) (granting in part defendants motion *in limine* and stating "[Defendant] may not argue that [Plaintiff] had an affirmative duty to investigate possible infringement"); *Synqor*, ("Plaintiff may not argue or elicit testimony that defendants had a legal duty to investigate plaintiff's patents.").

Further, any argument that Adobe has not relied on the advice of counsel is expressly prohibited by statute: "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, ***may not be used to prove that the accused infringer willfully infringed the patent***. . . ." 35 U.S.C. § 298 (emphasis added); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("there is no affirmative obligation to obtain opinion of counsel").  RPost has identified no other theory of relevance for this evidence, and none would be sufficient to overcome its overwhelming prejudice, in any event.

Discussion of Adobe's alleged failure to present evidence of investigation of the patents-in-suit would invite the jury to speculate as to the reasons for the failure or that an unfavorable opinion of counsel may exist.  Such speculation would risk the jury drawing an impermissible adverse inference and be highly prejudicial to Defendants.  *See Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *1 (E.D. Tex. Aug. 3, 2015) (granting motion *in limine*).

## VIII.   MOTION *IN LIMINE* NO. 8:  TO PRECLUDE ARGUMENT AND EVIDENCE REGARDING PRIORITY EARLIER THAN THE FILING OF THE ASSERTED PATENTS

RPost should be precluded from arguing for priority dates earlier than the filing dates of each of the patents-in-suit.  In response to an interrogatory regarding conception and reduction to practice, RPost identified the earliest priority application filing date for each of the patents-in-suit.  *Compare* Ex. 2 at 20 *with* the asserted patents (Dkts. 652-2 to 652-5).  In his rebuttal to Adobe's invalidity expert report, RPost's expert, Dr. Almeroth, ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████

A patentee wishing to establish an earlier filing date through conception and reduction to practice must present contemporary evidence to corroborate inventor testimony.  Inventor testimony alone is insufficient.  *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994); *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000).  RPost has presented no such evidence in response to Adobe's discovery requests for "all facts and circumstances relating to the conception and reduction to practice" of each asserted claim, as well as all documents relating to conception, reduction to practice and diligence.  Ex. 2 at 19-20; Ex. 10 at 2 (Nos. 14-16).  Accordingly, RPost should be precluded from offering argument or evidence to suggest earlier priority dates at trial.

## IX.   MOTION *IN LIMINE* NO. 9:  TO PRECLUDE CERTAIN TESTIMONY OF TERRANCE TOMKOW

RPost's witness Terrance Tomkow is the named inventor of the asserted '624 and '372 patents.  Adobe seeks an order *in limine* precluding him from offering testimony about his alleged invention story, which would naturally lead Mr. Tomkow to testify about his invention in general terms, without reference to the claims as construed.  How or why Mr. Tomkow developed the purported inventions is irrelevant to any claim or defense in this case.  During his story of his invention, Mr. Tomkow would likely discuss his invention in terms of certain problems sought to be solved.  In so doing, Mr. Tomkow may discuss his invention in general terms of what it does and does not cover.  It would be improper and prejudicial for Mr. Tomkow to offer such testimony because it goes to the scope of the claims.  As such, Mr. Tomkow should be precluded from offering his invention story at trial.

## X.   MOTION *IN LIMINE* NO. 10:  TO PRECLUDE ANY MENTION ABOUT HOW LONG THIS LITIGATION HAS BEEN PENDING

Adobe moves *in limine* to exclude any mention about the length of this litigation.  RPost should be precluded from suggesting to the jury that the length of this litigation has harmed RPost or was due to Adobe 'dragging the case out.'  The protracted length of this litigation is not due to Adobe, but rather is entirely due to RPost and its co-pending litigations which called into question the ownership of the patents-in-suit.  *See* Dkt. 563.  Indeed, "Plaintiffs clearly knew of the serious implications those cases would have on the issues of patent ownership in the present actions … any prejudice this stay may impose must be attributed solely to Plaintiffs' own actions."  *Id.* at 12.  Any reference to how long this litigation has been pending would likely appeal to the jury.  But, the length of this litigation is irrelevant and prejudicial to Adobe, and should be excluded.  Fed. R. Evid. 401-403.

**XI.    MOTION *IN LIMINE* NO. 11:  TO PRECLUDE ANY MENTION THAT RPOST LOST SALES OF ITS OWN PRODUCTS AS A RESULT OF DEFENDANTS' INFRINGEMENT**

Pursuant to Federal Rule of Evidence 403, the Court should preclude RPost from offering evidence, opinions, and arguments on alleged lost sales on the grounds that RPost has dropped lost profit damages.  Prior to the stay, RPost's previous damages expert ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Allowing the jury to hear speculative testimony and argument concerning lost sales would be highly prejudicial to Defendants, and would confuse the issues, mislead the jury, and waste time.

RPost chose not to disclose a legally sufficient lost profits analysis.  *See Grain Processing Corp. v. Am. Maize-Prods. Co*., 185 F.3d 1341, 1349 (Fed. Cir. 1999); *see also, Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d. 1152, 1158 (6th Cir. 1978).  This failure to satisfy the basic requirements for proving lost profits should bar any testimony, evidence or argument on lost sales, as "[t]he patentholder bears the burden of proof on damages." *Kearns v. Chrysler Corp*., 32 F.3d 1541, 1551 (Fed. Cir. 1994) (lost profits is only "appropriate if the patent owner can prove" they occurred).  Accordingly, any discussion of lost sales should be excluded pursuant to Fed. R. Evid. 401-403.

**XII.    MOTION *IN LIMINE* NO. 12:  TO PRECLUDE ANY MENTION OF THE AMOUNT DEFENDANTS' EMPLOYEES ARE OR WERE COMPENSATED**

RPost should be precluded from soliciting or offering any testimony, evidence, or argument as to the compensation of individual Adobe witnesses.  For example, at his deposition, RPost questioned Adobe's Public Sector CTO, John Landwehr, regarding his compensation,

bonuses, and the value of his stock in Adobe.  Ex. 11 at 144:23-147:17.  But, RPost does not need or use any this information for damages or any other relevant issue in this case.  Indeed, RPost's damages expert never states that his analysis depended on the compensation of individual Adobe employees.

Such evidence could invoke hostility or resentment toward Adobe and its employees, invade the privacy of those employees, and be highly likely to distract and confuse the jurors. Because the information has no relevance here, and because any minimal value it has is substantially outweighed by the danger of unfair prejudice, the Court should preclude RPost from soliciting or offering testimony as to the compensation of individual Adobe employees. Fed. R. Evid. 401-403; *see also Tyco*, 2011 WL 7563868, at \*4 (granting MIL finding that "Plaintiffs will not be permitted to offer argument or evidence concerning the compensation of individual" employees of the defendant); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999- BLF, 2015 WL 4129193, at \*4 (N.D. Cal. July 8, 2015) (granting MIL excluding mention of consultant compensation because, in that case, "the consultants are more akin to employees than retained experts").

## XIII.   MOTION *IN LIMINE* NO. 13:  TO PRECLUDE RPOST FROM ARGUING A SUCCESSFUL OUTCOME OF RE-EXAMINATION PROCEEDINGS

RPost should be precluded from offering evidence or argument regarding a successful outcome in the reexamination of any asserted patent under Rule 403.  These arguments are not probative because there is no heightened burden to prove invalidity, or additional deference given to, a patent that has survived a reexamination proceeding.  *See, e.g., Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 112 (2011); *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001) ("Challenges to the validity of claims, whether regularly issued

[or] issued after a reexamination … must meet the clear and convincing standard of persuasion.").

Any probative value of these arguments is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Civ. P. 403.  First, RPost's patents are entitled to a presumption of validity.  Any argument that the Patent Office "twice blessed" the asserted patents runs the real risk of confusing and misleading the jury that Defendants are required to prove invalidity by something greater than the existing clear and convincing evidence standard.  Thus, allowing RPost to imply an increase in an already heightened burden of proving invalidity runs the risk of confusing the jury as to whether it is even possible for Defendants to prove invalidity, unduly prejudicing Adobe's invalidity presentation.

## XIV.   MOTION *IN LIMINE* NO. 14:  TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT COMPARING OR REFERRING TO THE BURDEN OF PROOF REGARDING INVALIDITY TO OTHER AREAS OF THE LAW

The parties should be prevented from analogizing or comparing the clear and convincing burden of proof for invalidity to other areas of law where the clear and convincing burden is used.  Any such analogies confuse the issues and mislead the jury by introducing a different subject—and consequently a different standard—of law that is not at issue.  Fed. R. Evid. 401, 402.  Such analogies or comparisons risk improper emotional appeals and confusion.  *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., Inc.*, No. 2:15-CV-37-JRG-RSP, Dkt. 411, Tr. of Pretrial Proceedings, at 207-209 (E.D. Tex. Jun. 26, 2017); *Saint Lawrence Comm., LLC v. ZTE Corp., et al.*, No. 2:15-CV-349-JRG, Dkt. 449, Transcript of Pretrial Proceedings, at 158–161 (E.D. Tex. Feb. 21, 2017); Fed. R. Evid. 403.

## XV.     MOTION *IN LIMINE* NO. 15:  TO PRECLUDE RPOST FROM USE OF PRE-STAY EXPERT REPORTS THAT HAVE BEEN SUPERSEDED

RPost should be precluded from using outdated, pre-stay expert reports served by RPost's or Adobe's experts, including for purposes of cross examination, because such reports have been superseded by new reports.  After the stay was lifted, RPost replaced both of its expert witnesses.  RPost's new experts, Dr. Almeroth (infringement and validity) and Dr. Ugone (damages), have offered opinions that differ markedly from RPost's prior experts, Dr. Nielson (infringement and validity) and Mr. Troxel (damages).  For example, ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████   Consequently, Adobe's experts Dr. Jakobsson (non-infringement), Dr. Clark (invalidity), and Mr. Bakewell (damages), had to address the different opinions advanced by RPost's new experts in their own new reports, which entirely supersede their prior, pre-stay reports.  RPost's use of the superseded, pre-stay reports would only serve to confuse and mislead the jury, and could suggest that Adobe's experts have submitted inconsistent positions even though the only reason Adobe's experts submitted new reports was to respond to RPost's new experts and their new reports.  Alternatively, to the extent that the RPost is permitted to use the pre-stay reports, Adobe should be permitted to use the pre-stay reports from RPost's previous experts Dr. Nielson and Mr. Troxel for purposes of cross examination of RPost's new expert witnesses.

Dated: May 28, 2019

Respectfully submitted by:

*/s/ Michael A. Berta, with permission by*
*Michael E. Jones*
MICHAEL A. BERTA
michael.berta@arnoldporter.com
RYAN J. CASAMIQUELA
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.340

Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON PC
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597 8311
Facsimile: 903.593 0846

**Attorneys for Adobe Inc. f/k/a Adobe Systems**
**Incorporated and EchoSign, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on May 28, 2019.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on May 28, 2019.

*/s/ Michael E. Jones*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

I certify that counsel for Adobe conferred in good faith with counsel for RPost regarding

this motion on May 25, 2019.  RPost opposes this motion.

*/s/ Michael E. Jones*