**9UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RMAIL LIMITED, et al., | |
| Plaintiffs, | |
| v. | |
| AMAZON.COM, INC., et al. | **Civil Action No. 2:10-CV-258-JRG** **(Lead Case)** |
| DOCUSIGN, INC., | Civil Action No. 2:11-cv-299-JRG |
| RIGHTSIGNATURE, LLC | Civil Action No. 2:11-cv-300-JRG |
| ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., | Civil Action No. 2:11-cv-325-JRG |
| Defendants. | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTIONS *IN LIMINE***

# Table of Contents

Page

MILs No. 1-3. Barton, Bankruptcy, and Shareholder Derivatives Proceedings............................ 1

MIL No. 4. Expert Opinions from Fact or Lay Witnesses.............................................. 4

MIL No. 5. The ███████████ ......................................................................... 5

MIL No. 6. Invalidity or Non-Infringement of the '219 Patent from the Propat Case.................. 7

MIL No. 7. Denigrating RPost's Efforts to Enforce Its Patent Rights ............................. 8

MIL No. 8. Assertion That RPost Patents are "Limited to or Only Relate to Email." ................ 10

MIL No. 9. Prior RPost Patent Litigation Involving Feldbau or Tomkow Patents ..................... 10

MIL No. 10. Referring to ███████ Agreement as an "Executed" Agreement or License......... 12

MIL No. 11. Collateral Attack on Court's Claim Construction .................................... 13

MIL No. 12. Improper Comparisons or Distinctions Involving Prior Art............................. 13

MIL No. 13. Effect of Verdict or Damages Award ................................................ 14

MIL No. 14. Comparing Accused Products to Embodiments or RPost's Products ..................... 14

MIL No. 15. Introduction of Any Defendant Patents ............................................. 15

MIL No. 16. Practicing Prior Art............................................................... 16

MIL No. 17. Noninfringing Alternatives ....................................................... 17

MIL No. 18. Witnesses Not Disclosed or Produced for Deposition................................. 17

MIL No. 19. Referring to Incorporation in Bermuda in Derogatory or Negative Terms ............. 18

MIL No. 20. Prior Court Orders and Decided Motions .............................................. 18

MIL No. 21. Witness's Individual or Personal Website or Blog.................................... 18

MIL No. 22. Post-Filing Offers of Compromise, Settlement Negotiations, and Mediation......... 18

MIL No. 23. Dismissed, Abandoned, and Dropped Clams and Products .................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ......................................16

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06-CV-458, 2008 WL 718476 (E.D. Tex. Apr. 25, 2008)...........................................11

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 12-CV-00630-LHK, 2014 WL 660857 (N.D. Cal. Feb. 20, 2014)..................................15

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
  692 F. Supp. 2d 487 (M.D. Penn. 2010) ...............................................................................10

*Continental Insurance Co. of New York v. Sherman*,
  439 F.2d 1294 (5th Cir.1971) .................................................................................................7

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  No. 2:14-CV-0911-JRG-RSP, Dkt. No. 383, Order on MIL (E.D. Tex. Feb.
  12, 2016) ...............................................................................................................................13

*Crouch v. J.C. Penney Corp., Inc.*,
  2008 WL 346052 (E.D. Tex. Feb. 5, 2008) .............................................................................4

*Davis v. Allstate Ins. Co.*,
  No. 1:16-CV-417-HSO-JCG, 2018 WL 1558144 (S.D. Miss. Jan. 25, 2018) ........................2

*Droplets, Inc. v. Overstock.com, Inc.*,
  No. 2:11-cv-401-JRG-RSP, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014) ..........................9

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Company*,
  240 F. Supp. 3d 605 (E.D. Tex. 2017)...................................................................................11

*Exergen Corp. v. KAZ USA, Inc.*,
  725 F. App'x 959 (Fed. Cir. 2018) ........................................................................................12

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Group, LLC*,
  879 F.3d 1332 (Fed. Cir. 2018)..............................................................................4, 6, 10, 15

*Google Inc. v. Beneficial Innovations, Inc.*,
  No. 11-cv-00229-JRG-RSP, 2014 WL 4215402 (E.D. Tex. Aug. 22, 2014) ..........................7

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  136 S.Ct. 1923 (2016)..................................................................................................... *passim*

*Hologic, Inc. v. Minerva Surgical, Inc.*,
No. 1:15-cv-1031, 2018 WL 3348998 (D. Del. July 9, 2018) ................................................16

*ICU Med., Inc. v. RyMed Techs., Inc.*,
752 F. Supp. 2d 486 (D. Del. 2010) ......................................................................................11

*Isbell v. DM Records, Inc.*,
No. 4:07-CV-146, 2012 WL 13005933 (E.D. Tex. Feb. 3, 2012) ...........................................2

*Johnson v. Ford Motor Co.*,
988 F.2d 573 (5th Cir. 1993) ...................................................................................................7

*Metaswitch Networks Ltd. v. Genband US LLC*,
No. 2:14-CV-00744-JRG 2017 WL 3704760 (E.D. Tex. 2017) ...........................................15

*Metaswitch Networks Ltd. v. Genband US LLC*,
No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ...................14, 16

*Mobile Telecomms. Techs., LLC v. LG Elecs.*,
No. 2:13-cv-947-JRG-RSP, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016) ..............................9

*Pandora Jewelry, LLC v. Cappola Capital Corp.*,
No. 8:06-cv-845-T-24 MSS, 2009 WL 2176068 (M.D. Fla. July 13, 2009) .........................11

*Pivonka v. Central Garden & Pet Co.*,
No. 02-cv-02394-RPM, 2008 WL 486049 (D. Colo. Feb. 19, 2008) .....................................11

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
No. C 09-5235 MMC, 2014 WL 4437631 (N.D. Cal. Sept. 9, 2014).....................................10

*Power Integrations, Inc. v. Fairchild Semiconductor Intl., Inc.*,
904 F.3d 965 (Fed. Cir. 2018)...............................................................................................16

*Presidio Components Inc. v. Am. Tech. Ceramics Corp.*,
723 F. Supp. 2d 1284 (S.D. Cal. 2010), *aff'd in part, vacated on other
grounds*, 702 F.3d 1351 (Fed. Cir. 2012) ...............................................................................5

*Propat Int'l Corp. v. RPost, Inc.*,
Case No. SACV 03-1011-JVS (C.D. Cal.) ...............................................................................7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
No. 2:13-cv-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .........................9, 16

*Saint Lawrence Comms., LLC v. ZTE Corp.*,
No. 2:15-cv-349, Order on MIL, Dkt. 458 (E.D. Tex. Mar. 2, 2017).....................................16

*Seeligson v. Devon Energy Prod. Co., L.P.*,
No. 2:14-CV-996-JRG-RSP, 2015 WL 4944481 (E.D. Tex. Aug. 19, 2015) ........................18

*Smartflash LLC v. Apple, Inc.*,
   No. 6:13-CV-447, Dkt. 389 (E.D. Tex. Jan. 5, 2015) ............................................................12

*U.S. v. Williams*,
   822 F.2d 512 (5th Cir. 1987) ...................................................................................................2

*United States v. Oti*,
   872 F.3d 678 (5th Cir. 2017) ...................................................................................................2

*United States v. Tomblin*,
   46 F.3d 1369 (5th Cir. 1995) ...................................................................................................2

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016), *reinstated in relevant part*, 913 F.3d 1069
   (Fed. Cir. 2019) .......................................................................................................................11

## **Other Authorities**

Fed. R. Civ. P. 26(a)(2)(C) .............................................................................................................5

Fed. R. Civ. P. 37 .......................................................................................................................5, 6

Fed. R. Evid. 401 .....................................................................................................................1, ,3

Fed. R. Evid. 402 ......................................................................................................................1, 3

Fed. R. Evid. 403 ...........................................................................................................1, 2, 3, 6, 8

Fed. R. Evid. 408 .........................................................................................................................18

Fed. R. Evid. 608 ...........................................................................................................1, 2, 3, 4

Fed. R. Evid. 609 ...........................................................................................................................1

Fed. R. Evid. 701 ...........................................................................................................................5

Fed. R. Evid. 801 ......................................................................................................................1, 6

Fed. R. Evid. 802 ......................................................................................................................1, 6

Fed. R. Evid. 803 ...........................................................................................................................6

**MILs No. 1-3. Barton, Bankruptcy, and Shareholder Derivatives Proceedings**

RPost argues that findings and admissions calling into question the truthfulness of RPost's CEO, Mr. Khan, and its CTO, Mr. Tomkow should be excluded under Fed. R. Evid. 401, 402, 403, 608, and 802.  RPost's motion should be denied.  Findings and admissions relating to Khan's and Tomkow's truthfulness are admissible under Fed. R. Evid. 608 and Fifth Circuit law.

RPost cannot dispute that the findings and admissions from the prior cases bear on Khan's and Tomkow's truthfulness.  Khan and Tomkow were defendants in the Barton 581 litigation where: (1) "The court did not find Mr. Khan to be a credible witness" because he knew of facts that he claimed to not know; (2) [T]he defendants [*i.e.*, Khan and Tomkow] . . . retroactively created and modified corporate resolutions," *i.e.*, committed fraud; and (3) the court found that the defendants' actions "were undertaken with malice, ***fraud*** and oppression."  Dkt. 886, RPost MIL at 2 (emphasis added).  The court in the Barton 581 litigation also questioned Khan's and Tomkow's truthfulness as follows: (4) "While the current RPost principals [*i.e.*, Khan and Tomkow] continue to engage in aggressive fundraising, extolling the anticipated future successes of RPost, they have nonetheless adopted the position in this trial that the common shares of stock in RPost have no value."  Ex. 1, at ADOBE00016116.  It is proper for Defendants to use court findings and admissions in these four categories to cross examine Khan and Tomkow.

RPost argues that prior untruthfulness by Khan and Tomkow are inadmissible under Rules 403 and 608.  But, RPost selectively quotes Rule 608(b) to improperly argue that "608(b) plainly provides that '[e]xcept for a criminal conviction under Rule 609, *extrinsic evidence is not admissible* to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.'"  RPost MIL at 2 (emphasis in original).  RPost misleadingly omits the next sentence of Rule 608(b), which expressly states: "But the court may, on cross-

1

examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:  (1) the witness . . . ."  Fed. R. Evid. 608(b).  Fraud is at issue here and "[q]uestions about past specific instances of misconduct pertaining to fraud are admissible under Federal Rule of Evidence 608(b) because they are 'clearly probative of truthfulness or untruthfulness'"  *United States v. Oti*, 872 F.3d 678, 693–94 (5th Cir. 2017).[1]

Evidence of truthfulness should not be excluded under Rule 403 because RPost has put it at issue.[2]  For example, to support RPost's willfulness claim against Adobe, Khan testified that ████



████                Ex 2, at 282:15-288:16.  Mr. Lynch testified, however, that ████

████        Ex. 3, at 50:11-51:7.  Mr. Lynch is no longer an Adobe employee and will not be available at trial to give the jury an opportunity to evaluate his credibility live.  In support of willfulness against DocuSign, Khan testified that ████

████                                    which allegedly resulted in notice to DocuSign of RPost's patents.  Ex. 4, at 768:2-5; Dkt. 887 at 4.  But, Mr. Lassiter testified that ████

████        Dkt. 887 at 4.  Khan's testified that ████

Ex. 4, at 770:9-11.  These examples put Khan's truthfulness directly at issue.

---

[1] Citing *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995) (affirming admission of cross-examination into "alleged acts of fraud, bribery and embezzlement."); *see also  Isbell v. DM Records, Inc.*, No. 4:07-CV-146, 2012 WL 13005933, at *2 (E.D. Tex. Feb. 3, 2012) (allowing cross-examination "regarding any falsity in the tax returns filed by [plaintiff] and in two 1997 license agreements if they are probative of his truthfulness or untruthfulness"); *see also Davis v. Allstate Ins. Co.*, No. 1:16-CV-417-HSO-JCG, 2018 WL 1558144, at *2 (S.D. Miss. Jan. 25, 2018) (allowing cross examination of fraudulent tax filings and quoting *Oti*, 872 F.3d at 693–94).

[2] RPost argues that mentioning the prior cases should be excluded under Rule 403 because they "are so dissimilar from the instant ones."  RPost MIL at 2-3.  But the sole case RPost cites does not support its position.  In *Williams*, the court precluded cross examination regarding whether the defendant had ever sold drugs under Rule 608(b), not 403, because "it was not probative of Pearson's truthfulness."  *U.S. v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987).

In another example, RPost's damages expert, Dr. Ugone, relied on discussions with Mr. Khan for certain key assumptions underlying his damages opinion.   Dr. Ugone relies on discussions with Mr. Khan for much of his understanding of the ███████████████████ ████████ that forms the starting point for his reasonable royalty analysis, as well as his understanding of RPost's average revenue per email, which he used to calculate damages based on the ████████████████████. Ex. 5, Ugone Rep. (Adobe) at 86-90; Ex. 6, at 94-95; Ex. 7, Ugone Rep. (RS) at 85-87.   Defendants were not present for any conversations between Dr. Ugone and Mr. Khan and do not know the source of Mr. Khan's information.   Defendants should be allowed to question Mr. Khan's truthfulness pursuant to Rules 401-403 and 608(b).   Indeed, Khan's and Tomkow's position in the Barton 581 litigation that "shares of stock in RPost have no value" (Ex. 1, at ADOBE00016116) is directly relevant to RPost's ████████████████ ████, during which (according to Khan), RPost ██████████████████████████ ████ Ex. 6, at ¶ 94; Ex. 7, at ¶ 92.   The admissions regarding the stocks also undermines RPost's allegation that ████████████████████████ during the hypothetical negotiations.   Ex. 6, at ¶ 9.d.ii; Ex. 7, at ¶ 9.d.

Moreover, RPost accused Defendants of willful infringement during the stay, but the Court found that "resolution in Barton 259 will either simplify the issues for trial or moot these actions entirely."   Dkt. No. 563 at 12.   To defend against willfulness, Defendants should be permitted to present evidence of their state of mind based on the stay and the reasons for stay to defend against willfulness.   *See* Opp. to RPost MIL 5 and 9 (regarding state of mind and willfulness).

RPost alleges that admitting former instances of misconduct will lead to a "distracting and prejudicial 'mini-trial.'"   RPost MIL at 3.   Not so.   Khan's and Tomkow's past conduct is easy to understand and simple to articulate without significant context, as illustrated by this Court's order

staying proceedings, which does so in roughly half a page.  Dkt. 563 at 11-12 (reciting findings from Barton 581 litigation regarding Khan and Tomkow and noting that "[t]he failure to disclose such information seriously erodes their credibility before this Court").  Defendants only seeks to cross-examine Khan and Tomkow in the four areas identified above.  These issues can be captured in four sets of documents from Defendants' exhibit list:  Two decisions from the Barton 581 case (*e.g.*, Exs. 8-9), Tomkow's testimony from the Barton cases (*e.g.*, Exs. 10-12), the Barton settlement agreement (*e.g.*, Exs. 13-14), and a declaration from Mr. Khan in his bankruptcy proceeding listing the value of his stock as $0 (*e.g.*, Ex. 15, at ADOBE00020582).  Both Khan and Tomkow have been asked about these documents at their depositions.[3]

### MIL No. 4. Expert Opinions from Fact or Lay Witnesses

RPost aims this MIL at two DocuSign witnesses, Tom Gonser and Loren Alhadeff.  The Court should deny the MIL.  First, DocuSign does not intend to present expert opinions through Mr. Gonser.  Mr. Gonser is DocuSign's founder and his testimony regarding the "███████████" (Dkt. 668-9) should not be excluded.  RPost asserts post-filing willful infringement against DocuSign.  To prove willfulness, RPost must prove that DocuSign engaged in egregious behavior that was "willful, wanton, malicious, deliberate, consciously wrongful."  *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1932 (2016).  A defendant's "state of mind at the time of the accused infringement" is therefore unquestionably relevant and is an issue that must go to the jury, along with the rest of the willfulness determination.  *Exmark Mfg. Co. Inc. v. Briggs &*

---

[3] To the extent there is any doubt remains regarding whether the probative value of the material at issue would be substantially outweighed by a danger of unfair prejudice or confusion, the issue may be decided in context at trial.  *See, e.g., Crouch v. J.C. Penney Corp., Inc.*, 2008 WL 346052, at *2 (E.D. Tex. Feb. 5, 2008) ("[A] hearing outside the presence of the jury to determine admissibility under rule 608(b) would not prejudice the parties and would provide safeguards to eliminate potential undue prejudice. . . .").

*Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018) (citations omitted).  Mr.

Gonser's testimony regarding DocuSign's subjective state of mind on the merits of RPost's

infringement case is directly relevant to DocuSign's defense against willful infringement.  *See,*

*e.g.*, *Presidio Components Inc. v. Am. Tech. Ceramics Corp.,* 723 F. Supp. 2d 1284, 1323 (S.D.

Cal. 2010), *aff'd in part, vacated on other grounds*, 702 F.3d 1351 (Fed. Cir. 2012) (granting

JMOL of non-willfulness because defendant "presented uncontested testimony from" defendant's

Vice President] that "concluded there was 'nothing new' in the '356 patent").  Mr. Gonser's

testimony will show that ██████████████████████████████████████████████████████████

███████████████████████████████████ Mr. Gonser's state of mind is evidenced by

████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████

Mr. Alhadeff's expert testimony should not be excluded.  It is undisputed that in 2013,

DocuSign identified Mr. Alhadeff, a DocuSign VP, as an expert under Fed. R. Civ. P. 26(a)(2)(C).

Mr. Alhadeff served a Rule 26(a)(2)(C) expert disclosure and RPost deposed him for a day about

his disclosure.  RPost complains that Mr. Alhadeff did not prepare a new disclosure after the stay

was lifted, but there was no requirement to do so because his original disclosure remains operative.

**MIL No. 5.  The** ████████████

DocuSign's defense to willful infringement requires the ██████████ (*see* Opp. to RPost

MIL 4), which shows ███████████████████████████████████████████████████████████

████████████.  RPost's four arguments for exclusion of the ██████████ are unsound.  First,

Fed. R. Evid. 701 does not apply because the ██████ is not expert analysis.  *See* Opp. to RPost MIL

4.  Second, Fed. R. Civ. P. 37 does not apply because the ██████ *was produced in discovery*.  Ex.

16, at 209:17-210:8.  In fact, the ██████ was produced in time for RPost to depose Mr. Gonser and

DocuSign's corporate representative, Ryan Cox, about the ████. Ex. 17, at 116:14-118:9.  Nor

has RPost has filed any of the motions contemplated by Fed. R. Civ. P. 37(a)(3).  RPost's mention

of a "deadline to disclose opinions of counsel" (Dkt. 886 at 7) is irrelevant because the ████ is

not an opinion of counsel.  Mr. Gonser is not a lawyer and ██████████████████████████

██████████████ Ex. 16, at 210:2-211:19; 218:19-219:5.  DocuSign does not alleged

otherwise or that the ████ was "blessed" by counsel, as RPost incorrectly alleges.  Ex. 18, at 7,

14.

     Third, Fed. R. Evid. 801 and 802 do not apply.  The ██████ is not hearsay because

it is not being introduced to prove the truth of the matter asserted (*i.e.*, that DocuSign does not

infringe the asserted patents) but instead to show the subjective state of mind of DocuSign

regarding the strength of RPost's infringement case.  Fed. R. Evid. 801(c)(2).  After Mr. Gonser

testifies at trial, the ████ will also be admissible as a prior consistent statement.  Fed. R. Evid.

801(d)(1)(B).  Further, the ████ is both a present sense impression as well as a statement of then-

existing mental condition, and thus not excludable hearsay.  Fed. R. Evid. 803(1), (3).

     Fourth, Fed. R. Evid. 403 does not apply.  To the contrary, it would be unduly prejudicial

***to DocuSign*** to exclude direct evidence that DocuSign did not willfully infringe the asserted

patents.  RPost gives several reasons why it thinks the ████ underlying analysis is wrong, but

those should be addressed through cross-examination.  Contrary to RPost's argument that the

████ does not demonstrate an objectively reasonable non-infringement defense, the ████ is

probative of DocuSign's subjective state of mind.  "[U]nder *Halo*, the district court no longer

determines as a threshold matter whether the accused infringer's defenses are objectively

reasonable.  Rather, the entire willfulness determination is to be decided by the jury." *Exmark*

*Mfg. Co.*, 879 F.3d at 1353.

**MIL No. 6. Invalidity or Non-Infringement of the '219 Patent from the Propat Case**

While the Court has found the '219 patent invalid (Dkt. 912), the '219 still remains at issue because RPost relies on a ███████████████████████████████████████████ (*Propat Int'l Corp. v. RPost, Inc.,* Case No. SACV 03-1011-JVS (C.D. Cal.) ███████████ ███████████████████████████████████████  The Court should admit RPost's admissions regarding the invalidity and non-infringement of the '219 patent.[4]  Where a party has made a relevant admission in a prior case, the Fifth Circuit recognizes "as a general rule," that pleadings in another action are "admissions of the pleading party to the facts alleged therein."  *See Google Inc. v. Beneficial Innovations, Inc.*, No. 11-cv-00229-JRG-RSP, 2014 WL 4215402, at *4 (E.D. Tex. Aug. 22, 2014) (quoting *Continental Insurance Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir.1971)).  RPost's admissions regarding noninfringement and invalidity from the Propat suit are probative with respect damages.[5]

RPost's damages expert, Dr. Ugone, relies on ████████████████████████████████ ███████████████████████████████████  Ex. 21, at 9:14-10:3; Ex. 22, at 181:11-182:17.  Dr. Ugone acknowledges that at the time of ████████████████████  RPost

---

[4]  In the Propat suit, RPost repeatedly claimed that the '219 patent it now asserts in this case was invalid and not infringed.  *See, e.g.*, Ex. 19, at 9 (RPost argues the '219 Patent is invalid); Ex. 32, at 4, ("RPost strongly believes its system does not literally infringe the '219 Patent."); Ex. 20, at 4 ("The accused RPost System does not infringe any valid claim of U.S. Patent No. 6,182,219").  Those arguments are inconsistent with RPost's allegations in this case and the jury should hear RPost's prior sworn admissions when the shoe was on the other foot.

[5]  RPost argues that courts have "routinely upheld the exclusion of evidence regarding prior or pending lawsuits," cites a single products liability case.  RPost MIL at 10 (citing *Johnson v. Ford Motor Co.,* 988 F.2d 573 (5th Cir. 1993)).  In *Johnson*, however, the plaintiff attempted to introduce evidence of claims, lawsuits, and complaints previously **brought by unrelated customers** against Ford Motor Company, which were not probative because they did not involve "the precise mechanical defect alleged by plaintiff."  *Johnson* at 988 F.2d at 579.  Furthermore, the evidence constituted inadmissible hearsay because it was "nothing more than a summary of allegations by others."  *Id.*

maintained that the '219 patent was invalid and not infringed, where the litigation had been pending for several years.  Ex. 5, Ugone Rep. (Adobe) at 22, 88-89.  However, Dr. Ugone then goes on to



*Id*. at 102.  This is inconsistent with the court in the Propat suit found that RPost infringed the '219 patent, which was not invalid.  *Id*. at 88-89.  Thus, Defendants should be allowed to show that—under Dr. Ugone's own reasoning—

RPost offers three differences between the present suit and the Propat suit that supposedly warrant exclusion under Rule 403:  (1) "RPost was the defendant in the Propat suit and is now the plaintiff;" (2) there was a different claim construction in the Propat suit; and (3) the '219 claims were amended through reexamination.  RPost MIL at 9-10.  None of these reasons is availing to RPost.  The first warrants admission, not exclusion.  The other two are smokescreens because RPost does not point to actual differences resulting from claim construction or reexamination.  Indeed, this Court has determined that "the claims that survived [reexamination] are essentially and substantially the same claims that existed before."  Ex. 23, at 83-85.

**MIL No. 7. Denigrating RPost's Efforts to Enforce Its Patent Rights**

As an initial matter, Defendants agree not to use the terms "patent troll," "pirates," "shell corporation," "shell game," "paper patent," or "lawsuit lottery" in reference to Plaintiffs.  Further,

Defendants agree not to make "derogatory" references to Plaintiffs' ████████████ ████████████████████████████████████████ .

However, terms including "non-practicing entity," as well as references to the fact that an entity does not practice the asserted patents (or sell products at all), are not derogatory and courts in this District routinely allow use of such terms before the jury. *Mobile Telecomms. Techs., LLC v. LG Elecs.*, No. 2:13-cv-947-JRG-RSP, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015).   In fact, it is Plaintiffs who should be precluded from asserting that they sell products that practice the asserted patents, for which Defendants have moved *in limine  See, e.g.*, Dkt. 884, MIL 5.   Plaintiffs made no expert disclosure, and provided no other evidence, for such an assertion.  *Id*.  RPost's failure to practice its patents informs the *Georgia-Pacific* damages analysis, including at least the value of the technology in the marketplace, apportionment, and the commercial relationship of the parties.

Further, it is undisputed that ██████████████████████████████████ ██████████████████████[6]  RPost should not be allowed to paint the picture that all the Plaintiffs are equally harmed by Defendants' alleged infringement.  And to the extent that Plaintiffs are permitted to rely on lost sales, Defendants are entitled to provide the jury with a complete picture of ████████████████████████████ .

---

[6] Ex. 4, at 78:20-22 (Q: ████████████████████████████████████ ? A: ███"); 150:13-15 ("Q: ████████████████████████████████████████ ? A: ██ ").

**MIL No. 8. Assertion That RPost Patents are "Limited to or Only Relate to Email."**

Defendants do not intend to nor have they violated the Court's claim construction order. RPost's MIL is an extension of its motions to strike the opinions of the Defendants' respective technical experts on this issue.  *See* Dkt. 713 at 6 (DS), Dkt. 714 at 4 (RS), and Dkt. 715 at 2 (Adobe), etc. (Defendants incorporate by reference all briefing for these motions).

**MIL No. 9. Prior RPost Patent Litigation Involving Feldbau or Tomkow Patents**

The prior *GoDaddy* district court and Federal Circuit decisions are directly relevant under *Halo*[7] and should not be withheld from the jury because "under *Halo*, the district court no longer determines *as a threshold matter* whether the accused infringer's defenses are objectively reasonable.  Rather, *the entire willfulness determination is to be decided by the jury*."  *Exmark*, 879 F.3d at 1353 (holding that "evidence relevant to Briggs' state of mind" should not be excluded and *Halo* "mandates that willfulness is an issue for the jury") (emphasis added).  RPost asserts post-filing willful infringement and the *GoDaddy* decisions show that Defendants had a good-faith belief, both subjectively and objectively, that RPost's asserted patents are invalid.

The *GoDaddy* decisions invalidated claims that are identical or nearly identical to the claims here.  *See* Dkts. 652, 717.  Those decisions substantiated Defendants' belief that the patents are not valid.  Courts routinely permit defendants to present evidence from other proceedings to defend against willfulness.[8]

---

[7]   RPost has not established that the revised willfulness standard in *Halo* should be applied to Defendants' alleged willfulness given that the present cases were filed before *Halo* was decided. Regardless, the *GoDaddy* decisions are relevant under either the pre- or post-*Halo* standard.

[8]   *See, e.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. C 09-5235 MMC, 2014 WL 4437631, at *4-5 (N.D. Cal. Sept. 9, 2014) (granting accused infringer JMOL of no willful infringement and relying on evidence of claim construction adopted by another judge, as well as proceedings in the ITC and PTO); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 504 (M.D. Penn. 2010) (relying on the claim construction order from another

RPost incorrectly argues that the *GoDaddy* decisions cannot be relevant because they issued after the Complaints were filed.  Dkt. 886 at 12.  Willfulness may be assessed over different time periods.  *E.g.*, *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-458, 2008 WL 718476, at *2-3 (E.D. Tex. Apr. 25, 2008) (separately analyzing merits of a pre- and post-suit willfulness). Because RPost asserts post-filing willfulness, the *GoDaddy* decisions are highly probative.  First, those decisions show that Defendants' Section 101 defense—which Defendants first asserted in their Answers (*see* Ex. 24, at 5 (DS); Ex. 25, at 5 (RS), Ex. 26, at 6 (Adobe))—is objectively reasonable and that the patents were invalid when issued.  *See Erfindergemeinschaft UroPep GbR v. Eli Lilly and Company*, 240 F. Supp. 3d 605, 618 (E.D. Tex. 2017) ("A jury might well conclude from the objective evidence regarding the disputed . . . invalidity issues that [defendant] did not subjectively believe it was infringing a valid patent.").  RPost argues that objective evidence is no longer relevant under *Halo* (*see* Dkt. 886 at 12), but "[a]fter *Halo*, the objective reasonableness of the accused infringer's positions can still be relevant for the district court to consider when exercising its discretion."  *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016), *reinstated in relevant part*, 913 F.3d 1069, 1075 (Fed. Cir. 2019).

Second, the *GoDaddy* decisions provide an additional, independent basis for Defendants' subjective belief that the asserted claims are invalid for at least the time after each holding was

---

case in finding that defendant "maintained a reasonable non-infringement defense, one that entitles it to a finding of non-willfulness"); *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 489-90 (D. Del. 2010) (denying in part patentee's motion *in limine* seeking to preclude the accused infringer from introducing evidence from another case because it was "pertinent to [defendant's] defense to willful infringement"); *Pandora Jewelry, LLC v. Cappola Capital Corp.*, No. 8:06-cv-845-T-24 MSS, 2009 WL 2176068, at *3 (M.D. Fla. July 13, 2009) (finding evidence of party's reliance on prior claim construction rulings in different court was relevant to willfulness); *Pivonka v. Central Garden & Pet Co.*, No. 02-cv-02394-RPM, 2008 WL 486049, at *2 (D. Colo. Feb. 19, 2008) (holding that "[t]he PTO's preliminary order determining that the claims of the plaintiffs' [patent] are unpatentable as obvious shows that the defendants have advanced a colorable challenge to the validity of the plaintiffs' patents" for purposes of rebutting willful infringement).

issued.  *See, e.g.*, *Halo Elecs.*, 136 S. Ct. at 1933 (holding that "[t]he subjective willfulness of a

patent infringer" is relevant); *Exergen Corp. v. KAZ USA, Inc.*, 725 F. App'x 959, 971 (Fed. Cir.

2018) (holding that the *Read* factors, which include good-faith subjective belief, may still be

considered to determine willfulness after *Halo*).   RPost cites to *Smartflash*, but that case is

inapplicable here because only **pre-filing** willfulness was at issue.  *Smartflash LLC v. Apple, Inc.*,

No. 6:13-CV-447, Dkt. 389 at 7 (E.D. Tex. Jan. 5, 2015).

**MIL No. 10. Referring to ▮▮▮▮▮▮ Agreement as an "Executed" Agreement or License**



As an initial matter, RPost's MIL does not seek to exclude any agreements related to ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.   Instead, RPost seeks to

exclude reference to the "▮▮▮▮▮▮▮▮▮▮" (singular) as being "executed."  But, there were

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

RPost attempts to create confusion by referring to ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮  Defendants accurately described this course of events.  *See, e.g.*, Dkt. 750-1 at 5-6; Dkt.

771-2 at ¶¶ 99-112.  RPost is incorrect that calling ▮▮▮▮▮▮▮▮ would be "highly

confusing for the jury."  The ▮▮▮▮▮▮ speak for themselves.

RPost argues that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Dkt. 886 at 13.  But, there

is a live dispute on both points and Defendants intend to present evidence that shows RPost is

incorrect.  For example, there is no dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████.  *E.g.*, Dkt. 862-1 at 110-111; Dkt. 350; Dkt. 351; Dkt. 750-8 at 3.  In

fact, when RPost moved the Court to dismiss its claims against ███, RPost requested that dismissal

be "with prejudice, subject to the terms of *that certain agreement between Plaintiffs and the*

*Defendant* ███ *entitled 'CONFIDENTIAL SETTLEMENT AGREEMENT.*'"   Dkt. 350

(emphasis added).  Further, there is also no dispute that ███ represented, under oath, to the S.E.C.

in 2013 that it ███████████████████████████ Dkt 750-8 at 3.

### MIL No. 11. Collateral Attack on Court's Claim Construction

Defendants do not intend to nor have they violated the Court's claim construction order.

RPost's MIL No. 11 is yet another rehash of its motions to strike Defendants' technical experts on

similar issues.  Defendants refer to and incorporate by reference the briefing relating to those

motions to strike.  *See* Dkt. Nos. 713, 714, 715, 759, 765, 767, 801, 815, 816, 842, 856, 859, etc.

### MIL No. 12. Improper Comparisons or Distinctions Involving Prior Art

Defendants do not intend to use improper comparison or distinctions involving the prior

art.  But, RPost's allegation that "[t]he only relevant and proper use of prior art is as evidence

supporting a validity challenge through comparison to the asserted claims" is unduly restrictive.

Dkt. 886 at 15.  RPost itself ████████████████████████████████

██████████████████████████████████████████ Ex.

27, at ¶¶427-432.  Defendants should be permitted to rebut these opinions.  Additionally, the Court

has ordered that the parties present "material facts regarding whether the Remaining Claims meet

Alice step two."  Dkt. 912 at 2.  This includes evidence regarding whether technology was well-

understood, routine, and conventional activities previously known to the industry, and RPost's

MIL is arbitrarily limiting.  Indeed, Defendants should be permitted to discuss the state of the part

using the prior art.  *See, e.g.*, Ex. 28, *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-

CV-0911-JRG-RSP, Dkt. 383, Order on MIL at 3 (E.D. Tex. Feb. 12, 2016) (permitting discussion of prior art "when explaining the state of the art").  Defendants should further be allowed to discuss prior art disclosed in the patent specification for example to describe the state of the art and any alleged improvements offered by the alleged invention.  Relatedly, reference to prior art, including the incremental benefit of the alleged invention relative to the prior art, is relevant to the calculation of a reasonably royalty.  *See Georgia-Pacific* Factor #9 "the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results."

**MIL No. 13. Effect of Verdict or Damages Award**

Defendants generally do not dispute this MIL, however a dispute does exist to the extent it precludes any defendant's expert from introducing any evidence or arguments related to the hypothetical negotiation—for example that a defendant would not have entered into a running royalty at the time of the hypothetical negotiation because it would have been financially unviable.

**MIL No. 14. Comparing Accused Products to Embodiments or RPost's Products**

Defendants are readily aware that a patent's claims should be compared to the accused product to argue infringement.   However, this tenet does not render a patent's disclosed specification disclosures and embodiments useless and subject to automatic exclusion.   For example, this Court has permitted use of preferred embodiments at trial to explain the alleged inventions to the jury.  *See Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) ("No party may argue that the claims are limited to a specific embodiment or compare an accused product to a specific embodiment to argue infringement or non-infringement, ***but parties may refer to an embodiment in the context of explaining the patent***." (emphasis added)).  As another example, Defendants should be allowed to reference the specification to inform the expert's understanding of unconstrued claim terms that

are afforded their plain and ordinary meaning. *See Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG 2017 WL 3704760, *4 (E.D. Tex. 2017) (Gilstrap, J.) ("Genband provided substantial evidence in the form of expert testimony that in the context of the patent the plain and ordinary meaning of 'digital transmission facility' is limited to facilities transmitting voice.  The jury was entitled to weigh and consider the substantial evidence discussed above in favor of Genband."); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL 660857, at *3-5 (N.D. Cal. Feb. 20, 2014) ("Dr. Storer's understanding of the plain and ordinary meaning of the term at issue is supported by the specification such that a jury could (but would not have to) agree with Apple's noninfringement position.").  And to the extent that RPost is permitted to argue that it practices its patents and that it has lost sales or is a direct competitor to Defendants, Defendants should be permitted to distinguish the accused and RPost products in defense.

### MIL No. 15. Introduction of Any Defendant Patents

Defendants agree not to reference or use their own patents as a defense to infringement or for showing invalidity.   But, Defendants' own patents are probative to rebutting RPost's allegations of willful infringement and for apportionment of damages.   First, under *Halo*, a defendant's subjective knowledge is relevant to the willfulness inquiry and the Federal Circuit has confirmed that evidence relating to a defendant's intent is admissible.[9] *Exmark.,* 879 F.3d at 1353. The fact that Defendants had their own patents in the same technological space informed their subjective belief that they did not infringe, and directly rebuts RPost's claims of intent for purposes of showing willful infringement, which is an issue for the jury.  *Id.*  To that end, courts have ruled that evidence of a defendant's own patents is "most likely relevant to the issue of intent" and is

---

[9] RPost cites outdated case law regarding willful infringement (the *Carnegie Mellon* opinion issued in 2015), and cites no current authority supporting its argument that Defendants' patents are not relevant to willfulness.  RPost MIL 15, at 16.

admissible for rebutting allegations of willful infringement.  *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1:15-cv-1031, 2018 WL 3348998, at *5 (D. Del. July 9, 2018); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) ("Defendants can use their own patents or third party patents to argue invalidity and lack of willfulness");[10] *Rembrandt Wireless*, 2015 WL 627430, at *2 (court "does ***not*** foreclose testimony regarding general information that [a defendant] has its own patents.") (emphasis in original).

Defendants' patents are also relevant to the apportionment.  RPost is required to provide evidence that "apportion[s] … between the patented features and the unpatented features" of the accused products (*Power Integrations, Inc. v. Fairchild Semiconductor Intl., Inc.,* 904 F.3d 965, 977 (Fed. Cir. 2018)), and Factor 13 of the *Georgia-Pacific* framework includes an analysis of that apportionment.  Here, Defendants' expert witnesses have provided specific opinions in their reports that explain how Defendants' own patents contribute to important product features other than those accused by RPost, both for a technical apportionment (*see, e.g.*, Ex. 29, at ¶367), and for the apportionment aspects of the reasonable royalty analysis.  Ex. 30, at ¶453.  Defendants should be allowed to use such evidence of their own patents for their damages cases. Ex. 31, *Saint Lawrence Comms., LLC v. ZTE Corp.*, No. 2:15-cv-349, Order on MIL, Dkt. 458, at 6 (E.D. Tex. Mar. 2, 2017) (allowing defendant to reference its own patents with respect to its damages case).

### MIL No. 16. Practicing Prior Art

Defendants readily understand that the asserted claims should be compared to the accused product, not the prior art, to argue infringement.  RPost's motion is phrased vaguely and

---

[10] The Eastern District of Texas cases cited by RPost did not preclude evidence of the defendant's patents for the issue of willfulness (or damages).  RPost MIL 15, at 17.  *KAIST IP* precluded such evidence only as a defense to infringement, and in *Genband* the Court ruled that evidence of the defendant's patents ***would be admissible*** if the plaintiff argued copying.

overbroadly to encompass "any" reference or testimony that discusses the accused products in the context of the prior art, which is improper.  For example, RPost's motion should be denied to the extent that it seeks to preclude Defendants from referencing the prior art (and the state of the art), in the context of the Asserted Patents' specifications to inform the plain and ordinary meaning of unconstrued claim elements.  As another example, RPost's motion should be denied to the extent that it seeks to preclude Defendants from referencing the prior art in the context of the accused products for damages.  The prior art is directly relevant to *Georgia-Pacific* Factor 9, which calls for an analysis of the advantages of the asserted patent "over the old modes or devices." *Georgia-Pacific Corp.*, 318 F. Supp. At 1120.

### MIL No. 17. Noninfringing Alternatives

RPost's MIL 17, specific to RightSignature, is a complete re-hash of an issue already briefed in RPost's motions to strike and pending at Dkt. Nos. 726 (Mody report), 714 (Tittel report).  RightSignature therefore refers to and incorporates by reference said briefing in its entirety.  In short, RightSignature's experts should be allowed to discuss—consistent with what was disclosed in their respective reports— ███████████████████████████████████ ███████████████████████████████████████.  As explained in the briefing, RPost has failed to identify any prejudice where RPost has known about the non-infringing alternatives for years and ███████████████████████████████████.

### MIL No. 18. Witnesses Not Disclosed or Produced for Deposition

Defendants do not oppose this MIL, which should also apply to Christopher Britton in the DocuSign trial.  Mr. Britton is a third party.  RPost designated Mr. Britton's deposition testimony for the DocuSign trial.  Ex. 34.  But, RPost never notified DocuSign that Mr. Britton was to be

deposed and never produced the Britton transcript.  RPost also failed to identify Mr. Britton in its

Initial Disclosures or Witness List served on DocuSign.  Ex. 35;  Ex. 33, at 12-15.

### MIL No. 19. Referring to Incorporation in Bermuda in Derogatory or Negative Terms

Defendants believe that this motion is moot in light of the parties' agreed joint motion *in limine* No. 4, which is titled "Slurs, Irrelevant Labels, and Ethnic Stereotypes."  Dkt 885, at 2.

### MIL No. 20. Prior Court Orders and Decided Motions

This MIL should be denied for the reasons detailed above for RPost's MIL Nos. 1, 2, 3, 7, and 9.  RPost has not provided analysis for excluding any orders besides the ones in those MILs.

### MIL No. 21. Witness's Individual or Personal Website or Blog

RPost fails to identify any information within any websites or blogs, and therefore a blanket order precluding any use of information from these sources is premature, unnecessary, and improperly limiting.  It is possible that RPost witnesses have made website or blog statements or admissions that are highly relevant to this case or may be used for impeachment purposes.

### MIL No. 22. Post-Filing Offers of Compromise, Settlement Negotiations, and Mediation

RPost wants to hide from the jury that RPost and RightSignature "successfully" mediated the case in 2013, a fact reported in public pleadings on the PACER docket.  Dkt. 327.  Such information is fair game for the jury to hear and does not disclose information protected by F.R.E. 408.  Moreover, to the extent that RPost pursues a claim for willful infringement based upon RightSignature's continued sales of accused products during the litigation, then the fact that a successful mediation occurred in 2013 is directly relevant to understanding the state of mind of the RightSignature management in continuing sales after the mediation.  Intent and state of mind is exactly the kind of "another purpose" which Rule 408 permits.  *See* Fed. R. Evid. 408(b); *Seeligson v. Devon Energy Prod. Co., L.P.*, No. 2:14-CV-996-JRG-RSP, 2015 WL 4944481, at *3

(E.D. Tex. Aug. 19, 2015) (F.R.E. 408 "does not prohibit the many other uses of a settlement agreement" but rather renders such an agreement inadmissible when offered "to prove or disprove the validity or amount of a disputed claim.").

RightSignature does not intend to disclose the specific terms discussed at the mediation; but it is entitled to submit the fact that the parties left the 2013 mediation believing a resolution was sufficiently close to justify staying the litigation as relevant to its state of mind with respect to RPost's willful infringement allegations.  Further, to the extent RPost opens the door by arguing or eliciting testimony relating to the multi-year stay or discovery issues arising from the stay, RightSignature should be allowed to argue or elicit testimony relating to RightSignature's state of mind during said stay in view of the 2013 mediation.

### MIL No. 23. Dismissed, Abandoned, and Dropped Clams and Products

In light of the Court's MSJ Order (Dkt. 912), claims 9 and 15 of the '372 patent remain in the case but claim 1, from which they depend, has been invalidated under Section 101.  Defendants should be permitted to reference the bases for the invalidity of claim 1 when discussing the invalidity of claims 9 and 15.  Similarly, many of the other claims found invalid have overlapping technology with the remaining claims and are also relevant to the factual determinations for invalidity at trial.  Indeed, Defendants have charted the '219 patent as prior art to the '372 patent and should be permitted to rely on the '219 patent to invalidate the '372 patent.  Further, Defendants should be allowed to discuss claims that were dropped to rebut RPost's willfulness allegations.  *See* Opp. to RPost MIL 9.  And Defendants should also be allowed to discuss dropped products if they are relevant to damages, *e.g.*, DocuSign's embedded signing.

19

Dated:  June 10, 2019

Respectfully submitted,

By:

*/s/ David Barkan, with permission by*
*Michael E. Jones*

**Indranil Mukerji**
MA Bar 644059
mukerji@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

**Jackob Ben-Ezra**
TX Bar 24073907
ben-ezra@fr.com
**Caitlin M. Dean**
Texas Bar 24109797
cdean@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street
Suite 2800
Houston, Texas 77010
Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

**Lawrence Jarvis**
Georgia Bar No. 102116
jarvis@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree Street NE
Suite 2100
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Elizabeth L. DeRieux
ederieux@capshawlaw.com
Sidney C. Capshaw, III
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Avenue
Gladewater, Texas 75647

Telephone: (903) 845-5770

*Counsel for Defendant*
*ShareFile LLC f/k/a RightSignature*

By: */s/ Ryan J. Casamiquela, with permission*
*by Michael E. Jones*
Michael A. Berta
michael.berta@arnoldporter.com
Ryan J. Casamiquela
ryan.casamiquela@arnoldporter.com
Jonathan M. Swisher
jonathan.swisher@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER
LLP**
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

Thomas T. Carmack
tom.carmack@arnoldporter.com
Carson Dean Anderson
carson.anderson@arnoldporter.com
Edmond K. Ahadome
edmond.ahadome@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER
LLP**
3000 El Camino Real
Bldg 5, Suite 500
Palo Alto, CA 94306
Telephone: (650)-319-4500
Facsimile: 650-319-4700

Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
110 North College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Counsel for Defendants*
*Adobe Systems Incorporated,*
*EchoSign, Inc.*

By: /s/ *Claude M. Stern, with permission by*
*Michael E. Jones* _____
Lowe@LoweGrahamJones.com
Lawrence D. Graham
Graham@lowegrahamjones.com
**LOWE GRAHAM JONES PLLC**
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Telephone: (206) 381-3300
Facsimile: (206) 381-3301

Claude M. Stern
claudestern@quinnemanuel.com
David Eiseman
davideiseman@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN
LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
T: 415.875.6600

Melissa R. Smith (SBN Bar No. 24001351)
melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
gil@gillamsmithlaw.com
Bobby Lamb
wrlamb@gillamsmith.law.com
**GILLAM & SMITH, LLP**
300 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendant*
*DocuSign, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 10, 2019.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 10, 2019.

*/s/ Michael E. Jones*