# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| RMAIL LIMITED ET AL., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| AMAZON.COM, INC., PAYPAL, INC., SOCIETY FOR WORLDWIDE INTERBANK FINANCIAL TELECOMMUNICATION SCRL (SWIFT), | § § § § § § | **CIVIL ACTION NO. 2:10-CV-00258-JRG** (Lead Case) |
| DOCUSIGN, INC., | § § § | **CIVIL ACTION NO. 2:11-CV-00299-JRG** (Member Case) |
| RIGHT SIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., | § § § § | **CIVIL ACTION NO. 2:11-CV-00300-JRG** (Member Case) |
| ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., | § § § § | **CIVIL ACTION NO. 2:11-CV-00325-JRG** (Member Case) |
| *Defendants*. | § § | |

## **MEMORANDUM OPINION AND ORDER**

The Court will hold a pre-trial hearing for these consolidated cases on June 17, 2019 ("the Hearing"). Presently pending for resolution at that Hearing are seventeen dispositive motions and sixty-two disputed motions *in limine*[1] filed by Plaintiffs RMail Limited, RPost Communications Limited, and RPost Holdings, Inc. (collectively, "RPost") as well as Defendants Adobe Inc. and EchoSign, Inc. (collectively "Adobe"), DocuSign, Inc. ("DocuSign"), and ShareFile, LLC f/k/a RightSignature, LLC ("RightSignature"). In order to streamline the presentation of issues at the

---

[1] In addition to the 11 joint motions *in limine* filed by the Parties (Dkt. No. 885), Plaintiffs filed 23 motions *in limine* (Dkt. No. 886); Defendant Adobe filed 15 motions *in limine* (Dkt. No. 884); Defendant DocuSign filed 12 motions *in limine* (Dkt. No. 887); and Defendant RightSignature filed 12 motions *in limine* (Dkt. No. 888).

Hearing, the Court issues this Order addressing the following seven motions that the Court finds are suitable for disposition on the briefing and without oral argument. Having considered each of the seven motions, and for the reasons set forth herein, the Court **ORDERS** that:

1. Defendants' Opposed Motion to Strike Portions of the Expert Report of Dr. Kevin Almeroth (Dkt. No. 686) is **DENIED.**
2. Farmers Defendants' Motion for Summary Judgment of No Willfulness (Dkt. No. 710) is **DENIED WITHOUT PREJUDICE**.
3. Adobe's Opposed Motion to Strike Undisclosed Infringement Theories from the Expert Report of Dr. Kevin Almeroth (Dkt. No. 712) is **DENIED**.
4. Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Tadayoshi Kohno (Dkt. No. 713) is **GRANTED-IN-PART** and **DENIED-IN-PART**, as set forth herein.
5. Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Paul Clark (Dkt. No. 719) is **DENIED**.
6. DocuSign's Motion to Strike Portions of the Infringement Expert Report of Dr. Kevin C. Almeroth (Dkt. No. 722) is **DENIED AS MOOT**.
7. Plaintiffs' Motion to Strike Portions of the Expert Report of Vincent Thomas (Dkt. No. 723) is **GRANTED-IN-PART** and **DENIED-IN-PART**, as set forth herein.

## I. Defendants' Opposed Motion to Strike Portions of the Expert Report of Dr. Kevin Almeroth (Dkt. No. 686).

This motion seeks to strike reference to nine patent claims contained in the report of Dr. Kevin Almeroth, RPost's infringement expert. The Court has already resolved this dispute in an order granting Plaintiffs' then co-pending Motion for Leave to Assert Additional Patent Claims (Dkt. No. 688). Consistent with the Court's prior order granting leave to assert those nine patent claims (Dkt. No. 755), the Court finds this motion should be and hereby is **DENIED**.

## II. Farmers Defendants' Motion for Summary Judgment of No Willfulness (Dkt. No. 710).

Defendants Farmers Group, Inc. and Farmers Insurance Company Inc. (collectively, "Farmers") filed this motion seeking summary judgment of no willful infringement. While this motion for summary judgment was pending, Farmers and RPost filed a joint motion to sever

Farmers from this case pursuant to the customer suit exception,[2] and to stay the new case against Farmers during the pendency of the instant patent infringement suit. (Dkt. No. 761). The Court granted that joint motion and severed Farmers into Case No. 2:19-cv-166-JRG ("the Farmers Action"), which the Court stayed. (Dkt. No. 793). Since the Farmers Action remains stayed, and since Farmers has been severed from the instant action, the Court finds that the presently pending motion for summary for summary judgment should be **DENIED WITHOUT PREJUDICE**. The Court does not express a view on the merits of Farmers' motion in this Order. Farmers may refile its motion for summary judgment in the Farmers Action after the Court issues an order lifting the stay therein.

    **III.    Adobe's Opposed Motion to Strike Undisclosed Infringement Theories from the Expert Report of Dr. Kevin Almeroth (Dkt. No. 712).**

In this motion, Adobe claims that Dr. Almeroth exceeded the scope of RPost's infringement contentions for asserted U.S. Patent No. 7,966,372 ("the '372 Patent"). Claim 1 of the '372 Patent recites the following limitation: "storing at the server at least *a portion of a mail transport protocol dialog* generated by the server and the recipient during the transmission of the message between the server and the recipient." (emphasis added). RPost's final infringement contentions for this limitation include the following text: "The Adobe EchoSign Service *stores a portion (e.g., the IP address of the recipient) of the HTTPS component* between the server and the recipient when transmitting the message (e.g., the document to be signed)." (emphasis added). RPost's final infringement contentions also include specific screenshots depicting various accused functions of the Adobe product. The screenshots are aligned with each claim limitation, and the screenshot corresponding to this disputed claim limitation depicts storage of a signed document's

---

[2] *See, e.g.*, *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014).

3

creation date, document name, document creator name, sender name, signer name, sender and signer email addresses, and transaction ID.

Adobe alleges that Dr. Almeroth's report goes beyond these disclosures by including the following text: "Adobe ***stores a portion of the HTTPS dialogue (e.g., the IP address of the recipient, <u>recipient and sender email addresses, transaction id,</u>)***, which is data including at least one command and at least one response exchanged between the Adobe servers and the computing devices used by recipient (e.g., get and post commands)." (emphasis added to the disputed portion). Adobe alleges that Dr. Almeroth's report identifies "new" portions of the HTTPS dialogue—specifically, the transaction ID and recipient/sender email addresses—which should be stricken.

The Court is not persuaded by Adobe's argument. At the outset, RPost actually disclosed both the transaction ID and the recipient/sender email addresses in its infringement contentions by including a screenshot specifically depicting them. Adobe argues that the screenshot was ambiguous in its disclosure and insufficiently specific, even if both pertinent pieces of information were literally disclosed. The Court disagrees, and finds that the screenshot provided Adobe with fair notice. The requirement that infringement contentions provide fair notice of a party's infringement theories does not change based on whether the disclosure is made via text or images. In this case, the Court finds that RPost's screenshot was sufficiently specific. Though it was not annotated, as Adobe points out, the screenshot depicts a limited and related number of features in the Adobe product. Several of the features, including the transaction ID, are explicitly labeled. Further, the content disclosed in the screenshot is consistent with the textual disclosures for the disputed limitation. The textual disclosures used exemplary language ("e.g.") when describing the relevant stored portion of the HTTPS component, and the screenshot suggests additional portions of the HTTPS component to be stored. Taking the text and screenshot together, the Court finds

4

that Adobe received fair notice that RPost accused the "recipient and sender email addresses" and the "transaction ID."

Additionally, Adobe's delay independently counsels against striking RPost's expert report. RPost provided the relevant infringement contentions to Adobe in *April 2013*—to the extent Adobe was uncertain about the nature of the disclosure contained in the screenshot, it had ample opportunity to seek clarification. Adobe presents no reason why it waited seven years before raising this issue and the Court is aware of no justification for such.

Accordingly, the Court finds this motion should be and hereby is **DENIED**.

### IV. Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Tadayoshi Kohno (Dkt. No. 713).

RPost moves to strike the following paragraphs from the Rebuttal Expert Report of Dr. Tadayoshi Kohno Concerning Non-Infringement of the Asserted Patents (the "Kohno Report"): ¶¶ 50–52, 113, 117, 136–37, 184, 186, 197–209, 273–95, 371, 420, 427–28, 460, and 464. (Dkt. No. 713). RPost argues that the Court should strike those portions of Dr. Kohno's report because (1) he "does not apply the Court's claim construction for a number of claim limitations, rendering his resulting noninfringement opinion unreliable and irrelevant;" (2) he "opines on prosecution history estoppel, a legal question for the Court, not a factual question for the jury to resolve;" and (3) he "relies on usage data that should be excluded." (*Id.* at 1). Having considered the motion, briefing, and relevant authorities, the Court is of the opinion that the motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

In view of the Court's preliminary order invaliding all asserted claims of the '219 and '334 Patents and Claim 1 of the '372 Patent, the Parties have agreed that Sections III(A)(1), III(A)(2), and III(A)(3) of this motion have been rendered moot. (Dkt. No. 915). Accordingly, the Court **DENIES-AS-MOOT** RPost's motion as to ¶¶ 133, 136–37, 184, 197–209, 273–95 of the Kohno

5

Report. Further, DocuSign has **WITHDRAWN** reliance upon the passages highlighted in green in ¶¶ 133, 136–37, 186, 197, 208, 209, 275, 276, 284, 285, 371, 460, and 464 of the Kohno Report as set forth in Dkt. No. 856–1. (Dkt. No. 765 at 1).

The Court's claim construction order states that "the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court." (Dkt. No. 297 at 109). The following portion of Paragraph 427 of the Kohno Report is hereby **STRICKEN** because it violates the Court's claim construction order:

> 427. . . .
>
> As the Court has found (and as described in the '327 patent), there are several types of mail transport protocols:
>
> As disclosed in the specification, "SMTP" refers to Simple mail Transport Protocol, and "ESMTP" refers to Extended SMTP. ('372 Patent at 4:3–4.) "SMTP is a protocol for sending email messages between servers. Many e-mail systems that send e-mail over the Internet use SMTP to send messages from one server to another; the messages can then be retrieved with an e-mail client using either POP [(Post Office Protocol)] or IMAP [(Internet Message Access Protocol)]. In addition, SMTP is generally used to send messages from a mail client to a mail server." (*Id.* at 27:14–10; *see id.* at 26:52–54 & 27:8–14.)

The Court **DENIES** the motion as to all other portions of the Kohno Report not specifically addressed above. The Court concludes that the remaining objected-to paragraphs in Dr. Kohno's Report (1) constitute "[e]xpert testimony regarding whether an accused device falls within the scope of a court's claim construction [which] is appropriate and raises a factual issue for a jury to resolve," *Network-Techs. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492, 2017 WL 4020591, at *3 (E.D. Tex. Sept. 13, 2017); and (2) provide factual details, and not legal opinions, about the

prosecution history of the patents in suit. In addition, the Court denies the motion as to ¶ 117 for the same reasons set forth in the Court's order below concerning Dkt. No. 723.

### V. Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Paul Clark (Dkt. No. 719).

RPost moves to exclude certain opinions of Dr. Paul Clark, the invalidity expert for Adobe, DocuSign, and RightSignature. (Dkt. No. 719).[3] RPost argues that Dr. Clark's invalidity opinions should be stricken because he "does not specify the obviousness combinations with enough specificity to put RPost on notice of his opinions." (*Id.* at 1).[4] According to RPost, Dr. Clark "fails to call out a single, specific multi-reference combination" and "[i]nstead, [] relies on boilerplate language in an attempt to disclose *all* possible obviousness combinations." (*Id.* at 3 (emphasis in original)). In response, Defendants argue that "the claim charts attached to Dr. Clark's report *expressly identify* his obviousness combinations, including detailed citations to the obviousness references for claim limitations where they are combined with a base reference." (Dkt. No. 849 at 1 (emphasis in original)).

Having considered the motion, briefing, and relevant authorities, the Court is of the opinion that the motion should be and hereby is **DENIED**. Local Patent Rule 3–3(b) provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." This rule calls for "disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible

---

[3] "Dr. Clark submitted two invalidity reports: one for the Adobe and DocuSign defendants, and one for the RightSignature defendants. Because the reports are largely congruent and only differ in a few additional defenses that are included in the RightSignature report, RPost [] cite[s] to the RightSignature report for purposes of this motion." (Dkt. No. 719 at 1 n.1).

[4] RPost also argued the Dr. Clark's opinions should be stricken because his opinions exceeded the scope of Defendants' invalidity contentions. (Dkt. No. 719 at 1). RPost withdrew that argument in its Reply brief in support of its motion. (Dkt. No. 818 at 5).

combination of references disclosed." *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-cv-448, 2011 U.S. Dist. LEXIS 128724, at *4 (E.D. Tex. Aug. 11, 2011). The Court has reviewed Dr. Clark's reports for Adobe, DocuSign, and RightSignature and finds that he has sufficiently identified the obviousness combinations that underly his invalidity opinions. *See, e.g.*, Dr. Clark Report (RightSignature), ¶¶ 211–23; Exhibits 624A–D. Dr. Clark incorporates by reference claim charts that identify each specific obviousness combination on a claim-by-claim, element-by-element basis. The Court finds that such disclosures satisfy this District's local rules and provide RPost with sufficient notice of his opinions.

In addition, Defendants confirm that Dr. Clark will not provide obviousness opinions as to three references: Schneier (1994), Schneier (1996), and Tygar. (Dkt. No. 769 at 4–5). These references are not charted in Dr. Clark's reports. However, Defendants argue that Dr. Clark may use those references to explain the state of the art; the level of ordinary skill in the art; and as background to explain the technology of the Patents-in-Suit. (*Id.*) "Plaintiffs agree that Dr. Clark can discuss those references (e.g., as background material), provided he discusses those references within the bounds of his report." (Dkt. No. 818 at 3 n.1).[5]

### VI.   DocuSign's Motion to Strike Portions of the Infringement Expert Report of Dr. Kevin C. Almeroth (Dkt. No. 722).

This motion was filed by DocuSign on April 29, 2019, without the "certificate of conference" required by this Court's local rules. Apparently realizing the absence of such, DocuSign filed a corrected version of the motion that included the required "certificate of conference" on the same day. (Dkt. No. 729). Other than the added certificate of conference, the

---

[5] RPost alleges that "Dr. Clark does not otherwise discuss Tygar in his report. Thus, he should not be allowed to testify at all regarding Tygar." (Dkt. No. 818 at 1 n1). The Court has reviewed Dr. Clark's reports for DocuSign, Adobe, and RightSignature, and Dr. Clark does mention Tygar. *See, e.g.*, Dr. Clark Report (DocuSign), ¶ 188c.

corrected version of this motion is identical in all respects to the original version. Since the merits of this motion are appropriately presented in the corrected version, the Court finds that this motion should be and hereby is **DENIED AS MOOT**. This Order does not express a view on the merits of the corrected motion, which remains live before the Court.

### VII. Plaintiffs' Motion to Strike Portions of the Expert Report of Vincent Thomas (Dkt. No. 723).

In this motion, RPost seeks to strike various portions of the expert report of Mr. Vincent Thomas, DocuSign's damages expert. RPost alleges three areas of analysis should be excluded as unreliable.

First, RPost seeks to strike a portion of Mr. Thomas's analysis of *Georgia-Pacific* factor 11. Factor 11 concerns "the extent to which the infringer has made use of the invention," and Mr. Thomas relies on an apparently undated dataset created by DocuSign. RPost explains that the absence of date information means that DocuSign could have cherry-picked or otherwise distorted usage information to lowball its self-usage estimates for factor 11. RPost notes that it asked for timeframe information from both Mr. Thomas and DocuSign's 30(b)(6) witness, but neither could inform RPost of the appropriate date range.[6] DocuSign responds that RPost's objections are appropriate subjects for cross-examination rather than exclusion.

The Court agrees that exclusion is not appropriate because RPost's objections go to weight, rather than admissibility. RPost is free to vigorously cross-examine Mr. Thomas on these matters and to argue before the jury that it should not credit Mr. Thomas's testimony.

---

[6] RPost also complains that Mr. Thomas applies usage rate percentages (e.g., "20% of users use our product via email") rather than absolute usage numbers (e.g., "500 users use our product via email"), and then multiplies those usage rates by an "incorrect" number to estimate absolute usage. The Court finds that this objection is targeted to the weight of Mr. Thomas's testimony, rather than its admissibility.

Second, RPost seeks to strike a portion of Mr. Thomas's analysis of non-infringing alternatives. RPost points out that Mr. Thomas's testimony is highly conclusory, and does not explain that each specific non-infringing alternative would be commercially viable. DocuSign responds that since Mr. Thomas relied on DocuSign's technical expert to identify comparable products and establish technical comparability, Mr. Thomas's high-level statement that those identified products would be commercially viable is sufficient.

Again, the Court finds that exclusion is not appropriate because RPost's objections go to weight rather than admissibility. However, the Court instructs the Parties that all expert witnesses—including Mr. Thomas—will be held to the disclosures contained within the four corners of their reports, and will not be permitted to backfill additional detail during trial testimony based on information that was not disclosed in the expert's report.

Finally, RPost seeks to strike Mr. Thomas's analysis of *Georgia-Pacific* factor 2. Factor 2 concerns "the rates paid by the licensee for the use of other patents comparable to the patent in suit." RPost argues that Mr. Thomas analyzes licenses which cover patents that are not comparable to the patents in suit. RPost thus seeks to strike paragraph 205 of Mr. Thomas's report, containing such analysis. In response, DocuSign *agrees that the licenses are non-comparable*, stating:

> Mr. Thomas **expressly acknowledges that the four agreements involve non-comparable patents and does not intend to offer testimony at trial that the agreements should reduce any reasonable royalty award** to RPost if the asserted patents are found valid and infringed. But, Mr. Thomas should be permitted to testify regarding the four agreements because the agreements contain similar lump sum structures and, therefore, are probative of the framework and structure of the license that DocuSign would agree to in the hypothetical negotiation.

(Dkt. No. 771 at 1–2). Based on DocuSign's concession, the Court finds that it should strike paragraph 205. The Court agrees that those four non-comparable license agreements may be appropriately related to other factual questions, such as the structure of the payment that would

10

result from a hypothetical negotiation.[7] However, paragraph 205 deals with a specific disclosure in a specific context—four non-comparable licenses disclosed as support for a factor that expressly requires comparable licenses. Given that mismatch, the Court finds that paragraph 205 offers no reliable support for factor 2 and should be stricken. This Order does not address DocuSign's reliance on those four licenses in any other context in Mr. Thomas's report, and is strictly limited to the factor 2 context presented by the Parties.

Accordingly, the Court finds that this motion should be **DENIED-IN-PART**, with respect to Mr. Thomas's discussion of non-infringing alternatives and *Georgia-Pacific* factor 11, and **GRANTED-IN-PART** with respect to paragraph 205 of Mr. Thomas's report, concerning comparable licenses.

Separately, the Court notes that the number of remaining dispositive motions, motions *in limine*, and disputed exhibits are excessive. The Parties are directed to renew their efforts to narrow and streamline all outstanding pretrial issues in advance of the pretrial hearing set for June 17, 2019. The Parties shall report their progress by joint notice filed by 4:00pm on June 16th.

**So ORDERED and SIGNED this 12th day of June, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[7] In fact, DocuSign's response points out that Mr. Thomas *does* rely "on the four agreements" in order to "support of his opinions on Factor 15 [dealing with the royalty likely to result from a hypothetical negotiation], which RPost has not moved to strike." (*Id.* at 11).