**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RMAIL LIMITED ET AL., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| AMAZON.COM, INC., PAYPAL, INC., SOCIETY FOR WORLDWIDE INTERBANK FINANCIAL TELECOMMUNICATION SCRL (SWIFT), | § § § § § § | **CIVIL ACTION NO. 2:10-CV-00258-JRG** (Lead Case) |
| DOCUSIGN, INC., | § § § | **CIVIL ACTION NO. 2:11-CV-00299-JRG** (Member Case) |
| RIGHT SIGNATURE, LLC, FARMERS GROUP, INC., FARMERS INSURANCE COMPANY, INC., | § § § § | **CIVIL ACTION NO. 2:11-CV-00300-JRG** (Member Case) |
| ADOBE SYSTEMS INCORPORATED, ECHOSIGN, INC., | § § § § | **CIVIL ACTION NO. 2:11-CV-00325-JRG** (Member Case) |
| *Defendants*. | § | |

# ORDER

The Court held a Pretrial Conference in the above-captioned matters on June 17, 2019 ("the Pretrial Conference") to address the pretrial motions and motions *in limine* ("MIL") filed by Plaintiffs RPost Holdings, Inc., RPost Communications Limited, and RMail Limited ("RPost") and Defendants DocuSign, Inc. ("DocuSign"), Adobe, Inc. and EchoSign, Inc. (collectively, "Adobe"), and ShareFile, LLC f/k/a RightSignature, LLC ("RightSignature"). (Dkt. No. 934). This Order memorializes the Court's rulings as announced into the record. This Order summarizes the Court's rulings during the Pretrial Conference, and does not limit or constrain the Court's rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

I. **Pretrial Motions**[1]

Plaintiffs' Motion to Strike Portions of the Expert Report of Dr. Edward Tittel (Dkt. No. 714) was **GRANTED**. (*See* Dkt. No. 934 at 26:21–27:8). The Court **STRUCK** any reference to non-infringing alternatives in Dr. Tittel's report.

DocuSign's Motion to Preclude Plaintiffs from Accusing DocuSign's Embedded Signing Service of Infringement and to Strike Portions of the Infringement Expert Report of Dr. Kevin C. Almeroth (Dkt. No. 718) was **DENIED**.

Defendants' Motion for Summary Judgment of Non-Infringement of All Asserted Claims (Dkt. No. 720) was **DENIED**.

Plaintiffs' Corrected Motion to Strike Portions of the Expert Report of Dr. Markus Jakobsson (Dkt. No. 725) was **DENIED** based on Defendant Adobe's representations at the Pretrial Conference. Adobe agreed that it would not allege a noninfringement defense based on the claim that Adobe's products practice the prior art:

> THE COURT: I understand your argument, counsel. What I'd like to ask you is can you commit to this Court that you're not going to try to argue or present evidence that the jury should consider the prior art on the issue of infringement?
>
> MR. CASAMIQUELA: Certainly, Your Honor. I can commit to that.
>
> THE COURT: That this—this testimony is going to be limited to what from both sides of the case really is the plain and ordinary meaning of these terms?
>
> MR. CASAMIQUELA: Correct.
>
> THE COURT: As understood by a person of ordinary skill in the art?
>
> MR. CASAMIQUELA: Correct.

---

[1] The parties voluntarily withdrew a number of disputes in response to the Court's order partially granting summary judgment to Defendants (Dkt. No. 912) and because of the Court's finding that the "remaining dispositive motions, motions *in limine*, and disputed exhibits are excessive" in number (Dkt. No. 924). (*See also* Dkt. Nos. 915, 923, 931) (identifying narrowed disputes). As the Court explained at the Pretrial Conference, "[a]ny specific portions that might be in the briefing that are not specifically addressed by the Court are denied as moot." (Dkt. No. 934 at 34:3–10).

(Dkt. No. 934 at 33:2–15). The Court expressly relies on these representations as a basis for its decision. *See Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (noting that parties will be judicially estopped from contradicting representations made to—and relied upon by—a court).

Plaintiffs' Motion to Strike Portions of the Expert Report of Nisha M. Mody (Dkt. No. 726) was **GRANTED**. (*See* Dkt. No. 934 at 34:11–35:1). The Court **STRUCK** any reference to non-infringing alternatives in Dr. Mody's report.

DocuSign's *Daubert* Motion to Exclude the Opinions of Dr. Keith Ugone (Dkt. No. 727) was **WITHDRAWN**. (*See* Dkt. No. 931 at 2; *see also* Dkt. No. 934 at 148:22–155:23). The parties agreed to address all objections under *Daubert* to the supplemental damages reports served by Dr. Keith Ugone pursuant to this Court's prior order granting partial summary judgment (Dkt. No. 912). (*See* Dkt. No. 934 at 148:22–155:23).

Defendant Sharefile, LLC's f/k/a RightSignature's Motion to Strike Portions of Dr. Kevin Almeroth's Expert Report on Infringement (Dkt. No. 728) was **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court **GRANTED** the Motion as to the portions of Dr. Almeroth's report which relied on source code that was not disclosed in accordance with Patent Rule 3-1(g). Accordingly, the Court **ORDERS** that Dr. Almeroth may not provide any opinions which are expressly based on undisclosed source code or that necessarily rely on undisclosed source code. However, this Order does not preclude Dr. Almeroth from testifying to an opinion if Dr. Almeroth's report explicitly identifies a basis for such opinion that is independent of source code. RightSignature has not clearly identified the scope of content which it seeks to have stricken, nor is such scope readily discernable from the excerpted reports submitted by the parties.[2]

---

[2] RightSignature's initial motion did not identify *any* portion of Dr. Almeroth's report which relied upon undisclosed source code to prove a disputed claim limitation. (Dkt. No. 728) (identifying only narrative description paragraphs

The Court **ORDERS** the parties to submit a joint report identifying what content in Dr. Almeroth's report should be stricken based on the foregoing instructions in this Order. To the extent the parties do not agree, their competing proposals shall be alternatingly set forth in a highlighted version of Dr. Almeroth's report, wherein the parties' competing proposals for stricken material are reflected by different highlighting colors. The parties may also include a concise[3] statement explaining the basis for each dispute in joint report. The parties are **ORDERED** to submit such proposals no later than three calendar days from the issuance of this Order.

The motion was **DENIED** in all other respects.

DocuSign's Motion to Strike Portions of the Infringement Expert Report of Dr. Kevin C. Almeroth (Dkt. No. 729) was **DENIED**.

Defendant Sharefile, LLC's f/k/a RightSignature's *Daubert* Motion to Exclude Testimony from Keith Ugone's Expert Report Relating to Damages (Dkt. No. 730) was **WITHDRAWN**. (*See* Dkt. No. 931 at 2; *see also* Dkt. No. 934 at 148:22–155:23). The parties agreed to address all objections under *Daubert* to the supplemental damages reports served by Dr. Keith Ugone pursuant to this Court's prior order granting partial summary judgment (Dkt. No. 912). (*See* Dkt. No. 934 at 148:22–155:23).

RPost's Motion for Leave to Serve Third Amended Exhibit List as to Adobe Defendants (Dkt. No. 926) was **CARRIED**. The Court **ORDERED** the parties to meet and confer over a

---

instead of paragraphs addressed to claim limitations). For the first time in reply, RightSignature listed a number of *exemplary* paragraphs which rely *partially* on undisclosed source code and partially on other, properly disclosed material. (Dkt. No. 811 at 4); (*see also* Dkt. No. 811-2 at 117–118 ¶ 328) (highlighting two footnotes, nn.288 and 290, out of six total footnotes as relying on undisclosed source code, and failing to state whether RightSignature requests the preceding sentences to be stricken in addition to the footnotes); (*see also id.* at 112 ¶ 296) (seeking to strike footnote n.268 that cites to "Paragraphs 75-78, 211-219" even though RightSignature only contends that paragraphs 77 and 215–19 impermissibly discuss source code, and where paragraphs 211–13 appear to furnish support for the sentence preceding n.268).

[3] The parties may include no more than three sentences per side per dispute—*i.e.*, each dispute summary should not exceed six sentences.

narrowed list of additional exhibits which RPost may serve upon the Adobe Defendants. (Dkt. No. 934 at 157:19–158:21). RPost and Adobe are **ORDERED** to submit a joint notice indicating the resolution of this dispute within five calendar days of the issuance of this Order.

## II.     Motions *in Limine*

   A.     Joint Motions *in Limine* (Dkt. No. 855)

Joint MIL No. 1: Attorneys' Compensation and Prior Representation, Changes in Counsel, History with the Eastern District of Texas.

The parties will note introduce any reference, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the times and circumstances under which the parties employed their current and prior attorneys; any party's change in litigation counsel in this case or prior cases and the reason for changing law firms; any inference that a party has been improperly influenced into pursuing this case or prior cases by its current or prior counsel; the fee basis of any party's current or prior attorneys' representation; who is paying or has paid expenses in connection with this case or prior litigations; litigation counsel's role in prior litigations involving any of the current parties; and any personal history with the Eastern District (e.g., track record litigating cases in the District or relatives who have held positions in the District).

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 2: Popularity of the Eastern District of Texas as a Venue for Patent Holders.

The Defendants will not introduce any reference, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the Eastern District of Texas or any of its divisions or cities therein as a popular venue for patent holders.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 3: Discovery Disputes.

The Parties may not make any references, evidence, suggestion, testimony, or elicitation of any testimony that the other party failed to produce or retain relevant documents or the timing of such productions, or otherwise discuss discovery disputes or obligations.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 4: Slurs, Irrelevant Labels, and Ethnic Stereotypes.

*a.* No party shall offer any testimony, evidence, argument, insinuation, reference, or assertion denigrating, disparaging, touting, exalting, or commenting unnecessarily on the nationality, ethnicity, national origin, or place of residence of a party or witness, or otherwise differentiating the nationality, ethnicity, national origin, or place of residence of a party or witness from the United States.

*b.* No party shall disparage any witness on the basis of the witness's native language or the witness's choice to testify in the witness's native language.

*c.* RPost shall not denigrate Defendants, such as painting a "David and Goliath" scenario, or analogizing patent infringement to theft, and the like.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 5: Jury Consultants, Shadow Juries, and Focus Groups.

The parties will not introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding jury consultants, trial consultants, shadow or mock juries, or focus groups before or during trial.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 6: The RPost-Zix Memorandum of Understanding.

The Defendants will not introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding the Memorandum of Understanding between RPost Holdings, RPost International, RMail and Zix Corporation, signed February 21, 2013. This MIL applies only to the Memorandum of Understanding and not any other evidence related to Zix.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 7: Experts' Prior Retention by Parties' Counsel.

The parties will not introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding experts previously working for any party's current or prior outside litigation counsel in other cases. This includes any reference to whether a party's expert witness was previously considered for retention by, was retained by, or is currently retained by the opposing party's counsel.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 8: Criticism or Glorification of the USPTO.

The parties are precluded from glorifying or disparaging of the USPTO or the examiners that work at the USPTO. This shall not limit either party from referring to the statements made in the video provided by the Federal Judicial Center entitled, "The Patent Process: An Overview for Jurors."

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 9: Reference to Priority Dates of the Asserted Patents.

*a.* Defendants are prohibited from making any statements that the inventions claimed in the asserted patents were conceived or reduced to practice after the filing date of the patent

applications of the asserted patents. This agreement in no way relieves or otherwise affects the parties' burdens of proof regarding the priority or effective filing date.

*b.* RPost is prohibited from making any statements that the asserted patents were conceived or otherwise entitled to an earlier conception date than the earliest priority date alleged for each patent (i.e., August 28, 1995 for the '219 and '334 patents, July 28, 1999 of the '372 patent, and November 26, 2002 for the '624 patent).

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 10: Non-Accused Parties.

The parties may not introduce any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony suggesting that other parties (including but not limited to defendants in other pending RPost litigations, distributors, customers, and end-users) infringe or do not infringe the asserted patents.

The motion *in limine* was **GRANTED** by agreement of the Parties.

Joint MIL No. 11: Inflammatory Explanations of the Burden of Proof.

The parties are precluded from comparing or referring to the burden of proof regarding invalidity to other areas of law (e.g., adoption law, civil commitment). The Court will instruct the jury on the burdens of proof.

The motion *in limine* was **GRANTED** by agreement of the Parties.

B.     RPost's Motions *in Limine* (Dkt. No. 886)

RPost's MIL No. 1–3:[4] Preclude reference to the following: *1.* Prior Suits Filed in California State Court by Kenneth Barton against RPost; *2.* Bankruptcy Proceedings Involving

---

[4] The parties argued these motions *in limine* together because they embrace overlapping subject matter (i.e., the misconduct of RPost's executives) and rise or fall on overlapping bases (i.e., the credibility of the testimony to be given by RPost's executives). Accordingly, the Court addresses these motions as a single group.

RPost, Mr. Khan, or Dr. Tomkow; *3.* Shareholder Derivative Suit Filed by Thomas Burke and 126736 Canada, Inc.

The motion *in limine* was **GRANTED-IN-PART** and **DENIED-IN-PART.** The Court **GRANTED** the motion with respect to the following:

- **Derivative Suits.** Defendants may not reference the existence or contents of the shareholder derivative suits against any RPost corporate entity or officer, including without limitation: *Burke v. Secure Messaging Systems Bermuda*, No. 2:16-cv-00575-SJO-RAO (C.D. Cal.); *Burke v. Khan*, No. 2:13-ap-1773-WB (Bankr. C.D. Cal.); and *Burke v. Tomkow*, No. 2:13-ap-1774-WB (Bankr. C.D. Cal.). (Dkt. No. 934 at 179:24–25).
- **Settlement Agreements Generally.** Defendants may not reference the existence or contents of the settlement agreements reached between Kenneth Barton and any RPost corporate entity or officer. (Dkt. No. 934 at 179:3–7).
- **Bankruptcy Proceedings Generally.** Except as described below, Defendants may not reference the existence of the bankruptcy proceedings involving any RPost corporate entity or officer. (Dkt. No. 934 at 179:8–12).
- **Prior Court Findings and Proceedings Generally.** Except as described below, Defendants may not reference the existence or contents of California state court litigation against any RPost corporate entity or officer, including without limitation: *Barton v. RPost Int'l Ltd.*, No. YC061581 (Aug. 3, 2012) ("the California Fraud Suit"). (Dkt. No. 934 at 180:14–18).

The Court **DENIED** the motion with respect to the following:

- **RPost Stock Value.** Defendants may inquire into the representations made by RPost corporate entities and officers including RPost CEO Zafar Khan and RPost CTO Terrance Tomkow about the value of RPost stock, including representations that RPost's stock was "worthless" or worth $0 per share. Defendants may, where applicable, discuss the fact that such representations were made under oath or under penalty of perjury. Defendants may not otherwise discuss the underlying litigation contexts in which such representations were made, and may not introduce extrinsic evidence therefrom. (Dkt. No. 934 at 179:13–23).
- **Fraud Liability.** Defendants may discuss the fact that Mr. Khan and Dr. Tomkow were accused of and found civilly liable for fraud in the California Fraud Suit. Defendants may not introduce the court's opinion from the California Fraud Suit or any other extrinsic evidence therefrom. (Dkt. No. 934 at 180:1–9).
- **Fraud Liability Basis.** Defendants may discuss the basis for the California Fraud Suit's finding of fraud only to the following extent: Defendants may discuss the trial court's finding that Mr. Khan and Dr. Tomkow "retroactively created and modified corporate resolutions" that were fraudulent. Defendants may not introduce the court's opinion from the California Fraud Suit or any other extrinsic evidence therefrom. (Dkt. No. 934 at 180:1–9).

The Court further **ORDERED** Defendants to "consult with the Court *in advance* of going into" any of those three areas, and to proffer "specific, targeted questions and areas of inquiry" which the Court will "either approve or disapprove." (Dkt. No. 934 at 181:8–182:3). Such conferences must occur "outside of the presence of the jury" to give the Court an opportunity to address concerns about the examination Defendants intend to offer. *Id.*

<u>RPost's MIL No. 6: Invalidity or Non-Infringement of the '219 Patent from the Propat Case.</u>

This motion *in limine* was **WITHDRAWN**. (*Id.* at 160:22–161:14).

<u>RPost's MIL No. 7: Denigrating RPost's Efforts to Enforce Its Patent Rights or That Refer to RPost or RPost's Business Model in Pejorative or Derogatory Terms.</u>

This motion *in limine* was **GRANTED** to the extent described by the Court. (Dkt. No. 934 at 184:3–185:13). Defendants may offer a non-argumentative, factual recitation of RPost's business model and business practices. Defendants may not use the term "NPE" or "non-practicing entity," or any other terms that may be pejorative. (*See id.* at 184:12–13).

<u>RPost's MIL No. 10: Referring to RPost-Zix Agreement as an "Executed" Agreement or License.</u>

This motion *in limine* was **WITHDRAWN**. (*Id.* at 160:7–18).

<u>RPost's MIL No. 11: Collateral Attack on Court's Claim Construction.</u>

This motion *in limine* was **WITHDRAWN**. (*See* Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

<u>RPost's MIL No. 17: Non-infringing Alternatives.</u>

This motion *in limine* was **GRANTED**. (*See* Dkt. No. 934 at 164:19–165:8).

<u>RPost's MIL No. 19: Referring to Incorporation in Bermuda in Derogatory or Negative Terms.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

    C.    <u>Defendants' Motions *in Limine* (Dkt. Nos. 884, 887, 888)</u>

        1.    *Adobe*

<u>Adobe's MIL No. 4: To Exclude Any Expert Opinions Not Included in Expert Reports.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

<u>Adobe's MIL No. 8: To Preclude Argument and Evidence Regarding Priority Earlier than the Filing of the Asserted Patents.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 923; Dkt. No. 934 at 159:14–160:6).

<u>Adobe's MIL No. 9: To Preclude Certain Testimony of Terrance Tomkow.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

        2.    *DocuSign*

<u>DocuSign's MIL No. 10: No Mention of Evidence Produced by Other Defendants.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 934 at 162:16–20).

        3.    *RightSignature*

<u>RightSignature's MIL No. 3: To Exclude Any Expert Opinions Not Included in Expert Reports or Arguments Outside the Scope of the Disclosed Infringement Contentions.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

<u>RightSignature's MIL No. 9: RPost Should Be Precluded from Offering Evidence, Testimony, or Argument Regarding Pre-Suit Damages.</u>

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 931; Dkt. No. 934 at 159:14–160:6).

RightSignature's MIL No. 11: RPost Should Be Precluded from Offering Fact Testimony Regarding Infringement, Validity, or Scope by Lay Witnesses.

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 923; Dkt. No. 934 at 159:14–160:6).

The Court **CARRIED** all remaining disputes and **ORDERED** the Parties to streamline their disputes to the extent possible through the meet-and-confer process. (*Id.* at 188:3–6).

D.   Exhibits

The Parties represented to the Court that a significant number of exhibit disputes remain. The Court **CARRIED** all remaining disputes and **ORDERED** the Parties to streamline their disputes to the extent possible through the meet-and-confer process. (*Id.* at 188:3–6).

**So Ordered this**

Jun 21, 2019

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE